# Exhibit 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED

OCT 25 2012

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SPIRE VISION LLC, a Delaware limited liability company, et al
(Additional Parties Attachment form is attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHRISTOPHER WAGNER, an individual.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Superior Court of California, County of Sonoma<br>600 Administration Drive, Santa Rosa, CA 95403 | CASE NUMBER:<br>*(Número del Caso):*<br>SCV- 252580 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel Balsam, The Law Offices of Daniel Balsam, 2912 Diamond St. #218, SF, CA 94131, 415-869-2873

| | | |
|---|---|---|
| DATE: Oct. ~~24~~ 25, 2012<br>*(Fecha)* | Clerk, by  JOSE O. GUILLEN ~~Folino~~, | Deputy |
| | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Juniper Marketing LLC, a Nevada limited liability company

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Corp. Code 17061 (LLC)
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov*<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Wagner v. Spire Vision LLC et al | SCV-252580 |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

SPIRE VISION LLC, a Delaware limited liability company,
DIGITAL PUBLISHING CORPORATION, formerly a Delaware corporation,
JUNIPER MARKETING LLC, a Nevada limited liability company,
MEDIACTIVATE LLC, a Nevada limited liability company,
ON DEMAND RESEARCH LLC, a Delaware limited liability company,
PRIME ADVERTISERS LLC, a Nevada limited liability company,
SERVE CLICKS LLC, a Nevada limited liability company,
SPIRE VISION HOLDINGS INC., a Delaware corporation,
WARD MEDIA INC., a Delaware corporation,
XL MARKETING CORPORATION, a Delaware corporation,
ACHIEVE OPPORTUNITIES, a business entity of unknown organization,
AGREEWIZARD, a business entity of unknown organization,
FURTURESDRIVE [sic], a business entity of unknown organization,
JUNCTIONLIGHTS, a business entity of unknown organization,
OPPORTUNITY CENTRAL, a business entity of unknown organization,
PATHS DIRECT, a business entity of unknown organization,
PULLSMART, a business entity of unknown organization
YOURADSHERE, a business entity of unknown organization,

ACCELERIZE NEW MEDIA INC., a Delaware corporation,
ADCONIAN MEDIA INC., a Delaware corporation,
ADHARMONICS INC., a Delaware corporation,
EVERYDAYFAMILY INC., a Nevada corporation,
INSITE MARKETING GROUP LLC, a Nevada limited liability company,
LEADRIVAL LP, a Texas limited partnership,
LIFESCRIPT INC., a Delaware corporation,
ZULU MARKETING LLC, a Utah limited liability company,

and

DOES 1-100,

Page 1 of 1

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

ENDORSED
FILED

OCT 25 2012

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

1   Timothy J. Walton (State Bar No. 184292)
2   LAW OFFICES OF TIMOTHY WALTON
    9515 Soquel Drive, Suite 207
3   Aptos, CA 95003-4137
4   Phone (831) 685-9800
    Fax: (650) 618-8687
5
6   Daniel L. Balsam (State Bar No. 260423)
    THE LAW OFFICES OF DANIEL BALSAM
7   2912 Diamond Street #218
8   San Francisco, CA 94131
    Phone: (415) 869-2873
9   Fax: (415) 869-2873
10
11  Attorneys for Plaintiff Christopher Wagner
12
13              SUPERIOR COURT OF THE STATE OF CALIFORNIA
14              COUNTY OF SONOMA (UNLIMITED JURISDICTION)
15
16  CHRISTOPHER WAGNER, an individual,        ) Case No.: SCV-252580
                                              )
17              Plaintiff,                    )
                                              )
18       v.                                   ) VERIFIED COMPLAINT FOR
                                              ) DAMAGES
19                                            )
20  SPIRE VISION LLC, a Delaware limited      ) 1. VIOLATIONS OF CALIFORNIA
    liability company,                        )    RESTRICTIONS ON UNSOLICITED
21  DIGITAL PUBLISHING CORPORATION,           )    COMMERCIAL E-MAIL (Cal. Bus. &
    formerly a Delaware corporation,          )    Prof.  Code § 17529.5)
22  JUNIPER MARKETING LLC, a Nevada           ) 2. VIOLATIONS OF CALIFORNIA
23  limited liability company,                )    REQUIREMENTS FOR USE OF
    MEDIACTIVATE LLC, a Nevada limited        )    COMMERCIAL MAIL RECEIVING
24  liability company,                        )    AGENCIES (Cal. Bus. & Prof. Code
    ON DEMAND RESEARCH LLC, a Delaware        )    § 17538.5)
25  limited liability company,                )
26  PRIME ADVERTISERS LLC, a Nevada           ) JURY TRIAL DEMANDED
    limited liability company,                )
27  SERVE CLICKS LLC, a Nevada limited        )
28  liability company,                        )
    SPIRE VISION HOLDINGS INC., a             )
29  Delaware corporation,                     )
30  WARD MEDIA INC., a Delaware               )
31  corporation,                             )

                                1
                    **VERIFIED COMPLAINT**

1 | XL MARKETING CORPORATION, a )
2 | Delaware corporation, )
  | ACHIEVE OPPORTUNITIES, a business )
3 | entity of unknown organization, )
  | AGREEWIZARD, a business entity of )
4 | unknown organization, )
5 | FURTURESDRIVE [sic], a business entity of )
  | unknown organization, )
6 | JUNCTIONLIGHTS, a business entity of )
7 | unknown organization, )
  | OPPORTUNITY CENTRAL, a business entity )
8 | of unknown organization, )
9 | PATHS DIRECT, a business entity of )
  | unknown organization, )
10 | PULLSMART, a business entity of unknown )
11 | organization )
  | YOURADSHERE, a business entity of )
12 | unknown organization, )
13 | ACCELERIZE NEW MEDIA INC., a )
  | Delaware corporation, )
14 | ADCONIAN MEDIA INC., a Delaware )
15 | corporation, )
  | ADHARMONICS INC., a Delaware )
16 | corporation, )
17 | EVERYDAYFAMILY INC., a Nevada )
  | corporation, )
18 | INSITE MARKETING GROUP LLC, a )
19 | Nevada limited liability company, )
  | LEADRIVAL LP, a Texas limited partnership, )
20 | LIFESCRIPT INC., a Delaware corporation, )
21 | ZULU MARKETING LLC, a Utah limited )
22 | liability company, and )
  | )
23 | DOES 1-100, )
24 | _____ )
  | Defendants. )
25

26 | COMES NOW PLAINTIFF CHRISTOPHER WAGNER and files this Verified Complaint for

27 | two causes of action against Defendants SPIRE VISION LLC *et al* and alleges as follows:

28

29 | ## I. INTRODUCTION AND SUMMARY OF THE COMPLAINT

30 | 1.     Plaintiff CHRISTOPHER WAGNER ("WAGNER") brings this Action against the

31 | SPIRE VISION family of companies and its marketing agents and its clients for advertising in 49

**2**

unlawful Unsolicited Commercial Email ("UCE" or "spam") messages sent to WAGNER from April-July 2012, as follows:

- SPIRE VISION sent 12 unlawful spams to WAGNER on behalf of other advertisers. (Section IV B, *infra*.)
- SPIRE VISION sent 12 unlawful spams to Wagner advertising its own websites. (Section IV C, *infra*.)
- SPIRE VISION hired third parties who sent, or hired others to send, 22 unlawful spams to WAGNER advertising SPIRE VISION's own websites. (Section IV D, *infra*.)
- Other advertisers hired SPIRE VISION to advertise for them, and SPIRE VISION in turn hired third parties to actually send three unlawful spams to WAGNER. (Section IV E, *infra*.)

2.     For most of the spams, advertisers hired "middlemen" to send the spams for them, and the "middlemen" in turn hired affiliates to send the spams, who are jointly and severally liable on an agent-principal theory of liability.

- SPIRE VISION was a "middleman" for three of the spams at issue, hired by an advertiser to advertise for it, and in turn hired others to actually send the spams.
- ACCELERIZE MEDIA INC. was a "middleman" for 22 of the spams at issue, hired by an advertiser or another "middleman" to advertise for it, and in turn hired others to actually send the spams.
- ADCONION MEDIA INC. was a "middleman" for 10 of the spams at issue, hired by an advertiser or another "middleman" to advertise for it, and in turn hired others to actually send the spams.

3.     All 49 spams have one thing in common: SPIRE VISION's involvement. In each of the spams, SPIRE VISION is the advertiser and/or middleman and/or sender.

4.     WAGNER never gave any Defendant "direct consent" (as required by law) to advertise in commercial email sent to him.

5.     The spams all had materially falsified, misrepresented, and/or forged information in violation of Cal. Business & Professions ("B&P") Code § 17529.5. The From Names in the spams misrepresent who is advertising in the spams. SPIRE VISION registers its domain names

3

used to send spams to unregistered fictitious business names claiming their addresses to be boxes at commercial mail receiving agencies so as to be untraceable back to the actual SPIRE VISION companies.  Other senders register the domain names to false companies and/or proxy-register their domain names so that a spam recipient cannot readily trace the information provided by a Whois query to the actual sender.  The unlawful elements of these spams represent willful acts of falsity and deception, rather than clerical errors.

6.      WAGNER suffered damages by receiving the spams.  *See, e.g.,* B&P Code § 17529(d), (e), (g), (h).

7.      This Court should award liquidated damages of $1,000 per email as provided by B&P Code § 17529.5(b)(1)(B)(ii), and not consider any reduction in damages, because SPIRE VISION failed to implement reasonably effective systems designed to prevent the sending of unlawful spam in violation of the statute.  In fact, SPIRE VISION takes affirmative steps that *ensure* that the spams violate the statute.

8.      This Court should award WAGNER his attorneys' fees pursuant to B&P Code § 17529.5(b)(1)(C).  *See also* Cal. Code Civ. Proc. § 1021.5, providing for attorneys fees when private parties bear the costs of litigation that confers a benefit on a large class of persons; here by reducing the amount of false and deceptive spam received by California residents.

9.      The SPIRE VISION Defendants also violated B&P Code § 17538.5 five times by failing to disclose in their advertising materials the legal name under which business is done and the complete street address from which business is actually conducted.  This Court should award WAGNER $2,500 for each offense, plus his attorneys' fees pursuant to Cal. Code of Civil Procedure § 1021.5 because WAGNER is acting as a private attorney general.

## II. PARTIES

**A. Plaintiff Christopher Wagner**

10.     WAGNER is now, and at all times relevant has been, an individual residing in the State of California, County of Sonoma, City of Rohnert Park.  WAGNER is not an Internet Service Provider.

11.     WAGNER received 49 unlawful spams sent by, through, and/or advertising domain names/websites owned by Defendants.

**VERIFIED COMPLAINT**

12.     WAGNER owns and at all relevant times herein owned a computer with an Internet connection.  This computer is located in the State of California.  WAGNER ordinarily uses this computer to access his email address.

13.     WAGNER's email address at issue in this Action is confidential (to prevent further abuse).

**B.  Spire Vision Defendants**

14.     WAGNER is informed and believes and thereon alleges that Defendant SPIRE VISION LLC is currently, and was at all relevant times, a Delaware limited liability company headquartered in New York, New York.  WAGNER is informed and believes and thereon alleges that SPIRE VISION LLC is somehow affiliated with XL MARKETING CORPORATION and/or SPIRE VISION HOLDINGS INC., and its activities include sending and advertising in unlawful spams.

15.     WAGNER is informed and believes and thereon alleges that Defendant DIGITAL PUBLISHING CORPORATION *was* a Delaware corporation with a primary place of business in Washington D.C.  WAGNER is informed and believes and thereon alleges that Defendant DIGITAL PUBLISHING CORPORATION's corporate status has been revoked.  WAGNER is informed and believes and thereon alleges that DIGITAL PUBLISHING CORPORATION is a subsidiary of XL MARKETING CORPORATION, owns and/or operates the *BecomeASocialWorker.info*, *Business4USA.info*, *Counseling4USA.info*, *Design4USA.info*, *Teach4USA.info*, and *Technology4USA.info* websites, and its activities include sending and advertising in unlawful spams.

16.     WAGNER is informed and believes and thereon alleges that Defendant JUNIPER MARKETING LLC is, and was at all relevant times, a Nevada limited liability company claiming its address to be its registered agent's address, in Carson City, Nevada.  WAGNER is informed and believes and thereon alleges that JUNIPER MARKETING LLC is a wholly-owned subsidiary of XL MARKETING CORPORATION or SPIRE VISION HOLDINGS INC., operates the *CobraHealthChoices.com* and *CobraHealthQuotes.com* websites, and its activities include sending and advertising in unlawful spams.

17.     WAGNER is informed and believes and thereon alleges that Defendant MEDIACTIVATE LLC is currently, and was at all relevant times, a Nevada limited liability company claiming its address to be a box at a branch of The UPS Store in Las Vegas, Nevada.

VERIFIED COMPLAINT

1   More specifically, WAGNER believes that MEDIACTIVATE LLC's real box at The UPS Store

2   is 840 S. Rancho Drive #4-705, notwithstanding the fact that MEDIACTIVATE LLC appears to

3   have filed false address information with the Nevada Secretary of State, perhaps to further

4   frustrate spam recipients' ability to find it and serve process.  WAGNER is informed and

5   believes and thereon alleges that MEDIACTIVATE LLC is a wholly-owned subsidiary of SPIRE

6   VISION HOLDINGS INC., and its activities include sending and advertising in unlawful spams.

7   WAGNER is informed and believes and thereon alleges that MEDIACTIVATE LLC is the

8   registrant of the domain name *CommissionWizard.com.*

9   18.      WAGNER is informed and believes and thereon alleges that Defendant ON DEMAND

10  RESEARCH LLC is, and was at all relevant times, a Delaware limited liability company with a

11  primary place of business in New York, New York.  WAGNER is informed and believes and

12  thereon alleges that ON DEMAND RESEARCH LLC is a wholly-owned subsidiary of XL

13  MARKETING CORPORATION, operates the *OnDemandResearch.com* website, and its

14  activities include sending and advertising in unlawful spams.

15  19.      WAGNER is informed and believes and thereon alleges that Defendant PRIME

16  ADVERTISERS LLC is currently, and was at all relevant times, a Nevada limited liability

17  company claiming its address to be a box at a branch of The UPS Store in Reno, Nevada,

18  Nevada.  WAGNER is informed and believes and thereon alleges that PRIME ADVERTISERS

19  LLC is a wholly-owned subsidiary of SPIRE VISION HOLDINGS INC., and its activities

20  include sending and advertising in unlawful spams.  WAGNER is informed and believes and

21  thereon alleges that the *CommissionWizard.com* privacy policy refers to PRIME

22  ADVERTISERS LLC as the operator.  WAGNER is informed and believes and thereon alleges

23  that the privacy policy on the *PathsDirect.com* website identifies PRIME ADVERTISERS LLC.

24  20.      WAGNER is informed and believes and thereon alleges that Defendant SERVE CLICKS

25  LLC is currently, and was at all relevant times, a Nevada limited liability company claiming its

26  address to be a box at a branch of The UPS Store in Las Vegas, Nevada.  WAGNER is informed

27  and believes and thereon alleges that SERVE CLICKS LLC is somehow affiliated with XL

28  MARKETING CORPORATION and/or SPIRE VISION HOLDINGS INC., and its activities

29  include sending and advertising in unlawful spams.

30  21.      WAGNER is informed and believes and thereon alleges that Defendant SPIRE VISION

31  HOLDINGS INC. is currently, and was at all relevant times, a Delaware corporation

**6**

1   headquartered in New York, New York.  WAGNER is informed and believes and thereon alleges

2   that SPIRE VISION HOLDINGS INC. is a wholly-owned subsidiary of XL MARKETING

3   CORPORATION, and its activities include sending and advertising in unlawful spams.

4   22.      WAGNER is informed and believes and thereon alleges that Defendant WARD MEDIA

5   INC., and was at all relevant times, a Delaware corporation with a primary place of business in

6   New York, New York.  WAGNER is informed and believes and thereon alleges that WARD

7   MEDIA INC. is a subsidiary of SPIRE VISION HOLDINGS INC., owns and/or operates the

8   *BecomeASocial Worker.info*, *Business4USA.info*, *Counseling4USA.info*, *Design4USA.info*,

9   *Teach4USA.info*, and *Technology4USA.info* websites, and its activities include sending and

10  advertising in unlawful spams.

11  23.      WAGNER is informed and believes and thereon alleges that Defendant XL

12  MARKETING CORPORATION is currently, and was at all times relevant herein, a Delaware

13  corporation headquartered in New York, New York.  WAGNER is informed and believes and

14  thereon alleges that XL MARKETING CORPORATION wholly owns a range of subsidiaries,

15  each focused on a particular area of internet marketing, and its activities include sending and

16  advertising in unlawful spams.

17  24.      WAGNER is informed and believes and thereon alleges that Defendant ACHIEVE

18  OPPORTUNITIES is, and was at all relevant times, a business entity of unknown organization,

19  doing business as *AlertLinks.com*, and claiming its address to be a box at a branch of The UPS

20  Store in Greenville, Delaware.  WAGNER is informed and believes and thereon alleges that no

21  such address exists in Greenville, Delaware, but it does exist in Wilmington, Delaware.

22  WAGNER is informed and believes and thereon alleges that no "AchieveOpportunities" or

23  "Achieve Opportunities" is registered with the Delaware Secretary of State, or with any other

24  state's Secretary of State.  WAGNER is informed and believes and thereon alleges that no

25  "AchieveOpportunities" or "Achieve Opportunities" fictitious business name is registered in

26  Delaware.  WAGNER is informed and believes and thereon alleges that none of the SPIRE

27  VISION Defendants have a physical presence in Delaware other than a box at The UPS Store.

28  WAGNER is informed and believes and thereon alleges that ACHIEVE OPPORTUNITIES is a

29  subsidiary or division or brand of XL MARKETING CORPORATION and/or its subsidiaries,

30  and its activities include sending and advertising in unlawful spams.

31

VERIFIED COMPLAINT

25.     WAGNER is informed and believes and thereon alleges that Defendant AGREEWIZARD is, and was at all relevant times, a business entity of unknown organization, doing business as *EproductiveBlog.com*, *MyCapitalize.com*, *MyCircumstances.com*, and *MyContestants.net* and claiming its address to be a box at a branch of The UPS Store in Sterling Heights, Michigan.  WAGNER is informed and believes and thereon alleges that notwithstanding claims on the *AgreeWizard.com* website that "Agree Wizard LLC" is a limited liability company, no "AgreeWizard" or "Agree Wizard" is registered with the Michigan Secretary of State or with any other state's Secretary of State.  WAGNER is informed and believes and thereon alleges that no "AgreeWizard" or "Agree Wizard" fictitious business name is registered in Michigan.  WAGNER is informed and believes and thereon alleges that none of the SPIRE VISION Defendants have a physical presence in Michigan other than a box at The UPS Store.  WAGNER is informed and believes and thereon alleges that AGREEWIZARD is a subsidiary or division or brand of XL MARKETING CORPORATION and/or its subsidiaries, and its activities include sending and advertising in unlawful spams.

26.     WAGNER is informed and believes and thereon alleges that Defendant FURTURESDRIVE [sic] is, and was at all relevant times, a business entity of unknown organization, doing business as *Eprimary.net*, *MyImpactful.net*, *TheDedicatedBlog.com*, and *Ztdigitalmovie.com*, and claiming its address to be a box at a branch of The UPS Store in Jacksonville, Florida.  WAGNER is informed and believes and thereon alleges that no "FurturesDrive" (or "FuturesDrive") is registered with the Florida Department of State, or with any other state's Secretary of State.  WAGNER is informed and believed and thereon alleges that no "FurturesDrive" (or "FuturesDrive") fictitious business name is registered in Florida. WAGNER is informed and believes and thereon alleges that none of the SPIRE VISION Defendants have a physical presence in Florida other than a box at The UPS Store.  WAGNER is informed and believes and thereon alleges that FURTURESDRIVE is a subsidiary or division or brand of XL MARKETING CORPORATION and/or its subsidiaries, and its activities include sending and advertising in unlawful spams.

27.     WAGNER is informed and believes and thereon alleges that Defendant JUNCTIONLIGHTS is, and was at all relevant times, a business entity of unknown organization, doing business as *LoanTouch.com* and *WatchDailyNews.com*, and claiming its address to be a box at a branch of The UPS Store in Rosemead, California.  WAGNER is informed and believes

1    and thereon alleges that no "JunctionLights" or "Junction Lights" is registered with the

2    California Secretary of State, or with any other state's Secretary of State.  WAGNER is informed

3    and believes and thereon alleges that no "JunctionLights" or "Junction Lights" fictitious business

4    name is registered in California.  WAGNER is informed and believes and thereon alleges that

5    none of the SPIRE VISION Defendants have a physical presence in California other than a box

6    at The UPS Store.  WAGNER is informed and believes and thereon alleges that

7    JUNCTIONLIGHTS is a subsidiary or division or brand of XL MARKETING CORPORATION

8    and/or its subsidiaries, and its activities include sending and advertising in unlawful spams.

9    28.       WAGNER is informed and believes and thereon alleges that Defendant OPPORTUNITY

10   CENTRAL is, and was at all relevant times, a business entity of unknown organization, doing

11   business as *MassiveAudios.com, NoticeChronicles.net, RaiseForces.net,* and

12   *TremendousMedias.net,* and claiming its address to be a box at a branch of The UPS Store in

13   Rockledge, Florida.  WAGNER is informed and believes that no "Opportunity Central" is

14   registered with the Florida Secretary of State, or with any other state's Secretary of State.

15   WAGNER is informed and believed and thereon alleges that no "Opportunity Central" fictitious

16   business name is registered in Florida.  WAGNER is informed and believes and thereon alleges

17   that none of the SPIRE VISION Defendants have a physical presence in Florida other than a box

18   at The UPS Store.  WAGNER is informed and believes and thereon alleges that

19   OPPORTUNITY CENTRAL is a subsidiary or division or brand of XL MARKETING

20   CORPORATION and/or its subsidiaries, and its activities include sending and advertising in

21   unlawful spams.

22   29.       WAGNER is informed and believes and thereon alleges that Defendant PATHS DIRECT

23   is, and was at all relevant times, a business entity of unknown organization, doing business as

24   *AdTargets.net, ChangeEmpower.com,* and *DeliveredIntranets.net,* and claiming its address to be

25   a box at a branch of The UPS Store in Raleigh, North Carolina.  WAGNER is informed and

26   believes and thereon alleges that no "Paths Direct" is registered with the North Carolina

27   Secretary of State or with any other state's Secretary of State.  WAGNER is informed and

28   believes and thereon alleges that no "Paths Direct" fictitious business name is registered in North

29   Carolina.  WAGNER is informed and believes and thereon alleges that none of the SPIRE

30   VISION Defendants have a physical presence in North Carolina other than a box at The UPS

31   Store.  WAGNER is informed and believes and thereon alleges that PATHS DIRECT is a

VERIFIED COMPLAINT

1  subsidiary or division or brand of XL MARKETING CORPORATION and/or its subsidiaries,

2  and its activities include sending and advertising in unlawful spams.

3      30.     WAGNER is informed and believes and thereon alleges that Defendant PULLSMART is,

4  and was at all relevant times, a business entity of unknown organization, doing business as

5  *EngagementTarget.com* and *EprGlobal.com*, and claiming its address to be a box at a branch of

6  The UPS Store in Jacksonville, Florida.  WAGNER is informed and believes and thereon alleges

7  that no "PullSmart" is registered with the Florida Secretary of State, or with any other state's

8  Secretary of State.  WAGNER is informed and believed and thereon alleges that no "PullSmart"

9  fictitious business name is registered in Florida.  WAGNER is informed and believes and

10  thereon alleges that none of the SPIRE VISION Defendants have a physical presence in Florida

11  other than a box at The UPS Store.  WAGNER is informed and believes and thereon alleges that

12  PULLSMART is a subsidiary or division or brand of XL MARKETING CORPORATION

13  and/or its subsidiaries, and its activities include sending and advertising in unlawful spams.

14      31.     WAGNER is informed and believes and thereon alleges that Defendant

15  YOURADSHERE is, and was at all relevant times, a business entity of unknown organization,

16  doing business as *TheAspect.net*, *TheInitial.net*, *TheMagnify.net*, and *TheTraction.net*, and

17  claiming its address to be a box at a branch of The UPS Store in Rosemead, California.

18  WAGNER is informed and believes and thereon alleges that no "YourAdsHere" is registered

19  with the California Secretary of State, or with any other state's Secretary of State.  WAGNER is

20  informed and believes and thereon alleges that no "YourAdsHere" fictitious business name is

21  registered in California.  WAGNER is informed and believes and thereon alleges that none of the

22  SPIRE VISION Defendants have a physical presence in California other than a box at The UPS

23  Store.  WAGNER is informed and believes and thereon alleges that YOURADSHERE is a

24  subsidiary or division or brand of XL MARKETING CORPORATION and/or its subsidiaries,

25  and its activities include sending and advertising in unlawful spams.

26      32.     WAGNER is informed and believes and thereon alleges that the SPIRE VISION entities

27  share physical assets, personnel, addresses, and intellectual property such that the various entities

28  failed to follow proper corporate formalities, and each SPIRE VISION entity is an alter ego of

29  other entities.  To name but three examples:

30

31

**VERIFIED COMPLAINT**

- The *CobraHealthChoices.com* domain name is registered to SERVE CLICKS LLC, but the *CobraHealthChoices.com* website's Terms of Use state that JUNIPER MARKETING LLC operates the website.
- WAGNER received a spam advertising the *EveryDayFamily.com* website from the domain name *TheMagnify.net*, which is registered to YOURADSHERE at a box at a branch of The UPS Store in Rosemead, California. However, a graphic in the body of that same spam claims the spam was sent from 221 N. Hogan Street #386 in Jacksonville, Florida, which is an address claimed by both FURTURESDRIVE and PULLSMART.
- WAGNER received various spams identifying DIGITAL PUBLISHING CORPORATION as the advertiser, but when he clicked the links, he ended up at various websites, the domain names for which are registered to WARD MEDIA INC.

33.     WAGNER hereafter refers to SPIRE VISION LLC, DIGITAL PUBLISHING CORPORATION, JUNIPER MARKETING LLC, MEDIACTIVATE INC., ON DEMAND RESEARCH LLC, PRIME ADVERTISERS LLC, SERVE CLICKS LLC, SPIRE VISION HOLDINGS INC., WARD MEDIA INC., XL MARKETING CORPORATION, ACHIEVE OPPORTUNITIES, AGREEWIZARD, FURTURESDRIVE, JUNCTIONLIGHTS, OPPORTUNITY CENTRAL, PATHS DIRECT, PULLSMART, and YOURADSHERE collectively as "SPIRE VISION."

**C.  "Middleman" Defendants**

34.     WAGNER is informed and believes and thereon alleges that Defendant ACCELERIZE NEW MEDIA INC. ("ACCELERIZE") is, and was at all relevant times, a Delaware corporation with a primary place of business in Santa Monica or Newport Beach, California. WAGNER is informed and believes and thereon alleges that ACCELERIZE operates a "marketing and lead generation platform" using the domain name *Cktrk.net*. WAGNER is informed and believes and thereon alleges that for 22 of the spams at issue, SPIRE VISION or another advertiser or middleman hired ACCELERIZE as its agent to advertise for it, and ACCELERIZE in turn hired other third parties as its agents to actually send the spams. WAGNER is informed and believes and thereon alleges that ACCELERIZE is jointly and severally liable, along with SPIRE VISION and everyone else involved with each spam, for 22 spams.

**11**

**VERIFIED COMPLAINT**

35.     WAGNER is informed and believes and thereon alleges that Defendant ADCONION MEDIA INC. ("ADCONION") is, and was at all relevant time, a Delaware corporation located in Santa Monica and/or San Diego, California.  WAGNER is informed and believes and thereon alleges that ADCONION operates an "email channel [that] delivers targeted, [purportedly] permission-based messages to more than 100 million unique consumer profiles" using the domain name *ContactFly.com*.  WAGNER is informed and believes and thereon alleges that for 10 of the spams at issue, SPIRE VISION or another advertiser or middleman hired ADCONION as its agent to advertise for it, and ADCONION in turn hired other third parties as its agents to actually send the spams.  WAGNER is informed and believes and thereon alleges that ADCONION is jointly and severally liable, along with SPIRE VISION and everyone else involved with each spam, for 10 spams.

36.     WAGNER is informed and believes and thereon alleges that LIFESCRIPT hired SPIRE VISION dba *TargetedSpecials.com* as its agent to advertise for it, and SPIRE VISION in turn another third party as its agent to actually send the spams.  WAGNER is informed and believes and thereon alleges that SPIRE VISION is jointly and severally liable, along with LIFESCRIPT and everyone else involved with each spam, for three spams.

**D. Advertiser Defendants**

37.     WAGNER is informed and believes and thereon alleges that Defendant ADHARMONICS INC. ("ADHARMONICS") is, and was at all relevant times, a Delaware corporation with a primary place of business in Cambridge, Massachusetts, and operates the *Provide-Insurance.com* website.

38.     WAGNER is informed and believes and thereon alleges that Defendant EVERYDAYFAMILY INC. ("EVERYDAYFAMILY") is, and was at all relevant times, a Nevada corporation with a primary place of business in Costa Mesa, California, and operates the *PlanningFamily.com* and *EverydayFamily.com* websites.

39.     WAGNER is informed and believes and thereon alleges that Defendant INSITE MARKETING GROUP LLC ("INSITE") is, and was at all relevant times, a Nevada limited liability company with a primary place of business in Carson City or Reno, Nevada, and operates the *AutomotiveFinancial.com* website.

40.     WAGNER is informed and believes and thereon alleges that Defendant LEADRIVAL LP ("LEADRIVAL") is, and was at all relevant times, a Texas limited partnership with a primary

**VERIFIED COMPLAINT**

1  place of business in Fort Worth or Hurst, Texas, and operates the *SocialSecurityHome.com*
2  website.
3  41.    WAGNER is informed and believes and thereon alleges that Defendant LIFESCRIPT
4  INC. ("LIFESCRIPT") is, and was at all relevant times, a Delaware corporation with a primary
5  place of business in Mission Viejo, California, and operates the *LifeScript.com* website.
6  42.    WAGNER is informed and believes and thereon alleges that Defendant ZULU
7  MARKETING LLC ("ZULU") is, and was at all relevant times, a Utah limited liability company
8  with a primary place of business in Orem or Spanish Fork, Utah, and operates the *Online-Home-*
9  *Careers.com* website.
10 **E.  DOES 1-100**
11 43.    WAGNER does not know the true names or legal capacities of the defendants sued herein
12 as DOES 1 through 100, inclusive, and therefore sue these defendants under such fictitious
13 names.  WAGNER will amend this Complaint to allege their true names and capacities when
14 ascertained.  WAGNER is informed and believes and thereon alleges that each fictitiously named
15 defendant is responsible in some manner for the matters alleged herein, and that WAGNER's
16 injuries and damages alleged herein were proximately caused by their conduct.
17
18             **III.  JURISDICTION AND VENUE**
19 **A.  Jurisdiction is Proper in a California Court**
20 44.    This Court has jurisdiction over the Action because WAGNER is a California resident
21 and received the unlawful spams in California.
22 45.    This Court also has jurisdiction over the Action because several Defendants, including
23 two of the SPIRE VISION entities, claim addresses in California, and because WAGNER seeks
24 less than $75,000 (not including attorneys' fees and costs).
25 **B.  Venue is Proper in Sonoma County**
26 46.    Venue is proper against Defendants in Sonoma County because WAGNER and his
27 personal property – his computer – were damaged in Sonoma County when WAGNER received
28 Defendants' spams.  Code Civ. Proc. § 395(a).  *See* B&P Code § 17529(d), (e), (g), and (h),
29 describing damages from receiving spam.
30
31

**VERIFIED COMPLAINT**

47.     Venue is proper against Defendants in Sonoma County because the Action arose from the offer of goods and the intended buyer – WAGNER – resided in Sonoma County when he received the spams and when he commenced this Action.  Code Civ. Proc. § 395(b).

48.     Venue is also proper against Defendants in Sonoma County because WAGNER received and was damaged by the unlawful spams at issue in Sonoma County, and "A corporation or association may be sued in the county where . . . the obligation or liability arises."  Code Civ. Proc. § 395.5.

## IV.  THE UNLAWFUL SPAMS

49.     WAGNER received the 49 spam messages at issue in this Action at his "California email addresses."[1]

50.     The emails at issue are "commercial email advertisements"[2] because they advertise goods and services.

51.     The emails are "unsolicited commercial email advertisements"[3] because WAGNER never gave any Defendant "direct consent"[4] to send him commercial emails, nor did WAGNER have a "preexisting or current business relationship"[5] with any Defendant.

---

[1] "'California e-mail address' means 1) An e-mail address furnished by an electronic mail service provider that sends bills for furnishing and maintaining that e-mail address to a mailing address in this state; 2) An e-mail address ordinarily accessed from a computer located in this state; 3) An e-mail address furnished to a resident of this state."  B&P Code § 17529.1(b).

[2] "'Commercial e-mail advertisement' means any electronic mail message initiated for the purpose of advertising or promoting the lease, sale, rental, gift offer, or other disposition of any property, goods, services, or extension of credit."  B&P Code § 17529.1(c).

[3] "'Unsolicited commercial e-mail advertisement' means a commercial e-mail advertisement sent to a recipient who meets both of the following criteria: (1) The recipient has not provided direct consent to receive advertisements from the advertiser. (2) The recipient does not have a preexisting or current business relationship, as defined in subdivision (*l*), with the advertiser promoting the lease, sale, rental, gift offer, or other disposition of any property, goods, services, or extension of credit."  B&P Code § 17529.1(o).

[4] "'Direct consent' means that the recipient has expressly consented to receive e-mail advertisements *from the advertiser*, either in response to a clear and conspicuous request for the consent or at the recipient's own initiative."  B&P Code § 17529.1(d) (emphasis added).

**VERIFIED COMPLAINT**

52.      Moreover, to the extent that SPIRE VISION (as opposed to third parties) sent 24 of the spams at issue (Sections IV B and C, below), WAGNER is informed and believes and thereon alleges that SPIRE VISION acquires email addresses from third parties, such that neither it nor its advertiser clients have the recipients' "direct consent" to send them commercial email, as required by California law.

**B.   Spire Vision Sent 12 Unlawful Spams to Wagner on Behalf of Other Advertisers**

53.      For 12 of the spams at issue, other advertisers hired some of the SPIRE VISION entities dba *NetworkTarget.net* and *ADIClicks.com* as their agents to send spams for them.

54.      Those SPIRE VISION entities in turn hired other SPIRE VISION entities to actually send the spams.

### *1.   Spams Advertising Spire Vision and Adharmonics Inc., via Adconion Media Inc. (1)*

55.      WAGNER received a spam advertising SPIRE VISION and ADHARMONICS on May 8, 2012 with the From Name "Auto Insurance."

56.      The From Name "Auto Insurance" misrepresents *who* is advertising in the spam.  A reasonable recipient could believe that "Auto Insurance" refers to any of hundreds if not thousands of websites related to auto insurance.

57.      SPIRE VISION sent the spam from the domain name *LoanTouch.com*, which is registered to JUNCTIONLIGHTS, claiming its address to be a box at a branch of The UPS Store in Rosemead, California.  However, a graphic in the body of the spam claims that the unnamed sender's address is "221 N. Hogan Street #386 Jacksonville, FL 32202," which is an address claimed by FURTURESDRIVE and PULLSMART.

58.      Clicking the link in the spam caused WAGNER's Internet browser to redirect through *NetworkTarget.net* and *ADIClicks.com* (which WAGNER is informed and believes and thereon alleges are really SPIRE VISION's affiliate network *CommissionWizard.com*), and then *ContactFly.com* (ADCONION) and end up at the *Provide-Insurance.com* website.

---

[5] "'Preexisting or current business relationship,' as used in connection with the sending of a commercial e-mail advertisement, means that the recipient has made an inquiry and has provided his or her e-mail address, or has made an application, purchase, or transaction, with or without consideration, regarding products or services offered by the advertiser. []." B&P Code § 17529.1(*l*).

**VERIFIED COMPLAINT**

59.     The domain name *Provide-Insurance.com* is proxy-registered to impair people's ability to identify the operator, but WAGNER is informed and believes and thereon alleges that it is operated by ADHARMONICS.

60.     Thus, WAGNER is informed and believes and thereon alleges that ADHARMONICS directly or indirectly hired ADCONION as its agent to send spams for it, and ADCONION directly or indirectly hired some of the SPIRE VISION entities as its agents to send spams for it, and those SPIRE VISION entities directly or indirectly hired other SPIRE VISION entities as their agents to actually send the spams.

### 2.  *Spams Advertising Spire Vision and Insite Marketing Group LLC (1)*

61.     WAGNER received a spam advertising SPIRE VISION and INSITE on April 20, 2012 with the From Name "Dream Car."

62.     The From Name "Dream Car" misrepresents *who* is advertising in the spam.  A reasonable recipient could believe that "Dream Car" refers to any of hundreds if not thousands of websites related to cars.

63.     SPIRE VISION sent the spam from the domain name *MyCircumstances.com*, which is registered to AGREEWIZARD, claiming its address to be a box at a branch of The UPS Store in Sterling Heights, Michigan.  However, a graphic in the body of the spam claims that the unnamed sender's address is "221 N. Hogan Street #386 Jacksonville, FL 32202," which is an address claimed by FURTURESDRIVE and PULLSMART.

64.     Clicking the link in the spam caused WAGNER's Internet browser to redirect through *NetworkTarget.net* and *ADIClicks.com* (which WAGNER is informed and believes and thereon alleges are really SPIRE VISION's affiliate network *CommissionWizard.com*) and end up at the *AutomotiveFinancial.com* website.

65.     The domain name *AutomotiveFinancial.com* is registered to INSITE.

66.     Thus, WAGNER is informed and believes and thereon alleges that ADHARMONICS directly or indirectly hired some of the SPIRE VISION entities as its agents to send spams for it, and those SPIRE VISION entities directly or indirectly hired other SPIRE VISION entities as their agents to actually to send the spams.

**VERIFIED COMPLAINT**

### 3. *Spams Advertising Spire Vision and EverydayFamily Inc. (6)*

67.     WAGNER received spams advertising SPIRE VISION and EVERYDAYFAMILY on May 4; May 5, 2012; May 6, 2012 (2); May 7, 2012; and May 12, 2012, all with the From Name "FreeDiapers."

68.     The From Name "FreeDiapers" misrepresents *who* is advertising in the spams.  A reasonable recipient could believe that "FreeDiapers" refers to any of hundreds if not thousands of websites related to diapers.

69.     SPIRE VISION sent the May 4 spam from the domain name *TheMagnify.net*, the May 5 spam from the domain name *TheInitial.net*, and the first May 6 spam from the domain name *TheTraction.net*, all of which are registered to YOURADSHERE, claiming its address to be a box at a branch of The UPS Store in Rosemead, California.  SPIRE VISION sent the second May 6 spam from the domain name *Eprimary.net*, the May 7 spam from the domain name *MyImpactful.net*, and the May 12 spam from the domain name *TheDedicatedBlog.com*, all of which are registered to FURTURESDRIVE, claiming its address to be a box at a branch of The UPS Store in Jacksonville, Florida.  However, a graphic in the body of *all* of the spams claims that the unnamed sender's address is "221 N. Hogan Street #386 Jacksonville, FL 32202," which is an address claimed by FURTURESDRIVE and PULLSMART.

70.     Clicking the links in the spams caused WAGNER's Internet browser to redirect through *NetworkTarget.net* and *ADIClicks.com* (which WAGNER is informed and believes and thereon alleges are really SPIRE VISION's affiliate network *CommissionWizard.com*) and end up at the *EveryDayFamily.com* website.

71.     The domain name *EverydayFamily.com* is registered to EVERYDAYFAMILY.

72.     Thus, WAGNER is informed and believes and thereon alleges that EVERYDAYFAMILY directly or indirectly hired some of the SPIRE VISION entities as its agents to send spams for it, and those SPIRE VISION entities directly or indirectly hired other SPIRE VISION entities as their agents to actually send the spams.

### 4. *Spams Advertising Spire Vision and LeadRival LP (1)*

73.     WAGNER received a spam advertising SPIRE VISION and LEADRIVAL on April 20, 2012 with the From Name "Disability Benefit Services."

**17**

74.     The From Name "Disability Benefit Services" misrepresents *who* is advertising in the

spam.  A reasonable recipient could believe that "Disability Benefit Services" refers to any of

hundreds if not thousands of websites related to disability benefit services.

75.     SPIRE VISION sent the spam from the domain name *WatchDailyNews.com*, which is

registered to JUNCTIONLIGHTS, claiming its address to be a box at a branch of The UPS Store

in Rosemead, California.  However, a graphic in the body of the spam claims that the unnamed

sender's address is "221 N. Hogan Street #386 Jacksonville, FL 32202," which is an address

claimed by FURTURESDRIVE and PULLSMART.

76.     Clicking the link in the spam caused WAGNER's Internet browser to redirect through

*NetworkTarget.net* (which WAGNER is informed and believes and thereon alleges is really

SPIRE VISION's affiliate network *CommissionWizard.com*) and end up at the

*SocialSecurityHome.com* website.

77.     The domain name *SocialSecurityHome.com* is registered to LEADRIVAL.

78.     Thus, WAGNER is informed and believes and thereon alleges that LEADRIVAL directly

or indirectly hired some of the SPIRE VISION entities as its agents to send spams for it, and

those SPIRE VISION entities directly or indirectly hired other SPIRE VISION entities as their

agents to actually send the spams.

   5.   ***Spams Advertising Spire Vision and Zulu Marketing LLC (3)***

79.     WAGNER received spams advertising SPIRE VISION and ZULU on May 5, 2012 with

the From Name "Million Dollar Income"; on May 6, 2012 with the From Name

"MillionDollarIncome"; and on May 7, 2012 with the From Name "MillionDollarIncome."

80.     The From Names "Million Dollar Income" and "MillionDollarIncome" misrepresent *who*

is advertising in the spams.  A reasonable recipient could believe that "Million Dollar Income"

and "MillionDollarIncome" refers to any of hundreds if not thousands of websites related to

dubious get-rich-quick-at-home schemes.

81.     SPIRE VISION sent the May 5 spam from the domain name *Eprglobal.com* and the May

6 spam from the domain name *EngagementTarget.com*, both of which are registered to

PULLSMART, claiming its address to be a box at a branch of The UPS Store in Jacksonville,

Florida.  SPIRE VISION sent the May 7 spam from the domain name *Eproductiveblog.com*,

which is registered to AGREEWIZARD, claiming its address to be a box at a branch of The UPS

Store in Sterling Heights, Michigan.  However, a graphic in the body of *all* of the spams claims

that the unnamed sender's address is "221 N. Hogan Street #386 Jacksonville, FL 32202," which is an address claimed by FURTURESDRIVE and PULLSMART.

82. Clicking the links in the spams caused WAGNER's Internet browser to redirect through *NetworkTarget.net* (which WAGNER is informed and believes and thereon alleges is really SPIRE VISION's affiliate network *CommissionWizard.com*) and end up at the *Online-Home-Careers.com* website.

83. The domain name *Online-Home-Careers.com* is registered to ZULU.

84. Thus, WAGNER is informed and believes and thereon alleges that ZULU directly or indirectly hired some of the SPIRE VISION entities as its agents to send spams for it, and those SPIRE VISION entities directly or indirectly hired other SPIRE VISION entities as their agents to actually send the spams.

**C. Spire Vision Sent 12 Unlawful Spams to Wagner Advertising its Own Websites**

85. For 12 of the spams at issue, some of the SPIRE VISION entities hired other SPIRE VISION entities to send spams for them advertising their own websites, and those SPIRE VISION entities hired other SPIRE VISION entities to actually send spams for them. In other words, SPIRE VISION acted as the advertiser, the middleman, *and* the sender.

     ***1. Spams Advertising On Demand Research LLC, via Accelerize New Media Inc. (9)***

86. WAGNER received nine spams advertising ON DEMAND RESEARCH LLC via ACCELERIZE as follows:

| Date | From Name | Subject Line |
|------|-----------|--------------|
| May 4, 2012 | Favorite Snacks Survey | Fruit or Chocolate? Take Our $25 Snack Giftcard Survey |
| May 4, 2012 | Social Network Bully Survey | Receive a $20 giftcard Christopher Wagner. Complete our survey |
| May 5, 2012 | May Giftcard Survey | Receive a $20 giftcard Christopher Wagner. Complete our survey |
| May 6, 2012 | FavoriteSnacksSurvey | Fruit or Chocolate? Take Our $25 Snack Giftcard Survey |
| May 6, 2012 | Anti Bullying Survey | AntiBullying Survey: Claim your $20 Dunkin Donut Giftcard |
| May 7, 2012 | May Giftcard Survey | AntiBullying Survey: Claim your $20 Dunkin Donut Giftcard |
| May 8, 2012 | GiftCard Survey | Claim a $25 Giftcard for completing our Fling Survey |
| May 8, 2012 | Favorite Snacks Survey | Claim a $25 Giftcard for completing our Snacks Survey |

**VERIFIED COMPLAINT**

| Date | From Name | Subject Line |
|------|-----------|--------------|
| May 12, 2012 | Anti Bullying Survey | Receive a $20 DD giftcard for completing our survey |

87.     The From Names all misrepresent *who* is advertising in the spam.  A reasonable recipient could believe that these From Names refers to any of hundreds if not thousands of "survey" websites.

88.     The Subject Line of each spam expressly states or suggests that *all* a person has to do is complete a survey to receive the gift card.  None of the Subject Lines even hint of any requirements to buy, lease, or sign up for anything in order to receive the gift card.

89.     In five of the spams, text in the body refers to "Free*" gift cards – with an asterisk – but there is no second asterisk actually describing any limitations or conditions on "Free," nor even a reference to where a person might learn what limitations or conditions there might be.

90.     WAGNER is informed and believes and thereon alleges that it is impossible for a person to receive the gift card without buying, leasing, and/or signing up for goods or services.  Indeed, in four of the spams, text in the body states that a person must "Complete our survey & sponsor offers" to receive the gift card and then, in a smaller type, "See site for terms and gift rules."

91.     SPIRE VISION sent the first May 4 spam from the domain name *MyContestants.net*, which is registered to AGREEWIZARD, claiming its address to be a box at a branch of The UPS Store in Sterling Heights, Michigan.  SPIRE VISION sent the second May 4 spam from the domain name *TremendousMedias.net*, which is registered to OPPORTUNITY CENTRAL, claiming its address to be a box at a branch of The UPS Store in Rockledge, Florida.  SPIRE VISION sent the May 5 spam from the domain name *AdTargets.net*, which is registered to PATHS DIRECT, claiming its address to be a box at a branch of The UPS Store in Raleigh, North Carolina.  SPIRE VISION sent the first May 6 spam from the domain name *MyCapitalize.com*, which is registered to AGREEWIZARD, claiming its address to be a box at a branch of The UPS Store in Sterling Heights, Michigan.  SPIRE VISION sent the second May 6 spam from the domain name *NoticeChronicles.net*, which is registered to OPPORTUNITY CENTRAL, claiming its address to be a box at a branch of The UPS Store in Rockledge, Florida.  SPIRE VISION sent the May 7 spam from the domain name *DeliveredIntranets.net*, which is registered to PATHS DIRECT, claiming its address to be a box at a branch of The UPS Store in Raleigh, North Carolina.  SPIRE VISION sent the first May 8 spam from the domain name

1  *ChangeEmpower.com*, which is registered to YOURADSHERE, claiming its address to be a box
2  at a branch of The UPS Store in Rosemead, California. SPIRE VISION sent the second May 8
3  spam from the domain name *TheAspect.net*, which is registered to AGREEWIZARD, claiming
4  its address to be a box at a branch of The UPS Store in Sterling Heights, Michigan. SPIRE
5  VISION sent the May 12 spam from the domain name *MassiveAudios.com*, which is registered
6  to OPPORTUNITY CENTRAL, claiming its address to be a box at a branch of The UPS Store in
7  Rockledge, Florida. Notwithstanding the fact that the domain names are registered to various
8  SPIRE VISION entities/fictitious business names in various states, a graphic in the body of each
9  spam claims that the unnamed sender's address is "221 N. Hogan Street #386 Jacksonville, FL
10 32202," which is an address claimed by FURTURESDRIVE and PULLSMART.
11 92.     Clicking the link in the spam caused WAGNER's Internet browser to redirect through
12 ACCELERIZE's domain name *Cktrk.net* and end up at the *OnDemandResearch.com* website.
13 93.     The domain name *OnDemandResearch.com* is registered to ON DEMAND RESEARCH
14 LLC.
15 94.     Thus, WAGNER is informed and believes and thereon alleges that ON DEMAND
16 RESEARCH LLC directly or indirectly hired ACCELERIZE as its agent to advertise ON
17 DEMAND RESEARCH LLC's website via spam, and ACCELERIZE in turn directly or
18 indirectly hired other SPIRE VISION entities as its agents to actually send the spams.
19      **2.  *Spams Advertising Ward Media Inc./Digital Publishing Corporation (3)***
20 95.     SPIRE VISION sent WAGNER three spams advertising WARD MEDIA INC./DIGITAL
21 PUBLISHING CORPORATION as follows:

| Date | From Name | Subject Line |
|------|-----------|--------------|
| May 8, 2012 | I.T.MgmtCourses | Are You A Tech Problem Solver? Learn IT Management" |
| May 8, 2012 | App Developers Courses | Take Courses to Be an App Developer, Christopher Wagner |
| May 8, 2012 | "Sports Management 4 USA | Pursue your love of sports by earning an education." |

96.     The From Names all misrepresent *who* is advertising in the spam. A reasonable recipient
could believe that these From Names refers to any of hundreds if not thousands of "courses"
websites.

**Verified Complaint**

97.     WAGNER does work with computers, but not in information technology management or developing applications.  WAGNER has never expressed any interest in courses in sports management.  Thus, the Subject Lines further confirm that WAGNER never gave WARD MEDIA INC./DIGITAL PUBLISHING CORPORATION, the advertiser, "direct consent" to send him these emails.

98.     SPIRE VISION sent the first May 8 spam from the domain name *RaiseForces.net*, which is registered to OPPORTUNITY CENTRAL, claiming its address to be a box at a branch of The UPS Store in Rockledge, Florida.  SPIRE VISION sent the second May 8 spam from the domain name *AlertLinks.com*, which is registered to ACHIEVE OPPORTUNITIES.  SPIRE VISION sent the May 5 spam from the domain name *AdTargets.net*, which is registered to PATHS DIRECT, claiming its address to be a box at a branch of The UPS Store in Greenville, Delaware.  SPIRE VISION sent the third May 8 spam from the domain name *ZtDigitalMovie.com*, which is registered to FURTURESDRIVE, claiming its address to be a box at a branch of The UPS Store in Jacksonville, Florida.  Notwithstanding the fact that the domain names are registered to various SPIRE VISION entities/fictitious business names in various states, a graphic in the body of each spam claims that the unnamed sender's address is "221 N. Hogan Street #386 Jacksonville, FL 32202," which is an address claimed by FURTURESDRIVE and PULLSMART.

99.     Clicking the link in the spams caused WAGNER's Internet browser to redirect through *NetworkTarget.net* and *ADIClicks.com* (which WAGNER is informed and believes and thereon alleges are really SPIRE VISION's affiliate network *CommissionWizard.com*) and end up at the *Technology4USA.info, Design4USA.info,* and *Business4USA.info* websites.

100.    The domain names *Technology4USA.info, Design4USA.info,* and *Business4USA.info* are registered to WARD MEDIA INC.

101.    However, the spams themselves all identify the advertiser as "D.P.C."  WAGNER is informed and believes and thereon alleges that "D.P.C." refers to DIGITAL PUBLISHING CORPORATION.

102.    Thus, WAGNER is informed and believes and thereon alleges that some of the SPIRE VISION entities directly or indirectly hired other SPIRE VISION entities as their agents to advertise SPIRE VISION's own websites via spam, and those SPIRE VISION entities in turn

**VERIFIED COMPLAINT**

directly or indirectly hired other SPIRE VISION entities as their agents to actually send the spams.

**D. Spire Vision Hired Third Parties Who Sent, or Hired Others to Send, 22 Unlawful Spams to Wagner Advertising Spire Vision's Own Websites**

103.    For 13 of the spams at issue, some of the SPIRE VISION entities hired third parties to send spams for them advertising their own websites. Those entities hired other third parties, and in some cases those entities hired yet other third parties, to actually send the spams.

104.    For nine of the spams at issue, some of the SPIRE VISION entities hired other SPIRE VISION entities as their agents to send spams advertising their own websites. Those SPIRE VISION entities hired other third parties, and in some cases those entities hired yet other third parties, to actually send the spams.

> ### *1. Spams Advertising Serve Clicks LLC/Juniper Marketing LLC, via Accelerize New Media Inc. and Adconion Media Inc. (13)*

105.    WAGNER received 13 spams advertising JUNIPER MARKETING LLC's websites *CobraHealthChoices.com* and *CobraHealthQuotes.com* as follows:

| Date | From Name | Website |
|---|---|---|
| June 28, 2012 | COBRA Health Choice | *CobraHealthChoices.com* |
| July 1, 2012 | COBRASavings | *CobraHealthChoices.com* |
| July 2, 2012 | Cobra Health Choices | *CobraHealthQuotes.com* |
| July 4, 2012 | Obamacare Insurance Changes | *CobraHealthQuotes.com* |
| July 5, 2012 | COBRA Health Choice | *CobraHealthChoices.com* |
| July 5, 2012 | ObamaCare | *CobraHealthQuotes.com* |
| July 5, 2012 | Obamacare Insurance Changes | *CobraHealthQuotes.com* |
| July 9, 2012 | Cobra Choice | *CobraHealthChoices.com* |
| July 10, 2012 | Health Reform News | *CobraHealthChoices.com* |
| July 12, 2012 | Cobra Choice | *CobraHealthChoices.com* |
| July 18, 2012 | COBRA Choice | *CobraHealthChoices.com* |
| July 24, 2012 | Cobra Health | *CobraHealthChoices.com* |
| July 25, 2012 | Cobra Health Choices | *CobraHealthQuotes.com* |

106.    All of these From Names misrepresent *who* is advertising in the spams. A reasonable recipient could believe that these From Names refers to any of hundreds if not thousands of websites related to COBRA health insurance and/or President Obama's Affordable Care Act.

107.    JUNIPER MARKETING LLC's affiliates sent the spams from domain names registered to entities that do not match the entities identified in the bodies of the spams as the senders. Furthermore, the sending domain names (and the domain names contained in the clickable links

VERIFIED COMPLAINT

1  in the bodies of the spams) are registered to entities that WAGNER is informed and believes and

2  thereon alleges are neither real companies nor registered fictitious business names.

3  108.    Clicking the links in the spams caused WAGNER's Internet browser to redirect through

4  several other domain names, and then (for 10 of the 13 spams) ADCONION's domain name

5  *ContactFly.com*, and then ACCELERIZE's domain name *Cktrk.net*, and end up at the

6  *CobraHealthChoices.com* or *CobraHealthQuotes.com* website.

7  109.    The domain name *CobraHealthChoices.com* is falsely registered to

8  "DomainRegistrations" (not a real entity) at "2550 E. Desert Inn Road" (a branch of The UPS

9  Store, although the registration information does not provide a box number), in Las Vegas,

10  Nevada, with the invalid ZIP Code "891121." However, the domain registration includes a

11  contact email address *csadmin@serveclicks.com*, which identifies SERVE CLICKS LLC. But,

12  the *CobraHealthChoices.com* Terms of Use identifies JUNIPER MARKETING LLC as the

13  operator of the website.

14  110.    The domain name *CobraHealthQuotes.com* is proxy-registered so that a person

15  conducting a Whois query cannot identify the operator. But, the *CobraHealthQuotes.com* Terms

16  of Use identifies JUNIPER MARKETING LLC as the operator of the website.

17  111.    Thus, WAGNER is informed and believes and thereon alleges that some of the SPIRE

18  VISION entities hired ACCELERIZE as their agent to advertise JUNIPER MARKETING

19  LLC's websites via spam, and for 10 of the 13 spams ACCELERIZE in turn hired ADCONION

20  as its agent to send the spams, and ACCELERIZE/ADCONION in turn hired third parties as its

21  agent to actually send the spams.

### 2.  *Spams Advertising Ward Media Inc./Digital Publishing Corporation (9)*

22

23  112.    WAGNER received nine spams advertising WARD MEDIA INC./DIGITAL

24  PUBLISHING CORPORATION as follows:

| Date | From Name | Subject Line |
|---|---|---|
| June 24, 2012 | Sports Management 4 USA | Pursue your love of sports by earning an education. |
| June 30, 2012 | Psychologist Courses | Investigate the human mind through Psychology. Find Programs. |
| July 12, 2012 | Radiology Courses | Radiology Program – Learn to work with CT and MRI equipment |
| July 20, 2012 | socialWorkerCourses | Start your social worker education. |
| July 20, 2012 | socialWorkerCourses | Start your social worker education. |
| July 20, 2012 | SocialWorkerPrograms | Earn a Social_Work *Degree. |

**24**

| Date | From Name | Subject Line |
|------|-----------|--------------|
| July 20, 2012 | socialWorkerCourses | Start your social worker education. |
| July 20, 2012 | CrisisCounseling4USA | help Americans, with a Crisis Counseling education |
| July 20, 2012 | socialWorkerCourses | Start your social worker education. |

113. The From Names all misrepresent *who* is advertising in the spam. A reasonable recipient could believe that these From Names refers to any of hundreds if not thousands of "courses" websites.

114. WAGNER has never expressed any interest in courses in sports management, psychology, radiology, social work, or crisis counseling. Thus, the Subject Lines further confirm that WAGNER never gave WARD MEDIA INC./DIGITAL PUBLISHING CORPORATION, the advertiser, "direct consent" to send him these emails.

115. WARD MEDIA INC./DIGITAL PUBLISHING CORPORATION's affiliates sent some of the spams from and linking to domain names *GrandExpert.info*, *TheFitnessExpert.com*, *RecipesYouLove.com*, *SafariLandingPage.org*, and *NetworkYorkers.com*, which are registered to "What Happened When," "Smart Shoppers LLC," "Water Cooler Media LLC," "Digital Thumb Inc.," and "OpenTech ePower Project LLC," respectively, none of which are valid companies.

116. Clicking the link in the spams caused WAGNER's Internet browser to redirect through *ADIClicks.com* (which WAGNER is informed and believes and thereon alleges is really SPIRE VISION's affiliate network *CommissionWizard.com*) and end up at the *Business4USA.info*, *Counseling4USA.info*, *Teach4USA.info*, and *BecomeASocialWorker.info* websites.

117. The domain names *Business4USA.info*, *Counseling4USA.info*, *Teach4USA.info*, and *BecomeASocialWorker.info* are registered to WARD MEDIA INC.

118. However, some of the spams identify the advertiser as DIGITAL PUBLISHING CORPORATION and others identify the advertiser as "D.P.C.," which WAGNER is informed and believes and thereon alleges refers to DIGITAL PUBLISHING CORPORATION.

119. Thus, WAGNER is informed and believes and thereon alleges that WARD MEDIA INC./DIGITAL PUBLISHING CORPORATION directly or indirectly hired other SPIRE VISION entities as their agent to advertise WARD MEDIA INC./DIGITAL PUBLISHING CORPORATION's websites, and those SPIRE VISION entities in turn hired third parties as their agents to actually send the spams.

**E. Spire Vision was Hired by Other Advertisers to Advertise for Them, and Spire Vision In Turn Hired Third Parties to Actually Send Three Spams**

### 1. *Spams Advertising LifeScript Inc., via Spire Vision (3)*

120.    WAGNER is informed and believes and thereon alleges that LIFESCRIPT owns the *LifeScript.com* domain name and website.

121.    WAGNER received spams on July 10 and July 11, 2012 advertising LIFESCRIPT with the From Name "Free Snuggle Sample." WAGNER received a spam on July 15, 2012 with the From Name "Crystal Light."

122.    The From Names all misrepresent *who* is advertising in the spam. A reasonable recipient could believe that the July 10 and 11 spams are from any of numerous sources for free product samples. WAGNER is informed and believes and thereon alleges that the spams are not *from* The Sun Products Corporation, manufacturer of the "Snuggle" fabric softener, or Kraft Foods Global Inc., manufacturer of the Crystal Light beverage.

123.    The link in the July 10 spam points to *YourFrequentResources.com*, redirects through *TargetedSpecials.com* (which WAGNER is informed and believes and thereon alleges is really SPIRE VISION's affiliate network *CommissionWizard.com*), and eventually caused WAGNER's Internet browser to land on the *LifeScript.com* website. The link in the July 11 spam points to *InteractiveMarketWebNow.com*, redirects through *TargetedSpecials.com* (which WAGNER is informed and believes and thereon alleges is really SPIRE VISION's affiliate network *CommissionWizard.com*), and eventually caused WAGNER's Internet browser to land on the *LifeScript.com* website. The link in the July 15 spam points to *CentralFastMarketers.com*, redirects through *TargetedSpecials.com* (which WAGNER is informed and believes and thereon alleges is really SPIRE VISION's affiliate network *CommissionWizard.com*), and eventually caused WAGNER's Internet browser to land on the *LifeScript.com* website.

124.    Thus, WAGNER is informed and believes and thereon alleges that LIFESCRIPT hired SPIRE VISION to advertise for it, and SPIRE VISION in turn hired the Affiliates (the individuals or entities doing business as *YourFrequentResources.com*, *InteractiveMarketWebNow.com*, and *CentralFastMarketers.com*) to actually send the spams.

125.    WAGNER is informed and believes and thereon alleges that LIFESCRIPT, SPIRE VISION, and the Affiliates are all jointly and severally liable for the spams.

# FIRST CAUSE OF ACTION

**[Violations of California Restrictions on Unsolicited Commercial Email,
California Business & Professions Code § 17529.5]
(Against All Defendants)**

126.    WAGNER hereby incorporates the foregoing paragraphs as though set forth in full herein.

127.    Defendants sent and advertised in 49 unlawful spams to WAGNER's California email address.

128.    WAGNER received the spams within one year prior to filing this Complaint.

**A.  Defendants Violated B&P Code § 17529.5(a)(2) – Misrepresented Information in From Names**

129.    It is unlawful to advertise in spams that contain or are accompanied by falsified, misrepresented, or forged header information.  B&P Code § 17529.5(a)(2).

130.    The From Name in an email is supposed to identify who the email is *from*; it is not supposed to be an advertising message.

131.    Earlier this year, the Court of Appeal of the First District affirmed in all respects the trial court's statement of decision in *Balsam v. Trancos Inc. et al,* 203 Cal. App. 4th 1083, 1088 (1st Dist. 2012).  The *Trancos* court confirmed that generic From Names (like the ones at issue) violate the statute, ruling that generic sender names that "do not exist or are otherwise misrepresented when they do not represent any real company and cannot be readily traced back to the true owner/sender," and affirming the trial court's award of $1,000 liquidated damages per spam for the spams with From Names Paid Survey, Your Business, Christian Dating, Your Promotion, Bank Wire Transfer Available, Dating Generic, and Join Elite, but *not* eHarmony. *Id.* at 1093.

132.    All of the From Names of the spams at issue – e.g., "Auto Insurance," "FreeDiapers," "Health Insurance Choices," "GiftCard Survey," "Apps Developers Courses," etc. – are generic terms like those in *Trancos*, and misrepresented *who* was advertising in the spams.

**B.  Defendants Violated B&P Code § 17529.5(a)(2) – Misrepresented Information in Doman Name Registrations**

133.    It is unlawful to advertise in spams that contain or are accompanied by falsified, misrepresented, or forged header information.  B&P Code § 17529.5(a)(2).

**VERIFIED COMPLAINT**

134.   As described below, all 49 spams violate California law because the sending domain names do not identify SPIRE VISION or its affiliates on their face, nor are the domain names readily traceable to SPIRE VISION or its affiliates.

> [W]here, as in this case, the commercial e-mailer intentionally uses . . . domain names in its headers that neither disclose the true sender's identity on their face nor permit the recipient to readily identify the sender, . . . such header information *is* deceptive and *does* constitute a falsification or misrepresentation of the sender's identity. . . .

> Here, the domain names were *not* traceable to the actual sender.  The header information is "falsified" or "misrepresented" because Trancos deliberately created it to prevent the recipient from identifying who actually sent the message. . . . . an e-mail with a made-up *and untraceable* domain name affirmatively *and falsely* represents the sender has no connection to Trancos.

> Allowing commercial e-mailers like Trancos to conceal themselves behind untraceable domain names amplifies the likelihood of Internet fraud and abuse-- the very evils for which the Legislature found it necessary to regulate such e-mails when it passed the Anti-spam Law.

> We therefore hold, consistent with the trial court's ruling, that header information in a commercial e-mail is falsified or misrepresented for purposes of section 17529.5(a)(2) when it uses a sender domain name that *neither* identifies the actual sender on its face *nor* is readily traceable to the sender using a publicly available online database such as WHOIS.

*Trancos*, 203 Cal. App. 4th at 1097-1101 (emphasis in original).

### 1. *Spams Sent By Spire Vision Itself (24)*

135.   WAGNER is informed and believes and thereon alleges that SPIRE VISION entities willfully took steps to deceive recipients of their spams by registering each and every domain name used to send 24 spams to WAGNER (sections IV B and C, above) to non-existent companies, claiming their addresses to be boxes at branches of The UPS Store in states in which SPIRE VISION otherwise has no physical presence, such that the domain names were not readily traceable (or, indeed, traceable at all) back to any real SPIRE VISION company.  For example, SPIRE VISION registered the domain names *TheInitial.net, TheMagnify.net, TheTraction.net,* and *TheAspect.net* to YOURADSHERE, claiming the address 3592 Rosemead Blvd. #461, Rosemead, CA, which is a box at a branch of The UPS Store.

**VERIFIED COMPLAINT**

2.   ***Spams Sent By Third Parties that Spire Vision Hired to Advertise its Own Websites
(22)***

136.    SPIRE VISION hired third parties to send 22 spams to WAGNER (section IV D, above).
Most of these domain names are also registered so as to prevent the recipient from identifying
the party who actually hit the send button.

137.    For example, spammers registered domain names to "IPTech Monitor" in Longwood,
Florida; to "Micro Horde" in Derry, New Hampshire; to "Babble Optic" in New Orleans,
Louisiana; to "OpenTech ePower Project LLC" in Houston, Texas; to "Digital Thumb Inc." in
Portland, Oregon; etc.  None of these entities are real companies.  All of the addresses are P.O.
Boxes or boxes at commercial mail receiving agencies.

3.   ***Spams Sent By a Third Party that Spire Vision Hired to Advertise Another
Advertiser's Website (3)***

138.    LIFESCRIPT hired SPIRE VISION to advertise for it, and SPIRE VISION hired *one*
third party to actually send three spams to WAGNER (section IV E, above).

139.    The three spams were sent from the domain names *YourFrequentResources.com*,
*InteractiveMarketWebNow.com*, and *CentralFastMarketers.com*.  The websites associated with
these three domain names have different graphical layouts but *identical* text.

140.    When WAGNER clicked the link in each spam, his Internet browser was automatically
redirected to *TargetedSpecials.com* (which WAGNER is informed and believes and thereon
alleges is really SPIRE VISION's affiliate network *CommissionWizard.com*).  For all three
spams, the URL beginning with *TargetedSpecials.com* included the *same* text "&pub=400436."

141.    Therefore, WAGNER is informed and believes and thereon alleges that the same "pub"
code demonstrates that all three spams were sent by the same SPIRE VISION publisher (a/k/a
"Affiliate"), which SPIRE VISION identifies by the code 400436.

142.    However, Whois queries reveal that the domain names used to send the three spams –
*YourFrequentResources.com*, *InteractiveMarketWebNow.com*, and *CentralFastMarketers.com* –
are registered to three *different* individuals: "Steve Kuchonvsky, Frequent Resources" in Seattle,
Washington; "Edward Brown, interactivemarketweb.com" in Houston, Texas; and "Paul
Eduards, Fast Marketers" in Fort Lee, New Jersey.

143.    Therefore, WAGNER is informed and believes and thereon alleges that there is just *one*
entity who SPIRE VISION hired to send the three LIFESCRIPT spams, and that entity's
conscious decision to register three domain names to three different individuals in three different

**VERIFIED COMPLAINT**

states means that at least two, if not all three, domain name registrations are not readily traceable to the true sender.

## C. Defendants Violated B&P Code § 17529.5(a)(2) – False and Misrepresented Information in Subject Lines

144. It is unlawful to advertise in spams that contain or are accompanied by falsified, misrepresented, or forged header information. B&P Code § 17529.5(a)(2).

145. From an *absolute* perspective, the Subject Lines of the nine spams advertising ON DEMAND RESEARCH LLC (section IV C(2)) are false and contain misrepresented information because a person cannot receive a gift card *just* by taking a survey.

146. Nothing in the Subject Lines of these nine spams even hints of any other limitations or conditions, such as a requirement to buy/lease or sign up for anything.

## D. Defendants Violated B&P Code § 17529.5(a)(3) – Misleading Information in Subject Lines

147. It is unlawful to advertise in spams with Subject Lines likely to mislead the recipient about a material fact regarding the contents or subject matter of the email. B&P Code § 17529.5(a)(3).

148. In addition to being false from an *absolute* perspective, the Subject Lines of the nine spams advertising ON DEMAND RESEARCH LLC (section IV C(2)) are also misleading *relative* to the bodies of the spams.

149. These spams' Subject Lines give no indication that there are any purchase/lease/signup conditions to receive a gift card.

150. However, the bodies of five of the spams claim that the gift cards are "Free*" – the asterisk indicating that there are conditions or limitations (even though there is no *second* asterisk stating what those conditions or limitations might be or even where a person might learn what those conditions or limitations might be). The body of four of the spams contains text expressly stating that a person must also "complete sponsor offers," which WAGNER is informed and believes and thereon alleges means that the person might buy, lease, or sign up for products, services, or websites.

## E. Wagner Suffered Damages; Recipients of Unlawful Spam Have Standing to Sue Under B&P Code § 17529.5 and Recover $1,000 Per Spam Liquidated Damages

151. Wagner suffered damages as a result of Defendants' wrongful conduct, when he received the unlawful spams. *See* B&P Code § 17529(d), (e), (g), (h).

152.    Recipients of unlawful spam have standing to sue.  *See* B&P Code § 17529.5(b)(1)(A)(iii).  Nothing in the statute requires that a recipient click and purchase the goods or services advertised in the spam.

153.    The California Legislature set liquidated damages at One Thousand Dollars ($1,000) per email in violation of the statute.  *See* B&P Code § 17529.5(b)(1)(B)(ii).

154.    For each spam, the SPIRE VISION Defendant and the other advertiser, sender, and/or middleman Defendant are jointly and severally liable for damages.

155.    Each and every spam had materially misrepresented and deceptive information contained in or accompanying the headers in violation of B&P Code § 17529.5 due to misrepresented information in the From Names and/or domain name registrations and/or Subject Lines.

**F.  Defendants are Not Entitled to a Reduction in Statutory Damages / Advertisers are Strictly Liable for Their Affiliates' Unlawful Spams**

156.    Defendants are not entitled to any reduction in liquidated damages because Defendants cannot demonstrate that they have reasonably effective systems in place to prevent the sending of unlawful spam in violation of the statute.

157.    Indeed, WAGNER is informed and believes and thereon alleges that SPIRE VISION acquires consumers' email addresses from other sources – its "affiliates." Therefore, SPIRE VISION does not have recipients' "direct consent," as defined by B&P Code § 17529.1(d), to send them commercial emails, which means that SPIRE VISION knowingly and deliberately advertised in and sent *unsolicited* commercial emails, a/k/a "spams."

158.    Moreover, From Names and Subject Lines do not write themselves; the From Names and domain registrations were not "clerical errors."

159.    Additionally, Spire Vision's actions of registering its Internet domain names to nonexistent companies using boxes at branches of The UPS Store in states in which it has no other physical presence indicates willful decisions to create materially false and misrepresented information in and accompanying the email headers, in violation of the statute.

160.    For the spams that SPIRE VISION sent on behalf of the other Defendants, the other Defendants are not entitled to a reduction in damages because they are strictly liable for SPIRE VISION'S actions, who acted as their agent. *Hypertouch v. ValueClick Inc. et al*, 192 Cal. App. 4th 805, 821, 829-30 (2d Dist. 2011).  For the spams that SPIRE VISION or others sent on

behalf of SPIRE VISION's own websites, SPIRE VISION is similarly strictly liable for the senders' actions.

**G. Wagner is Entitled to Attorneys' Fees and Costs**

161.    WAGNER seeks reimbursement of attorneys' fees and costs as authorized by B&P Code § 17529.5(b)(1)(C).

162.    The attorneys' fees provision for a prevailing spam recipient is typical of consumer protection statutes and supported by Code of Civil Procedure § 1021.5.  By prosecuting this action, WAGNER expects to enforce an important right affecting the public interest and thereby confer a significant benefit on the general public or a large class of persons.  The necessity and financial burden of private enforcement is such as to make the award appropriate, and the attorneys' fees should not, in the interest of justice, be paid out of the recovery of damages.

WHEREFORE, WAGNER prays for judgment against Defendants, and each of them, as hereinafter set forth.

### SECOND CAUSE OF ACTION

**[Violations of California Requirements for Use of Commercial Mail Receiving Agencies, California Business & Professions Code § 17538.5]**
**(Against SPIRE VISION Defendants)**

163.    WAGNER hereby incorporates the foregoing paragraphs as though set forth in full herein.

164.    California B&P Code § 17538.5(a) states:

> It is unlawful in the sale or offering for sale of consumer goods or services for any person conducting, any business in this state which utilizes a post office box address, a private mailbox receiving service, or a street address representing a site used for the receipt or delivery of mail or as a telephone answering service, to fail to disclose the legal name under which business is done and, except as provided in paragraph (2) of subdivision (b), the complete street address from which business is actually conducted in all advertising and promotional materials, including order blanks and forms.  Any violation of the provisions of this section is a misdemeanor punishable by imprisonment in the county jail not exceeding six months, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both.

**VERIFIED COMPLAINT**

165.     SPIRE VISION sent six spams from domain names that were registered using an address that is a box at a branch of The UPS Store in Rosemead, California, as follows:

- One spam advertising ADHARMONICS sent from *LoanTouch.com*, registered to JUNCTIONLIGHTS.
- One spam advertising EVERYDAYFAMILY sent from *TheMagnify.net*, registered to YOURADSHERE.
- One spam advertising EVERYDAYFAMILY sent from *TheInitial.net*, registered to YOURADSHERE.
- One spam advertising EVERYDAYFAMILY sent from *TheTraction.net*, registered to YOURADSHERE.
- One spam advertising LEADRIVAL sent from *WatchDailyNews.com*, registered to JUNCTIONLIGHTS.
- One spam advertising ON DEMAND RESEARCH LLC sent from *TheAspect.com*, registered to YOURADSHERE.

166.     Each of these spams offered consumer goods or services for sale.

167.     Each of these spams constituted advertising materials.

168.     Each of these spams failed to disclose the legal name under which any SPIRE VISION entity does business.

169.     Each of these spams failed to disclose the complete street address from which any SPIRE VISION entity actually conducted business.

WHEREFORE, WAGNER prays for judgment against Defendants, and each of them, as hereinafter set forth.

## **PRAYER FOR RELIEF**

### **(Jointly and Severally Against All Defendants)**

A.     An Order from this Court declaring that Defendants violated B&P Code § 17529.5 by advertising in and sending unlawful spams.

B.     Liquidated damages against Defendants in the amount of $49,000 – $1,000 for each of 49 unlawful spams – as authorized by B&P Code § 17529.5(b)(1)(B)(ii), as detailed below:

**VERIFIED COMPLAINT**

1.  Jointly and severally against ADHARMONICS, SPIRE VISION, and ADCONION: $1,000 for one unlawful spam advertising *Provide-Insurance.com*.

2.  Jointly and severally against INSITE and SPIRE VISION: $1,000 for one unlawful spam advertising *AutomotiveFinancial.com*.

3.  Jointly and severally against SPIRE VISION and ACCELERIZE: $3,000 for three unlawful spams advertising *CobraHealthChoices.com*.

4.  Jointly and severally against SPIRE VISION, ACCELERIZE, and ADCONION: $5,000 for five unlawful spams advertising *CobraHealthChoices.com*.

5.  Jointly and severally against SPIRE VISION, ACCELERIZE, and ADCONION: $5,000 for five unlawful spams advertising *CobraHealthQuotes.com*.

6.  Jointly and severally against EVERYDAYFAMILY and SPIRE VISION: $6,000 for six unlawful spams advertising *EveryDayFamily.com*.

7.  Jointly and severally against LIFESCRIPT and SPIRE VISION: $3,000 for three unlawful spams advertising *LifeScript.com*.

8.  Jointly and severally against SPIRE VISION and ACCELERIZE: $9,000 for nine unlawful spams advertising *OnDemandResearch.com*.

9.  Jointly and severally against LEADRIVAL and SPIRE VISION: $1,000 for one unlawful spam advertising *SocialSecurityHome.com*.

10. Jointly and severally against SPIRE VISION: $12,000 for 12 unlawful spams advertising *BecomeASocialWorker.info*, *Business4USA.info*, *Counseling4USA.info*, *Design4USA.info*, *Teach4USA.info*, and *Technology4USA.info*.

11. Jointly and severally against ZULU and SPIRE VISION: $3,000 for three unlawful spams advertising *Online-Home-Careers.com*.

C.  Attorneys' fees as authorized by B&P Code § 17529.5(b)(1)(C) and Cal. Code of Civil Procedure § 1021.5 for violations of B&P Code § 17529.5.

D.  An Order from this Court declaring that the SPIRE VISION Defendants violated B&P Code § 17538.5 by failing to include their legal name and complete street address from which business is done in six spams that SPIRE VISION sent from domain names that were registered using an address that is a box at a branch of The UPS Store in Rosemead, California.

**VERIFIED COMPLAINT**

1    E.    Civil fines in the amount of $15,000 – $2,500 for each of six spams in which SPIRE

2         VISION failed to include its legal name and the complete street address from which

3         business is done.

4    F.    Attorneys' fees (as a private attorney general) as authorized by Cal. Code of Civil

5         Procedure § 1021.5 for violations of B&P Code § 17538.5.

6    G.    Punitive damages against the SPIRE VISION Defendants as authorized by Cal. Civil

7         Code § 3294 in an amount to be determined by the Court due to its malicious actions.

8    H.    Disgorgement of all profits derived from unlawful spams directed to California residents;

9         monies to be turned over to the Unfair Competition Law Fund and used by the California

10        Attorney General to support investigations and prosecutions of California's consumer

11        protection laws.

12    I.    Costs of suit.

13    J.    Such other and further relief as the Court deems proper.

14

15                                           THE LAW OFFICES OF DANIEL BALSAM

16

17    Date:    _10-24-2012_      BY: _Daniel L Balsam_

18                                           DANIEL L. BALSAM

19                                           Attorneys for Plaintiff Christopher Wagner

20

21                                 **DEMAND FOR JURY TRIAL**

22    WAGNER demands a trial by jury.

23

24                                           THE LAW OFFICES OF DANIEL BALSAM

25

26    Date:    _10-24-2012_      BY: _Daniel L Balsam_

27                                           DANIEL L. BALSAM

28                                           Attorneys for Plaintiff Christopher Wagner

29    //

30    //

31    //

VERIFIED COMPLAINT

1

## **VERIFICATION**

2  The undersigned for himself declares:

3      I am the Plaintiff in the above-entitled Action. I have read the foregoing Complaint and

4  know the contents thereof. With respect to the facts and causes of action alleged by me, the

5  same is true by my own knowledge, except as to those matters which are therein stated on

6  information and belief, and, as to those matters, I believe them to be true. I declare under penalty

7  of perjury under the laws of the State of California that the foregoing is true and correct.

8

9  Date: _10/25/2012_            _____

10                               CHRISTOPHER WAGNER

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

**VERIFIED COMPLAINT**

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>**CIVIL DIVISION**<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>www.sonoma.courts.ca.gov | (FOR COURT USE ONLY)<br>**ENDORSED**<br>**FILED**<br>OCT 2 5 2012<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE,**<br>**and ORDER TO SHOW CAUSE** | Case number:<br>SCV - 252580 |

## A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT AND WITH ANY CROSS-COMPLAINT

1. **THIS ACTION IS ASSIGNED TO HON.** _____MARK TANSIL_____**FOR ALL PURPOSES.**
   Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. **EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.**
   A Case Management Conference has been set at the time and place indicated below:

   | Date: 2/21/2013 | Time: | Courtroom: |
   |---|---|---|
   | Location:  **3055 Cleveland Ave.**<br>**Santa Rosa, CA 95403** | 9:00AM | 18 |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case.  In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference.  These may be obtained by calling (707) 521-6883 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

## ORDER TO SHOW CAUSE

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:

If, on the date shown above, you are not in compliance with timely filing requirements stated in California Rules of Court, Rules 3.110 and/or 3.725, you must then and there show cause why this Court should not impose monetary and/or terminating sanctions.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                           FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| **ADR INFORMATION SHEET**<br>[Sonoma County Superior Court Rules, Rule 16] | | | CASE NUMBER: |
|---|---|---|---|
| (Check one):    ☐ | **UNLIMITED CASE**<br>(Amount demanded exceeds<br>$25,000) | ☐   **LIMITED CASE**<br>(Amount demanded is<br>$25,000 or less) | Date:<br>Time:<br>Location:<br>Assigned Judge: |

## NOTICE TO ALL PARTIES AND THEIR ATTORNEYS

The policy of the Sonoma County Superior Court is:

"The formal litigation of legal claims and disputes is expensive and time consuming. The overall results achieved by some or all of the parties are often unsatisfactory. There are many modern alternatives to formal court litigation which are less expensive, less time consuming, and more beneficial to the parties. It is therefore the firm policy and goal of this court to encourage the parties in all civil cases to explore and pursue private dispute resolution alternatives at the earliest possible date." (Local Rule 16.1.)

Although most (90-98%) cases do settle, many settlements come only after a considerable amount of time, money, and resources have been expended. Such expenditures, as well as the adversarial nature of litigation, can be a disincentive to settlement. The Sonoma County Superior Court encourages the use of Alternative Dispute Resolution (ADR) as early as possible after the parties become aware of a dispute.

Most ADR processes are voluntary and are paid for by the parties themselves, but ADR has proved in many cases to be faster, cheaper, and more effective than traditional litigation.

## ADVANTAGES OF ADR:

The filing of your complaint or answer may be just the beginning of the costs that you will incur during the course of your lawsuit. Lawsuits can be extremely costly. By utilizing ADR methods early in the course of your case, you may significantly reduce these costs by either resolving the case before expensive discovery and trial proceedings are commenced or by narrowing the scope of your discovery by identifying disputed and undisputed factual and legal issues.

ADR can be a fast, economical, efficient, and effective way to resolve civil cases, and most litigants report satisfaction with the process. ADR procedures can be scheduled at your convenience and can be completed in a fraction of the time required for traditional litigation. The cost of ADR will depend on the procedure and the provider you select, and the cost is typically less than litigation.

Most ADR processes are confidential but can result in enforceable agreements. Many ADR processes will give you an opportunity to test the strengths and weaknesses of your case without adverse impact in the event of a trial. Depending upon the method of ADR you select, it may be the last chance for you to control the outcome of your dispute before you place the decision in the hands of a judge or jury.

## METHODS OF ADR:

**A. MEDIATION:** Mediation is one of the most frequently used methods of ADR because it is informal, quick, convenient and confidential. In this process the parties select a neutral mediator who facilitates the identification of issues and areas of agreement and assists in finding a resolution or settlement of the dispute. Since mediation requires the agreement of the parties to resolve the matter, control of the proceedings and a determination of the settlement terms remains completely in the parties' hands. The mediator remains neutral and assists the parties in arriving at terms that are mutually agreeable.

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**B. ARBITRATION:** The parties jointly employ a neutral third party or a panel of neutrals to listen to both sides and render a decision. The parties are free to make the arbitrator's decision binding or non-binding. When non-binding, the arbitrator's decision serves as guide or influence upon the parties to bring them closer to settlement. If it is binding, the decision of the arbitrator will be final and generally avoids any further proceedings in the case. Non-binding judicial arbitration may be ordered in certain cases before trial.

**C. EARLY NEUTRAL EVALUATION:** A neutral evaluator is hired by the parties to give an evaluation of the case to help settle it. You or your attorney will be permitted to prepare a written statement, present critical witnesses or other evidence, argue your case to the evaluator, meet separately and confidentially with the evaluator, and utilize the evaluator to communicate any settlement offers to the opposing party.

**D. PRIVATE SETTLEMENT CONFERENCE:** A voluntary settlement conference is similar to early neutral evaluation in that the parties employ a neutral settlement officer who attempts to persuade the parties to accept a compromise position. It is a form of facilitated negotiation in which the settlement officer may express an opinion about the value of the case, the substantive merits of each party's position, and the probable outcome of the trial.

There are various other methods or combinations of methods of ADR, such as summary jury trial, mini-trial, special master and discovery referee. The court encourages the parties to be creative in selecting the process which has the best chance of resolving the case as quickly, effectively, and inexpensively as possible. You will have a chance to review your ADR options at the time of the Early Mediation and Case Management Conference.

**The undersigned party is willing to agree to any of the following forms of ADR at this time (for family law and probate actions only). Your selection will inform the other parties in the case of your current thoughts regarding the use of ADR. If all parties agree on a particular ADR method, you will be asked to file a stipulation on the court's form. The stipulation form (Sonoma County Superior Court form #MISC-101) can be found at the court's web site and is available at the court.)**

| | | | |
|---|---|---|---|
| ☐ | Mediation | ☐ | Early Neutral Evaluation |
| ☐ | Non-binding Private Arbitration | ☐ | Binding Private Arbitration |
| ☐ | Voluntary Settlement Conference | ☐ | Summary Jury Trial |
| ☐ | Other _____ | ☐ | Judicial Arbitration |

I / We certify that I / We have read and understood (or have had explained to me / us) the foregoing.

Date: _____        _____
                                                                     Signature of Party

Date: _____        _____
                                                                     Signature of Party

Date: _____        _____
                                                                     Signature of Attorney for Party
                                              ☐   Additional signatures are attached

**NOTE: This form requires the signatures of the parties and their attorney. All parties must complete, file and serve this form in accordance with Sonoma County Superior Court Rules, Rule 16. See Rule 16.3 for specific filing and service instructions.**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                                FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| **STIPULATION AND ORDER REFERRING MATTER TO ALTERNATIVE DISPUTE RESOLUTION**<br><br>(Check one):  ☐  **UNLIMITED CASE**<br>(Amount demanded exceeds $25,000)   ☐  **LIMITED CASE**<br>(Amount demanded is $25,000 or less) | CASE NUMBER:<br><br>Date:<br>Time:<br>Location:<br>Assigned Judge: |

The parties hereby stipulate to refer the case to the following Alternate Dispute Resolution Process:

☐ Mediation  ☐ Non-binding Private Arbitration
☐ Binding Private Arbitration  ☐ Private Settlement Conference
☐ Early Neutral Evaluation  ☐ Judicial Arbitration

The ADR process will be conducted by  (name of individual):  _____

Provider's Address:  _____

Provider's Telephone:  _____  Fax:  _____  E-mail address:  _____
☐ No agreement
The ADR process will be conducted on (date):  _____.
☐ No agreement

☐   The parties have reached agreement as to the payment of fees of ADR provider.
☐   The parties have not reached agreement as to the payment of fees of ADR provider.

_____     _____
Type or print name of ☐ Party without attorney ☐ Attorney for     **(Date and Sign)** Attorney or party without
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant     attorney (Sign in blue ink)

_____     _____
Type or print name of ☐ Party without attorney ☐ Attorney for     **(Date and Sign)** Attorney or party without
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant     attorney (Sign in blue ink)

☐   Additional signatures are attached

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

## <u>ORDER</u>

**A REVIEW HEARING IS SCHEDULED AS FOLLOWS:**

_____         _____
          Date                                        Time

All parties must appear at the Review Hearing.  In the event that the case is settled and a dismissal, a notice of settlement or a judgment is filed at least 3 court days before the scheduled Review Hearing, the Review Hearing will be dropped and no one should appear. You must check the phone message at _____ or go to  http://sonoma.courts.ca.gov/online-services/tentative-rulings  where the tentative dispositions will be posted the day before you are scheduled to come to court to determine if you must appear.

*THE FIRST ATTORNEY OR PARTY LISTED MUST FILE PROOF OF SERVICE OF A COPY OF THIS ORDER ON ALL PARTIES.*

_____         _____
          Date                                 JUDGE OF THE SUPERIOR COURT

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name & Address*): | *FOR COURT USE ONLY* |
|---|---|
| Telephone No.:                          FAX No.: | |
| ATTORNEY FOR (Name):                     Bar No. | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>600 Administration Drive<br>Santa Rosa, CA  95403<br>Telephone:  (707) 521-6500 | |
| PLAINTIFF(S)/PETITIONER(S): | |
| DEFENDANT(S)/RESPONDENT(S): | CASE NUMBER: |

## NOTICE OF SELECTION AS MEDIATOR IN COURT-CONNECTED MEDIATION
### (Sonoma County Superior Court Local Rule 16)

**Name of Mediator Selected:** _____

   **PLEASE TAKE NOTICE** that the above-referenced matter is subject to Sonoma County Superior Court Local Rule 16 (Rules Applicable to Alternative Dispute Resolution (ADR)).  The parties have selected you to serve as the mediator in this matter.  Sonoma County Superior Court has a voluntary, market rate mediation program.  All mediations conducted in cases covered by Local Rule 16 are court-connected mediations and are subject to the provisions of California Rules of Court, Rules 3.850 et seq.  It is your obligation to familiarize yourself with Local Rule 16 and California Rules of Court, Rules 3.850 et seq. before the mediation.  **PLEASE NOTE:**  you are required to have the parties complete an Attendance Sheet for Court-Program Mediation of Civil Case (Alternative Dispute Resolution) (Judicial Council form ADR-107) in accordance with California Rules of Court Rule 3.860.  The form is available at the web site of the California Courts www.courtinfo.ca.gov.

   In order to mediate this case, you must complete the acceptance below and sign it in the space provided. (See CRC 3.851 et. seq.) If you *are not* a member of the Sonoma County Superior Court Panel of Mediators, you must provide the completed Notice **with your original signature** to plaintiff (or to cross-complainant, if the Complaint has been dismissed), for filing and service as required by Local Rule 16.4.  If *you are* a member of that Panel, you must file and serve copies as required by Local Rule 16.4, not less then five (5) days before commencement of the mediation.

   If you are mediating a case referred to court-connected mediation, regardless of the date of the mediation, you are required to complete and return a Mediator's Questionnaire (Sonoma County Superior Court Local form CV-36) within five (5) days after completion or other termination of the mediation.  The completed questionnaire should be sent to the ADR Program Coordinator at 3035 Cleveland Ave, Suite 200 Santa Rosa, CA 95403 or by fax to (707) 521-6756.  The plaintiff should provide the Mediator's Questionnaire to you.  The questionnaire is also available on the web site of the Sonoma County Superior Court www.sonoma.courts.ca.gov.

   If you have any questions regarding your selection or service as a mediator in this matter or about the Sonoma County Superior Court ADR Program, please feel free to contact the ADR Program Coordinator at (707) 521-6511 or ADR@sonomacourt.org.

### MEDIATOR'S ACCEPTANCE

I, _____ hereby agree to mediate the above-captioned matter subject to
                              (print name)

the conditions stated in this notice.


Dated: _____        _____
                                              (Mediator's Signature)

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|

TELEPHONE NO.:                          FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|

*(Check one):* ☐ **UNLIMITED CASE**     ☐ **LIMITED CASE**
(Amount demanded          (Amount demanded is $25,000
exceeds $25,000)          or less)

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:              Dept.:         Div.:            Room:

Address of court *(if different from the address above)*:

☐ **Notice of Intent to Appear by Telephone, by** *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action)*:

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial.     *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*

   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:                                  f.   Fax number:
   e. E-mail address:                                     g.   Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

       (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

       (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

    b. **Referral to judicial arbitration or civil action mediation** (if available).

       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

       (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
- a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
- b. Reservation of rights: ☐ Yes ☐ No
- c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy   ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
- a. ☐ There are companion, underlying, or related cases.
  - (1) Name of case:
  - (2) Name of court:
  - (3) Case number:
  - (4) Status:
  - ☐ Additional cases are described in Attachment 13a.
- b. ☐ A motion to ☐ consolidate ☐ coordinate   will be filed by *(name party):*

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
- a. ☐ The party or parties have completed all discovery.
- b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

- c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

## ELECTRONIC SERVICE OF DOCUMENTS
### Enabled by Local Rule 18.16

Voluntary e-service is available in Sonoma County.  The Court has pre-approved a Stipulation for cases in which the attorneys or parties choose e-service. A copy of the Stipulation is available under the "Civil" section in the "Division" tab of the Court website: www.sonoma.courts.ca.gov.   The advantages of e-service to the parties include:

| | |
|---|---|
| SAVE MONEY | Reduction in costs related to photocopying, retrieving, storing, messenger and postage fees. No special software is needed to use e-service |
| SAVE TIME | Instant service of your documents on all parties |
| SAVE SPACE | With 24/7 internet access to all documents, you do not need to house paper copies |
| GAIN CERTAINTY | Immediate confirmation of service for your records. Documents are not delayed in the mail or blocked by email spam blockers and firewalls |

To take advantage of e-service, select an e-service provider and file the signed Stipulation with the Court. Parties can then e-serve documents through the selected provider. Information about e-service providers is available at the website for the Sonoma County Bar Association: www.sonomacountybar.org.  The Court does not endorse one provider over another.

**To learn more about available e-service providers and their fees, please visit their website**

*Note: Hard-copy pleadings are required to be filed with the Court in accordance with applicable provisions of the Code of Civil Procedure, California Rules of Court and local rules. You do not need to provide a courtesy copy of a served document to the specific department in which the matter has been assigned.*


## DISCOVERY FACILITATOR PROGRAM

Effective January 1, 2008, the Sonoma County Superior Court promulgated Sonoma County Local Rule 4.14 which established the Discovery Facilitator Program.  Participation in the Discovery Facilitator Program shall be deemed to satisfy a party's obligation to meet and confer under Sonoma County Local Rule 5.5 and applicable provisions of the Code of Civil Procedure and California Rules of Court.  This program has been providing assistance in resolving discovery disputes and reducing the backlog of matters on the law and motion calendars in our civil law departments.  The Sonoma County Superior Court encourages all attorneys and parties to utilize the Discovery Facilitator Program in order to help resolve or reduce the issues in dispute whether or not a discovery motion is filed.

There is a link to Local Rule 4.14 and the list of discovery facilitator volunteers on the official website of the Sonoma County Superior Court at www.sonoma.courts.ca.gov.   On the home page, under the "AVAILABLE PROGRAMS & HELP" section, click on »Discovery Facilitator Program. You can then click on either "Local Rule 4.14" to obtain the language of the local rule, or "List of Facilitators" for a list of the volunteer discovery facilitators and accompanying contact and biographical information.

| *Attorney or Party Without Attorney* | |
|---|---|
| Daniel L. Balsam (State Bar No. 260423)<br>THE LAW OFFICES OF DANIEL BALSAM<br>2912 Diamond Street #218<br>San Francisco, CA 94131<br>   *Telephone No.:* 415-869-2873<br>   *Fax No.:* 415-869-2873<br>   *Attorney for:* Plaintiff Christopher Wagner | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>Superior Court of California, County of Sonoma<br>600 Administration Drive<br>Santa Rosa, CA 95403 | |
| *Plaintiff/Petitioner:* Christopher Wagner<br>*Defendant/Respondent:* Spire Vision LLC *et al* | *Case Number:*<br>SCV-252580 |
| **PROOF OF SERVICE OF SUMMONS** | *Ref. No. or File No.:* |

<em>(Separate proof of service is required for each party served.)</em>

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
Summons; Verified Complaint; Notice of Assignment to One Judge for All Purposes, Notice of Case Management Conference, and Order to Show Cause; ADR Information Sheet; Stipulation and Order Referring Matter to Alternative Dispute Resolution; Notice of Selection as Mediator in Court-Connected Mediation; Case Management Statement; Electronic Service of Documents and Discovery Facilitator Program Form.

3.   a.   Party served *(specify name of party as shown on documents served)*: JUNIPER MARKETING LLC, a Nevada limited liability company
    b.   [ X ]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):* Commercial Mail Receiving Agency is agent for service (Bus. & Prof. Code § 17538.5).

4. Address where the party was served:
Juniper Marketing LLC, 18124 Wedge Parkway #208, Reno, NV 89511

5. I served the party:
    c.   [ X ]  **by mail and acknowledgement of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
        (1) on *(date):* Dec. 10, 2012 (2) from *(city):* San Francisco, CA
        (4) [ X ] to an address outside California with return receipt requested. (Code Civ. Proc. § 415.40.)

6. The "Notice to the Person Served" (on the summons) was completed as follows:
    d.   [ X ]  on behalf of *(specify):* JUNIPER MARKETING LLC, a Nevada limited liability company
        under the following Code of Civil Procedure section:   [ X ] Corp. Code § 17061 (LLC)

7. Person who served papers
    a.  Name:           Daniel Balsam
    b.  Address:        The Law Offices of Daniel Balsam, 2912 Diamond St. #218, San Francisco, CA 94131
    c.  Telephone number:  415-869-2873
    d.  The fee for service was:  $0
    e.  I am:          (2) [ X ] exempt from registration under Business & Professions Code § 22350(b).

8. [ X ] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:     Dec. 10, 2012

_____        _____
Daniel Balsam
Name of Person Who Served             Signature

<strong>PROOF OF SERVICE OF SUMMONS</strong>