# Exhibit 3

## Part 1

Timothy J. Walton (State Bar No. 184292)
Jim C. Twu (State Bar No. 175032)
WALTON TWU LLP
9515 Soquel Drive, Suite 207
Aptos, CA 95003-4137
Phone (831) 685-9800
Fax: (650) 618-8687

Daniel L. Balsam (State Bar No. 260423)
THE LAW OFFICES OF DANIEL BALSAM
2912 Diamond Street #218
San Francisco, CA 94131
Phone: (415) 869-2873
Fax: (415) 869-2873

Attorneys for Plaintiff Christopher Wagner

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SONOMA (UNLIMITED JURISDICTION)**

| | |
|---|---|
| CHRISTOPHER WAGNER, | ) Case No.:      SCV-252580 |
| | ) |
| Plaintiff, | ) **NOTICE OF HEARING DATE FOR** |
| | ) **PLAINTIFF'S DEMURRER TO** |
| v. | ) **DEFENDANTS' ANSWERS** |
| | ) |
| SPIRE VISION LLC *et al*, | ) **Code Civ. Proc. § 430.30** |
| | ) |
| Defendants. | ) Date:       May 29, 2013 |
| | ) Time:       3:30 p.m. |
| | ) Judge:      Hon. Nancy Case Shaffer |
| | ) Dept:       18 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

The Court has scheduled the hearing date for Plaintiff Christopher Wagner's Demurrer to the Corrected First Amended Answer filed by the Spire Vision entities and the Answer filed by Accelerize New Media Inc. for May 29, 2013 at 3:30 p.m. or as soon thereafter as the matter may be heard in Department 18 of this Court, located at 3055 Cleveland Avenue, Santa Rosa, California 95403. *See* Attachment 1.

Received
MAR 29 2013
NEWMAN | DUWORS

1

THE LAW OFFICES OF DANIEL BALSAM

Date: _____March 26, 2013_____    BY:_____

                                      DANIEL L. BALSAM
                                      Attorneys for Plaintiff Christopher Wagner

NOTICE OF HEARING DATE FOR PLAINTIFF'S DEMURRER TO DEFENDANTS' ANSWERS

Attachment 1

ENDORSED
FILED

MAR 25 2013

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

1  Timothy J. Walton (State Bar No. 184292)
2  Jim C. Twu (State Bar No. 175032)
   WALTON TWU LLP
3  9515 Soquel Drive, Suite 207
4  Aptos, CA 95003-4137
   Phone (831) 685-9800
5  Fax: (650) 618-8687

6  Daniel L. Balsam (State Bar No. 260423)
7  THE LAW OFFICES OF DANIEL BALSAM
   2912 Diamond Street #218
8  San Francisco, CA 94131
9  Phone: (415) 869-2873
   Fax: (415) 869-2873
10

11 Attorneys for Plaintiff Christopher Wagner

12

13
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
14
                COUNTY OF SONOMA (UNLIMITED JURISDICTION)
15

16 CHRISTOPHER WAGNER,              ) Case No.:    SCV-252580
17                                  )
                                    ) **NOTICE OF HEARING ON PLAINTIFF'S**
18      Plaintiff,                  ) **DEMURRER TO DEFENDANTS'**
19      v.                          ) **ANSWERS (VIA FAX)**
                                    )
20 SPIRE VISION LLC *et al*,        ) **Code Civ. Proc. § 430.30**
21                                  )
        Defendants.                 ) Date:       **MAY 2 9 2013**
22                                  ) Time:       3:30 p.m.
23                                  ) Judge:      Hon. Nancy Case Shaffer
                                    ) Dept:       18
24 _____)

25 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

26      PLEASE TAKE NOTICE that on _____**MAY 2 9 2013**_____, 2013, at 3:30 p.m.,
27 in Department 18 of the above-entitled court, located at 3055 Cleveland Avenue, Santa Rosa,
28 California 95403 Plaintiff Christopher Wagner will and hereby does move the Court for an order
29 sustaining his Demurrer to the Corrected First Amended Answer filed by Defendants Spire
30 Vision LLC *et al* ("Spire Vision") and to the Answer filed by Defendant Accelerize New Media
31 Inc. ("Accelerize") for the following reasons:

                                        1
_____
           NOTICE OF HEARING ON PLAINTIFF'S DEMURRER TO DEFENDANTS' ANSWERS

POS-040

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Daniel L. Balsam (State Bar No. 260423)<br>THE LAW OFFICES OF DANIEL BALSAM<br>2912 Diamond Street #218<br>San Francisco, CA 94131<br>TELEPHONE NO.: 415-869-2873  FAX NO. *(Optional):* 415-869-2873<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff Christopher Wagner | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sonoma
STREET ADDRESS: 3055 Cleveland Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa, CA 95403
BRANCH NAME: Civil and Family Law Courthouse

PLAINTIFF/PETITIONER: Christopher Wagner

DEFENDANT/RESPONDENT: Spire Vision LLC et al

| | |
|---|---|
| **PROOF OF SERVICE—CIVIL** | CASE NUMBER:<br>SCV-252580 |
| **Check method of service *(only one):***<br>☐ By Personal Service  ☑ By Mail  ☐ By Overnight Delivery<br>☐ By Messenger Service  ☐ By Fax  ☐ By Electronic Service | JUDGE: Shaffer<br>DEPT.: 18 |

*(Do not use this proof of service to show service of a Summons and complaint.)*

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My residence or business address is:
   THE LAW OFFICES OF DANIEL BALSAM, 2912 Diamond Street #218, San Francisco, CA 94131

3. ☐ The fax number or electronic notification address from which I served the documents is *(complete if service was by fax or electronic service):*

4. On *(date):* 3/26/2013  I served the following **documents** *(specify):*

   Notice of Hearing Date for Plaintiff's Demurrer to Defendants' Answers

   ☐ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served: John Du Wors
   b. ☑ *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*

   Business or residential address where person was served:
   Newman Du Wors LLP, 1201 Third Avenue, Suite 1600, Seattle, WA 98101

   c. ☐ *(Complete if service was by fax or electronic service.)*
   (1) Fax number or electronic notification address where person was served:

   (2) Time of service:
   ☐ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*
   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

*(Continued on back)*

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-040 [Rev. January 1, 2009] | **PROOF OF SERVICE—CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure, §§ 1010.6, 1011, 1013, 1013a,<br>2015.5; Cal. Rules of Court, rules 2.260, 2.306<br>www.courtinfo.ca.gov |
| | | American LegalNet, Inc.<br>www.FormsWorkflow.com |

POS-040

| CASE NAME | CASE NUMBER: |
|---|---|
| Wagner v. Spire Vision | SCV-252580 |

6. b. [✓] **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

    (1) [✓] deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) [ ] placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* San Francisco, CA

c. [ ] **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. [ ] **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. [ ] **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. [ ] **By electronic service.** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed in item 5. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 3/26/2013

Daniel Balsam
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

**DECLARATION OF MESSENGER**

[ ] **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Timothy J. Walton (State Bar No. 184292)
Jim C. Twu (State Bar No. 175032)
WALTON TWU LLP
9515 Soquel Drive, Suite 207
Aptos, CA 95003-4137
Phone (831) 685-9800
Fax: (650) 618-8687

Daniel L. Balsam (State Bar No. 260423)
THE LAW OFFICES OF DANIEL BALSAM
2912 Diamond Street #218
San Francisco, CA 94131
Phone: (415) 869-2873
Fax: (415) 869-2873

Attorneys for Plaintiff Christopher Wagner

Received
MAR 28 2013
NEWMAN | DuWORS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SONOMA (UNLIMITED JURISDICTION)

| | |
|---|---|
| CHRISTOPHER WAGNER, | ) Case No.:      SCV-252580 |
| Plaintiff, | ) |
| | ) **NOTICE OF HEARING ON PLAINTIFF'S** |
| | ) **DEMURRER TO DEFENDANTS'** |
| v. | ) **ANSWERS (VIA FAX)** |
| | ) |
| SPIRE VISION LLC *et al*, | ) **Code Civ. Proc. § 430.30** |
| Defendants. | ) |
| | ) Date:      _____ |
| | ) Time:      3:30 p.m. |
| | ) Judge:      Hon. Nancy Case Shaffer |
| | ) Dept:      18 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on _____, 2013, at 3:30 p.m., in Department 18 of the above-entitled court, located at 3055 Cleveland Avenue, Santa Rosa, California 95403 Plaintiff Christopher Wagner will and hereby does move the Court for an order sustaining his Demurrer to the Corrected First Amended Answer filed by Defendants Spire Vision LLC *et al* ("Spire Vision") and to the Answer filed by Defendant Accelerize New Media Inc. ("Accelerize") for the following reasons:

1

1.  Defendants did not verify their Answers to the Verified Complaint;

2.  Defendants do not indicate the causes of action to which they intend their affirmative defenses to apply;

3.  Defendants did not allege sufficient facts to plead their affirmative defenses, Defendants improperly attempt to reserve defenses without stating them, and the allegations in the Answer are otherwise uncertain; and

4.  Defendants did not allege sufficient facts to support their prayer for attorneys' fees.

Therefore, Spire Vision's Corrected First Amended Answer and Accelerize's Answer – which are essentially identical – are objectionable on their face.

The Demurrer is based upon this Notice of Hearing, the Demurrer, the Memorandum of Points and Authorities in support of the Demurrer, all other pleadings and records on file herein, and such argument and other evidence as may be offered at the time of the hearing upon the Demurrer.

This Court should sustain the Demurrer.

THE LAW OFFICES OF DANIEL BALSAM

Date: _____March 25, 2013_____   BY:_____

DANIEL L. BALSAM
Attorneys for Plaintiff Christopher Wagner
(Via Fax)

Timothy J. Walton (State Bar No. 184292)
Jim C. Twu (State Bar No. 175032)
WALTON TWU LLP
9515 Soquel Drive, Suite 207
Aptos, CA 95003-4137
Phone (831) 685-9800
Fax: (650) 618-8687

Daniel L. Balsam (State Bar No. 260423)
THE LAW OFFICES OF DANIEL BALSAM
2912 Diamond Street #218
San Francisco, CA 94131
Phone: (415) 869-2873
Fax: (415) 869-2873

Attorneys for Plaintiff Christopher Wagner

Received

MAR 28 2013

NEWMAN | DUWORS

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# COUNTY OF SONOMA (UNLIMITED JURISDICTION)

| | |
|---|---|
| CHRISTOPHER WAGNER,<br><br>          Plaintiff,<br><br>     v.<br><br>SPIRE VISION LLC *et al*,<br><br>          Defendants. | ) Case No.:      SCV-252580<br>)<br>) **MEMORANDUM OF POINTS AND**<br>) **AUTHORITIES IN SUPPORT OF**<br>) **PLAINTIFF'S DEMURRERS TO**<br>) **DEFENDANTS' ANSWERS (VIA FAX)**<br>)<br>) **Code Civ. Proc. § 430.30**<br>)<br>) Date:      _____<br>) Time:      3:30 p.m.<br>) Judge:     Hon. Nancy Case Shaffer<br>) Dept:      18 |

[caption only]

i

## I. INTRODUCTION

Plaintiff Christopher Wagner ("Wagner") demurs to the Corrected First Amended Answer filed by Defendants Spire Vision LLC *et al* (collectively, "Spire Vision")[1] and to the Answer filed by Defendant Accelerize New Media Inc. ("Accelerize) for the following reasons:

1. Defendants did not verify their Answers to the Verified Complaint;
2. Defendants do not indicate the causes of action to which they intend their affirmative defenses to apply;
3. Defendants did not allege sufficient facts to plead their affirmative defenses, Defendants improperly attempt to reserve defenses without stating them, and the allegations in the Answer are otherwise uncertain; and
4. Defendants did not allege sufficient facts to support their prayer for attorneys' fees.

Therefore, both Answers are objectionable on their face. This Court should sustain Wagner's Demurrer to the Answers.

## II. PROCEDURAL HISTORY

Wagner filed this Action against Defendants on October 25, 2012, alleging violations of Business & Professions Code §§ 17529.5 and 17538.5. Defendant Spire Vision LLC alone improperly removed the Action to the U.S. District Court for the Northern District of California on January 4, 2013, alleging complete diversity. Some Defendants who had been properly served never consented to removal. The Spire Vision entities did not properly allege their states of citizenship. The Spire Vision entities did not allege that the amount in controversy at the time

---

[1] The named Spire Vision Defendants are: Spire Vision LLC, Digital Publishing Corporation, Juniper Marketing LLC, MediActivate LLC, On Demand Research LLC, Prime Advertisers LLC, Serve Clicks LLC, Spire Vision Holdings Inc., Ward Media Inc., XL Marketing Corporation, Achieve Opportunities, AgreeWizard, Furturesdrive [sic] a/k/a FuturesDrive, JunctionLights, Opportunity Central, Paths Direct, PullSmart, and YourAdsHere.

In its federal filings, the Spire Vision Defendants admitted that Achieve Opportunities, AgreeWizard, Furturesdrive [sic] a/k/a FuturesDrive, JunctionLights, Opportunity Central, Paths Direct, PullSmart, and YourAdsHere are not true entities but brands or domain names of "the Spire Vision family," but without identifying precisely *which* real company (or companies) do business as those brands or domain names.

**1**

of filing and at the time of removal exceeded $75,000.  Additionally, Wagner named California defendants in the Action.

The federal court entered an order granting Wagner's Motion to Remand on March 8, and sent a letter to this Court on March 11 so stating.

However, before the remand, Spire Vision filed a Corrected First Amended Complaint (federal docket #32) on February 27, and Accelerize – represented by the same attorneys – filed an Answer (federal docket #26) on February 6.  Neither Answer was verified; both Answers contained the same boilerplate affirmative defenses unsupported by any facts; and both Answers failed to state any facts supporting the prayer for attorneys' fees.  Wagner filed motions to strike both Answers, but the federal court remanded the Action before ruling on the motions to strike.

Deficient affirmative defenses aside, it is undisputable that Defendants filed *unverified* Answers in response to Wagner's *Verified* Complaint.  Wagner's attorneys repeatedly asked Defendants' attorney John Du Wors to file Amended Answers, which could have eliminated the need for this Motion.  Mr. Du Wors ignored the requests.

### III.  LEGAL STANDARDS

The Code of Civil Procedure sets forth requirements for defenses in an answer.

> (b) The answer to a complaint shall contain:
>    (1) The general or specific denial of the material allegations of the complaint controverted by the defendant.
>    (2) A statement of any new matter constituting a defense.
>
> (g) The defenses shall be separately stated, and the several defenses shall refer to the cause of action which they are intended to answer, in a manner by which they may be intelligibly distinguished.

Code Civ. Proc. § 431.30(b), (g).

Additionally, "When the complaint is verified, the answer shall be verified."  Code Civ. Proc. § 446.

Under California law, a plaintiff can demur to an answer.

> When any ground for objection to a complaint, cross-complaint, *or answer* appears on the face thereof . . . or from any matter of which the court is required to or may take judicial notice, the objection on that ground may be taken by a demurrer to the pleading.

2

Code Civ. Proc. § 430.30 (emphasis added).  A plaintiff can demur to an entire answer or to any of the defenses.  Code Civ. Proc. § 430.50(b).

The Code also sets out the grounds for demurrers to answers:

> A party against whom an answer has been filed may object, by demurrer as provided in Section 430.30, to the answer upon any one or more of the following grounds:
> (a) The answer does not state facts sufficient to constitute a defense.
> (b) The answer is uncertain.  As used in this subdivision, "uncertain" includes ambiguous and unintelligible.
> (c) Where the answer pleads a contract, it cannot be ascertained from the answer whether the contract is written or oral.

Code Civ. Proc. § 430.20.

Demurring to an answer is a "commonly recognized practice" in California.  *Timberidge Enterprises Inc. v. City of Santa Rosa*, 86 Cal. App. 3d 873, 879 (1st Dist. 1978) (citing Code Civ. Proc. §§ 430.30 and 430.50); *Warren v. Harootunian*, 189 Cal. App. 2d 546, 548 (3d Dist. 1961); 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading §§ 1024-1029, pp. 2606-2609).

California law requires that when a fact not alleged in the complaint is relied upon in constituting a defense, it must be raised in the answer as "new matter."

> Under Code of Civil Procedure section 431.30, subdivision (b)(2), the answer to a complaint must include "[a] statement of any new matter constituting a defense." The phrase "new matter" refers to something relied on by a defendant which is not put in issue by the plaintiff.  []  Thus, where matters are not responsive to essential allegations of the complaint, they must be raised in the answer as 'new matter.

*State Farm Mutual Automobile Insurance Co. v. Superior Court of San Diego County (Johnson Kinsey, Inc.)*, 228 Cal. App. 3d 721, 725 (4th Dist. 1991) (citation omitted).

The issue of "new matter" in an affirmative defense was again discussed in *Bevill v. Zoura*: "A party must raise an issue as an affirmative defense where the matter is not responsive to essential allegations of the complaint... Thus, where a defendant relies on facts not put in issue by the plaintiff, the defendant must plead such facts as an affirmative defense."  27 Cal. App. 4th 694, 698 (4th Dist. 1994).

Affirmative defenses must state actual facts, not mere legal conclusions, and must do so at a corresponding level of detail as the complaint.

> Allegations in affirmative defense proffered "in the form of terse legal conclusions, rather than as facts 'averred as carefully and *with as much detail* as

the fact[s] which constitute the cause of action and are alleged in the complaint'" are insufficient to survive a demurrer.

*FPI Development Inc. v. Nakashima*, 231 Cal. App. 3d 367, 384 (3d Dist. 1991) (emphasis added). *See also Metropolis Trust & Savings Bank v. Monnier*, 169 Cal. 592, 596 (1915) (defenses must contain averments of fact and cannot rest upon "naked, unsupported, legal conclusion of the pleader").

There is a distinction between denying the allegations in the complaint and presenting an affirmative defense. *Walsh v. West Valley Mission Community College District* describes the necessary difference when it quoted the treatise of Professor Pomeroy:

> Any facts which tend to disprove some of these allegations may be given in evidence under the denial; any fact which does not thus directly tend to disprove some one or more of these allegations cannot be given in evidence under the denial. It follows, that if such fact is in itself a defense, or, in combination with others, aids in establishing a defense, this defense must be based on the assumption, that, so far as it is concerned, all the material allegations made by the plaintiff are either admitted or proven to be true. The facts which constitute or aid in constituting such a defense are "new matter" . . . . The new matter of the codes admits that all the material allegations of the complaint or petition are true, and consists of facts not alleged therein which destroy the right of action, and defeat a recovery. To sum up these conclusions, . . . [a]ll facts which directly tend to disprove any one or more of these averments may be offered under the general denial: all facts which do not thus directly tend to disprove some one or more of these averments, but tend to establish a defense independently of them, cannot be offered under the denial; they are new matter, and must be specially pleaded.

66 Cal. App. 4th 1532, 1546 (6th Dist. 1998).

Demurrers may be sustained when the answer does not state facts sufficient to constitute a defense. *South Shore Land Co. v. Petersen*, 226 Cal. App. 2d 725, 732 (1st Dist. 1964) ("it is apparent that the ground upon which the demurrer to the answer was sustained is that it does not state facts sufficient to constitute a defense").

Where an answer fails to plead facts sufficient to make up a defense, the overruling of a plaintiff's demurrer will support a writ of mandate. *City of Mountain View v. Superior Court of Santa Clara County (Barnes)*, 54 Cal. App. 3d 72, 84 (1st Dist. 1975).

4

# IV. DISCUSSION

The unverified Corrected First Amended Answer filed by Spire Vision and the Answer filed by Accelerize – both prepared by the same attorneys – in response to Wagner's Verified Complaint consist of nothing more than blanket denials and copy-and-paste boilerplate defenses, unsupported by any facts. Code of Civil Procedure § 431.30 requires that defenses are specific and responsive to the allegations in the complaint. It is insufficient for Defendants to merely deny Wagner's facts in the first part of their Answers; Defendants must set forth their *own* facts to support their own affirmative defenses. *FPI Development* and *Metropolis Trust & Savings, supra,* require that the defenses must state facts at a corresponding level of detail as in the complaint.

As it stands, Wagner does not know *which* of his 169 paragraphs of facts Spire Vision claims support each of its defenses. At a minimum, each affirmative defense must identify precisely which of Wagner's facts support its defenses, or it should state its own version of the facts. Nor can Defendants state any facts to support their prayer for attorneys' fees.

## A. The Answers are Not Verified

It is axiomatic in California state courts that the answer to a verified complaint must also be verified. *See* Code Civ. Proc. § 446. Here, Wagner filed a Verified Complaint, and the Answers (filed while the Action was pending in the U.S. District Court for the Northern District of California) were not verified. Wagner's ground for objection to the Answers – that they are not verified – appears on the face of the Answers, and therefore Wagner demurs to the Answers.

## B. The Answers are Uncertain, Ambiguous, and Unintelligible Because the Affirmative Defenses Fail to Refer to the Causes of Action That They are Intended to Answer

Wagner also demurs to Spire Vision's Corrected First Amended Answer and Accelerize's Answer because the Answers are uncertain. Code Civ. Proc. §§ 430.20(b). Specifically, each and every affirmative defense fails to refer to the cause(s) of action to which it is intended to answer in a manner by which they may be intelligibly distinguished. *See* Code Civ. Proc. § 431.30(g).

In other words, Wagner has no idea which affirmative defenses are supposed to apply to which cause of action. Wagner should not have to prepare his case for trial without knowing which defenses Defendants claim apply to each cause of action. Again, Wagner's ground for objection is apparent on the face of the Answers.

## C. The Answers Do Not State Facts or Plead New Matter Sufficient to Constitute Affirmative Defenses

Wagner demurs to Spire Vision's Corrected First Amended Answer and Accelerize's Answer because the Answers do not state facts sufficient to constitute a defense, Code Civ. Proc. §§ 430.20(a), 431.30(b), or indeed any facts at all. Defendants' affirmative defenses must rely upon matter either included in the complaint or specifically pled by the Answer as "new matter." *See State Farm Mutual, Bevill, FPI Development, Metropolis Trust & Savings, South Shore Land Co., Walsh, supra.* Here, however, Defendants' affirmative defenses are typical and generic boilerplate, consisting of mere legal conclusions, with no allegations of fact in support of the defenses. Wagner's ground for objection is apparent on the face of the Answers.

Defendants' filings in federal court suggest that they believe that their affirmative defenses do not need to state supporting facts because Wagner is supposed to figure out on his own which paragraphs of the Verified Complaint, or perhaps even the *entire* 169 paragraphs of the Verified Complaint, Defendants intend to support each affirmative defense. But this is not the law, in federal *or* in California court.

### 1. Affirmative Defense #1: "The Complaint fails to state a claim upon which relief may be granted."

Wagner set forth facts in his Verified Complaint in great detail that support every element of the causes of action he brings against Spire Vision and its clients and customers under Business & Professions Code §§ 17529.5 and 17538.5. In light of Wagner's extremely specific Verified Complaint, Defendants' conclusory recitation of boilerplate text is insufficient to support their claim that Wagner supposedly failed to state facts sufficient to support his causes of action. The affirmative defense is otherwise uncertain, as Defendants fail to explain *how* the highly detailed Verified Complaint fails to adequately set forth even a single cause of action.

### 2. Affirmative Defense #2: "Plaintiff failed to mitigate his alleged damages, if any."

Defendants fail to state any supporting *facts* (as opposed to referring to blanket denials of 169 paragraphs of the Verified Complaint) demonstrating or even suggesting that Wagner was required to mitigate his damages, or even that he *could* have mitigated his damages.

### 3. Affirmative Defense #3: "Plaintiff waived his claims."

As is the case with the other affirmative defenses, Spire Vision fails to state any facts or identify any actions (as opposed to referring to blanket denials of 169 paragraphs of the Verified

6

1   Complaint) that Wagner took or did not take that indicate that he waived any claims against any

2   Defendant(s).

3         Paragraph 51 of the Verified Complaint says that "Wagner never gave any Defendant

4   'direct consent' to send him commercial emails, nor did Wagner have a 'preexisting or current

5   business relationship' with any Defendant." If Defendants claim that ¶ 51 supports their

6   affirmative defense – as their federal filings suggest – that Defendants need to state their *own*

7   facts to support their *own* affirmative defenses, e.g., "Wagner gave Defendants direct consent to

8   send him commercial email as shown by..." or "Wagner has a preexisting or current business

9   relationship with Defendants as shown by…". Anything less fails to give Wagner adequate

10  notice of the defense.

11        **4.  *Affirmative Defense #4:" Plaintiff's claims are barred by the doctrine of laches."***

12        The statute of limitations for a Business & Professions Code § 17529.5 cause of action is

13  one year. *Hypertouch v. ValueClick Inc.,* 192 Cal. App. 4th 805, 843 (2d Dist. 2011). Wagner

14  filed suit just three months after the spamming stopped. Just like all the other affirmative

15  defenses, this affirmative defense is bereft of any facts (as opposed to referring to blanket denials

16  of 169 paragraphs of the Verified Complaint) supporting Spire Vision's position that Wagner

17  unreasonably delayed in filing this Action, *and* that a three-month delay adversely affected

18  Defendants' ability to defend against Wagner's claims.

19        **5.  *Affirmative Defense #5: "Plaintiff's claims are barred by the doctrine of estoppel."***

20        This affirmative defense fails to identify anything (as opposed to referring to blanket

21  denials of 169 paragraphs of the Verified Complaint) that Wagner did or did not do upon which

22  Spire Vision relied to its detriment. In fact, as Wagner's Verified Complaint makes abundantly

23  clear, Wagner did *nothing* that Defendants *could* have relied on, nor did Wagner *not* do anything

24  that Defendants could have relied on, because Wagner has no preexisting or current business

25  relationship whatsoever with any Defendant. Verified Complaint at ¶ 51. Wagner did nothing

26  more than receive the spams advertising Spire Vision and its clients/customers; Wagner was the

27  passive victim of Defendants' tortious conduct.

28        If Defendants claim that ¶ 51 supports their affirmative defense – as their federal filings

29  suggest – that Defendants need to state their *own* facts to support their *own* affirmative defenses,

30  e.g., "Wagner gave Defendants direct consent to send him commercial email as shown by..." or

31

1    "Wagner has a preexisting or current business relationship with Defendants as shown by…".

2    Anything less fails to give Wagner adequate notice of the defense.

3      **6. *Affirmative Defense #6: "The damages alleged in the Complaint, if any, were not***
4         ***caused by [Spire Vision/Accelerize], but were caused by one or more third parties***
        ***whose activities were not approved, ratified, or controlled by [Spire***
5         ***Vision/Accelerize]."***

6      This affirmative defense is mere conclusory text. Spire Vision and Accelerize fail to

7    state who the third parties might be; what activities they might have engaged in that Spire

8    Vision/Accelerize supposedly did not approve, ratify, or control; and how those activities – but

9    nothing that Spire Vision/Accelerize did – harmed Wagner.

10      In contrast, Wagner alleges quite clearly how Spire Vision and its clients/customers

11    advertised in and sent the spams at issue to Wagner. *See* Verified Complaint, generally. So, if

12    Defendants take the position that they had no involvement whatsoever related to Wagner's

13    claims, they need to state so as a fact, and not merely deny Wagner's allegations.

14      **7. *Affirmative Defense #7: "Plaintiff has failed to join one or more necessary and***
15         ***indispensable parties."***

16      Defendants fail to allege any facts (as opposed to referring to blanket denials of 169

17    paragraphs of the Verified Complaint) to support this affirmative defense, in particular, who

18    these necessary and indispensable parties might be, and what they did that justifies – nay,

19    requires – their joinder in this Action.

20      Wagner did name eight "business entities of unknown organization" as Defendants.

21    Verified Complaint at ¶¶ 24-31. However, Spire Vision admitted in its federal filings that these

22    Defendants – Achieve Opportunities, AgreeWizard, FurturesDrive [sic] a/k/a FuturesDrive,

23    JunctionLights, OpportunityCentral, PathsDirect, PullSmart, and YourAdsHere – are all brands

24    or domain names owned by Spire Vision. Accordingly, if Spire Vision *still* thinks Wagner failed

25    to join other necessary Defendants, Spire Vision needs to identify them.

26      **8. *Affirmative Defense #8: "Venue and jurisdiction are improper."***

27      This is actually *two* affirmative defenses, and Defendants fail to state any facts to support

28    either one. Nor did Defendants indicate whether they object to venue and jurisdiction in the

29    Superior Court of California, County of Sonoma, where Wagner filed the Complaint, or in the

30    Northern District of California, to which Defendants removed the Complaint.

31      Jurisdiction is proper in the Superior Court of California because:

**8**

- Wagner is a California resident and several Defendants, including Spire Vision itself (dba "JunctionLights" and "YourAdsHere") are located in California.  Verified Complaint at ¶¶ 10, 27, 31, 34, 35, 38, 41.

- California's "long-arm" statute, Code of Civil Procedure § 410.10, applies because Spire Vision targeted advertisements at California.  *See also Ferguson v. FriendFinders Inc.*, 94 Cal. App. 4th 1255, 1262-69 (1st Dist. 2002) (holding that out-of-state spammers are subject to California's (previous) anti-spam law).

- The amount in controversy exceeds $10,000, the limit for small claims court.  Code Civ. Proc. § 116.221.

Venue is proper in Sonoma County because "A corporation or association may be sued in the county where . . . the obligation or liability arises," Code of Civil Procedure § 395.5, and

> For purposes of laying venue, a liability 'arises' where the injury occurs. . . . The 'obligation or liability' provision of section 395.5 does *not* require that the defendant perform any act inside the county for venue to be proper; it merely requires that *the obligation arise there.*

*Black Diamond Asphalt Inc. v. Superior Court of San Joaquin County*, 109 Cal. App. 4th 166, 172, 173 (3d Dist. 2003) (internal citations omitted) (emphasis added).  Here, even if the unlawful spams originated outside of Sonoma County, Defendants' obligation arose in Sonoma County, where Wagner received their spams and was damaged.

Regardless, the fact that the federal court remanded the Action upon Wagner's motion demonstrates that venue and jurisdiction *are proper* in this Court.

### 9.  *Affirmative Defense #9: "[Spire Vision/Accelerize] reserves the right to add more defenses as discovery proceeds."*

Defendants' purported ninth affirmative defense is not really a defense.  Defendants may not *reserve* the right to amend their Answers at some unspecified future date.  Defendants must set forth their defenses *now* in their Answers, although they may request leave of Court to amend in the future if they discover facts to support such amendments.

### D.  **Defendants Improperly Pray for Attorneys' Fees**

In their Prayer for Relief, Spire Vision and Accelerize both pray for "Attorney's fees and costs, as allowed by law."

Business & Professions Code § 17529.5 is a consumer protection statute, with an attorneys' fees provision for a prevailing *recipient* of spam, designed to level the playing field between individuals like Wagner and well-funded companies such as Defendants who send and advertise in and/or conspire to send and advertise in unlawful spams. More specifically, the statute specifies attorneys' fees for a prevailing *recipient*, electronic mail service provider, or the Attorney General. *See* Bus. & Prof. Code § 17529.5(b)(1)(C) (emphasis added). Spire Vision and Accelerize are none of these. So, even *if* Defendants were to ultimately prevail in this Action, attorneys' fees are simply not available to it.

Business & Professions Code § 17538.5 does not contain an attorneys' fees provision; therefore, following the "American Rule," each side must bear its own attorneys' fees.

Wagner's ground for objecting to Defendants' prayer for attorneys' fees is apparent on the face of the Answers.

## V. CONCLUSION

Defendants identified nine *legal concepts* in their Answers and presented them as if they were *affirmative defenses.* They are not. It is well established in California courts that affirmative defenses must have factual support. But here, the affirmative defenses as set forth in Spire Vision's Corrected First Amended Answer and Accelerize's Answer are devoid of factual support. None of the affirmative defenses identify the cause(s) of action to which they are intended to apply. Defendants do not, and cannot, set forth any facts supporting their prayer for attorneys' fees. And, most obviously, Defendants did not verify their Answers even though Wagner filed a Verified Complaint.

Wagner offered Defendants the opportunity to cure their deficient pleadings, but Defendants' attorney ignored Wagner's attempt to avoid unnecessarily law & motion practice. Accordingly, this Court should sustain Wagner's Demurrer and order Defendants to file proper Verified Amended Answers.

THE LAW OFFICES OF DANIEL BALSAM

Date: _____March 25, 2013_____     BY: _*Daniel L. Balsam*_____

DANIEL L. BALSAM
Attorneys for Plaintiff Christopher Wagner
Via fax

**10**

1  Timothy J. Walton (State Bar No. 184292)
2  Jim C. Twu (State Bar No. 175032)
   WALTON TWU LLP
3  9515 Soquel Drive, Suite 207
   Aptos, CA 95003-4137
4  Phone (831) 685-9800
5  Fax: (650) 618-8687

6
   Daniel L. Balsam (State Bar No. 260423)
7  THE LAW OFFICES OF DANIEL BALSAM
   2912 Diamond Street #218
8  San Francisco, CA 94131
9  Phone: (415) 869-2873
   Fax: (415) 869-2873
10
11 Attorneys for Plaintiff Christopher Wagner

12

13

14         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15         **COUNTY OF SONOMA (UNLIMITED JURISDICTION)**

16 CHRISTOPHER WAGNER,              ) Case No.:     SCV-252580
17                                  )
              Plaintiff,            ) **[PROPOSED] ORDER GRANTING**
18                                  ) **PLAINTIFF'S DEMURRER TO**
19     v.                           ) **DEFENDANTS' ANSWERS**
                                    )
20 SPIRE VISION LLC *et al*,        ) **Code Civ. Proc. § 430.30**
21                                  )
              Defendants.          ) Date:       _____
22                                  ) Time:       3:30 p.m.
23                                  ) Judge:      Hon. Nancy Case Shaffer
24 ─────────────────────────────   ) Dept:       18
25
26         The Demurrer of Plaintiff Christopher Wagner to the Corrected First Amended Answer
   filed by the Spire Vision Defendants and to the Answer filed by Defendant Accelerize New
27 Media Inc. came on regularly for hearing by the Court at the date and time above.  The Parties
28 appeared through their counsel of record.
29         The Court having read and considered the moving and opposing papers, and having heard
30 and considered argument of counsel and good cause appearing,
31

Received
MAR 28 2013
NEWMAN | DuWORS

1

IT IS HEREBY ORDERED that:

1. Plaintiff's demurrer to the first affirmative defense (failure to state facts sufficient to constitute any cause of action) is:

_____ Sustained, with no leave to amend

_____ Sustained, with 10 days leave to amend

_____ Denied

2. Plaintiff's demurrer to the second affirmative defense (failure to mitigate damages) is:

_____ Sustained, with no leave to amend

_____ Sustained, with 10 days leave to amend

_____ Denied

3. Plaintiff's demurrer to the third affirmative defense (waiver) is:

_____ Sustained, with no leave to amend

_____ Sustained, with 10 days leave to amend

_____ Denied

4. Plaintiff's demurrer to the fourth affirmative defense (laches) is:

_____ Sustained, with no leave to amend

_____ Sustained, with 10 days leave to amend

_____ Denied

5. Plaintiff's demurrer to the fifth affirmative defense (estoppel) is:

_____ Sustained, with no leave to amend

_____ Sustained, with 10 days leave to amend

_____ Denied

[PROPOSED] ORDER GRANTING PLAINTIFF'S DEMURRER TO DEFENDANTS' ANSWERS

6.  Plaintiff's demurrer to the sixth affirmative defense (third party conduct) is:

_____ Sustained, with no leave to amend

_____ Sustained, with 10 days leave to amend

_____ Denied


7.  Plaintiff's demurrer to the seventh affirmative defense (failure to join) is:

_____ Sustained, with no leave to amend

_____ Sustained, with 10 days leave to amend

_____ Denied


8.  Plaintiff's demurrer to the eighth affirmative defense (venue and jurisdiction) is:

_____ Sustained, with no leave to amend

_____ Sustained, with 10 days leave to amend

_____ Denied


9.  Plaintiff's demurrer to the ninth [purported] affirmative defense (right to add more defenses)
is:

_____ Sustained, with no leave to amend

_____ Sustained, with 10 days leave to amend

_____ Denied


IT IS SO ORDERED.


Date:  _____       BY:_____

                                  JUDGE OF THE SUPERIOR COURT

[PROPOSED] ORDER GRANTING PLAINTIFF'S DEMURRER TO DEFENDANTS' ANSWERS

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Daniel L. Balsam (State Bar No. 260423)
THE LAW OFFICES OF DANIEL BALSAM
2912 Diamond Street #218
San Francisco, CA 94131
TELEPHONE NO.: 415-869-2873    FAX NO. (Optional): 415-869-2873
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff Christopher Wagner

FOR COURT USE ONLY

Received

MAR 28 2013

NEWMAN | DUWORS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sonoma
STREET ADDRESS: 3055 Cleveland Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa, CA 95403
BRANCH NAME: Civil and Family Law Courthouse

PLAINTIFF/PETITIONER: Christopher Wagner

DEFENDANT/RESPONDENT Spire Vision LLC et al

CASE NUMBER:
SCV-252580

JUDGE: Shaffer
DEPT.: 18

PROOF OF SERVICE—CIVIL

Check method of service (only one):

☐ By Personal Service    ☑ By Mail    ☐ By Overnight Delivery
☐ By Messenger Service    ☐ By Fax    ☐ By Electronic Service

(Do not use this proof of service to show service of a Summons and complaint.)

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My residence or business address is:
   THE LAW OFFICES OF DANIEL BALSAM, 2912 Diamond Street #218, San Francisco, CA 94131

3. ☐  The fax number or electronic notification address from which I served the documents is (complete if service was by fax or electronic service):

4. On (date): 3/25/2013    I served the following **documents** (specify):
   Notice of Hearing on Plaintiff's Demurrer to Defendants' Answers, Memorandum of Points and Authorities, [Proposed] Order

   ☐  The documents are listed in the Attachment to Proof of Service–Civil (Documents Served) (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served: John Du Wors
   b. ☑  (Complete if service was by personal service, mail, overnight delivery, or messenger service.)
      Business or residential address where person was served:
      Newman Du Wors LLP, 1201 Third Avenue, Suite 1600, Seattle, WA 98101

   c. ☐  (Complete if service was by fax or electronic service.)
      (1) Fax number or electronic notification address where person was served:

      (2) Time of service:

   ☐  The names, addresses, and other applicable information about persons served is on the Attachment to Proof of Service—Civil (Persons Served) (form POS-040(P)).

6. The documents were served by the following means (specify):
   a. ☐  **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

(Continued on back)

Form Approved for Optional Use
Judicial Council of California
POS-040 [Rev. January 1, 2009]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1010.6, 1011, 1013, 1013a,
2015.5; Cal. Rules of Court, rules 2.260, 2.306
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

POS-040

| CASE NAME | CASE NUMBER: |
|---|---|
| Wagner v. Spire Vision | SCV-252580 |

6. b. [✓] **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one)*:

   (1) [✓] deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) [ ] placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* San Francisco, CA

   c. [ ] **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

   d. [ ] **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

   e. [ ] **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

   f. [ ] **By electronic service.** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed in item 5. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 3/25/2013

Daniel Balsam

_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _Daniel L Balsam_ (via Fax)

_____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

## DECLARATION OF MESSENGER

[ ] **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

   At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

   I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

CIV-110

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*:
Daniel L. Balsam (State Bar No. 260423)
THE LAW OFFICES OF DANIEL BALSAM
2912 Diamond Street #218
San Francisco, CA 94131

TELEPHONE NO.: 415-869-2873   FAX NO. *(Optional)*: 415-869-2873
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff Christopher Wagner

FOR COURT USE ONLY

**FILED**

APR - 8 2013

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA
By_____DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sonoma
STREET ADDRESS: 600 Administration Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa, CA 95403
BRANCH NAME:

PLAINTIFF/PETITIONER: Christopher Wagner

DEFENDANT/RESPONDENT: Spire Vision LLC et al

**REQUEST FOR DISMISSAL**

- [ ] Personal Injury, Property Damage, or Wrongful Death
  - [ ] Motor Vehicle   [ ] Other
- [ ] Family Law   [ ] Eminent Domain
- [x] Other *(specify)*: Bus. & Prof. Code 17529.5, 17538.5

CASE NUMBER:
SCV-252580

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) [x] With prejudice   (2) [ ] Without prejudice
   b. (1) [x] Complaint   (2) [ ] Petition
   (3) [ ] Cross-complaint filed by *(name)*:                    on *(date)*:
   (4) [ ] Cross-complaint filed by *(name)*:                    on *(date)*:
   (5) [ ] Entire action of all parties and all causes of action
   (6) [x] Other *(specify)*:* Only as to Defendant EVERYDAY FAMILY INC., a Nevada corporation

2. *(Complete in all cases except family law cases.)*
   [ ] Court fees and costs were waived for a party in this case. *(This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed).*

Date: Apr. 6, 2013

Daniel L. Balsam
........................................
(TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

▶ _____(SIGNATURE)_____

Attorney or party without attorney for:
[x] Plaintiff/Petitioner   [ ] Defendant/Respondent
[ ] Cross-Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
   Date:

........................................
(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

▶ _____(SIGNATURE)_____

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner   [ ] Defendant/Respondent
[ ] Cross-Complainant

*(To be completed by clerk)*
4. [x] Dismissal entered as requested on *(date)*:   APR - 8 2013
5. [ ] Dismissal entered on *(date)*:                as to only *(name)*:
6. [ ] Dismissal not entered as requested for the following reasons *(specify)*:   APR - 8 2013
7. a. [ ] Attorney or party without attorney notified on *(date)*:
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
      [ ] a copy to be conformed   [ ] means to return conformed copy

Date: APR - 8 2013   JOSE OCEGUEDA     Clerk, by _____ Teresa Leith , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. July 1, 2009]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.
Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

Page 1 of 2

CIV-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: Christopher Wagner | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Spire Vision LLC et al | SCV-252580 |

## Declaration Concerning Waived Court Fees

The court has a statutory lien for waived fees and costs on any recovery of $10,000 or more in value by settlement, compromise, arbitration award, mediation settlement, or other recovery. The court's lien must be paid before the court will dismiss the case.

1. The court waived fees and costs in this action for *(name):* ** no fees or costs were waived **

2. The person in item 1 *(check one):*

   a. ☐ is not recovering anything of value by this action.

   b. ☐ is recovering less than $10,000 in value by this action.

   c. ☐ is recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and costs that were waived in this action have been paid to the court *(check one):* ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: Apr. 6, 2013

Daniel L. Balsam

(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY MAKING DECLARATION)

(SIGNATURE)

ENDORSED
FILED

APR 2 3 2013

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

1   KEVAN FORNASERO, Bar No. 274943
    KFornasero@perkinscoie.com
2   PERKINS COIE LLP
    Four Embarcadero Center, Suite 2400
3   San Francisco, CA 94111-4131
    Telephone: 415.344.7000
4   Facsimile: 415.344.7050

5   JIM MCCULLAGH (*Of Counsel*)
    JMcCullagh@perkinscoie.com
6   1201 Third Avenue, Suite 4900
    Seattle, Washington 98101
7   Telphone: 206.359.8000
    Facsimile: 206.359.9000

8
    Attorneys for Defendant
9   LIFESCRIPT, INC.

Received

MAY 0 7 2013

NEWMAN | DU WORS

10

11          SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                      COUNTY OF SONOMA

13

14   CHRISTOPHER WAGNER,              CASE NO. SCV-252580

15          Plaintiff,

16      v.                            **VERIFIED AMENDED ANSWER OF
                                      LIFESCRIPT, INC. TO PLAINTIFF'S
17   SPIRE VISION LLC, *et al.*,      VERIFIED COMPLAINT**

18          Defendants.

19

20

21

22

23

24

25

26

27

28

BY FAX

LIFESCRIPT, INC.'S VERIFIED AMENDED ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT
CASE NO. SCV-252580

1

2     Defendant Lifescript, Inc. ("Lifescript"), for itself and for no other defendant, hereby

3     answers the verified Complaint ("Complaint") of plaintiff Christopher Wagner ("Plaintiff")

4     herein:

5          1.      Answering the allegations contained in Paragraph 1 of the Complaint, Defendant

6     has insufficient information or belief to admit or deny said allegations and, accordingly, denies

7     the same.

8          2.      Answering the allegations contained in Paragraph 2 of the Complaint, Defendant

9     has insufficient information or belief to admit or deny said allegations and, accordingly, denies

10    the same.

11         3.      Answering the allegations contained in Paragraph 3 of the Complaint, Defendant

12    has insufficient information or belief to admit or deny said allegations and, accordingly, denies

13    the same.

14         4.      Answering the allegations contained in Paragraph 4 of the Complaint, Defendant

15    has insufficient information or belief to admit or deny said allegations and, accordingly, denies

16    the same.

17         5.      Answering the allegations contained in Paragraph 5 of the Complaint, Defendant

18    has insufficient information or belief to admit or deny said allegations and, accordingly, denies

19    the same.

20         6.      Answering the allegations contained in Paragraph 6 of the Complaint, Defendant

21    has insufficient information or belief to admit or deny said allegations and, accordingly, denies

22    the same.

23         7.      Answering the allegations contained in Paragraph 7 of the Complaint, Defendant

24    has insufficient information or belief to admit or deny said allegations and, accordingly, denies

25    the same.

26         8.      Answering the allegations contained in Paragraph 8 of the Complaint, Defendant

27    has insufficient information or belief to admit or deny said allegations and, accordingly, denies

28    the same.

2

9.      Answering the allegations contained in Paragraph 9 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

10.     Answering the allegations contained in Paragraph 10 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

11.     Answering the allegations contained in Paragraph 11 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

12.     Answering the allegations contained in Paragraph 12 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

13.     Answering the allegations contained in Paragraph 13 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

14.     Answering the allegations contained in Paragraph 14 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

15.     Answering the allegations contained in Paragraph 15 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

16.     Answering the allegations contained in Paragraph 16 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

17.     Answering the allegations contained in Paragraph 17 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

3

18.     Answering the allegations contained in Paragraph 18 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

19.     Answering the allegations contained in Paragraph 19 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

20.     Answering the allegations contained in Paragraph 20 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

21.     Answering the allegations contained in Paragraph 21 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

22.     Answering the allegations contained in Paragraph 22 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

23.     Answering the allegations contained in Paragraph 23 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

24.     Answering the allegations contained in Paragraph 24 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

25.     Answering the allegations contained in Paragraph 25 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

26.     Answering the allegations contained in Paragraph 26 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

4

27.     Answering the allegations contained in Paragraph 27 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

28.     Answering the allegations contained in Paragraph 28 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

29.     Answering the allegations contained in Paragraph 29 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

30.     Answering the allegations contained in Paragraph 30 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

31.     Answering the allegations contained in Paragraph 31 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

32.     Answering the allegations contained in Paragraph 32 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

33.     Answering the allegations contained in Paragraph 33 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

34.     Answering the allegations contained in Paragraph 34 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

35.     Answering the allegations contained in Paragraph 35 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

36.     Answering the allegations contained in Paragraph 36 of the Complaint, Defendant admits only that it hired XL Marketing Corporation to advertise for Defendant.  Otherwise, Defendant has insufficient information or belief to admit or deny the remainder of the allegations and, accordingly, denies the same.

37.     Answering the allegations contained in Paragraph 37 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

38.     Answering the allegations contained in Paragraph 38 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

39.     Answering the allegations contained in Paragraph 39 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

40.     Answering the allegations contained in Paragraph 40 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

41.     Answering the allegations contained in Paragraph 41 of the Complaint, Defendant admits the same.

42.     Answering the allegations contained in Paragraph 42 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

43.     Answering the allegations contained in Paragraph 43 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

## JURISDICTION AND VENUE

44.     Answering the allegations contained in Paragraph 44 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

6

1

2     45.      Answering the allegations contained in Paragraph 45 of the Complaint, Defendant

3 has insufficient information or belief to admit or deny said allegations and, accordingly, denies

4 the same.

5     46.      Answering the allegations contained in Paragraph 46 of the Complaint, Defendant

6 has insufficient information or belief to admit or deny said allegations and, accordingly, denies

7 the same.

8     47.      Answering the allegations contained in Paragraph 47 of the Complaint, Defendant

9 has insufficient information or belief to admit or deny said allegations and, accordingly, denies

10 the same.

11     48.      Answering the allegations contained in Paragraph 48 of the Complaint, Defendant

12 has insufficient information or belief to admit or deny said allegations and, accordingly, denies

13 the same.

14     49.      Answering the allegations contained in Paragraph 49 of the Complaint, Defendant

15 has insufficient information or belief to admit or deny said allegations and, accordingly, denies

16 the same.

17     50.      Answering the allegations contained in Paragraph 50 of the Complaint, Defendant

18 has insufficient information or belief to admit or deny said allegations and, accordingly, denies

19 the same.

20     51.      Answering the allegations contained in Paragraph 51 of the Complaint, Defendant

21 has insufficient information or belief to admit or deny said allegations and, accordingly, denies

22 the same.

23     52.      Answering the allegations contained in Paragraph 52 of the Complaint, Defendant

24 has insufficient information or belief to admit or deny said allegations and, accordingly, denies

25 the same.

26     53.      Answering the allegations contained in Paragraph 53 of the Complaint, Defendant

27 has insufficient information or belief to admit or deny said allegations and, accordingly, denies

28 the same.

7

54.     Answering the allegations contained in Paragraph 54 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

55.     Answering the allegations contained in Paragraph 55 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

56.     Answering the allegations contained in Paragraph 56 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

57.     Answering the allegations contained in Paragraph 57 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

58.     Answering the allegations contained in Paragraph 58 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

59.     Answering the allegations contained in Paragraph 59 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

60.     Answering the allegations contained in Paragraph 60 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

61.     Answering the allegations contained in Paragraph 61 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

62.     Answering the allegations contained in Paragraph 62 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

1

2      63.     Answering the allegations contained in Paragraph 63 of the Complaint, Defendant

3  has insufficient information or belief to admit or deny said allegations and, accordingly, denies

4  the same.

5      64.     Answering the allegations contained in Paragraph 64 of the Complaint, Defendant

6  has insufficient information or belief to admit or deny said allegations and, accordingly, denies

7  the same.

8      65.     Answering the allegations contained in Paragraph 65 of the Complaint, Defendant

9  has insufficient information or belief to admit or deny said allegations and, accordingly, denies

10  the same.

11      66.     Answering the allegations contained in Paragraph 66 of the Complaint, Defendant

12  has insufficient information or belief to admit or deny said allegations and, accordingly, denies

13  the same.

14      67.     Answering the allegations contained in Paragraph 67 of the Complaint, Defendant

15  has insufficient information or belief to admit or deny said allegations and, accordingly, denies

16  the same.

17      68.     Answering the allegations contained in Paragraph 68 of the Complaint, Defendant

18  has insufficient information or belief to admit or deny said allegations and, accordingly, denies

19  the same.

20      69.     Answering the allegations contained in Paragraph 69 of the Complaint, Defendant

21  has insufficient information or belief to admit or deny said allegations and, accordingly, denies

22  the same.

23      70.     Answering the allegations contained in Paragraph 70 of the Complaint, Defendant

24  has insufficient information or belief to admit or deny said allegations and, accordingly, denies

25  the same.

26      71.     Answering the allegations contained in Paragraph 71 of the Complaint, Defendant

27  has insufficient information or belief to admit or deny said allegations and, accordingly, denies

28  the same.

9

72. Answering the allegations contained in Paragraph 72 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

73. Answering the allegations contained in Paragraph 73 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

74. Answering the allegations contained in Paragraph 74 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

75. Answering the allegations contained in Paragraph 75 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

76. Answering the allegations contained in Paragraph 76 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

77. Answering the allegations contained in Paragraph 77 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

78. Answering the allegations contained in Paragraph 78 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

79. Answering the allegations contained in Paragraph 79 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

80. Answering the allegations contained in Paragraph 80 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

81.   Answering the allegations contained in Paragraph 81 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

82.   Answering the allegations contained in Paragraph 82 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

83.   Answering the allegations contained in Paragraph 83 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

84.   Answering the allegations contained in Paragraph 84 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

85.   Answering the allegations contained in Paragraph 85 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

86.   Answering the allegations contained in Paragraph 86 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

87.   Answering the allegations contained in Paragraph 87 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

88.   Answering the allegations contained in Paragraph 88 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

89.   Answering the allegations contained in Paragraph 89 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

11

1

2       90.     Answering the allegations contained in Paragraph 90 of the Complaint, Defendant

3   has insufficient information or belief to admit or deny said allegations and, accordingly, denies

4   the same.

5       91.     Answering the allegations contained in Paragraph 91 of the Complaint, Defendant

6   has insufficient information or belief to admit or deny said allegations and, accordingly, denies

7   the same.

8       92.     Answering the allegations contained in Paragraph 92 of the Complaint, Defendant

9   has insufficient information or belief to admit or deny said allegations and, accordingly, denies

10  the same.

11      93.     Answering the allegations contained in Paragraph 93 of the Complaint, Defendant

12  has insufficient information or belief to admit or deny said allegations and, accordingly, denies

13  the same.

14      94.     Answering the allegations contained in Paragraph 94 of the Complaint, Defendant

15  has insufficient information or belief to admit or deny said allegations and, accordingly, denies

16  the same.

17      95.     Answering the allegations contained in Paragraph 95 of the Complaint, Defendant

18  has insufficient information or belief to admit or deny said allegations and, accordingly, denies

19  the same.

20      96.     Answering the allegations contained in Paragraph 96 of the Complaint, Defendant

21  has insufficient information or belief to admit or deny said allegations and, accordingly, denies

22  the same.

23      97.     Answering the allegations contained in Paragraph 97 of the Complaint, Defendant

24  has insufficient information or belief to admit or deny said allegations and, accordingly, denies

25  the same.

26      98.     Answering the allegations contained in Paragraph 98 of the Complaint, Defendant

27  has insufficient information or belief to admit or deny said allegations and, accordingly, denies

28  the same.

LIFESCRIPT, INC.'S VERIFIED AMENDED ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT
CASE NO. SCV-252580

1

2      99.     Answering the allegations contained in Paragraph 99 of the Complaint, Defendant

3  has insufficient information or belief to admit or deny said allegations and, accordingly, denies

4  the same.

5      100.    Answering the allegations contained in Paragraph 100 of the Complaint,

6  Defendant has insufficient information or belief to admit or deny said allegations and,

7  accordingly, denies the same.

8      101.    Answering the allegations contained in Paragraph 101 of the Complaint,

9  Defendant has insufficient information or belief to admit or deny said allegations and,

10  accordingly, denies the same.

11      102.    Answering the allegations contained in Paragraph 102 of the Complaint,

12  Defendant has insufficient information or belief to admit or deny said allegations and,

13  accordingly, denies the same.

14      103.    Answering the allegations contained in Paragraph 103 of the Complaint,

15  Defendant has insufficient information or belief to admit or deny said allegations and,

16  accordingly, denies the same.

17      104.    Answering the allegations contained in Paragraph 104 of the Complaint,

18  Defendant has insufficient information or belief to admit or deny said allegations and,

19  accordingly, denies the same.

20      105.    Answering the allegations contained in Paragraph 105 of the Complaint,

21  Defendant has insufficient information or belief to admit or deny said allegations and,

22  accordingly, denies the same.

23      106.    Answering the allegations contained in Paragraph 106 of the Complaint,

24  Defendant has insufficient information or belief to admit or deny said allegations and,

25  accordingly, denies the same.

26      107.    Answering the allegations contained in Paragraph 107 of the Complaint,

27  Defendant has insufficient information or belief to admit or deny said allegations and,

28  accordingly, denies the same.

13

1

108.    Answering the allegations contained in Paragraph 108 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

109.    Answering the allegations contained in Paragraph 109 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

110.    Answering the allegations contained in Paragraph 110 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

111.    Answering the allegations contained in Paragraph 111 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

112.    Answering the allegations contained in Paragraph 112 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

113.    Answering the allegations contained in Paragraph 113 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

114.    Answering the allegations contained in Paragraph 114 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

115.    Answering the allegations contained in Paragraph 115 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

116.    Answering the allegations contained in Paragraph 116 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

14

117. Answering the allegations contained in Paragraph 117 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

118. Answering the allegations contained in Paragraph 118 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

119. Answering the allegations contained in Paragraph 119 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

120. Answering the allegations contained in Paragraph 120 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

121. Answering the allegations contained in Paragraph 121 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

122. Answering the allegations contained in Paragraph 122 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

123. Answering the allegations contained in Paragraph 123 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

124. Answering the allegations contained in Paragraph 124 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

125. Answering the allegations contained in Paragraph 125 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

LIFESCRIPT, INC.'S VERIFIED AMENDED ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT
CASE NO. SCV-252580

**FIRST CAUSE OF ACTION**

126.    Answering the allegations contained in Paragraph 126 of the Complaint, Defendant admits only those allegations to which it has already admitted thus far in Paragraphs 1 to 125 of this Answer, and, accordingly, denies the balance of the allegations contained therein.

127.    Answering the allegations contained in Paragraph 127of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

128.    Answering the allegations contained in Paragraph 128 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

129.    Answering the allegations contained in Paragraph 129 of the Complaint Defendant admits the same.

130.    Answering the allegations contained in Paragraph 130 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

131.    Answering the allegations contained in Paragraph 131 of the Complaint, Defendant has reviewed *Balsam v. Trancos, Inc.*, 203 Cal. App. 4th 1083, 1088 (2012), and denies the same.

132.    Answering the allegations contained in Paragraph 132 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

133.    Answering the allegations contained in Paragraph 133 of the Complaint Defendant admits the same.

134.    Answering the allegations contained in Paragraph 134 of the Complaint, Defendant has reviewed *Balsam v. Trancos, Inc.*, 203 Cal. App. 4th 1083, 1088 (2012), and only to the extent Plaintiff quotes text from that court's decision, admits to their accuracy.  Defendant accordingly denies the balance of the allegations contained therein.

135.   Answering the allegations contained in Paragraph 135 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

136.   Answering the allegations contained in Paragraph 136 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

137.   Answering the allegations contained in Paragraph 137 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

138.   Answering the allegations contained in Paragraph 138 of the Complaint, Defendant admits only that to which it admitted with regard to Paragraph 36 of the Complaint. Otherwise, Defendant has insufficient information or belief to admit or deny the remainder of the allegations and, accordingly, denies the same.

139.   Answering the allegations contained in Paragraph 139 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

140.   Answering the allegations contained in Paragraph 140 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

141.   Answering the allegations contained in Paragraph 141 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

142.   Answering the allegations contained in Paragraph 142 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

143.   Answering the allegations contained in Paragraph 143 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

17

144.     Answering the allegations contained in Paragraph 144 of the Complaint Defendant admits the same.

145.     Answering the allegations contained in Paragraph 145 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

146.     Answering the allegations contained in Paragraph 146 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

147.     Answering the allegations contained in Paragraph 147 of the Complaint, Defendant admits that Cal. Bus. & Prof. Code § 17529.5(a)(3) states: "It is unlawful for any person or entity to advertise in a commercial e-mail advertisement either sent from California or sent to a California electronic mail address under . . . the following circumstances: . . . The e-mail advertisement has a subject line that a person knows would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message." Accordingly, Defendant denies the allegations contained in Paragraph 147 to the extent they contradict section 17529.5(a)(3) quoted above in this paragraph.

148.     Answering the allegations contained in Paragraph 148 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

149.     Answering the allegations contained in Paragraph 149 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

150.     Answering the allegations contained in Paragraph 150 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

151.     Answering the allegations contained in Paragraph 151 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

18

1

2       152.    Answering the allegations contained in Paragraph 152 of the Complaint,

3 Defendant admits that Cal. Bus. & Prof. Code § 17529.5(b)(1)(A)(iii) states: "In addition to any

4 other remedies provided by any other provision of law, the following may bring an action against

5 a person or entity that violates any provision of this section: A recipient of an unsolicited

6 commercial e-mail advertisement, as defined in Section 17529.1." Accordingly, Defendant

7 denies the allegations contained in Paragraph 152 to the extent they contradict section

8 17529.5(b)(1)(A)(iii) quoted above in this paragraph and the remainder of section 17529.5 as a

9 whole.

10       153.    Answering the allegations contained in Paragraph 153 of the Complaint Defendant

11 admits the same.

12       154.    Answering the allegations contained in Paragraph 154 of the Complaint,

13 Defendant has insufficient information or belief to admit or deny said allegations and,

14 accordingly, denies the same.

15       155.    Answering the allegations contained in Paragraph 155 of the Complaint,

16 Defendant has insufficient information or belief to admit or deny said allegations and,

17 accordingly, denies the same.

18       156.    Answering the allegations contained in Paragraph 156 of the Complaint,

19 Defendant has insufficient information or belief to admit or deny said allegations and,

20 accordingly, denies the same.

21       157.    Answering the allegations contained in Paragraph 157 of the Complaint,

22 Defendant has insufficient information or belief to admit or deny said allegations and,

23 accordingly, denies the same.

24       158.    Answering the allegations contained in Paragraph 158 of the Complaint,

25 Defendant has insufficient information or belief to admit or deny said allegations and,

26 accordingly, denies the same.

27       159.    Answering the allegations contained in Paragraph 159 of the Complaint,

28 Defendant has insufficient information or belief to admit or deny said allegations and,

accordingly, denies the same.

160.    Answering the allegations contained in Paragraph 160 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

161.    Answering the allegations contained in Paragraph 161 of the Complaint, Defendant admits that Plaintiff is seeking reimbursement of attorneys' fees and costs, but Defendant does not admit that Cal. Bus. & Prof. Code § 17529.5(b)(1)(C) authorizes Plaintiff's seeking of these fees and costs.

162.    Answering the allegations contained in Paragraph 162 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

## SECOND CAUSE OF ACTION

163.    Answering the allegations contained in Paragraph 163 of the Complaint, Defendant admits only those allegations to which it has already admitted thus far in Paragraphs 1 to 162 of this Answer, and, accordingly, denies the balance of the allegations contained therein.

164.    Answering the allegations contained in Paragraph 164 of the Complaint, Defendant admits that the text of Cal. Bus. & Prof. Code § 17538.5 is true to the extent it accurately reflects the actual text of that section.  Otherwise, Defendant has insufficient information or belief to admit or deny the remainder of the allegations and, accordingly, denies the same.

165.    Answering the allegations contained in Paragraph 165 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

166.    Answering the allegations contained in Paragraph 166 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

167.    Answering the allegations contained in Paragraph 167 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations and, accordingly, denies the same.

1

2       168.    Answering the allegations contained in Paragraph 168 of the Complaint,

3  Defendant has insufficient information or belief to admit or deny said allegations and,

4  accordingly, denies the same.

5       169.    Answering the allegations contained in Paragraph 169 of the Complaint,

6  Defendant has insufficient information or belief to admit or deny said allegations and,

7  accordingly, denies the same.

8

9
## AFFIRMATIVE DEFENSES

10     By way of AFFIRMATIVE defenses to the allegations of the Complaint on file herein,

11  Lifescript alleges as follows:

12
### FIRST AFFIRMATIVE DEFENSE

13       170.    Plaintiff's Complaint as a whole, and each purported cause of action alleged

14  therein, fails to state facts sufficient to constitute a cause of action against Lifescript upon which

15  relief may be granted.

16
### SECOND AFFIRMATIVE DEFENSE

17       171.    Imposition of civil penalties on Defendant under the circumstances would violate

18  the prohibition in the Eighth Amendment to the United States Constitution against excessive

19  fines.

20
### THIRD AFFIRMATIVE DEFENSE

21       172.    Defendant maintains an "anti-spamming" policy to which all entities with which it

22  conducts business must agree.

23
### FOURTH AFFIRMATIVE DEFENSE

24       173.    At all material times, third parties failed to exercise reasonable care and thereby

25  proximately caused and contributed to the alleged injuries sustained.  Plaintiff's recovery, if any,

26  should be reduced by an amount proportionate to the amount by which such third parties' separate

27  negligence contributed to the happening of the alleged accident, injury, or loss.

28
### FIFTH AFFIRMATIVE DEFENSE

       174.    Plaintiff has failed to mitigate his damages or loss.

21

1

### SIXTH AFFIRMATIVE DEFENSE

2       175.   Defendant's activities were protected by the First, Fifth, and Fourteenth

3  Amendments to the United States Constitution, guaranteeing the right to freedom of speech,

4  press, and expression.

5                           **PRAYER FOR RELIEF**

6       WHEREFORE Lifescript prays for relief against Plaintiff on his Complaint as follows:

7       1.     Entering judgment in Lifescript's favor on the Complaint;

8       2.     Awarding Plaintiff nothing in terms of damages, attorney fees, costs, and the like;

9  and

10      3.     Granting Lifescript such other and further relief as the Court may deem just and

11 proper.

12

13 DATED:  April 23, 2013                    **PERKINS COIE LLP**

14                                           By: _____

15                                               Kevan Fornasero

16                                           Attorneys for Defendant
                                             LIFESCRIPT, INC.

17

18

19

20

21

22

23

24

25

26

27

28

LIFESCRIPT, INC.'S VERIFIED AMENDED ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT
CASE NO. SCV-252580

1

2                           VERIFICATION

3        I, Alan Adams, declare:

4        I am an officer of Lifescript, Inc., a corporation organized and existing under the laws of
5   Delaware, which is a defendant in the above-entitled action, and I have been authorized to make
    this verification on its behalf.

6
7        I have read the foregoing Amended Answer of Lifescript, Inc. to Plaintiff's Verified
    Complaint and know the contents thereof.  The same is true of my own knowledge, except as to
8   those matters which are therein stated on information and belief, and, as to those matters, I
    believe them to be true.

9
10       I declare under penalty of perjury under the laws of the State of California that the
    foregoing is true and correct.

11

12       Executed at _Mission Viejo   CA_____ on April 22, 2013.

13

14                                                        Alan Adams

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        23
    LIFESCRIPT, INC.'S VERIFIED AMENDED ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT
    CASE NO. SCV-252580

1    KEVAN FORNASERO, Bar No. 274943
     KFornasero@perkinscoie.com
2    PERKINS COIE LLP
     Four Embarcadero Center, Suite 2400
3    San Francisco, CA  94111-4131
     Telephone:  415.344.7000
4    Facsimile:  415.344.7050

5    JIM MCCULLAGH (*Of Counsel*)
     JMcCullagh@perkinscoie.com
6    1201 Third Avenue, Suite 4900
     Seattle, Washington 98101
7    Telphone: 206.359.8000
     Facsimile: 206.359.9000

8
     Attorneys for Defendant
9    LIFESCRIPT, INC.

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                       COUNTY OF SONOMA

12

13
     CHRISTOPHER WAGNER,              No. SCV-252580
14
                    Plaintiff,        PROOF OF SERVICE
15
          v.
16
     SPIRE VISION LLC, *et al.*,
17
                    Defendant.
18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE
                                                            CASE NO. SCV-252580

I, Sheila Merrill, am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Perkins Coie, LLP, Four Embarcadero Center, Suite 2400, San Francisco, California 94111-4131. I am personally familiar with the business practices of Perkins Coie, LLP. On May 3, 2013, I caused the following document(s) to be served on the following parties by the manner specified below:

1. **VERIFIED AMENDED ANSWER OF LIFESCRIPT, INC. TO PLAINTIFF'S VERIFIED COMPLAINT;**

2. **PROOF OF SERVICE**

*Via U.S. Mail Only*
Mr. Leeor Neta
*Counsel for Defendant Spire Vision LLC*
Newman Du Wors
1201 Third Avenue, Suite 1600
Seattle, Washington 98101

X   (U.S. Mail) I caused envelopes containing each document to be placed in a sealed envelope with postage thereon fully prepaid, the United States mail at San Francisco, California addressed as set forth above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 3, 2013, at San Francisco, California.

_____
Sheila Merrill

1   John Du Wors, State Bar No. 233913
    john@newmanlaw.com
2   Leeor Neta, State Bar No. 233454
    leeor@newmanlaw.com
3   NEWMAN DU WORS LLP
    1201 Third Avenue, Suite 1600
4   Seattle, WA 98101
    Telephone:      (206) 274-2800
5   Facsimile:      (206) 274-2801
6
7   Attorneys for Defendants

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA
                        COUNTY OF SONOMA
10

11  Christopher Wagner, an individual,          No. SCV-252580
12
                    Plaintiff,                  **NOTICE OF HEARING ON
13          v.                                  DEMURRER OF DEFENDANTS TO
                                                COMPLAINT OF PLAINTIFF
14  Spire Vision LLC, a Delaware limited liability   CHRISTOPHER WAGNER**
    company, et al.,
15                                              Hearing Date:  June 26, 2013
                    Defendants.                 Hearing Time:  3:30 pm
16                                              Dept. No. 18
17                                              Judge: Hon. Nancy Case Shaffer

18

19

20

21

22

23

24

25

26

27

28

                                    1

TO EACH PARTY AND THEIR COUNSEL OF RECORD:

YOU ARE HEREBY NOTIFIED THAT on May 29, 2013, at 3:30 pm or as soon

thereafter as the matter may be heard in Department 18 of this Court, located at 3055 Cleveland

Avenue, Santa Rosa, California, the demurrer of Defendants Accelerize New Media Inc.,

Achieve Opportunities, AgreeWizard, Digital Publishing Corporation, Furturesdrive,

Junctionlights, Juniper Marketing, MediActivate LLC, On Demand Research LLC, Opportunity

Central, Paths Direct, Prime Advertisers LLC, PullSmart, Serve Clicks LLC, Spire Vision LLC,

Spire Vision Holdings Inc., Ward Media Inc., XL Marketing Corporation and Youradshere to the

Complaint of Plaintiff Christopher Wagner, served and filed with this Notice, will be heard.


Date: May 2, 2013.                    **NEWMAN DU WORS LLP**

_____
Leeor Neta, State Bar No. 233454
John Du Wors, State Bar No. 233913
Attorneys for Defendants Accelerize New Media
Inc., Achieve Opportunities, AgreeWizard, Digital
Publishing Corporation, Furturesdrive,
Junctionlights, Juniper Marketing, MediActivate
LLC, On Demand Research LLC, Opportunity
Central, Paths Direct, Prime Advertisers LLC,
PullSmart, Serve Clicks LLC, Spire Vision LLC,
Spire Vision Holdings Inc., Ward Media Inc., XL
Marketing Corporation and Youradshere

John Du Wors, State Bar No. 233913
john@newmanlaw.com
Leeor Neta, State Bar No. 233454
leeor@newmanlaw.com
NEWMAN DU WORS LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101
Telephone:      (206) 274-2800
Facsimile:      (206) 274-2801

Attorneys for Defendants

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SONOMA

| | |
|---|---|
| Christopher Wagner, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>Spire Vision LLC, a Delaware limited liability company, et al.,<br><br>          Defendants. | Civil Case No. SCV-252580<br><br>**DEMURRER OF DEFENDANTS TO COMPLAINT OF PLAINTIFF CHRISTOPHER WAGNER (CCP § 430.10)**<br><br>Hearing Date:  June 26, 2013<br>Hearing Time:  3:30 pm<br>Dept. No. 18<br>Judge: Hon. Nancy Case Shaffer |

TO EACH PARTY AND THEIR COUNSEL OF RECORD:

Defendants Accelerize New Media Inc., Achieve Opportunities, AgreeWizard, Digital Publishing Corporation, Furturesdrive, Junctionlights, Juniper Marketing, MediActivate LLC, On Demand Research LLC, Opportunity Central, Paths Direct, Prime Advertisers LLC, PullSmart, Serve Clicks LLC, Spire Vision LLC, Spire Vision Holdings Inc., Ward Media Inc., XL Marketing Corporation and Youradshere jointly and severally demur to the first and second causes of action of the complaint on the following grounds:

<u>Demurrer to First Cause of Action</u>

1.  The Ninth Circuit has held that the federal CAN-SPAM Act bans the First Cause of Action as alleged by Wagner.

2.  The Ninth Circuit has held that the federal CAN-SPAM Act preempts the First Cause of Action as alleged by Wagner.

3.  The First Cause of Action fails to state facts sufficient to constitute a cause of action pursuant to Section 17529.5 of the Business and Professions Code because:

    a.  Wagner fails to allege that the 49 emails he received contain material misrepresentations.

    b.  Wagner fails to allege that the 49 emails he received are not traceable through publicly available online searches.

    c.  Wagner fails to allege that he relied on any of the statements contained in the 49 emails he received.

    d.  Wagner fails to allege damages, or indeed any harm directly induced by receipt of the 49 emails.

//

//

1

Demurrer to Second Cause of Action

2

1.  The Second Cause of Action fails to state facts sufficient to constitute a cause of

3

action pursuant to Section 17538.5 of the Business and Professions Code because

4

Wagner fails to allege standing.

5

6

Date: May 2, 2013

**NEWMAN DU WORS LLP**

7

8

Leeor Neta, State Bar No. 233454

9

John Du Wors, State Bar No. 233913

10

Attorneys for Defendants Accelerize New Media
Inc., Achieve Opportunities, AgreeWizard, Digital

11

Publishing Corporation, Furturesdrive,
Junctionlights, Juniper Marketing, MediActivate

12

LLC, On Demand Research LLC, Opportunity
Central, Paths Direct, Prime Advertisers LLC,

13

PullSmart, Serve Clicks LLC, Spire Vision LLC,
Spire Vision Holdings Inc., Ward Media Inc., XL

14

Marketing Corporation and Youradshere

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   John Du Wors, State Bar No. 233913
    john@newmanlaw.com
2   Leeor Neta, State Bar No. 233454
    leeor@newmanlaw.com
3   NEWMAN DU WORS LLP
    1201 Third Avenue, Suite 1600
4   Seattle, WA 98101
    Telephone:     (206) 274-2800
5   Facsimile:     (206) 274-2801
6
7   Attorneys for Defendants

8

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
                   **COUNTY OF SONOMA**
10

11  | Christopher Wagner, an individual, | Civil Case No. SCV-252580 |
    |---|---|
12  | Plaintiff, | **MEMORANDUM IN SUPPORT OF** |
13  | v. | **DEMURRER OF DEFENDANTS TO COMPLAINT OF PLAINTIFF** |
14  | Spire Vision LLC, a Delaware limited liability company, et al., | **CHRISTOPHER WAGNER (CCP § 430.10)** |
15  | |
16  | Defendants. | Hearing Date:  June 26, 2013 |
17  | | Hearing Time:  3:30 pm |
    | | Dept. No. 18 |
18  | | Judge: Hon. Nancy Case Shaffer |
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................... 1

II.     PROCEDURAL BACKGROUND ....................................................................... 2

        A.    The Spire Vision Family Sends Emails That Consumers Have Agreed To
              Receive ........................................................................................................ 2

        B.    Wagner Asks For Tens Of Thousands of Dollars For Receiving 49 Emails. ......... 3

III.    LEGAL STANDARD ............................................................................................ 4

IV.     DISCUSSION ......................................................................................................... 5

        A.    Opportunistic Litigation Like Wagner's Is Banned By The CAN-SPAM Act. ..... 5

        B.    The Northern California District Court Has Already Found That Identical Claims
              Brought By Identical Attorneys Were Preempted. ................................................ 5

        C.    Wagner's First Cause of Action Is Preempted By Federal Law. ............................ 6

        D.    Wagner Cannot Prove Common Law Fraud Or Deceit. ........................................ 8

              1.    Wagner cannot show any material misrepresentations. ............................... 8

              2.    Wagner was not misled by the allegedly offending emails. ....................... 9

              3.    Wagner suffered no harm ............................................................................ 9

        E.    The Court Should Decline Wagner's Suggestion That It Ignore The Ninth
              Circuit's *Gordon* Decision Regarding Preemption Of State Email Law. ............. 10

        F.    Wagner's Claims Are Also Insufficient Under The Plain Language Of
              Section 17529.5 ....................................................................................................... 11

        G.    Wagner's Claims Are Also Insufficient Under The Plain Language Of
              Section 17538.5 ....................................................................................................... 13

V.      CONCLUSION ...................................................................................................... 13

**Cases**

*Ashcroft v. Iqbal*
   (2009) 556 U.S. 662 ........................................................................................ 4

*Asis Internet Servs. v. Member Source Media, LLC*
   (N.D.Cal. April 20, 2010) 2010 WL 1610066 ............................................... 12

*Balsam v. Trancos, Inc.*
   (2012) 203 Cal.App.4th 1083 ........................................................... 10, 11, 12

*Bell Atlantic Corp. v. Twombly*
   (2007) 550 U.S. 544 .................................................................................. 4, 11

*Blank v. Kirwan*
   (1985) 39 Cal.3d 311 ...................................................................................... 4

*Chern v. Bank of America*
   (1976) 15 Cal.3d 866 .................................................................................... 13

*Clegg v. Cult Awareness Network*
   (9th Cir. 1994) 18 F.3d 752 .......................................................................... 11

*Conroy v. Regents of University of California*
   (2009) 45 Cal.4th 1244 ................................................................................... 8

*Cooper v. Equity General Ins. Co.*
   (1990) 219 Cal.App.3d 1252 ........................................................................... 4

*Davison Design & Development, Inc. v. Cathy Riley*
   (N.D.Cal. September 13, 2012, No. 11-2970-PJH) 2012 WL 4051189 .................... 5, 6

*Gordon v. Virtumundo, Inc.*
   (9th Cir. 2009) 575 F.3d 1040 ........................................................... 5, 6, 7, 8

*Harris v. Time, Inc.*
   (1987) 191 Cal.App.3d 449 ............................................................................. 9

*Hoang v. Reunion.Com, Inc.*
   (N.D.Cal. December 23, 2008) 2008 WL 5423326 ....................................... 10

*Hoang v. Reunion.com, Inc.*
   (N.D.Cal. March 31, 2010) 2010 WL 1340535 ............................................. 10

*Hypertouch, Inc. v. ValueClick, Inc.*
    (2011) 192 Cal.App.4th 805 .................................................................... 10, 11

*Kleffman v. Vonage Holdings Corp.*
   (2010) 49 Cal.4th 334 .............................................................................. 12, 13

*Lee v. Interinsurance Exch. of the Automobile Club of Southern California*
   (1997) 50 Cal.App.4th 694 ............................................................................. 4

*Mirkin v. Wasserman*
   (1993) 5 Cal.4th 1082 ..................................................................................... 9

*Omega World Travel, Inc. v. Mummagraphics, Inc.*
(4th Cir. 2006) 469 F.3d 348 ................................................................. 8

*Rakestraw v. California Physicians' Serv.*
(2000) 81 Cal.App.4th 39 ................................................................. 4

*Tyco Indus., Inc. v. Superior Court (Richards)*
(1985) 164 Cal.App.3d 148 ................................................................. 5

**Statutes**

15 U.S.C. § 7701(a)(11) ................................................................. 7

15 U.S.C. § 7706 ................................................................. 5, 11

15 U.S.C. § 7707(b)(1) ................................................................. 6, 7

15 U.S.C. § 7707(b)(2) ................................................................. 7

Cal. Civ. Code, § 3533 ................................................................. 9

California Business and Professions Code § 17529.5 ................................................................. passim

1

**MEMORANDUM IN SUPPORT OF DEMURRER**

2

**I.       INTRODUCTION**

3        Christopher Wagner filed this lawsuit because he received 49 allegedly unsolicited

4    commercial emails, fewer than most people receive in a week. Wagner does not allege that the

5    49 emails contain computer viruses, links to phishing sites or sites hosting malware. The

6    49 emails were simply commercial offers that he did not want. And for that receipt, Wagner

7    demands tens of thousands of dollars in damages.

8        Wagner's complaint depends on an outdated, if not extinct understanding of "spam." His

9    first cause of action claims that alleged errors in the header information—the "from" and subject

10   lines—violate Section 17529.5 of the Business and Professions Code.[1] Specifically, Wagner

11   concedes that the email headers identify the *type* of business promoted in the email, but

12   complains that they do not identify the *specific name* of the advertised business. For example, he

13   claims that an email captioned "COBRA Health Choices" is likely to mislead a reasonable

14   recipient because the header lacks the exact name of the sender, CobraHealthChoices.com. But

15   these are not material misrepresentations to objectively reasonable recipients. Each email header

16   reasonably describes the sender and the nature of the offer. Wagner's first cause of action also

17   complains that the headers do not spell out all of the terms contained in the commercial offers.

18   But Wagner seeks redress without proof of injury. He does not claim that he was defrauded. He

19   does not claim any compensatory harm.

20       Congress intended to save state courts from wasting their time with such claims when it

21   passed the federal CAN-SPAM Act. As Wagner's attorneys—Daniel Balsam and

22   Timothy Walton—well know, the CAN-SPAM Act explicitly preempts all complaints about

23   unsolicited commercial email that do not allege fraud or damages. In a matter currently pending

24   before the Northern District of California, Judge Phyllis J. Hamilton dismissed with prejudice

25   identical claims brought by Balsam and Walton on behalf of another client, Cathy Riley. In

26

27              [1] Unidentified section references hereafter are to the California Business and Professions

28   Code.

accordance with clear Ninth Circuit authority, Judge Hamilton held that the CAN-SPAM Act[2] preempts Section 17529.5 claims that lack an allegation of fraud or damages. The same is true here.

As for his second cause of action, Wagner lacks standing. Section 17538.5 allows a private citizen to pursue only an action for an injunction, not an action for penalties.

Wagner is not entitled to demand that a jury of twelve citizens spend days listening to testimony about 49 emails, none of which contain material misrepresentations: he did not rely on any allegedly false information and he did not suffer damages. As such, this lawsuit is an absurd waste of the resources of this underfunded and overburdened court. Absent allegations of actual reliance or damages, Wagner's claims are preempted and he fails to state facts sufficient to constitute a cause of action. His complaint must be dismissed.

## II.   PROCEDURAL BACKGROUND

**A.   The Spire Vision Family Sends Emails That Consumers Have Agreed To Receive.**

Defendant Spire Vision LLC operates an email network enabling advertisers to leverage behavioral and category-specific targeting to reach defined audience segments. (http://www.spirevision.com/advertisers.html.) Its affiliates include Defendants Achieve Opportunities, AgreeWizard, Digital Publishing Corporation, Juniper Marketing LLC, Mediactivate LLC, On Demand Research LLC, Opportunity Central, Paths Direct, PullSmart, Prime Advertisers LLC, Serve Clicks LLC, Spire Vision Holdings Inc., Ward Media Inc., and XL Marketing Corporation (collectively, "the Spire Vision Family"). The Spire Vision Family's targeted email advertising messages are 100% permission based. (Id.) Wagner claims that he did not consent to receive emails from Defendants. While that issue is not germane to the present demurrer, the Spire Vision Family disputes that claim.

After receiving consent, the Spire Vision Family sends emails on behalf of email advertisers and its affiliates. (Complaint, ¶¶ 49-125.) Each email describes an advertiser's offer

---

[2] Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003, 15 U.S.C. §§ 7701 et seq.

in the email header, and allows an Internet user to click on a link in the email that leads to the advertiser's website. (Id.)

**B.    Wagner Asks For Tens Of Thousands of Dollars For Receiving 49 Emails.**

Wagner complains that he received 49 emails, each of which he claims violates Sections 17529.5 or 17538.5. (See Prayer for Relief.) He believes that these emails entitle him to $64,000 in statutory damages, not to mention attorneys' fees, punitive damages, disgorgement of profits, and costs of suit. (Id.) He has not requested any form of compensatory damages. (Id.)

Wagner alleges that some of the "from" lines of these emails fail to adequately distinguish an advertiser from its competitors. For example, Wagner suggests that an email with the "from" line "COBRA Health Choices" that links to <CobraHealthChoices.com> constitutes an unlawful and fraudulent misrepresentation because it might actually have led to other websites related to COBRA health insurance. (Complaint, ¶¶ 105-106, 108.) Claims like this represent the bulk of Wagner's complaint. (See Complaint, ¶¶ 55-58, 61-64, 67-70, 73-76, 79-82, 86-87, 92, 95-96, 99, 112-113, 116, 122-123.) The following table demonstrates the nature of Wagner's claims:

| An email "from" | Links to | Could have lead to other sites advertising |
|---|---|---|
| "Auto Insurance" | <ProvideInsurance.com> | Auto insurance |
| "Dream Car" | <AutomotiveFinancial.com> | Cars |
| "FreeDiapers" | <EveryDayFamily.com> | Diapers |
| "Disability Benefit Services" | <SocialSecurityHome.com> | Disability benefit services |
| "Million Dollar Income" | <Online-Home-Careers.com> | Work-from-home jobs |
| "Favorite Snacks Survey" | <OnDemandResearch.com> | Surveys |
| "I.T.MgmtCourses" | <Technology4USA.info> | Courses |
| "SocialWorkerPrograms" | <BecomeASocialWorker.info> | Courses |

(Id.)

Wagner also complains of the subject lines in nine emails advertising On Demand Research LLC. He suggests that the subject line "Fruit or Chocolate? Take Our $25 Snack

1    Giftcard Survey" violates Section 17529.5 because it leads a reasonable recipient to believe that

2    she has an *unconditional* right to a *free* giftcard upon completion of a survey. (See Complaint,

3    ¶¶ 88-90.)

4        Finally, Wagner complains that six emails violate Section 17538.5, and seeks civil fines,

5    punitive damages, and attorney's fees. (Complaint, ¶¶ 163-169.)

6        Wagner does not allege that the emails deceived him. He does not allege reliance. He

7    does not allege any direct injury.

8                         **III.    LEGAL STANDARD**

9        A demurrer tests the legal sufficiency of the factual allegations in a complaint. In

10   reviewing the sufficiency of a complaint against a general demurrer, courts are not required to

11   give *any* weight to conclusory statements or legal argument. (See also *Blank v. Kirwan* (1985) 39

12   Cal.3d 311, 318 [affirming trial court's decision to sustain demurrer without leave to amend]

13   [emphasis added]; *Rakestraw v. California Physicians' Serv.* (2000) 81 Cal.App.4th 39, 44

14   [affirming trial court's decision to sustain demurrer because plaintiff must set forth factual

15   allegations that sufficiently state all required elements for cause of action and such allegations

16   must be "factual and specific, not vague or conclusory" to satisfy burden on appeal]; *Cooper v.*

17   *Equity General Ins. Co.* (1990) 219 Cal.App.3d 1252, 1263-64 [same].)[3]

18       Applying these principles, a demurrer may be sustained without leave to amend where,

19   under applicable substantive law, it is plain that there can be no liability. (*Lee v. Interinsurance*

20   *Exch. of the Automobile Club of Southern California* (1997) 50 Cal.App.4th 694, 724.) As one

21   court explained:

22           [A] demurrer may be sustained without leave to amend where it is probable from
             the nature of the complaint . . . that the plaintiff cannot state a cause of action. To
23           do so does not constitute an abuse of discretion. Where the nature of a plaintiff's

24   _____

25       [3] This is consistent with the pleading standards set forth by the United States Supreme
     Court in *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678, which noted that "the tenet that a court must
26   accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.
     Threadbare recitals of the elements of a cause of action, supported by mere conclusory
27   statements, do not suffice." As the Supreme Court has held, a complaint must contain factual
     allegations that are "enough to raise a right of relief above the speculative level." (*Bell Atlantic*
28   *Corp. v. Twombly* (2007) 550 U.S. 544, 555 [internal quotations and citations omitted].)

1  claim is clear, but under substantive law no liability exists, leave to amend should
2  be denied, for no amendment could change the result.

3  (*Tyco Indus., Inc. v. Superior Court (Richards)* (1985) 164 Cal.App.3d 148, 153 [citation
4  omitted].)

5                              **IV.   DISCUSSION**

6  **A.    Opportunistic Litigation Like Wagner's Is Banned By The CAN-SPAM Act.**

7          Wagner asks this Court to endorse two state causes of action for email mislabeling, and
8  has expressly disclaimed reliance on the federal CAN-SPAM Act. There is a reason for
9  Wagner's efforts: Congress recognized that Section 17529.5's "siren song of substantial statutory
10 damages would entice opportunistic plaintiffs to join the fray, which would lead to undesirable
11 results," (*Gordon v. Virtumundo, Inc.* (9th Cir. 2009) 575 F.3d 1040, 1050.) Accordingly,
12 Congress sought to forestall frivolous litigation like Wagner's by mandating that only an Internet
13 Service Provider or government agency—the parties likely to be actually harmed by alleged
14 spam—have standing to bring suit for email header violations under the CAN-SPAM Act. (15
15 U.S.C. § 7706.) Wagner received a handful of emails, and opportunistically seeks to make tens
16 of thousands of dollars. Stymied by Congress, he asks this Court to do an end-run around
17 plainly-established preemption principles and find causes of action where none exist.

18
19 **B.    The Northern California District Court Has Already Found That Identical Claims
         Brought By Identical Attorneys Were Preempted.**

20         *Davison Design & Development, Inc. v. Cathy Riley* (N.D.Cal. September 13, 2012, No.
21 11-2970-PJH) 2012 WL 4051189, vacated in part on different grounds by (N.D.Cal. March 31,
22 2010) 2013 WL 1222691), is a nearly identical matter currently proceeding before Judge Phyllis
23 J. Hamilton of the Northern District of California, Oakland Division. Many of the Spire Vision
24 Family entities are plaintiffs in that action. They seek a declaratory judgment that emails sent to
25 the defendant, Cathy Riley, do not violate Section 17529.5. Although Wagner is not a party to
26 the *Riley* action, his attorneys—Daniel Balsam and Timothy Walton—represent Cathy Riley, and
27 asserted identical violations of Section 17529.5 in their counterclaims against the Spire Vision
28 Family.

After extensive briefing on the matter, Judge Hamilton dismissed Balsam and Walton's

Section 17529.5 claims for the same reasons addressed here:

> The moving counter-defendants note that the federal CAN-SPAM Act expressly preempts all state laws related to spam e-mail, except to the extent that a state law "prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto." 15 U.S.C. § 7707(b)(1). The Ninth Circuit considered the scope of this preemption exception in *Gordon v. Virtumundo*, 575 F.3d 1040 (9th Cir. 2009). In *Gordon*, the Ninth Circuit held that "the express language of § 7707 demonstrated Congress's intent that the CAN-SPAM Act broadly preempt state regulation of commercial e-mail with limited, narrow exception," and further held that "the exception language, read as Congress intended, refers to 'traditionally tortious or wrongful conduct.'" *Id.* at 1061-62. Thus, consistent with the Ninth Circuit's holding, the court finds that Riley's counter-claims do not sound in tort, and thus are preempted by the federal CAN-SPAM Act. Accordingly, Riley's counter-claims are DISMISSED with prejudice.

(*Davison Design & Development, Inc. v. Cathy Riley* (N.D.Cal. September 13, 2012, No. 11-2970-PJH) 2012 WL 4051189 at 2:16-27.) Although Judge Hamilton revisited this order on March 25, 2013, she repeated unequivocally that the email recipient must establish reliance and damages in order to clear the preemption hurdle. (*Davison Design & Development, Inc. v. Cathy Riley* (N.D.Cal. March 25, 2013, No. 11-2970-PJH) 2012 WL 4051189 at 2:16-27.) It is clear and undeniable: the only exception to the broad preemption of state regulation of commercial email is conduct that "sound[s] in tort." (*Id.*)

## C.    Wagner's First Cause of Action Is Preempted By Federal Law.

The Ninth Circuit unequivocally holds that CAN-SPAM preempts all state law claims relating to commercial email except those arising from "traditional tort theories such as claims arising from fraud or deception." (*Gordon v. Virtumundo*, *supra*, 575 F.3d at p. 1063.) CAN-SPAM recognizes the beneficial aspects to commercial email, including bulk messaging. (*Id.* at p. 1049.) Congress wanted to "preserve, if not promote" bulk email messaging and noted that the Internet offered "unique opportunities for the development and growth of frictionless commerce." (*Id.*) Congress also recognized that Internet marketing could be used for predatory and deceptive practices, and struck a "fine balance" between the competing needs of free commerce and consumer protection in enacting CAN-SPAM. (*Id.*)

Congress recognized that the "patchwork" of existing state anti-spam regulations made it

**MEMORANDUM IN SUPPORT OF DEMURRER TO COMPLAINT – SCV-252580**

"extremely difficult for law-abiding businesses to know with which of these disparate statutes they are required to comply." (15 U.S.C. § 7701(a)(11).) State spam regulation is accordingly expressly preempted:

> This chapter supersedes any statute, regulation, or rule of a State or political subdivision of a State that expressly regulates the use of electronic mail to send commercial messages, except to the extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto.

(15 U.S.C. § 7707(b)(1).) Congress clarified that only State laws that "relate to acts of fraud or computer crime" fall within the "falsity or deception" exception. (*Gordon v. Virtumundo*, *supra*, 575 F.3d at p. 1061, citing 15 U.S.C. § 7707(b)(2).)[4]

Wagner argues that inexact headers in emails allegedly sent by Defendants violate Section 17529.5. The Ninth Circuit rejected a virtually identical claim in *Gordon v. Virtumundo*, *supra*, 575 F.3d 1040. The *Gordon* plaintiff relied on Washington State's prohibition on emails that either "misrepresent[] or obscure[] any information in identifying the point of origin" or "[c]ontain[] false or misleading information in the subject line."[5] (*Id*. at p. 1057.) Section 17529.5(a) is virtually identical: it forbids any commercial email "accompanied by falsified, misrepresented, or forged header information" or that "has a subject line that a person knows would be likely to mislead a recipient . . . about a material fact regarding the contents or subject matter of the message." The *Gordon* court held that labeling requirements are preempted and cannot be the subject of state-based claims: "technical allegations regarding the header information find no basis in traditional tort theories and therefore fall beyond the ambit of the exception language in the CAN-SPAM Act's express preemption clause[.]" (*Gordon v. Virtumundo*, *supra*, 575 F.3d at p. 1064.)

Similarly, in *Omega World Travel, Inc. v. Mummagraphics, Inc.* (4th Cir. 2006) 469 F.3d

---

[4] California uses the terms "fraud" and "deception" interchangeably. (*E.g.*, *Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1255 [holding that the elements of fraud "give rise to the tort of deceit"].)

[5] *Gordon*'s holding—that state law claims not based on traditional theories of fraud are preempted—applies throughout the Ninth Circuit, not just in Washington where *Gordon* was decided. Indeed, *Gordon* forms the basis for Judge Hamilton's ruling in *Davison Design & Development Inc. et al., v. Cathy Riley*.

**MEMORANDUM IN SUPPORT OF DEMURRER TO COMPLAINT – SCV-252580**

348, the Fourth Circuit rejected claims like those advanced by Wagner. The Oklahoma statute at issue made it unlawful for emails to "misrepresent[] any information in identifying the point of origin or the transmission path of the electronic mail message" or to " [c]ontain[] false, malicious, or misleading information[.]" (*Id.* at p. 354.) The *Omega* court held that the Oklahoma statute was preempted because it "seems to reach beyond common law fraud or deceit." (*Id.* at pp. 353-55.) The Fourth Circuit unequivocally agreed that Congress intended to save only "torts involving misrepresentations, rather than to sweep up errors that do not sound in tort," noting that to hold otherwise would create "a loophole so broad that it would virtually swallow the preemption clause itself[.]" (*Id.* at p. 355.) As with the state-law based email claims in *Gordon* and *Omega*, claims under Section 17529.5 are preempted to the extent they extend beyond common law fraud or deceit.

**D.    Wagner Cannot Prove Common Law Fraud Or Deceit.**

Wagner fails to allege facts sufficient to support all of the elements of common law fraud or deception. In California, these are two names for the same cause of action: "The elements of fraud, which give rise to the tort action for deceit, are (1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." (*Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1255.)

**1.    Wagner cannot show any material misrepresentations.**

Wagner must show a misrepresentation to maintain a fraud claim. (*Conroy v. Regents of University of California*, *supra*, 45 Cal.4th at p. 1255.) A misrepresentation must be material and not consist of "mere error" or "insignificant inaccuracies." (*Gordon v. Virtumundo*, *supra*, 575 F.3d at p. 1061.) The only misrepresentations Wagner alleges involve his belief that the email header information should have been more specific. He claims, for example, that the "from" line must indicate the full name of the company sending the email, and objects that an email advertising ProvideInsurance.com used the "from" name "Auto Insurance" rather than "ProvideInsurance.com." (Complaint, ¶¶ 55-58.) He explains that "a reasonable recipient could believe that "Auto Insurance" refers to hundreds if not thousands of websites related to auto

insurance." (Id., ¶ 56 [emphasis in original].) But Wagner does not identify any misrepresentations. He merely identifies a lack of specificity, e.g., "from" lines such as "Dream Car", linking to <AutomotiveFinancial.com>, and "SocialWorkerPrograms" linking to <BecomeASocialWorker.info>. These are not misrepresentations; they are, at best, instances of inexact labeling which are preempted by CAN-SPAM.

### 2. Wagner was not misled by the allegedly offending emails.

Even if the email header information misrepresented a fact, Wagner does not, and cannot, plead that he was misled by any of the emails. Consequently, there was no fraud. It is settled law in California that to state a cause of action for fraud based on a misrepresentation, Wagner "must plead that [he] actually relied on the misrepresentation." (*Mirkin v. Wasserman* (1993) 5 Cal.4th 1082, 1089.)

Rather than claim that he was actually misled, Wagner speculates that "a reasonable recipient could believe . . ." that each of the emails in question was from a different entity than the one described in the "from" line. (Complaint, ¶¶ 56, 62, 68, 74, 80, 87, 96, 113, 122.) But fraud requires more than speculation that some hypothetical person might be mislead, and Wagner's claims accordingly fail.

### 3. Wagner suffered no harm.

"The law disregards trifles." (Civ. Code, § 3533.) Although Wagner baldly claims that he was damaged (Complaint, ¶¶ 6, 151), he alleges only that he received emails. California courts will not award damages to plaintiffs whose harm is inconsequential. Wagner's opportunistic pursuit of riches through litigation calls to mind *Harris v. Time, Inc.* (1987) 191 Cal.App.3d 449, 458-59, in which a class action suit for breach of contract and unfair advertising was properly dismissed as *de minimis* where plaintiffs suffered no loss or damage other than having to open an envelope on the false hope of getting a free watch:

> This is not a case of the rich and powerful trampling on the poor and helpless, but simply one of pique at being tricked into opening a piece of junk mail through the false promise of the gift of a cheap plastic calculator watch . . . .

> This lawsuit is an absurd waste of the resources of this court, the superior court, the public interest law firm handling the case and the citizens of California whose taxes fund our judicial system. It is not a use for which our legal system is

9

1

designed . . . .

2

As a practical matter, plaintiffs' real complaint is that they were tricked into opening a piece of junk mail, not that they were misled into buying anything or

3

4

expending more than the effort necessary to open an envelope . . . A $15 million lawsuit, filed in a superior court underfunded and already overburdened with serious felony prosecutions and complex civil litigation involving catastrophic injury from asbestos, prescription drugs and intrauterine devices, is a vast overreaction . . .

5

6

(*Id.*) "A vast overreaction" is an excellent description of Wagner's demands in this case. He did

7

not negotiate or even make a demand. He proceeded straight to litigation, naming no less than

8

26 defendants in this lawsuit. At base, he seeks tens of thousands of dollars in damages and

9

attorney's fees for having to hit "delete" in his email program.

10

This "harm" is simply insufficient under California law. (*See Hoang v. Reunion.Com,*

11

*Inc.* (N.D.Cal. December 23, 2008) 2008 WL 5423326, *10, vacated in part on different grounds

12

by *Hoang v. Reunion.com, Inc.* (N.D.Cal. March 31, 2010) 2010 WL 1340535.) In *Hoang*, the

13

plaintiffs claimed fraud-based harm from the receipt, opening and reading of deceptive spam

14

emails. (*Id*. at p. *13.) The *Hoang* court held the state email claim was subject to dismissal

15

because the plaintiff failed to identify any harm caused by the receipt, opening, and reading of

16

the fraudulent emails:

17

18

19

[P]laintiffs cannot proceed with their claim under § 17529.5(a)(1) . . . in the absence of an allegation that each such plaintiff incurred some type of injury or damage as a result of his having taken action in reliance on defendant's assertedly false use of a third-party domain name in the email.

20

(*Id*. at p. *11.) The *Hoang* court further stated that the plaintiffs "failed to allege that any of the

21

four plaintiffs actually incurred an injury as a result of his or her having" received, opened, and

22

read the allegedly fraudulent emails. (*Id*. at p. *13.) Similarly, Wagner has failed to provide

23

evidence that he suffered damages from receiving, opening, or reading the alleged spam emails.

24

25

**E.      The Court Should Decline Wagner's Suggestion That It Ignore The Ninth Circuit's
*Gordon* Decision Regarding Preemption Of State Email Law.**

26

Wagner's complaint relies heavily on *Balsam v. Trancos, Inc.* (2012) 203 Cal.App.4th

27

1083 and *Hypertouch, Inc. v. ValueClick, Inc.* (2011) 192 Cal.App.4th 805, in support of his

28

argument that he is entitled to rely on state law to object to email header information.

1   (Complaint, ¶¶ 131, 134, 160.) As noted by Judge Hamilton in the nearly-identical *Riley* action,

2   Wagner's reliance is misplaced.

3          In *Balsam*, the California court of appeals held only that emails from domain names that

4   were not traceable to the senders through publicly available online searches posed a technical

5   violation of Section 17529.5 and survived preemption. (*Balsam v. Trancos, Inc.*, *supra*, 203

6   Cal.App.4th at p. 1102; see also *Hypertouch, Inc. v. ValueClick, Inc.*, *supra*, 192 Cal.App.4th at

7   p. 832). Wagner does not allege that the "from" lines are untraceable. Every business entity

8   which he alleges either sent or advertised in one of the 49 emails is named in this lawsuit and

9   was served with the complaint.

10          Even if one could read the *Balsam* and *Hypertouch* decisions as permitting California

11   courts to decide picayune email complaints that lack reliance or damages, that interpretation

12   would directly conflict with otherwise irrefutable authority that the CAN-SPAM Act preempts

13   such claims. Neither *Balsam* nor *Hypertouch* reconcile the vast judicial and statutory authority

14   that only state laws that codify "traditional tort theories" survive preemption. (*Gordon v.*

15   *Virtumundo*, *supra*, 575 F.3d at p. 1063; 15 U.S.C. § 7706.) As such, *Balsam* and *Hypertouch* are

16   not persuasive. Wagner's claim is preempted.

17

18   **F.   Wagner's Claims Are Also Insufficient Under The Plain Language Of Section 17529.5.**

19          Wagner raises claims regarding allegedly misleading "from" lines, and allegedly

20   misleading subject lines. All of Wagner's claims are preempted by CAN-SPAM. But even if they

21   were not, the claims would not satisfy the elements of Section 17529.5. Wagner's allegations

22   must be based on facts, and not speculation. (*Bell Atlantic Corp. v. Twombly* (2007) 550 U.S.

23   544, 555.) And although every factual allegation in the complaint is assumed to be true, Wagner

24   must still identify facts that entitle him to relief. (*Clegg v. Cult Awareness Network* (9th Cir.

25   1994) 18 F.3d 752, 754.)

26          Wagner claims that emails with subject lines such as "Fruit or Chocolate? Take Our $25

27   Snack Giftcard Survey" are misleading because they offer giftcards to survey respondents

28   without impossibly stating all of the conditions for receipt in the subject line. (Complaint, ¶¶ 88-

11

**MEMORANDUM IN SUPPORT OF DEMURRER TO COMPLAINT – SCV-252580**

90.) In order to constitute a violation of Section 17529.5, this email must be likely to mislead a recipient "*about a material fact* regarding *the contents or subject matter of the message.*" (Section 17529.5(a)(3) [emphasis added].) In *Asis Internet Servs. v. Member Source Media, LLC* (N.D.Cal. April 20, 2010) 2010 WL 1610066, the Northern District of California found email subject lines promising free giftcards misleading only where the body of the email did not offer a free gift. Wagner suggests that the subject line "Fruit or Chocolate? Take Our $25 Snack Giftcard Survey" violates Section 17529.5 because it leads a reasonable recipient to believe that she has an *unconditional* right to a *free* giftcard upon completion of a survey. (See Complaint, ¶¶ 88-90.) But taking every allegation in his complaint to be true, Wagner provides no factual or legal basis to believe Wagner's conclusory and baseless suspicion. And the Court should give no weight to that suspicion.

Similarly, Wagner's email "from" line claims fail to allege a cause of action on which relief can be granted. Emails must "contain[] or [be] accompanied by falsified, misrepresented, or forged header information" in order to violate Section 17529.5(a)(2). A "from" line need not describe the sender. Even fanciful domain names pass muster. (*Balsam v. Trancos, Inc.*, *supra*, 203 Cal.App.4th at p. 1098.) Because a domain name does not by itself make any "'representation' regarding the email's source" (*Kleffman v. Vonage Holdings Corp.* (2010) 49 Cal.4th 334, 345), a domain name must be "made-up *and* untraceable" "through the use of a publicly available database such as WHOIS" in order to violate Section 17529.5. (Emphasis added; *see also Asis Internet Servs. v. Member Source Media, LLC* (N.D.Cal. April 20, 2010) 2010 WL 1610066 at pp. *13-14 [holding that messages sent from accounts with domain names such as "greenthe.com," "consumerbargrewards.com," and "innocenttruthrevealed.com" did not violate Section 17529.5].)

Wagner does not allege that any email "from" line is untraceable without recourse to publicly available online searches. Instead, he admits he could identify the senders through WHOIS queries, UPS Store records and comparison of the URLs, but claims the email header information is "falsified, misrepresented, or forged" because—Wagner alleges—these searches led to "nonexistent" companies. (Complaint, ¶¶ 135, 137.) Wagner does not allege facts

1  supporting this claim. Wagner identified and sued every company that allegedly sent him an

2  email. (Complaint, ¶¶ 14-42.) He claims that they are either a wholly-owned subsidiary of Spire

3  Vision LLC, one of the named advertisers, or "a subsidiary or division or brand of XL Marketing

4  Corp.[,]" Spire Vision LLC's parent. (Id.)

5      A claim functionally identical to Wagner's was rejected by the California Supreme Court

6  in *Kleffman*. In *Kleffman*¸ the Court held that a series of emails with "from" lines such as

7  <superhugeterm.com>, <lowdirectsme.com> and other fanciful names did not violate

8  Section 17529.5 because each could be traced to a "marketing agent." (*Kleffman v. Vonage*

9  *Holdings Corp.*, *supra*, 49 Cal.4th 334.) Here, each can be traced to either a wholly-owned

10  subsidiary of Spire Vision LLC, one of the named advertisers, or "a subsidiary or division or

11  brand of XL Marketing Corp.[,]" Spire Vision LLC's parent. (Complaint, ¶¶ 14-42.) Wagner's

12  complaint makes clear that the domain names—no matter how fanciful—are traceable and do not

13  violate Section 17529.5. His allegations fail.

14

15  **G.    Wagner's Claims Are Also Insufficient Under The Plain Language Of
        Section 17538.5.**

16      Wagner does not have standing to pursue enforcement of his second cause of action.

17  Wagner seeks civil fines, punitive damages, and attorney's fees as a private attorney general.

18  (Complaint, ¶¶ E-G.) But Section 17538.5 allows a private citizen to pursue only an action for an

19  injunction, not an action for penalties. (*Chern v. Bank of America* (1976) 15 Cal.3d 866.)

20  Further, Section 17538.5 requires any private citizen to demonstrate that he has "suffered injury

21  in fact <u>and</u> has lost money or property as a result of a violation of this chapter." (Emphasis

22  added.) Wagner does not allege injury in fact, or that he has lost money or property. He

23  accordingly lacks standing.

24                          **V.    CONCLUSION**

25      Wagner opportunistically seeks money from 26 parties based on the receipt of a handful

26  of emails. But his claims are preempted by federal law, and do not even satisfy the elements of

27  any state law claim. This lawsuit is an absurd waste of the resources of this underfunded and

28  overburdened court. Unless Wagner can allege actual reliance or damages, his attempt to misuse

the court system in the pursuit of riches should be denied, and his complaint dismissed.

Date: May 2, 2013

**NEWMAN DU WORS LLP**

Leeor Neta, State Bar No. 233454
John Du Wors, State Bar No. 233913
Attorneys for Defendants Accelerize New Media
Inc., Achieve Opportunities, AgreeWizard, Digital
Publishing Corporation, Furturesdrive,
Junctionlights, Juniper Marketing, MediActivate
LLC, On Demand Research LLC, Opportunity
Central, Paths Direct, Prime Advertisers LLC,
PullSmart, Serve Clicks LLC, Spire Vision LLC,
Spire Vision Holdings Inc., Ward Media Inc., XL
Marketing Corporation and Youradshere

1  John Du Wors, State Bar No. 233913
   john@newmanlaw.com
2  Leeor Neta, State Bar No. 233454
   leeor@newmanlaw.com
3  NEWMAN DU WORS LLP
   1201 Third Avenue, Suite 1600
4  Seattle, WA 98101
   Telephone:     (206) 274-2800
5  Facsimile:      (206) 274-2801
6
7  Attorneys for Defendants

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA
                       COUNTY OF SONOMA
10

11  Christopher Wagner, an individual,          Civil Case No. SCV-252580

12                  Plaintiff,               **[PROPOSED] ORDER RE
                                             DEMURRER OF DEFENDANTS TO
13          v.                               COMPLAINT OF PLAINTIFF
                                             CHRISTOPHER WAGNER
14  Spire Vision LLC, a Delaware limited liability   (CCP § 430.10)**
    company, et al.,
15
                                             Hearing Date:  June 26, 2013
16                  Defendants.              Hearing Time:  3:30 pm
                                             Dept. No. 18
17                                           Judge: Hon. Nancy Case Shaffer

18

19

20

21

22

23

24

25

26

27

28

1    Defendants' demurrer to Plaintiff's complaint came on for hearing in Department 18 of

2  this Court on May 29, 2013. Leeor Neta appeared on behalf of Defendants Spire Vision LLC, et

3  al. _____ appeared on behalf of Plaintiff Christopher Wagner.

4    Having read and considered the demurrer, the memoranda filed by the parties, and having

5  heard argument of counsel,

6    IT IS ORDERED THAT:

7    [  ]    The demurrer to the First Cause of Action is sustained, without leave to amend.

8    [  ]    The demurrer to the Second Cause of Action is sustained, without leave to amend.

9    [  ]    The demurrer to the First Cause of Action is sustained, with leave to amend. The

10  amendment shall be filed within __ days of the date of service of notice of entry of this order.

11    [  ]    The demurrer to the Second Cause of Action is sustained, with leave to amend.

12  The amendment shall be filed within __ days of the date of service of notice of entry of this

13  order.

14    [  ]    The demurrer to the First Cause of Action is overruled.

15    [  ]    The demurrer to the Second Cause of Action is overruled.

16

17    DATED THIS _____ DAY OF _____, 2013.

18

19

20

21    _____
      Honorable Nancy Case Shaffer
      Judge of the Superior Court

22

23

24

25

26

27

28

**ORDER RE DEMURRER TO COMPLAINT – SCV-252580**

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Leeor Neta (State Bar 233454 )<br>Newman Du Wors<br>1201 Third Avenue, Suite 1600<br>Seattle, WA  98101<br>TELEPHONE NO.: (206) 274-2800   FAX NO. *(Optional)*: (206) 274-2801<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Spire Vision LLC et al. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sonoma
STREET ADDRESS: 3055 Cleveland Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa CA 95403
BRANCH NAME: Civil and Family Law Courthouse

PLAINTIFF/PETITIONER: Wagner

DEFENDANT/RESPONDENT  Spire Vision LLC et al.

| PROOF OF SERVICE—CIVIL | CASE NUMBER: |
|---|---|
| **Check method of service** *(only one):* | SCV-252580 |

| | | | JUDGE: Mark Tansil |
|---|---|---|---|
| ☐ **By Personal Service** | ☐ **By Mail** | ☑ **By Overnight Delivery** | DEPT.: 18 |
| ☐ **By Messenger Service** | ☐ **By Fax** | ☐ **By Electronic Service** | |

*(Do not use this proof of service to show service of a Summons and complaint.)*

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My residence or business address is:

    1201 Third Avenue, Suite 1600, Seattle, WA  98101

3. ☐  The fax number or electronic notification address from which I served the documents is *(complete if service was by fax or electronic service)*:

4. On *(date)*: May 2, 2013          I served the following **documents** *(specify)*:

    DEMURRER OF DEFENDANTS TO COMPLAINT OF PLAINTIFF CHRISTOPHER WAGNER ;
    MEMORANDUM IN SUPPORT OF DEMURRER; NOTICE OF HEARING; PROPOSED ORDER

    ☐  The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:

    a. Name of person served:  Daniel L. Balsam
    b. ☑  *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
        Business or residential address where person was served:
        Law Offices of Daniel Balsam, 2912 Diamond Street #218, San Francisco, CA 94131

    c. ☐  *(Complete if service was by fax or electronic service.)*
        (1) Fax number or electronic notification address where person was served:

        (2) Time of service:
    ☑  The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify)*:

    a. ☐  **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

*(Continued on back)*

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-040 [Rev. January 1, 2009] | **PROOF OF SERVICE—CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure, §§ 1010.6, 1011, 1013, 1013a,<br>2015.5; Cal. Rules of Court, rules 2.260, 2.306<br>www.courtinfo.ca.gov |
|---|---|---|
| | | American LegalNet, Inc.<br>www.FormsWorkflow.com |

POS-040

| CASE NAME: | CASE NUMBER: |
|---|---|
| Wagner v. Spire Vision LLC | SCV-252580 |

6. b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one)*:

(1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2) ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state)*:

c. ☑ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☐ **By electronic service.** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed in item 5. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 2, 2013

Sarah Skaggs
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

POS-040 [Rev. January 1, 2009]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

POS-040(P)

| SHORT TITLE:<br>Wagner v. Spirevision LLC et al | CASE NUMBER:<br>SCV-252580 |
|---|---|

## ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)

*(This attachment is for use with form POS-040.)*

**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| **Name of Person Served**<br>*(If the person served is an attorney, the party or parties represented should also be stated.)* | **Where Served**<br>*(Provide business or residential address where service was made by personal service, mail, overnight delivery, or messenger service. For other means of service, provide fax number or electronic service address, as applicable.)* | **Time of Service**<br>*(Complete for service by fax transmission or electronic service.)* |
|---|---|---|
| Lifescript, Inc.<br>Kevan Fornasero | Perkins Coie LLP<br>4 Embarcadero Center, Suite 2400<br>San Francisco, CA 94111 | Time: _____ |
| Christopher Wagner<br>Timothy James Walton | Law Offices of Timothy Walton<br>9515 Soquel Drive, Suite 207<br>Aptos, CA 95003 | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |

**ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)**
**(Proof of Service)**

ENDORSED
FILED

MAY -3 2013

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

1   KEVAN FORNASERO, Bar No. 274943
    KFornasero@perkinscoie.com
2   PERKINS COIE LLP
    Four Embarcadero Center, Suite 2400
3   San Francisco, CA 94111-4131
    Telephone: 415.344.7000
4   Facsimile: 415.344.7050

5   JIM MCCULLAGH (*Of Counsel*)
    JMcCullagh@perkinscoie.com
6   1201 Third Avenue, Suite 4900
    Seattle, Washington 98101
7   Telphone: 206.359.8000
    Facsimile: 206.359.9000

8

    Attorneys for Defendant
9   LIFESCRIPT, INC.

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                          COUNTY OF SONOMA

12

13

14  CHRISTOPHER WAGNER,              No. SCV-252580

15              Plaintiff,           PROOF OF SERVICE

16       v.

17  SPIRE VISION LLC, *et al.*,

18              Defendant.

19

20                                              BY FAX

21

22

23

24

25

26

27

28

LEGAL26613305.1                         PROOF OF SERVICE
                                        CASE NO. SCV-252580

1     I, Sheila Merrill, am a citizen of the United States and employed in San Francisco County,

2  California.  I am over the age of eighteen years and not a party to the within-entitled action.  My

3  business address is Perkins Coie, LLP, Four Embarcadero Center, Suite 2400, San Francisco,

4  California  94111-4131.  I am personally familiar with the business practices of Perkins Coie,

5  LLP.  On May 3, 2013, I caused the following document(s) to be served on the following parties

6  by the manner specified below:

7     1.  **VERIFIED AMENDED ANSWER OF LIFESCRIPT, INC. TO**
         **PLAINTIFF'S VERIFIED COMPLAINT;**
8
9     2.  **PROOF OF SERVICE**

10  *Via U.S. Mail Only*
    Mr. Leeor Neta
11  *Counsel for Defendant Spire Vision LLC*
    Newman Du Wors
12  1201 Third Avenue, Suite 1600
    Seattle, Washington 98101
13

14  __X__    (U.S. Mail)  I caused envelopes containing each document to be placed in a sealed
             envelope with postage thereon fully prepaid, the United States mail at San Francisco,
15           California addressed as set forth above.

16     I declare under penalty of perjury under the laws of the State of California that the above

17  is true and correct.

18     Executed on May 3, 2013, at San Francisco, California.

19

20                                              _____
                                                     Sheila Merrill
21

22

23

24

25

26

27

28

John Du Wors, State Bar No. 233913
john@newmanlaw.com
Leeor Neta, State Bar No. 233454
leeor@newmanlaw.com
NEWMAN DU WORS LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101
Telephone:    (206) 274-2800
Facsimile:     (206) 274-2801

Attorneys for Defendants

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SONOMA

| | |
|---|---|
| Christopher Wagner, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>Spire Vision LLC, a Delaware limited liability company, et al.,<br><br>    Defendants. | Civil Case No. SCV-252580<br><br>**OPPOSITION TO PLAINTIFF'S DEMURRER TO THE NON-OPERATIVE FEDERAL COURT ANSWER (CCP § 430.30)**<br><br>Hearing Date:  May 29, 2013<br>Hearing Time:  3:30 pm<br>Dept. No. 18<br>Judge: Hon. Nancy Case Shaffer |

Defendants Accelerize New Media Inc., Achieve Opportunities, AgreeWizard, Digital Publishing Corporation, Furturesdrive, Junctionlights, Juniper Marketing LLC, MediActivate LLC, On Demand Research LLC, Opportunity Central, Paths Direct, Prime Advertisers LLC, PullSmart, Serve Clicks LLC, Spire Vision LLC, Spire Vision Holdings Inc., Ward Media Inc., XL Marketing Corporation and Youradshere ("Defendants") respectfully oppose Plaintiff Christopher Wagner's ("Plaintiff") Demurrer to the non-operative answer filed in federal court by Defendants prior to remand.

A demurrer challenges the legal sufficiency of only the *operative* pleading, not prior pleadings. See Hon. Robert I. Weil (Ret.) et al., Cal. Practice Guide: Civ. Proc. Before Trial ¶ 6:704 (2011 ed.) ("[A]n amended pleading making substantive changes . . . *supersedes* the original.") (emphasis added; citing *State Comp. Ins. Fund v. Super. Ct. and Onvoi Bus. Solutions, Inc.* (2010) 184 Cal. App. 4th 1124, 1130-31).

The answer filed by Defendants in federal court prior to remand is *not* the operative pleading. After Plaintiff first initiated this lawsuit, Defendants timely removed to federal court. (*See* Federal Court Dkt. No. 1.) Once in federal court, Defendants timely moved to dismiss Plaintiff's complaint, simultaneously filing an answer that met the federal court's pleading requirements. (*See* Federal Court Dkt. Nos. 15-16.) The federal court then directed the clerk to remand this matter to the Sonoma County Superior Court (*See* Federal Court Dkt. Nos. 69-70), after which Plaintiff filed the present Demurrer: a Demurrer to Defendant's federal court answer.[1]

On May 2, 2013, Defendants filed before this Court a Demurrer to Plaintiff's complaint ("Defendants' Demurrer"). Defendants' Demurrer complies with this Court's pleading requirements. Defendants' Demurrer is also timely because Defendants had sought in federal court a motion to dismiss raising the same issues and the federal court

---

[1] Defendants do not now and have never insisted that Plaintiff would not be entitled to a verified response if and when Defendants lodge an answer in this Court.

did *not* rule on that motion. (See Code Civ. Proc., § 430.90(a)(2)(B).) Defendants'
Demurrer is due to be heard on June 26, 2013 and is Defendants' only operative
response.

     For all of the foregoing reasons, the Court should overrule Plaintiff's Demurrer to
the non-operative federal court answer.

     Date: May 15, 2013           **NEWMAN DU WORS LLP**

                                           _____

Leeor Neta, State Bar No. 233454
John Du Wors, State Bar No. 233913
Attorneys for Defendants Accelerize New
Media Inc., Achieve Opportunities,
AgreeWizard, Digital Publishing Corporation,
Furturesdrive, Junctionlights, Juniper Marketing
LLC, MediActivate LLC, On Demand Research
LLC, Opportunity Central, Paths Direct, Prime
Advertisers LLC, PullSmart, Serve Clicks LLC,
Spire Vision LLC, Spire Vision Holdings Inc.,
Ward Media Inc., XL Marketing Corporation
and Youradshere

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Leeor Neta (State Bar 233454 )<br>Newman Du Wors<br>1201 Third Avenue, Suite 1600<br>Seattle, WA  98101 | |

TELEPHONE NO.:  (206) 274-2800     FAX NO. *(Optional)*:  (206) 274-2801
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:  Spire Vision LLC et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sonoma
STREET ADDRESS: 3055 Cleveland Avenue
MAILING ADDRESS:
CITY AND ZIP CODE:  Santa Rosa CA 95403
BRANCH NAME:  Civil and Family Law Courthouse

PLAINTIFF/PETITIONER:  Wagner

DEFENDANT/RESPONDENT  Spire Vision LLC et al.

CASE NUMBER:
SCV-252580

| PROOF OF SERVICE—CIVIL | |
|---|---|
| **Check method of service** *(only one)*: | |
| ☐ By Personal Service   ☐ By Mail   ☑ By Overnight Delivery | JUDGE: Mark Tansil |
| ☐ By Messenger Service   ☐ By Fax   ☐ By Electronic Service | DEPT.: 18 |

### *(Do not use this proof of service to show service of a Summons and complaint.)*

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My residence or business address is:

   1201 Third Avenue, Suite 1600, Seattle, WA  98101

3. ☐   The fax number or electronic notification address from which I served the documents is *(complete if service was by fax or electronic service):*

4. On *(date):* May 15, 2013       I served the following **documents** *(specify):*

   OPPOSITION TO PLAINTIFF'S DEMURRER TO THE NON-OPERATIVE FEDERAL COURT
   ANSWER (CCP § 430.30)

   ☐   The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served:  Daniel L. Balsam
   b. ☑ *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
      Business or residential address where person was served:
      Law Offices of Daniel Balsam, 2912 Diamond Street #218, San Francisco, CA 94131

   c. ☐   *(Complete if service was by fax or electronic service.)*
      (1)  Fax number or electronic notification address where person was served:

      (2)  Time of service:

   ☑ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*
   a. ☐   **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

*(Continued on back)*

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-040 [Rev. January 1, 2009] | **PROOF OF SERVICE—CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure., §§ 1010.6, 1011, 1013, 1013a,<br>2015.5; Cal. Rules of Court, rules 2.260, 2.306<br>*www.courtinfo.ca.gov* |
|---|---|---|
| | | American LegalNet, Inc.<br>www.FormsWorkflow.com |

POS-040

| CASE NAME | CASE NUMBER: |
|---|---|
| Wagner v. Spire Vision LLC | SCV-252580 |

6. b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one)*:

    (1) ☐   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☐   placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state)*:

  c. ☑ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

  d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

  e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

  f. ☐ **By electronic service.** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed in item 5. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 15, 2013

Sarah Skaggs
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

POS-040(P)

| SHORT TITLE:<br>Wagner v. Spirevision LLC et al | CASE NUMBER:<br>SCV-252580 |
|---|---|

## ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)

*(This attachment is for use with form POS-040.)*

**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| **Name of Person Served**<br><br>*(If the person served is an attorney, the party or parties represented should also be stated.)* | **Where Served**<br><br>*(Provide business or residential address where service was made by personal service, mail, overnight delivery, or messenger service. For other means of service, provide fax number or electronic service address, as applicable.)* | **Time of Service**<br><br>*(Complete for service by fax transmission or electronic service.)* |
|---|---|---|
| Lifescript, Inc.<br>Kevan Fornasero | Perkins Coie LLP<br>4 Embarcadero Center, Suite 2400<br>San Francisco, CA 94111 | Time: _____ |
| Christopher Wagner<br>Timothy James Walton | Law Offices of Timothy Walton<br>9515 Soquel Drive, Suite 207<br>Aptos, CA 95003 | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |

By Fax

COPY

1  John Du Wors, State Bar No. 233913
2  john@newmanlaw.com
   Leeor Neta, State Bar No. 233454
3  leeor@newmanlaw.com
   NEWMAN DU WORS LLP
4  1201 Third Avenue, Suite 1600
   Seattle, WA 98101
5  Telephone:   (206) 274-2800
6  Facsimile:   (206) 274-2801
7  Attorneys for Defendants
8

ENDORSED
FILED

MAY 24 2013

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

L&M TENTATIVE RULINGS are
available after 2:00 p.m. on the court
day prior to the scheduled hearing:
http://www.SonomaSuperiorCourt.com
OR (707) 521-6881

9        SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                      COUNTY OF SONOMA
11

12  Christopher Wagner, an individual,

13              Plaintiff,

14       v.

15  Spire Vision LLC, a Delaware limited liability
    company, et al.,
16

17              Defendants.

18

19

20

Civil Case No. SCV-252580

**DEFENDANTS' NOTICE OF
MOTION AND MOTION FOR
PROTECTIVE ORDER OR, IN
THE ALTERNATIVE, FOR A
STAY OF DISCOVERY AND
IMPLEMENTATION OF A CASE
MANAGEMENT ORDER**

Hearing Date: AUG 2 1 2013
Hearing Time: 3:20
Dept. No. 18
Judge: Hon. Nancy Case Shaffer

21

22

23

24

25

26

27

28

1

TO EACH PARTY AND THEIR COUNSEL OF RECORD:

Defendants Accelerize New Media Inc., Achieve Opportunities, AgreeWizard, Digital Publishing Corporation, Furturesdrive, Junctionlights, Juniper Marketing, MediActivate LLC, On Demand Research LLC, Opportunity Central, Paths Direct, Prime Advertisers LLC, PullSmart, Serve Clicks LLC, Spire Vision LLC, Spire Vision Holdings Inc., Ward Media Inc., XL Marketing Corporation and Youradshere ("Defendants") jointly and severally move this Court for an order relieving Defendants from responding to Plaintiff Christopher Wagner's ("Plaintiff") **6,155** discovery requests, including 18 separate sets of 23 Form Interrogatories, ten separate sets of over 240 Special Interrogatories, ten separate sets of 47 or more Requests for Production, and ten separate sets of 280 or more Requests for Admission.

In the alternative, Defendants request a stay of discovery pending a ruling on the Demurrer to Plaintiff's complaint, dated May 2, 2013. Said Demurrer is presently before this Court. If the Demurrer is granted, Plaintiff's complaint will be dismissed in whole or in part and there will be no need for—or at least fewer issues subject to—discovery. Given Plaintiff's discovery abuses, a stay will also provide an opportunity for Defendants to seek the appointment of a discovery referee. Because this case presents exceptional circumstances, Defendants also request that the Court impose an orderly procedure for discovery through a case management order.

This motion is made pursuant to Code of Civil Procedure Sections 2030.090, 2031.060, 2019.030 and 2017.020. Requiring responses to this voluminous discovery would be unduly burdensome, harassing and unwarranted. Good cause thus exists to deny the discovery and/or stay responses pending a ruling on the Demurrer to the complaint, appointment of a discovery referee, and implementation of a case management order. The appointment of a discovery referee and implementation of a case management order will expedite the prosecution of the case whether or not the Demurrer to the complaint is denied.

The motion is based on this notice of motion and motion, the memorandum of

**MOTION FOR PROTECTIVE ORDER – SCV-252580**

1  points and authorities filed concurrently herewith, the declaration of Leeor Neta filed

2  concurrently herewith, the pleadings and files in this action and contained in the court's

3  file, and upon such oral and documentary evidence as may be presented at the time of

4  said hearing on this motion.

5

6      Date: May 23, 2013                **NEWMAN DU WORS LLP**

7

8                                         _____

9                                         Leeor Neta, State Bar No. 233454
                                          John Du Wors, State Bar No. 233913
10                                        Attorneys for Defendants Accelerize New
                                          Media Inc., Achieve Opportunities,
11                                        AgreeWizard, Digital Publishing Corporation,
                                          Furturesdrive, Junctionlights, Juniper
12                                        Marketing, MediActivate LLC, On Demand
                                          Research LLC, Opportunity Central, Paths
13                                        Direct, Prime Advertisers LLC, PullSmart,
                                          Serve Clicks LLC, Spire Vision LLC, Spire
14                                        Vision Holdings Inc., Ward Media Inc., XL
                                          Marketing Corporation and Youradshere
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION FOR PROTECTIVE ORDER – SCV-252580**

1    John Du Wors, State Bar No. 233913
     john@newmanlaw.com
2    Leeor Neta, State Bar No. 233454
3    leeor@newmanlaw.com
     NEWMAN DU WORS LLP
4    1201 Third Avenue, Suite 1600
     Seattle, WA 98101
5    Telephone:   (206) 274-2800
6    Facsimile:   (206) 274-2801

7    Attorneys for Defendants

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                        COUNTY OF SONOMA

11

12   Christopher Wagner, an individual,          Civil Case No. SCV-252580

13                  Plaintiff,                   **MEMORANDUM IN SUPPORT OF**
                                                 **DEFENDANTS' MOTION FOR**
14           v.                                  **PROTECTIVE ORDER OR, IN**
                                                 **THE ALTERNATIVE, FOR A**
15   Spire Vision LLC, a Delaware limited liability   **STAY OF DISCOVERY AND**
16   company, et al.,                           **IMPLEMENTATION OF A CASE**
                                                 **MANAGEMENT ORDER**
17                  Defendants.
                                                 AUG 2 1 2013
18                                               Hearing Date: _____, 2013
                                                 Hearing Time: _____
19                                               Dept. No. 18
20                                               Judge: Hon. Nancy Case Shaffer

21

22

23

24

25

26

27

28

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER – SCV-252580**

COPY

By Fax

ENDORSED
FILED

MAY 2 4 2013

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................... 1

II.    FACTUAL BACKGROUND ......................................................... 2

       A.    Plaintiff Complains That He Received 49 Emails That Allegedly Violate
             Technical Requirements For Labeling Of Commercial Email And
             Correspondence. .......................................................... 2

       B.    Plaintiff Served *6,155* Discovery Requests, Most Of Which Are Wholly
             Irrelevant And Designed To Harass. ............................... 3

       C.    Plaintiff Rebuffed Defendants' Efforts To Narrow His Voluminous
             Discovery ..................................................................... 5

III.   DISCUSSION .............................................................................. 7

       A.    This Court Has Broad Power And Authority To Control And Prevent
             Abuse Of The Discovery Process. .................................. 7

       B.    Good Cause Is Shown Why Defendants Should Not Have to Respond To
             Plaintiff's Voluminous, Unduly Burdensome, Harassing and Unwarranted
             Discovery ..................................................................... 9

       C.    The Presence of A Punitive Damage Claim Does Not Permit Such Overly
             Broad Intrusions Into Private Financial Information. ....... 10

       D.    Because Plaintiff's Discovery Is Based On A Potentially Inoperative
             Complaint, A Protective Order Is Appropriate. .............. 12

       E.    In The Alternative, The Court Should Stay The Discovery Pending
             Resolution Of The Demurrer To The Complaint. ............ 12

       F.    In The Alternative, The Court Should Stay The Discovery Pending
             Appointment Of A Discovery Referee. .......................... 13

       G.    This Case Presents Exceptional Circumstances That Merit Imposition Of A
             Case Management Order. .............................................. 13

       H.    Defendants Reasonably And In Good Faith Attempted To Informally
             Resolve The Dispute Prior To The Filing Of This Motion. ......... 15

IV.    CONCLUSION ........................................................................... 15

**Cases**

*Burke v. Superior Court*
  (1969) 71 Cal.2d 276 ...................................................................................... 8

*Calcor Space Facility, Inc. v. Superior Court*
  (1997) 53 Cal.App.4th 216 ................................................................. 8, 9, 10

*Chern v. Bank of America*
  (1976) 15 Cal.3d 866 ..................................................................................... 3

*Columbia Broadcasting System, Inc. v. Superior Court*
  273 Cal.App.2d 12 ......................................................................................... 8

*Davison Design & Development, Inc. v. Cathy Riley*
  (N.D.Cal. September 13, 2012, No. 11-2970-PJH) ...................................... 14

*Day v. Rosenthal*
  (1985) 170 Cal.App.3d 1125 ........................................................................ 12

*Dowden v. Superior Court*
  (1999) 73 Cal.App.4th 126 ............................................................................. 8

*Emerson Electric Co. v. Superior Court*
  (1997) 16 Cal.4th 1101 ................................................................................... 8

*Obregon v. Superior Court*
  (1998) 67 Cal.App. 4th 424 ............................................................................ 7

*Rawnsley v. Superior Court*
  (1986) 183 Cal.App.3d 86 ............................................................................ 10

*Richards v. Superior Court*
  (1978) 86 Cal.App.3d 265 ...................................................................... 10, 11

*West Pico Furniture Co. of Los Angeles v. Superior Court*
  (1961) 56 Cal.2d 407 ...................................................................................... 8

**Rules**

California Rules of Court, Rules 3.710 through 3.716 .................................... 13

**Statutes**

California Business and Professions Code § 17529.1 ...................................... 3

California Business and Professions Code § 17529.5 ............................... 1, 2, 3

California Business and Professions Code § 17538.5 ............................... 1, 2, 3

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER – SCV-252580**

California Business and Professions Code § 2017.020 .........................................................7

California Business and Professions Code § 2019.030 .......................................................7

California Business and Professions Code § 2030.040 .................................................... 10

California Business and Professions Code § 2030.090 ......................................... 7, 10, 15

California Code Civ. Proc., § 639(a) ............................................................................... 13

1  **MEMORANDUM OF POINTS AND AUTHORITIES**

2  ## I.  INTRODUCTION

3       Defendants Spire Vision LLC and its affiliates ("Defendants") seek this Court's

4  assistance in halting a discovery situation that has spun completely out of control. The

5  only relevant issue in this case is whether 49 emails received by Plaintiff Christopher

6  Wagner ("Plaintiff") run afoul of California Business and Professions Code, Section

7  17529.5 and 17538.5's technical email and correspondence labeling requirements.

8  Despite the limited issues involved, Plaintiff has propounded **6,155** discovery requests,

9  including 18 separate sets of 23 Form Interrogatories, ten separate sets of over 240

10 Special Interrogatories, ten separate sets of 47 or more Requests for Production, and ten

11 separate sets of 280 or more Requests for Admission. Court intervention is needed to

12 excuse Defendants from responding to this oppressive and by no other explanation,

13 harassing discovery, for the following reasons:

14       1.       Responding to **6,155** discovery requests is unduly burdensome, harassing

15 and unwarranted since the discovery as drafted appears solely to burden, harass, and

16 ultimately embarrass Defendants. Plaintiff's suggestion that Defendants limit its burden

17 by stipulating to whole categories of requests or answering collectively are unavailing. A

18 collective response is impossible, given that the Defendants are separate entities who

19 would necessarily respond differently to the duplicate requests.  Defendants also should

20 not be forced to stipulate because they cannot afford to spend six months reviewing and

21 responding to discovery.

22       2.       Requiring Defendants to respond to **6,155** discovery requests—based

23 exclusively on the allegations set forth in the complaint—is unduly burdensome,

24 harassing and unwarranted since the complaint may be dismissed and/or amended due to

25 a Demurrer, dated May 2, 2013, presently before this Court. If the Court grants the

26 Demurrer, responses to this discovery will be unnecessary.

27       Since this Court has authority and significant latitude to preclude abuse of the

28 discovery process, Defendants respectfully request that the Court enter an order

1

precluding them from having to respond to this discovery. Alternatively, Defendants request a stay of discovery pending ruling on the Demurrer to the complaint. Given Plaintiff's discovery abuses, a stay will also provide an opportunity for Defendants to seek the appointment of a discovery referee. Because this case presents exceptional circumstances, Defendants also request that the Court impose an orderly procedure for discovery through a case management order.

## II.    FACTUAL BACKGROUND

**A.    Plaintiff Complains That He Received 49 Emails That Allegedly Violate Technical Requirements For Labeling Of Commercial Email And Correspondence.**

Plaintiff alleges that he received 49 emails, which he claims violate either Sections 17529.5 or 17538.5 of the California Business & Professions Code.[1] Plaintiff's lawsuit names 26 different entities. Eighteen of these entities are commercial email distributors (the "Defendants"). The remainder are advertisers and advertising clients, some of whom have yet to appear.

In relevant part, Section 17529.5 provides as follows:

It is unlawful for any person or entity to advertise in a commercial e-mail advertisement either sent from California or sent to a California electronic mail address under any of the following circumstances:

(1) The e-mail advertisement *contains or is accompanied by a third-party's domain name without the permission of the third party.*

(2) The e-mail advertisement *contains or is accompanied by falsified, misrepresented, or forged header information.* This paragraph does not apply to truthful information used by a third party who has been lawfully authorized by the advertiser to use that information.

(3) The e-mail advertisement *has a subject line that a person knows would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact* regarding the contents or subject matter of the message.

(Emphasis added.) Recipients of such email who demonstrate that they did "not provide[] direct consent to receive advertisements from the advertiser[,]" and that they did not have

---

[1] Unidentified section references hereafter are to the Business & Professions Code.

1  "preexisting or current business relationship[s]" with the advertiser may recover

2  liquidated damages of $1,000 per email. (Section 17529.1(o) and Section 17529.5(b).)

3  Advertisers that demonstrate they implemented "practices and procedures reasonably

4  designed to effectively prevent unsolicited commercial e-mail advertisements" are able to

5  reduce the liquidated damages recoverable by 10%. (Section 17529.5(b).)

6      In relevant part, Section 17538.5 provides as follows:

7      It is unlawful in the sale or offering for sale of consumer goods or services
       for any person conducting, any business in this state . . . to fail to disclose
8      the legal name under which business is done and . . . the complete street
       address from which business is actually conducted in all advertising and
9      promotional materials, including order blanks and forms.

10

11  Section 17538.5 allows a private citizen to pursue only an action for an injunction, not an

12  action for penalties. (*Chern v. Bank of America* (1976) 15 Cal.3d 866, 875.) Further,

13  Section 17538.5 requires any private citizen to demonstrate that he has "suffered injury in

14  fact *and* has lost money or property as a result of a violation of this chapter." (Emphasis

15  added.)

16

17  **B.    Plaintiff Served *6,155* Discovery Requests, Most Of Which Are Wholly
            Irrelevant And Designed To Harass.**

18      Shortly after this matter was removed to and then returned from federal court,

19  counsel for Plaintiff contacted counsel for Defendants regarding discovery. (Declaration

20  of Leeor Neta, dated May 23, 2013 ("Neta Decl."), ¶ 2.) He warned that "discovery will

21  be . . . extensive" unless Defendants permitted Plaintiff to treat them as a single

22  conglomerate, when in fact they are separate—though affiliated—corporations, LLCs,

23  and DBAs. (*Id*.) Defendants felt compelled to refuse, concerned with how they would

24  provide a collective response to requests regarding multiple emails for which everyone

25  was not even allegedly responsible. (*Id*.)

26      Plaintiffs then served Defendants with ***6,155*** discovery requests. (Neta Decl., ¶ 3.)

27  All 18 Defendants received a separate set of 23 Form Interrogatories. (*Id*.) Upon each of

28  10 Defendants, Plaintiff also served a separate set of over 240 Special Interrogatories, a

separate set of 47 or more Requests for Production, and a separate set of 280 or more Requests for Admission. (*Id*.) Upon review, it became clear that most of the requests had little direct connection to the elements of Plaintiff's causes of action, i.e., whether the emails at issue contain unauthorized third-party domain names; falsified, misrepresented, or forged header information; or objectively and materially misleading subject lines. (*Id*.) Most of the requests failed to address the matter of direct consent to receive the emails, as well as Defendants' efforts to effectively prevent unsolicited commercial e-mail advertisements. (*Id*.)

Instead, Plaintiff's voluminous discovery addressed a host of matters not reasonably calculated to lead to the discovery of admissible evidence. From ten Defendants, Plaintiff demanded the number of email addresses to which each Defendant had sent commercial email to anyone, as well as the number of email advertisements; the amount of money each Defendant received from any advertising client; consideration received in exchange for receipt of Plaintiff's multiple email addresses; each Defendant's corporate structure and affiliation with every other Defendant; any brands, addresses, or domain names used by the Defendants and explanations as to how they "facially identify" Defendants; any efforts to tailor marketing campaigns to the needs of any advertising client; and all contracts, communications, checks, and electronic payments between numerous Defendants. (Special Interrogatories, attached as Exhibit 1 to Neta Decl., Nos. 3-6, 18-20, 29-36, 173, 176, 178, 180, 182, 184, 186-194; Requests for Production, attached as Exhibit 2 to Neta Decl., Nos. 7, 22, 29-35; Requests for Admission, attached as Exhibit 3 to Neta Decl., Nos. 86, 90, 94, 98, 102, 106, 110, 114, 118, 122, 126, 130, 134, 138, 142, 146, 150, 154, 166, 170, 174, 178, 182, 186.)[2]

While Plaintiff needlessly duplicated requests by asking the same question multiple times—often by replacing one word with a synonym (*see*, *e.g.*, Neta Decl.,

---

[2] Because each set is identical, every reference to a specific Form Interrogatory, Special Interrogatory, Request for Production or Request for Admission is intended to refer to every such request in all the duplicate sets.

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER – SCV-252580**

Ex. 1, Nos. 14-16; Ex. 2, Nos. 7-12)—Plaintiff also managed to lodge numerous compound requests, e.g., "If you claim that *every* from name of *every* commercial email advertisement at issue in this lawsuit does not misrepresent who the advertisers are, state all facts that support your claim." (*See, e.g.*, Neta Decl., Ex. 1, Nos. 195-199 [emphasis added].) Most of Plaintiff's Requests for Admission frustrate a response by employing, but not defining the term "identify." (*See, e.g.*, Neta Decl., Ex. 3, Nos. 189, 192-94, 196-99, 201-03, 205-06, 208-14, 216-18, 220-22, 224-26, 228-30, 232-34, 236-37, 239-40, 242-43, 245-46, 248.) Each Defendant found it impossible to answer most of the Form Interrogatories, all of which vaguely defined the relevant incident as the "[s]ending of commercial emails to [Plaintiff]." (Form Interrogatories, attached as Exhibit 4 to Neta Decl.) And Plaintiff asked questions that would be impossible to answer because responsive information—if any existed—would be in the hands of third parties, e.g., "Produce all documents demonstrating that, when you advertised in commercial email advertisements in 2012 *sent by third parties*, all recipients . . . gave direct consent to receive them." (Neta Decl., Ex. 2, No. 14 [emphasis added]; *see also* Neta Decl., Ex. 3, Nos. 6, 9-12, 20; Authentication Nos. 2-7, 20-28.)

Most of Plaintiff's requests evinced no effort at limitation. Plaintiff demanded the names and contact information for nearly every one of Defendants' employees. (*See, e.g.*, Neta Decl., Ex. 1, Nos. 208-214.) Plaintiff fixed upon each Defendants' efforts to market or promote another Defendant's brand, e.g., "State all actions you have taken to promote 'Achieve Opportunities' as a brand." (Neta Decl., Ex. 1, Nos. 97-99, 106-108, 115-117, 124-126, 132-133, 141-143, 149-151, 157-159; Neta Decl., Ex. 2, Nos. 25-27; Neta Decl., Ex. 3, Nos. 33, 40, 50, 51, 62, 63, 71, 78.) Plaintiff also asked Defendants for information about Plaintiff's *own* attorney and his spam litigation practice. (Neta Decl., Ex. 1, Nos. 7-10.) And Plaintiff broadly inquired about any complaints Defendants may have received, whether related to email advertising or not. (Neta Decl., Ex. 1, No. 241.)

**C.  Plaintiff Rebuffed Defendants' Efforts To Narrow His Voluminous Discovery.**

After spending several hours reviewing Plaintiff's voluminous discovery, counsel

for Defendants—Leeor Neta—contacted Plaintiff's attorneys—Daniel Balsam and Timothy Walton—in an effort to meet and confer in good faith. (Neta Decl., ¶ 8.) On Friday, May 2, they spoke by phone for nearly two and a half hours. (*Id.*) During that time, the attorneys were able to discuss only a small fraction of the discovery. (*Id.*) Still, Mr. Balsam and Mr. Walton made clear their position that Defendants were at fault for the number of requests, because Defendants refused to allow themselves to be treated as a single conglomerate and provide a collective response. (*Id.*)

Mr. Neta explained why a collective response was impossible, noting that no effort was made to tailor each request to each Defendant and that instead Plaintiff copied and pasted piles of requests to all Defendants. (Neta Decl., ¶ 9.) Mr. Neta also explained that there were whole categories of requests—within individual sets of discovery—for which the burden of response outweighed any possible utility, thus undermining Plaintiff's position that a collective response would solve the problem. (*Id.*) Finally, Mr. Neta explained that most of the requests seemed intentionally overbroad and duplicative. (*Id.*) Plaintiff's attorneys responded: "Answer with what you can and if we think it's sufficient, we won't move to compel." (*Id.*) Asked for the rationale behind numerous requests, Mr. Walton made clear his intention to attempt to embarrass Defendants, stating he could not wait to "put this in front of a jury." (*Id.*)

On Monday, May 6, Mr. Balsam contacted Mr. Neta via email. (See Email from Daniel Balsam, dated May 6, 2013, attached as Exhibit 5 to Neta Decl.) He again suggested that the discovery could be reduced by "NINETY PERCENT" if Defendants provided a collective response.  (*Id.* [emphasis in original].) Mr. Balsam also suggested that a collective response would eliminate the need for a response to 170—or less than 3%—of the whole volume, and perhaps more, but provided no details. (*Id.*) Finally, Mr. Balsam suggested that a stipulation regarding liability could "remove entire categories of questions." (*Id.*) But Mr. Balsam did not address the great bulk of Plaintiff's requests or the specific concerns raised during the telephonic meet and confer. (*Id.*)

While working with Defendants to provide substantive responses to Plaintiff's

voluminous discovery, Mr. Neta contacted Plaintiff's attorneys via email on Wednesday, May 22, to suggest a stipulated mutual stay of discovery pending a hearing on the Demurrer to Plaintiff's complaint, dated May 2, 2013. (Neta Decl., ¶ 10.) Mr. Balsam flatly refused, insisting yet again that Plaintiff's discovery could be reduced by "NINETY PERCENT" if Defendants provided a collective response. (*Id*. [emphasis in original].) Mr. Balsam closed by noting, "We know the facts, and are not trying to hide anything." (*Id*.)

## III.   DISCUSSION

**A.     This Court Has Broad Power And Authority To Control And Prevent Abuse Of The Discovery Process.**

Courts have broad discretion in controlling the course of discovery and in making various decisions necessitated by discovery proceedings. (*See Obregon v. Superior Court* (1998) 67 Cal.App. 4th 424, 431.) In fact, a court may make any order that justice requires to protect a person from "unwarranted annoyance, embarrassment, or oppression or undue burden or expense." (Code of Civil Procedure Sections 2030.090(b) and 2031.060(b).) If good cause is shown, a court may order that the discovery need not be answered, that the number of discovery requests is unwarranted or that the time to respond is extended. (*See id*.)

Code of Civil Procedure Section 2019.030 (a)(1)-(2) also affords a court the power to restrict the frequency or extent of the use of discovery if:

> (1) The discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive,

> (2) The selected method of discovery is unduly burdensome or expensive taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Code of Civil Procedure Section 2017.020(a) further allows a court to "limit the scope of discovery if it determines that the burden, expense, or intrusiveness of that discovery clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence." Discovery in such cases may be properly limited

because overly broad, expensive or intrusive requests would not serve the primary purposes of pre-trial discovery of "testing the pleadings . . . [by] enabling a party to determine what his opponent's contentions are and what facts he relies upon to support his contentions," (*Burke v. Superior Court* (1969) 71 Cal.2d 276, 281), or of "tak[ing] the "game" element out of trial preparation by enabling the parties to evaluate their positions." (*Emerson Electric Co. v. Superior Court* (1997) 16 Cal.4th 1101, 1102-1108.)

Where the burden—including the quantum of work required and the amount of expenses a party must incur—"is demonstrated to result in injustice" (*West Pico Furniture Co. of Los Angeles v. Superior Court* (1961) 56 Cal.2d 407, 418), a court is empowered to limit discovery. For instance, in *Columbia Broadcasting System*, *Inc. v. Superior Court*, the court reversed an order requiring defendants to answer an interrogatory requesting them to identify "every written agreement to which they were parties in connection with the production, financing and/or distribution of the series as a whole" in a breach of contract claim. (273 Cal.App.2d 12, 21.) The court noted that "this interrogatory requires defendants to incur unnecessarily a considerable expense of time and money in listing all contracts . . . many of which would doubtless have no relevance to the subject matter of the pending litigation," and concluded that "[w]e fail to see how such a conglomerate mass of information would in any way serve the acknowledged purposes of pre-trial discovery, however liberally we interpret the rules." (*Id.*)

Discovery may also be limited or denied when "the facts indicate that 'one litigant is attempting to take advantage of the other' or that there is 'an abusive attempt to "ride free" on the opponent's industry." (*Dowden v. Superior Court* (1999) 73 Cal.App.4th 126, 133 [citation omitted].) As the court in *Calcor Space Facility*, *Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, cautioned, abuse of the discovery process is a spreading cancer and must be aggressively curbed. (*Id.* at p. 220-22.) There, the court condemned requests, such as "[a]ll purchase orders, amendments to purchase orders, engineering change orders, drawings, specifications, invoices, rejection reports, accident reports, and Material Review Board authorization reports relating to the Gun Mounts or Gun Mount

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER – SCV-252580**

Project," as an "outrageous abuse of the discovery system." (*Id.*) According to the court, such demands "might as well be condensed into a single sentence: Produce everything in your possession which in any way relates to gun mounts," and they "exemplif[y] the misuses to which the discovery statutes are prone absent judicial consideration for the great burdens which may be imposed on parties and nonparties alike." (*Id.*) The court then concluded emphatically that "[c]ourts must insist discovery devices be used as tools to facilitate litigation rather than as weapons to wage litigation. These tools should be well calibrated; the lancet is to be preferred over the sledge hammer." (*Id.*)

**B.  Good Cause Is Shown Why Defendants Should Not Have to Respond To Plaintiff's Voluminous, Unduly Burdensome, Harassing and Unwarranted Discovery.**

By way of a protective order, this Court should thwart Plaintiff's abuse of the discovery process. Whole categories of requests—e.g., requests for names and contact information of countless personnel, all complaints ever lodged against Defendants, and business practices that have no connection to this lawsuit, to name a few—do not facilitate this litigation and do not in any way serve the acknowledged purposes of pre-trial discovery.  Indeed, the sheer volume of Plaintiff's discovery—***6,155*** requests—is evidence in and of itself of his intent to harass, annoy and burden Defendants. If it took only ten minutes to read, consider, and respond to each of the requests, it would take more than 1,000 hours to complete the task—i.e., one lawyer, working 40 hours a week, on nothing else, for six months. The time and cost associated with responding to this number of requests alone renders them burdensome, and any benefit that could be derived from the requests is outweighed by this burden.

In his declaration of necessity, Plaintiff's attorney—Mr. Balsam—claims that the requests are needed because Defendants refused to treat themselves collectively. But he ignores the fact that doing so, would not simplify a response because the Defendants are indeed separate entities—with separate structure and separate responsibilities—and would necessarily respond differently to the duplicate requests. Because the number of requests is not justified by Defendants refusal to treat themselves collectively, Plaintiffs,

must justify each burdensome and harassing discovery request. (*See* Code Civ. Proc. § 2030.090(b)(2) [an order may be granted on the grounds that contrary to the representations made in the declaration of necessity, which is needed to propound more than 35 special interrogatories, the number of specially-prepared interrogatories is unwarranted]; *see also* Code Civ. Proc. § 2030.040(b) [if the responding party seeks a protective order on the ground that the number of specially-prepared interrogatories is unwarranted, the propounding party shall have the burden of justifying the number of these interrogatories].)

At base, Plaintiff seeks a "conglomerate mass of information," while at the same time asking to be taken at his word that he won't move to compel if an answer is deficient *and* threatening to embarrass Defendants before the jury with whatever is produced. At the same time, Plaintiff admits he "know[s] the facts." Indeed, the emails are in his possession and he knows full well whether there is direct consent. As in *Calcor*, Plaintiff is attempting to use discovery requests as "weapons to wage litigation." The Court should exercise its authority and curb Plaintiff's abuse.

## C. The Presence of A Punitive Damage Claim Does Not Permit Such Overly Broad Intrusions Into Private Financial Information.

Protective orders and limitations on discovery play an especially important role in curbing the discovery abuses inherent in a claim for punitive damages. As noted in *Richards v. Superior Court* (1978) 86 Cal.App.3d 265, "discovery seeking financial information places a severe burden on the responder" because at a minimum, "there is the time and expense necessary to the compilation of a complex mass of information unrelated to the substantive claim involved in the lawsuit and relevant only to the subject matter of a measure of damages which may never be awarded." (*Id*. at p. 271.) As such, the discovery of financial information for a punitive damage claim "creat[es] a situation in which a plaintiff, merely by alleging a claim for punitive damages, could pressure a defendant into settlement because of a desire to protect his financial privacy." (*Rawnsley v. Superior Court* (1986) 183 Cal.App.3d 86, 90.) In fact, discovery of financial

information for a claim of punitive damages is a "classic instance of the manner in which civil discovery is used to achieve a litigation advantage never contemplated." (*Richards*, 86 Cal.App.3d at p. 271.) Here, a protective order is necessary to prevent Plaintiff from using financial discovery as a method to "achieve a litigation advantage never contemplated," or merely "a method by which the volume or nature of information sought and not the probability of success of a claim or defense pressures settlement."

Some of the requests seek all information regarding Defendant's corporate ownership, structure, and affiliation, as well as all of Defendants' contracts, communications, checks, and electronic payments with numerous clients.  (*See*, *e.g.*, Special Interrogatories Nos. 29-33; Requests for Production Nos. 29-35.)  It is anticipated that Plaintiff will argue the requests will permit him to properly assess Defendants' net worth for the punitive damage claim. However, that argument is not persuasive, especially given the extremely broad nature of the requests. The discovery into the financial condition of Defendants is not equivalent to an exhaustive search into the defendants' business structure, business contracts, and every form of payment with numerous clients.

Defendants do not dispute that Plaintiff may conduct discovery into Defendants' net worth in support of his claim for punitive damages. However, the exhaustive financial discovery being conducted by Plaintiff is precisely the type of discovery abuse the courts have cautioned against: a situation where defendants must exert the "time and expense necessary to the compilation of a complex mass of information unrelated to the substantive claim involved in the lawsuit and relevant only to the subject matter of a measure of damages which may never be awarded." (*Richards*, *supra*, 86 Cal.App.3d at p. 271.) Documents regarding corporate ownership, structure, and affiliation, as well as contracts, communications, checks, and electronic payments with numerous clients have little to do with assessing net worth, much less the claims regarding the technical labeling requirements for email and correspondence. Defendants should not be forced to expend the time or expense necessary to compile a mountain of information that is irrelevant to

any substantive claims, and that is—at best—only remotely related to a measure of damages that may never be awarded. To do so would only heighten the "game" element of trial preparation by "substituting a battle of attrition for a search for truth" and by distorting the discovery process into a "method by which the volume or nature of information sought and not the probability of success of a claim or defense pressures settlement." (*Id*. at pp. 270-271.)

**D.    Because Plaintiff's Discovery Is Based On A Potentially Inoperative Complaint, A Protective Order Is Appropriate.**

Requiring Defendants to respond to 6,155 discovery requests would be harassing, burdensome and oppressive for the separate reason that the complaint may be amended or dismissed pursuant to the pending Demurrer to the complaint, dated May 2, 2013. If the Court grants that Demurrer, the complaint will be dismissed and all of the responses to the discovery will be useless. Thus, the burden, expense and oppression associated with responding to Plaintiff's extremely lengthy discovery is outweighed by the very limited benefit of the responses at this point in the matter. (*See Day v. Rosenthal* (1985) 170 Cal.App.3d 1125, 1171-72.)

**E.    In The Alternative, The Court Should Stay The Discovery Pending Resolution Of The Demurrer To The Complaint.**

If the Court decides that Defendants should—in whole or in part—respond to Plaintiff's voluminous discovery, Defendants should only be required to respond once the Court rules on the pending Demurrer to the complaint. It only makes sense to determine whether there is an operative complaint before Defendant should have to respond to voluminous discovery. If Plaintiff is ordered to amend his complaint, Plaintiff will probably need to serve Defendants with new discovery specifically tailored to that amended complaint. And if Plaintiff's complaint is dismissed, the discovery responses will be useless. Either way, unless a stay is imposed, Defendants will be forced to bear the burdensome, oppressive, and harassing task of responding to 6,155 discovery requests. The Court should thus stay the discovery pending resolution of the Demurrer to

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER – SCV-252580**

1    the complaint.

2

3    **F.    In The Alternative, The Court Should Stay The Discovery Pending Appointment Of A Discovery Referee.**

4         Although this started out as a straightforward case, Plaintiff has turned it into a

5    complex discovery nightmare. Plaintiff has already served over 6,155 requests for

6    discovery. Defendants have no reason to believe Plaintiff will stop here. On the contrary,

7    Defendants have every reason to believe that its responses to discovery or answers given

8    in depositions—which Plaintiff has yet to notice—will generate further discovery and on

9    and on until this court intervenes. Given the multiple discovery issues that must be

10   resolved, the complex motions already on calendar, and the likelihood that additional

11   motions may be required, Defendants request a stay of discovery pending appointment of

12   a discovery referee. The appointment of a discovery referee is appropriate and necessary

13   where there are multiple issues to be resolved, there are multiple motions to be heard

14   simultaneously, and/or the present motion is only one in a continuum of many. (Code

15   Civ. Proc., § 639(a).) All of these conditions are present here. Accordingly, the court

16   should grant a stay of discovery pending appoint of a discovery referee.

17

18   **G.    This Case Presents Exceptional Circumstances That Merit Imposition Of A Case Management Order.**

19        Rules of Court, Rules 3.710 through 3.716, provide the standards and authorities

20   for differential case management. Rule 3.714 provides that in "exceptional

21   circumstances:"

22        (1) The court may in the interest of justice exempt a general civil case from
23        the case disposition time goals under rule 3.713(b) if it finds the case
          involves exceptional circumstances that will prevent the court and the
24        parties from meeting the goals and deadlines imposed by the program. In
          making the determination, the court is guided by rules 3.715 and 3.400.

25        (2) If the court exempts the case from the case disposition time goals, the
26        court must establish a case progression plan and monitor the case to ensure
          timely disposition consistent with the exceptional circumstances, with the
          goal of disposing of the case within three years.
27

28   Rules of Court, Rule 3.714(c). In other words, for matters that involve "exceptional

                                          13
**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER – SCV-252580**

circumstances," courts are permitted to impose specific rules for case management.

"Exceptional circumstances" are defined in Rule 3.715 and include—among other things: (1) the type and subject matter of the action; (2) the number of parties with separate interest; (3) the complexity of the issues; (4) the difficulty in identifying, locating and serving parties; (5) the nature and extent of anticipated discovery; (6) the estimated length of trial; (7) the pendency of other actions or proceedings that may affect the case; and (8) the nature and extent of the law and motion proceedings anticipated.

Each of these circumstances support entry of a case management order here: (1) the case presents complex civil litigation involving technical labeling requirements for commercial email and correspondence; (2) there are 27 parties, including commercial email distributors, advertisers, and advertising clients; (3) the issues presented in this lawsuit—technical labeling requirements for commercial email and correspondence—are decidedly complex; (4) it appears that several defendants have not been located and/or have not responded to the complaint;[3] (5) discovery is required with respect to every one of the commercial emails at issue; (6) trial is expected to be lengthy; (7) a matter nearly identical to this one—*Davison Design & Development*, *Inc. v. Cathy Riley* (N.D.Cal. September 13, 2012, No. 11-2970-PJH)—is currently proceeding before Judge Phyllis J. Hamilton of the Northern District of California, Oakland Division; (8) significant law and motion proceedings are not only anticipated, but already underway, including two demurrers, a motion for sanctions and the present motion.

This multi-party matter regarding technical email and correspondence labeling requirements gives rise to the "exceptional circumstances" that empower this Court to implement a case management order. This Court should exercise its power and implement a case management order for all purposes.

---

[3] EverydayFamily Inc. and Zulu Marketing LLC have yet to appear in this matter.

**H.** **Defendants Reasonably And In Good Faith Attempted To Informally Resolve The Dispute Prior To The Filing Of This Motion.**

In an attempt to informally resolve this discovery dispute, counsel for Defendants requested that Plaintiff withdraw its discovery, or at a minimum, agree to stay the responses pending resolution of their Demurrer to the complaint. (*See* Neta Decl. ¶ 2.) These options were offered in order to "meet and confer" in good faith as required by Code of Civil Procedure, Section 2030.090(a) & 2030.090.060(a). Despite this attempt and the foregoing arguments as to why responding to this discovery is burdensome, harassing and oppressive, Plaintiff has not altered its position but instead required Defendants to respond to the discovery as propounded. (*See* Neta Decl. ¶ 3.)

## IV.   CONCLUSION

Given the proceedings thus far and the burdensome, oppressive and punitive nature of the voluminous discovery that has been propounded by Plaintiff in this matter, Defendants request that the Court issue a protective order and/or stay of discovery relieving Defendants from responding to Plaintiff's discovery. Discovery in this matter will also be better determined through appointment of a discovery referee and implementation of a case management order. To preserve the system for orderly discovery in cases of this magnitude, good cause exists for issuance of these orders.

Date: May 23, 2013              **NEWMAN DU WORS LLP**

_____
Leeor Neta, State Bar No. 233454
John Du Wors, State Bar No. 233913
Attorneys for Defendants
Spire Vision LLC, et al.

1  John Du Wors, State Bar No. 233913
   john@newmanlaw.com
2  Leeor Neta, State Bar No. 233454
3  leeor@newmanlaw.com
   NEWMAN DU WORS LLP
4  1201 Third Avenue, Suite 1600
5  Seattle, WA 98101
   Telephone:   (206) 274-2800
6  Facsimile:   (206) 274-2801

7  Attorneys for Defendants

**By Fax**

**COPY**

ENDORSED
FILED

MAY 2 4 2013

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

8

9       SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                    COUNTY OF SONOMA

11

| | |
|---|---|
| 12  Christopher Wagner, an individual, | Civil Case No. SCV-252580 |
| 13              Plaintiff, | **DECLARATION OF LEEOR NETA** |
| 14        v. | **IN SUPPORT OF DEFENDANTS'** **MOTION FOR PROTECTIVE** |
| 15  Spire Vision LLC, a Delaware limited liability | **ORDER OR, IN THE** |
| 16  company, et al., | **ALTERNATIVE, FOR A STAY OF** **DISCOVERY AND** |
| 17              Defendants. | **IMPLEMENTATION OF A CASE** **MANAGEMENT ORDER** |
| 18 | |
| 19 | Hearing Date **AUG  2 1 2013** |
| 20 | Hearing Time: _____ Dept. No. 18 |
| 21 | Judge: Hon. Nancy Case Shaffer |

22

23

24

25

26

27

28

I, Leeor Neta, declare as follows:

1.      I am an attorney with Newman Du Wors LLP, counsel for Defendant Spire Vision LLC, et al. I have personal knowledge of the facts set forth in this declaration and could and would competently testify to them under oath if called as a witness.

2.      Shortly after this matter was removed to and then returned from federal court, counsel for Plaintiff—Daniel Balsam—contacted me regarding discovery. He warned that "discovery will be . . . extensive" unless Defendants permitted Plaintiff to treat them as a single conglomerate, when in fact they are separate—though affiliated— corporations, LLCs, and DBAs. My clients felt compelled to refuse, concerned with how they would provide a collective response to requests regarding multiple emails for which everyone was not even allegedly responsible.

3.      Plaintiff then served Defendants with **6,155** discovery requests. All 18 of my clients received a separate set of 23 Form Interrogatories. Upon each of 10 of my clients, Plaintiff also served a separate set of over 240 Special Interrogatories, a separate set of 47 or more Requests for Production, and a separate sets of 280 or more Requests for Admission. Upon review, it became clear that most of the requests had little direct connection to the elements of Plaintiff's causes of action, i.e., whether the emails at issue contain unauthorized third-party domain names; falsified, misrepresented, or forged header information; or objectively and materially misleading subject lines. Most of the requests failed to address the matter of direct consent to receive the emails, as well as Defendants' efforts to effectively prevent unsolicited commercial e-mail advertisements.

4.      Included with this declaration is a CD-ROM containing Plaintiff's voluminous discovery, including 10 sets of Special Interrogatories (**Exhibit 1**).

5.      This CD-ROM also contains Plaintiff's 10 sets of Requests for Production (**Exhibit 2**).

6.      This CD-ROM also contains Plaintiff's 10 sets of Requests for Admission (**Exhibit 3**).

7.      This CD-ROM also contains Plaintiff's 18 sets of Form Interrogatories

1   (**Exhibit 4**).

2       8.    After spending several hours reviewing Plaintiff's voluminous discovery, I

3   contacted Plaintiff's attorneys—Daniel Balsam and Timothy Walton—in an effort to

4   meet and confer in good faith. On Friday, May 2, we spoke by phone for nearly two and a

5   half hours. During that time, we were able to discuss only a small fraction of the

6   discovery. Still, Mr. Balsam and Mr. Walton made clear their position that Defendants

7   were at fault for the number of requests, because Defendants refused to allow themselves

8   to be treated as a single conglomerate and provide a collective response.

9       9.    I explained why a collective response was impossible, noting that no effort

10  was made to tailor each request to each Defendant and that instead Plaintiff copied and

11  pasted piles of requests to all Defendants. I also explained that there were whole

12  categories of requests—within individual sets of discovery—for which the burden of

13  response outweighed any possible utility, thus undermining Plaintiff's position that a

14  collective response would solve the problem. Finally, I explained that most of the

15  requests seemed intentionally overbroad and duplicative. Mr. Walton responded:

16  "Answer with what you can and if we think it's sufficient, we won't move to compel."

17  Asked for the rationale behind numerous requests, Mr. Walton made clear his intention to

18  attempt to embarrass Defendants, stating he could not wait to "put this in front of a jury."

19      10.    On Monday, May 6, Mr. Balsam contacted me via email. Attached as

20  **Exhibit 5** is a true and correct copy of the email I received from Mr. Balsam on May 6,

21  2013. He again suggested that the discovery could be reduced by "NINETY PERCENT"

22  if Defendants provided a collective response.  (*Id.* [emphasis in original].) Mr. Balsam

23  also suggested that a collective response would eliminate the need for a response to

24  170—or less than 3%—of the whole volume, and perhaps more, but provided no details.

25  (*Id.*) Finally, Mr. Balsam suggested that a stipulation regarding liability could "remove

26  entire categories of questions." (*Id.*) But Mr. Balsam did not address the great bulk of

27  Plaintiff's requests or the specific concerns raised during the telephonic meet and confer.

28  (*Id.*)

1    11.    While working with Defendants to provide substantive responses to

2  Plaintiff's voluminous discovery, I contacted Mr. Balsam and Mr. Walton via email on

3  Wednesday, May 22, to suggest a stipulated mutual stay of discovery pending a hearing

4  on the Demurrer to Plaintiff's complaint, dated May 2, 2013. Attached as **Exhibit 6** is a

5  true and correct copy of the email I received from Mr.  Balsam on May 22, 2013.

6  Mr. Balsam flatly refused, insisting yet again that Plaintiff's discovery could be reduced

7  by "NINETY PERCENT" if Defendants provided a collective response. (*Id*. [emphasis in

8  original].) Mr. Balsam closed by noting, "We know the facts, and are not trying to hide

9  anything." (*Id*.)

10

11    I declare under penalty of perjury that the foregoing is true and correct.

12

13    Executed in San Francisco, California on May 23, 2013.

14

15

16    _____

17    Leeor Neta

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 5

**From:** Dan Balsam [legal@danbalsam.com]
**Sent:** Monday, May 06, 2013 5:10 PM
**To:** Leeor Neta; John Du Wors
**Cc:** twalton@twalton.net; Keith Scully
**Subject:** Wagner's discovery to Spire Vision

Mr. Neta,

On our call last Friday, you complained that Wagner's discovery to Spire Vision is excessive, duplicative, burdensome, etc.

However, this is a problem entirely of Spire Vision's own making.

First, Spire Vision chose to create at least 10 companies, at least 10 brands, and dozens of domain names.  That necessitated extensive discovery, and we strongly believe that every question propounded is appropriate.

Second, you rejected our repeated requests to treat the Spire Vision entities collectively for discovery purposes, even though they have treated themselves collectively in pleadings and motions.

Nevertheless, we again offer your clients the opportunity to provide one set of responses to RFAs, SROGs, and RFPDs on behalf of all Spire Vision entities. That would immediately reduce your required responses by NINETY PERCENT.  It would ALSO reduce the discovery WITHIN the one remaining set, because it would make unnecessary questions such as, for example, connections between the companies and which company owns certain properties (SROGs #29-31, 163-168, 223-240, and perhaps more).

We could also consider certain stipulations that would remove entire categories of questions.  On the call, I posed a hypothetical that if you'll stipulate that Wagner did NOT give direct consent to any Spire Vision company or any of its advertising clients, that would eliminate a lot of questions about direct consent.  Other hypothetical possibilities include:

* A stipulation that Spire Vision (collectively) owns and operates a certain list of domain names would eliminate a lot of SROGs.
* A stipulation that none of the "brands" (Achieve Opportunities, etc.) are readily traceable to any Spire Vision entity would remove a number of questions.
* A stipulation that Spire Vision does not target its advertising would remove a number of questions about targeting, criteria, etc.

1

We could probably come up with more examples too.  Note, we are NOT committing to any of these at this moment without our client's approval.  They're merely hypotheticals; food for discussion.

Finally, we might be open to extending your time to respond, so long as we agree that the responses will be substantive, and not merely objections.

Please let us know your thoughts.


==========================================
Dan Balsam
Sue a Spammer!  www.DanHatesSpam.com

Exhibit 6

**From:** Dan Balsam [legal@danbalsam.com]
**Sent:** Wednesday, May 22, 2013 11:26 AM
**To:** Timothy Walton; twalton@twalton.net; Leeor Neta
**Cc:** John Du Wors
**Subject:** Re: Wagner: Meet and confer effort

Leeor,

Spire's demurrer to Wagner's complaint in state court after remand is entirely improper, because Spire filed an answer while the matter was in federal court.  Rather than asking for additional time for discovery, you should be taking your demurrer off calendar and filing a verified answer(s).

As for Wagner's discovery, it may be voluminous, but it's also necessary, as you also seem to believe since you are requesting the opportunity to send voluminous discovery of your own.  Moreover, we repeatedly offered you the opportunity to reduce Wagner's discovery by NINETY PERCENT, both before AND after we served it.  All you had to do was agree to let us treat the various Spire entities collectively for discovery purposes, which was an entirely reasonable request, considering that they treated themselves collectively in various filings and when they propounded discovery.  Actually, you could have reduced the discovery by even MORE than 90%, because we could have eliminated various questions within the one remaining set.  And, we offered you the opportunity to stipulate to certain topics which would have further eliminated entire categories of discovery questions. You have the right to refuse that offer, but the net result is that your clients are creating the need for voluminous discovery by: 1) using multiple entities to send spam; 2) refusing to acknowledge any problems at all with spam that unquestionably violates the statute under common interpretations of case law; and 3) refusing to cooperate in any way with other entirely reasonable requests, such as by handling discovery in electronic form rather than paper.

So, your stated reason for needing additional time is unpersuasive. Further, your offer to extend our time is illusory because we don't need additional time. We know the facts and we are not trying to hide anything. Perhaps you could find another way to tempt us to make a deal, rather than expecting us to make concessions even as you refuse our requests.

Dan

=====================================================
Dan Balsam
Sue a Spammer! www.DanHatesSpam.com

--- On **Wed, 5/22/13, Leeor Neta <_Leeor@newmanlaw.com_>** wrote:

From: Leeor Neta <Leeor@newmanlaw.com>
Subject: Wagner: Meet and confer effort
To: "Dan Balsam" <legal@danbalsam.com>, "Timothy Walton" <timothy.walton.47@gmail.com>,
"twalton@twalton.net" <twalton@twalton.net>
Cc: "John Du Wors" <John@newmanlaw.com>
Date: Wednesday, May 22, 2013, 8:53 AM

Hi Tim / Dan,

I unfortunately have to postpone the meet and confer regarding your demurrer, which we had scheduled for today. My son has some event at school that he sprung on me this morning and I really would like to attend. Can we talk Friday or late tomorrow afternoon?

Also, I wanted to obtain your consent to a stay of your discovery in Wagner. Though we have now had two telephonic discussions regarding your voluminous requests, we have not managed to reasonably narrow the scope. And yet, there is a demurrer to the complaint pending. What is your opinion as to a stipulated stay of discovery until the Court rules on the demurrer to the complaint? We will of course agree that the stay should be mutually imposed.

Would you mind getting back to me by the end of the day?

Thank you,
Leeor

P.S. Tim, I noticed on your website that you handle special education matters pro bono. I'd like to talk to you some time about potential pro bono clients in East Palo Alto, where I used to run a nonprofit youth program.

Sent from my iPhone

1  John Du Wors, State Bar No. 233913
   john@newmanlaw.com
2  Leeor Neta, State Bar No. 233454
3  leeor@newmanlaw.com
   NEWMAN DU WORS LLP
4  1201 Third Avenue, Suite 1600
5  Seattle, WA 98101
   Telephone:  (206) 274-2800
6  Facsimile:  (206) 274-2801

7  Attorneys for Defendants

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                        COUNTY OF SONOMA

11

12  Christopher Wagner, an individual,                    Civil Case No. SCV-252580

13                Plaintiff,                              **[PROPOSED] ORDER RE**
14        v.                                              **MOTION FOR PROTECTIVE**
                                                          **ORDER OR, IN THE**
15  Spire Vision LLC, a Delaware limited liability        **ALTERNATIVE, FOR A STAY OF**
    company, et al.,                                      **DISCOVERY AND**
16                                                        **IMPLEMENTATION OF A CASE**
17                Defendants.                             **MANAGEMENT ORDER**

18                                                        Hearing Date: _____, 2013
19                                                        Hearing Time: _____
                                                          Dept. No. 18
20                                                        Judge: Hon. Nancy Case Shaffer

21

22

23

24

25

26

27

28
                                            1
                  **ORDER RE MOTION FOR PROTECTIVE ORDER – SCV-252580**

1    Defendants' Motion for Protective Order came on for hearing in Department 18 of

2  this Court on _____, 2013. Leeor Neta appeared on behalf of Defendants Spire

3  Vision LLC, et al. _____ appeared on behalf of Plaintiff Christopher

4  Wagner.

5    Having read and considered the motion, the memoranda filed by the parties, and

6  having heard argument of counsel,

7    IT IS ORDERED THAT:

8    [  ]    Defendants need not respond to any of Plaintiff's 6,155 discovery requests.

9    [  ]    Defendants need only respond to the following specific requests: _____

10  _____

11  _____

12  _____

13  _____

14  _____.

15    [  ]    All discovery is stayed pending a ruling on Defendants' Demurrer to the

16  complaint, dated May 2, 2013.

17    [  ]    All discovery is stayed pending appointment of a discovery referee.

18    [  ]    All discovery is stayed pending imposition of a case management order.

19

20    DATED THIS _____ DAY OF _____, 2013.

21

22

23

24    _____
      Honorable Nancy Case Shaffer
      Judge of the Superior Court

25

26

27

28

**POS-040**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Leeor Neta (State Bar 233454)<br>Newman Du Wors<br>1201 Third Avenue, Suite 1600<br>Seattle, WA 98101<br>TELEPHONE NO.: (206) 274-2800    FAX NO. *(Optional):* (206) 274-2801<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Spire Vision LLC et al. | FOR COURT USE ONLY<br>*ENDORSED*<br>*FILED*<br>MAY 2 4 2013<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sonoma
STREET ADDRESS: 3055 Cleveland Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa CA 95403
BRANCH NAME: Civil and Family Law Courthouse

PLAINTIFF/PETITIONER: Wagner

DEFENDANT/RESPONDENT Spire Vision LLC et al.

| PROOF OF SERVICE—CIVIL | CASE NUMBER:<br>SCV-252580 |
|---|---|

Check method of service *(only one):*

| | | | | |
|---|---|---|---|---|
| ☐ **By Personal Service** | ☐ **By Mail** | ☑ **By Overnight Delivery** | JUDGE: Mark Tansil | |
| ☐ **By Messenger Service** | ☐ **By Fax** | ☐ **By Electronic Service** | DEPT.: 18 | |

*(Do not use this proof of service to show service of a Summons and complaint.)*

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My residence or business address is:

   1201 Third Avenue, Suite 1600, Seattle, WA 98101

3. ☐ The fax number or electronic notification address from which I served the documents is *(complete if service was by fax or electronic service):*

4. On *(date):* May 23, 2013          I served the following **documents** *(specify):*

   NOTICE OF MOTION FOR PROTECTIVE ORDER; MEMORANDUM IN SUPPORT OF
   DEFENDANTS' MOTION FOR PROTECTIVE ORDER; DECLARATION OF LEEOR NETA; CD
   EXHIBITS TO DECLARATION; PROPOSED ORDER

   ☐ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:

   a. Name of person served: Daniel L. Balsam

   b. ☑ *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*

   Business or residential address where person was served:
   Law Offices of Daniel Balsam, 2912 Diamond Street #218, San Francisco, CA 94131

   c. ☐ *(Complete if service was by fax or electronic service.)*

   (1) Fax number or electronic notification address where person was served:

   (2) Time of service:

   ☑ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*

   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

*(Continued on back)*

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-040 [Rev. January 1, 2009] | **PROOF OF SERVICE—CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure , §§ 1010.6, 1011, 1013, 1013a,<br>2015.5; Cal. Rules of Court, rules 2.260, 2.306<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

**POS-040**

| CASE NAME:<br>Wagner v. Spire Vision LLC | CASE NUMBER:<br>SCV-252580 |
|---|---|

6. b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

  (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

  (2) ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

  I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):*

  c. ☑ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

  d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

  e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

  f. ☐ **By electronic service.** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed in item 5. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 23, 2013

Sarah Skaggs
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

POS-040(P)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Wagner v. Spirevision LLC et al | SCV-252580 |

## ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)

*(This attachment is for use with form POS-040.)*

**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| <u>Name of Person Served</u> | <u>Where Served</u> | <u>Time of Service</u> |
|---|---|---|
| *(If the person served is an attorney, the party or parties represented should also be stated.)* | *(Provide business or residential address where service was made by personal service, mail, overnight delivery, or messenger service. For other means of service, provide fax number or electronic service address, as applicable.)* | *(Complete for service by fax transmission or electronic service.)* |
| Lifescript, Inc.<br>Kevan Fornasero | Perkins Coie LLP<br>4 Embarcadero Center, Suite 2400<br>San Francisco, CA 94111 | Time: _____ |
| Christopher Wagner<br>Timothy James Walton | Law Offices of Timothy Walton<br>9515 Soquel Drive, Suite 207<br>Aptos, CA 95003 | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |

Form Approved for Optional Use
Judicial Council of California
POS-040(P) [Rev. July 1, 2011]

**ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)**
**(Proof of Service)**

Page ____ of ____
www.courts.ca.gov

| | |
|---|---|
| **SONOMA COUNTY COURTS**<br>**SUPERIOR COURT, CIVIL**<br>**600 Administration Drive, Room 107-J**<br>Santa Rosa, CA 95403<br>www.sonoma.courts.ca.gov<br>707-521-6500 | Court Use Only<br><br>ENDORSED<br>FILED<br>MAY 3 0 2013<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |

| | | |
|---|---|---|
| PLAINTIFF(S):   WAGNER | | |
| DEFENDANT(S):  SPIRE VISION | | |
| **NOTICE OF INFORMAL CONFERENCE AND SANCTIONS**<br>**CCP §177.5** | **Case Number:**<br>SCV-252580 |
| Hearing Date: 8/21/2013        at 3:30 pm        in DEPT 18 | |

The Court orders all moving and responding parties and attorneys to meet and confer in person or by telephone in a reasonable and good faith attempt to informally resolve the contested demurrer/motion; that the moving party serve a copy of this notice on responding parties at the same time as the moving papers and file a proof of service thereof; and that the moving party shall either notify the Court of the informal resolution or file a declaration re meet and confer at least two (2) courts days before the hearing.

Sanctions will be imposed against the unsuccessful party(s) that makes or opposes the demurrer/motion at the same hearing, unless the Court finds there was good cause for the contested demurrer/motion.

It is so ordered.

Received
JUN 03 2013
NEWMAN | DuWORS

Date:  5/30/2013

Judge Nancy Case Shaffer
Judge of the Superior Court

SCV-252580

## PROOF OF SERVICE BY MAIL

I certify that I am an employee of the Superior Court of California, County of Sonoma, and that my business address is 600 Administration Drive, Room 107-J, Santa Rosa, CA 95403; that I am not a party to this cause; that I am over the age of 18 years; that I am readily familiar with this office's practice for collection and processing of correspondence for mailing with the United States Postal Service; and that on the date shown below I placed a true copy of the foregoing attached papers in an envelope, sealed and addressed as shown below, for collection and mailing at Santa Rosa, California, first class, postage fully prepaid, following ordinary business practices.

Date: May 30, 2013

JOSÉ OCTAVIO GUILLÉN
COURT EXECUTIVE OFFICER

by_____

Deputy Clerk

--ADDRESSEES--

BALSAM, DANIEL L
2912 DIAMOND ST # 218
SAN FRANCISCO, CA 94131

DU WORS, JOHN
NEWMAN DU WORS LLP
1201 THIRD AVE # 1600
SEATTLE, WA 98101

FORNASERO, KEVAN
4 EMBARCADERO CTR STE 2400
SAN FRANCISCO, CA 94111-4131

NETA, LEEOR
NEWMAN DU WORS LLP
1201 THIRD AVE STE 1600
SEATTLE, WA 98101

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Leeor Neta (State Bar 233454 )
Newman Du Wors
1201 Third Avenue, Suite 1600
Seattle, WA  98101
TELEPHONE NO.: (206) 274-2800     FAX NO. *(Optional):* (206) 274-2801
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Spire Vision LLC et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sonoma
STREET ADDRESS: 3055 Cleveland Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa CA 95403
BRANCH NAME: Civil and Family Law Courthouse

PLAINTIFF/PETITIONER:  Wagner

DEFENDANT/RESPONDENT  Spire Vision LLC et al.

CASE NUMBER:
SCV-252580

**PROOF OF SERVICE—CIVIL**
**Check method of service *(only one):***
☐ By Personal Service    ☐ By Mail    ☑ By Overnight Delivery
☐ By Messenger Service   ☐ By Fax    ☐ By Electronic Service

JUDGE: Mark Tansil
DEPT.: 18

*(Do not use this proof of service to show service of a Summons and complaint.)*

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My residence or business address is:

   1201 Third Avenue, Suite 1600, Seattle, WA  98101

3. ☐ The fax number or electronic notification address from which I served the documents is *(complete if service was by fax or electronic service):*

4. On *(date):* June 6, 2013     I served the following **documents** *(specify):*

   NOTICE OF INFORMAL CONFERENCE AND SANCTIONS


   ☐ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served:  Daniel L. Balsam
   b. ☑ *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
      Business or residential address where person was served:
      Law Offices of Daniel Balsam, 2912 Diamond Street #218, San Francisco, CA 94131

   c. ☐ *(Complete if service was by fax or electronic service.)*
      (1) Fax number or electronic notification address where person was served:


      (2) Time of service:
   ☑ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*
   a. ☐  **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

*(Continued on back)*

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-040 [Rev. January 1, 2009] | **PROOF OF SERVICE—CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure., §§ 1010.6, 1011, 1013, 1013a,<br>2015.5; Cal. Rules of Court, rules 2.260, 2.306<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.<br>www.FormsWorkflow.com

POS-040

| CASE NAME | CASE NUMBER: |
|---|---|
| Wagner v. Spire Vision LLC | SCV-252580 |

6. b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one)*:

    (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):*

c. ☑ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☐ **By electronic service.** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed in item 5. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 6, 2013

Lindsey Rowson
_____
(TYPE OR PRINT NAME OF DECLARANT)          ▶ _____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

---

### DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)          ▶ _____
(SIGNATURE OF DECLARANT)

---

**PROOF OF SERVICE—CIVIL**
(Proof of Service)

**POS-040(P)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Wagner v. Spirevision LLC et al | SCV-252580 |

## ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)

*(This attachment is for use with form POS-040.)*

**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| <u>Name of Person Served</u> | <u>Where Served</u> | <u>Time of Service</u> |
|---|---|---|
| *(If the person served is an attorney, the party or parties represented should also be stated.)* | *(Provide business or residential address where service was made by personal service, mail, overnight delivery, or messenger service. For other means of service, provide fax number or electronic service address, as applicable.)* | *(Complete for service by fax transmission or electronic service.)* |
| Christopher Wagner<br>Timothy James Walton | Law Offices of Timothy Walton<br>9515 Soquel Drive, Suite 207<br>Aptos, CA 95003 | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |

**ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)**
**(Proof of Service)**

1  Timothy J. Walton (State Bar No. 184292)
2  Jim C. Twu (State Bar No. 175032)
   WALTON TWU LLP
3  9515 Soquel Drive, Suite 207
   Aptos, CA 95003-4137
4  Phone (831) 685-9800
5  Fax: (650) 618-8687

6
   Daniel L. Balsam (State Bar No. 260423)
7  THE LAW OFFICES OF DANIEL BALSAM
   2912 Diamond Street #218
8  San Francisco, CA 94131
9  Phone: (415) 869-2873
   Fax: (415) 869-2873
10

11 Attorneys for Plaintiff Christopher Wagner

12

13              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14           **COUNTY OF SONOMA (UNLIMITED JURISDICTION)**

15
16 CHRISTOPHER WAGNER,               ) Case No.:    SCV-252580
                                     )
17              Plaintiff,           ) **NOTICE OF WITHDRAWAL OF**
                                     ) **PLAINTIFFS' DEMURRER TO**
18      v.                           ) **DEFENDANTS' ANSWERS**
                                     )
19 SPIRE VISION LLC *et al*,         )
20                                   ) **Code Civ. Proc. § 430.30**
                                     )
21              Defendants.          ) Date:       May 29, 2013
                                     ) Time:       3:30 p.m.
22                                   ) Judge:      Hon. Nancy Case Shaffer
23 _____   ) Dept:       18

24
25 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:
26      Plaintiff Christopher Wagner hereby withdraws his Demurrer to the Answers filed by
27 Defendants Spire Vision LLC *et al* ("Spire Vision") and Accelerize New Media Inc.

28
29                                   THE LAW OFFICES OF DANIEL BALSAM
30 Date: _____May 24, 2013_____  BY: _Daniel L Balsam_____
31                                        DANIEL L. BALSAM
                                          Attorneys for Plaintiff Christopher Wagner

                                    i
**NOTICE OF WITHDRAWAL OF PLAINTIFF'S DEMURRER TO DEFENDANTS' ANSWERS**

Timothy J. Walton (State Bar No. 184292)
Jim C. Twu (State Bar No. 175032)
WALTON TWU LLP
9515 Soquel Drive, Suite 207
Aptos, CA 95003-4137
Phone (831) 685-9800
Fax: (650) 618-8687

Daniel L. Balsam (State Bar No. 260423)
THE LAW OFFICES OF DANIEL BALSAM
2912 Diamond Street #218
San Francisco, CA 94131
Phone: (415) 869-2873
Fax: (415) 869-2873

Attorneys for Plaintiff Christopher Wagner

Received
MAY 22 2013
NEWMAN | DUWORS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SONOMA (UNLIMITED JURISDICTION)

| | |
|---|---|
| CHRISTOPHER WAGNER,<br><br>   Plaintiff,<br><br>  v.<br><br>SPIRE VISION LLC *et al*,<br><br>   Defendants. | ) Case No.: SCV-252580<br>)<br>) **PLAINTIFF'S NOTICE OF MOTION**<br>) **AND MOTION FOR SANCTIONS**<br>)<br>) **Code Civ. Proc. §§ 128.7, 430.90**<br>)<br>) Date: _____<br>) Time: 3:30 p.m.<br>) Judge: Hon. Nancy Case Shaffer<br>) Dept: 18 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

   PLEASE TAKE NOTICE that on _____, 2013, at 3:30 p.m.,

in Department 18 of the above-entitled court, located at 3055 Cleveland Avenue, Santa Rosa,

California 95403, Plaintiff Christopher Wagner will and hereby does move the Court pursuant to

Code of Civil Procedure § 128.7 for sanctions against Defendants Accelerize New Media Inc.,

Achieve Opportunities, Agree Wizard, Digital Publishing Corporation, FurturesDrive a/k/a

Furturesdrive, Junctionlights, Juniper Marketing, MediActivate LLC, On Demand Research

1

1  LLC, Opportunity Central, Paths Direct, Prime Advertisers LLC, PullSmart, Serve Clicks LLC,

2  Spire Vision LLC, Spire Vision Holdings Inc., Ward Media Inc., XL Marketing Corporation and

3  Youradshere, and their attorneys John Du Wors (SBN 233913) and Leeor Neta (SBN 233454) in

4  the amount of $3,650 (or more) for attorneys' fees and $90 for filing and reporting costs, on the

5  grounds that Defendants filed a Demurrer to Wagner's Verified Complaint even though they are

6  expressly barred from doing so by Code of Civil Procedure § 430.90(a)(2)(B), and then refused

7  to withdraw the Demurrer within 21 days after being served with this Notice of Motion for

8  Sanctions.

9      Wagner's Motion for Sanctions will be based on this Notice of Motion, the Memorandum

10  of Points and Authorities, the Declaration of Daniel L. Balsam, the papers and records on file in

11  this Action, and on such evidence and oral argument as may be presented at the hearing on the

12  Motion.

13

14                                        THE LAW OFFICES OF DANIEL BALSAM

15  Date:      May 20, 2013            BY:    _Daniel L Balsam_

16                                        DANIEL L. BALSAM

17                                        Attorneys for Plaintiff Christopher Wagner

18

19                    **MEMORANDUM OF POINTS AND AUTHORITIES**

20

21              **I.  INTRODUCTION / PROCEDURAL HISTORY**

22      Plaintiff Christopher Wagner ("Wagner") sued Spire Vision LLC and 17 other parent/

23  sister/subsidiary companies and "brands" (collectively, "Spire Vision") and Spire Vision's third

24  party clients, advertising networks, and affiliates for material violations of California's anti-spam

25  law, Business & Professions Code § 17529.5, as well as §§ 17538.5.

26      After Wagner filed and served the Verified Complaint, Spire Vision and some (but not

27  all) of the other Defendants removed/joined in the removal of this Action to the U.S. District

28  Court for the Northern District of California, before they demurred to or answered the Verified

29  Complaint in this Court.  Declaration of Daniel Balsam at ¶ 2 and Ex. A.  While this Action was

30  pending in federal court, Spire Vision and Accelerize New Media Inc. filed Answers.  *Id.* at ¶ 3

31  and Ex. B. The District Court determined that removal was improper for a variety of reasons.

and remanded to this Court. *Id*. at ¶ 4 and Ex. C. Spire Vision then filed the instant Demurrer in this – the original – Court. *Id*. at ¶ 5.

## II. **LEGAL STANDARDS**

### A. **Motion for Sanctions**

Code of Civil Procedure Section 128.7 states:

> (b) By presenting to the court, whether by signing, filing, submitting, or later advocating, a pleading, petition, written notice of motion, or other similar paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, all of the following conditions are met:

> (1) It is not being presented primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
> (2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.
> (3) The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

An objective standard applies in determining whether a lawsuit or motion is frivolous: "A suit indisputably has no merit …'where any reasonable attorney would agree' that the action is totally and completely without merit." *Finnie v. Town of Tiburon*, 199 Cal. App. 3d 1, 12 (1st Dist. 1988). "Harassing" conduct includes vexatious tactics which, although literally authorized by statute or rule, go beyond that which is appropriate under any reasonable standard. *West Coast Development v. Reed*, 2 Cal. App. 4th 693, 702 (4th Dist. 1992).

A filing is "frivolous" and in "bad faith" where "any reasonable lawyer would agree it is totally devoid of merit." *Karwasky v. Zachay*, 146 Cal. App. 3d 679, 681 (4th Dist. 1983). While there is no explicit subjective bad faith requirement in California Code of Civil Procedure §128.7, "When a tactic or action utterly lacks merit, a court is entitled to infer the party knew it lacked merit yet pursued it for some ulterior purpose." *Dolan v. Buena Engineers Inc.*, 24 Cal. App. 4th 1500, 1505 (2d Dist. 1994); Abbet Elec. Corp. v. Sullwold, 193 Cal. App. 3d 708, 713 (1st Dist. 1987).

Other courts have allowed a sanctions award without any finding of subjective "bad faith." Objective lack of merit suffices: "the trial court [may] impose sanctions… if the opposing

party's action or tactic was (1) totally and completely without merit, measured by the objective, 'reasonable attorney' standard, or (2) motivated by an intention to harass or cause unnecessary delay, measured by a subjective standard." *Weisman v. Bower*, 193 Cal. App. 3d 1231, 1236 (2d Dist. 1987); *Winick Corp. v. County Sanitation Dist. No. 2,* 185 Cal. App. 3d 1170, 1177 (2d Dist. 1986) (finding that plaintiff "knew or should have known" facts and law precluded action, held sufficient); *see also Bach v. McNelis,* 207 Cal. App. 3d 852, 876 (3d Dist. 1989).

**B.  Permissible Filings After Removal and Remand**

A defendant who removes a state court action to federal court, answers, and is remanded to state court, cannot then demur to the complaint.

(a) Where the defendant has removed a civil action to federal court without filing a response in the original court and the case is later remanded for improper removal, the time to respond shall be as follows:

[ ]

(2) If the defendant has not filed an answer in the original court, then 30 days from the day the original court receives the case on remand to do any of the following:

(A) Answer the complaint.

(B) Demur or move to strike all or a portion of the complaint *if*: (i) an answer was not filed in the federal court, *and* (ii) a demurrer or motion to strike raising the same or similar issues was not filed and ruled upon by the original court prior to the removal of the action to federal court or was not filed and ruled upon in federal court prior to the remand. If the demurrer or motion to strike is denied by the court, the defendant shall have 30 days to answer the complaint unless an answer was filed with the demurrer or motion to strike.

[ ]

Code Civ. Proc. § 430.90 (emphasis added).

## III. DISCUSSION

Spire Vision and Accelerize New Media Inc. did not file Answers in this Court prior to removal.  Therefore, Code of Civil Procedure § 430.90(a)(2) applies.

Wagner believes that Defendants' attorneys misinterpret the grammar and punctuation of the statute, believing that the several instances of "or" in Subsection (B) somehow permit it to file the instant Demurrer *despite* having filed Answers in federal court.  Defendants are incorrect;

4

the conditionals in Subsection (B) apply to demurrers as well as motions to strike. If Defendants were correct, such that there were *no* conditionals applicable to filing a demurrer, presumably the legislature *would have written* that statute as follows:

> (2) If the defendant has not filed an answer in the original court, then 30 days from the day the original court receives the case on remand to do any of the following:
>
> (A) Answer the complaint.
>
> (B) Demur to the complaint.
>
> (C) Move to strike all or a portion of the complaint if . . . .

Based on the language and construction of the statute, Wagner believes that the conditionals (i) and (ii) in Subsection (B) apply to *both* demurring to the complaint *and* striking the complaint. Thus, Subsection (B) allows a defendant to demur to (or move to strike) a complaint in the original state court **only if** the defendant did **not** file an answer while in federal court, **and** the demurrer/motion to strike was not filed or was filed but not ruled on while in federal court.

But Spire Vision and Accelerize New Media Inc. *did* file Answers while the case was in federal court, as set forth in (i). So, the "or" within (ii) does not matter. Therefore, by the plain language of the statute, Defendants cannot file a Demurrer to Wagner's Verified Complaint now that the Action has been remanded to this Court.

Any reasonable attorney would know that under these circumstances, Defendants and their attorneys filed the Demurrer primarily for the improper purposes of harassing Wagner, causing unnecessary delay, and needlessly increasing the cost of litigation. Code Civ. Proc. § 128.7(b)(1). Since Defendants filed Answers while the matter was in federal court, Defendants cannot file a Demurrer at all, so the claims in the Demurrer are unwarranted by existing law or by a nonfrivolous extension, modification, or reversal of existing law or the establishment of new law. Code Civ. Proc. § 128.7(b)(2). Because Defendants cannot file a Demurrer at all, the allegations and denials in the Demurrer have no evidentiary support. Code Civ. Proc. § 128.7(b)(3)-(4).

If Wagner files this Motion for Sanctions, it means that Defendants' attorneys refused Wagner's attorney's informal request to withdraw the Demurrer, Balsam Decl. at ¶ 6, *and*

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS**

refused to withdraw the Demurrer within 21 days after service of this Motion.  It also means that Wagner will have incurred/expects to incur at least 14.1 hours of his attorney Daniel Balsam's time, at $250 per hour. *Id*. at ¶¶ 7-10.

## IV.  CONCLUSION

Spire Vision and Accelerize simply cannot file a Demurrer in state court after filing Answers in federal court and remand.  Any objective, reasonable attorney would agree that the Demurrer is devoid of any merit.  As such, John Du Wors and Leeor Neta should not have filed the Demurrer, and should have withdrawn it upon being served with this Motion for Sanctions.

Wagner informally requested that Defendants withdraw the Demurrer *and* gave 21 days formal notice to withdraw.  Their refusal to withdraw required Wagner to file an Opposition to the Demurrer on procedural and substantive grounds.  Therefore, an award of sanctions against Defendants and their attorneys under Code of Civil Procedure § 128.7 is proper.

For the above reasons, this Court should order Defendants and their attorneys, jointly and severally, to pay Wagner's attorneys' fees in the amount of $3,650 (or more) and $90 for filing and reporting costs.

THE LAW OFFICES OF DANIEL BALSAM

Date:  _____May 20, 2013_____       BY: _____

DANIEL L. BALSAM
Attorneys for Plaintiff Christopher Wagner

6

Timothy J. Walton (State Bar No. 184292)
Jim C. Twu (State Bar No. 175032)
WALTON TWU LLP
9515 Soquel Drive, Suite 207
Aptos, CA 95003-4137
Phone (831) 685-9800
Fax: (650) 618-8687

Daniel L. Balsam (State Bar No. 260423)
THE LAW OFFICES OF DANIEL BALSAM
2912 Diamond Street #218
San Francisco, CA 94131
Phone: (415) 869-2873
Fax: (415) 869-2873

Attorneys for Plaintiff Christopher Wagner

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SONOMA (UNLIMITED JURISDICTION)

| | |
|---|---|
| CHRISTOPHER WAGNER, <br><br> Plaintiff, <br><br> v. <br><br> SPIRE VISION LLC *et al*, <br><br> Defendants. | ) Case No.:     SCV-252580 <br> ) <br> ) **DECLARATION OF DANIEL BALSAM** <br> ) **IN SUPPORT OF PLAINTIFF'S MOTION** <br> ) **FOR SANCTIONS** <br> ) <br> ) **Code Civ. Proc. §§ 128.7, 430.90** <br> ) <br> ) Date:     _____ <br> ) Time:     3:30 p.m. <br> ) Judge:    Hon. Nancy Case Shaffer <br> ) Dept:     18 |

I, Daniel L. Balsam declare:

1.    I am an attorney duly licensed to practice law in all courts of the State of California.  I represent Plaintiff Christopher Wagner in this lawsuit.  The following facts are based on my own personal knowledge.  If called as a witness, I could and would testify competently to the declared facts under oath.

2. After Wagner filed and served the Verified Complaint, Spire Vision and some (but not all) of the other Defendants removed/joined in the removal of this Action to the U.S. District Court for the Northern District of California, before they demurred to or answered the Verified Complaint in this Court. <u>Exhibit A</u> is a true and correct copy of the first page of the Notice of Removal.

3. While this Action was pending in federal court, Spire Vision and Accelerize New Media Inc. filed Answers. <u>Exhibit B</u> is a true and correct copy of the first page of each Answer.

4. The District Court determined that removal was improper for a variety of reasons, and remanded to this Court. <u>Exhibit C</u> is a true and correct copy of the first page of the District Court's order remanding the Action.

5. Spire Vision then filed the instant Demurrer in this – the original – Court.

6. Before I served this Motion for Sanctions, I sent an email to Defendants' attorneys asking them to withdraw their Demurrer. They did not agree to do so. If I file this Motion, it means that Defendants did not withdraw their Demurrer even after I served this Motion for Sanctions.

7. I spent 2.1 hours preparing this Motion for Sanctions. If I have to file this Motion for Sanctions, it means that Defendants did not withdraw their Demurrer, and I expect to spend at least another 5.5 hours preparing a Reply and appearing at the hearing on the Motion.

8. If I have to file this Motion for Sanctions, it means that Defendants did not withdraw their Demurrer, and I expect to have to spend at least 7.0 hours opposing Defendants' Demurrer and appearing at the hearing on the Demurrer.

9. My professional rate is $250 per hour, which I believe is consistent with attorneys at my level of experience in the San Francisco Bay Area.

10. Wagner will incur $90 for filing this Motion and reporting costs.

11. I served a copy of this Motion for Sanctions on Defendants' attorneys on May 20, 2013 more than 21 days (plus time for service) prior to the date I will file the Motion for Sanctions, pursuant to Code of Civil Procedure § 128.7(c)(1).

//

//

//

//

**2**

DECLARATION OF DANIEL L. BALSAM IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed in San Francisco, California, on May 20, 2013.

DANIEL L. BALSAM

DECLARATION OF DANIEL L. BALSAM IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS

Exhibit A

1 | John Du Wors, State Bar No. 233913
duwors@newmanlaw.com
2 | Leeor Neta, State Bar No. 233454
3 | leeo@newmanlaw.com
NEWMAN DU WORS LLP
4 | 1201 Third Avenue, Suite 1600
Seattle, WA 98101
5 | Telephone: (206) 274-2800
6 | Facsimile: (206) 274-2801

7 | Attorneys for Defendants

8

9 | **UNITED STATES DISTRICT COURT**
10 | **NORTHERN DISTRICT OF CALIFORNIA**

11 | Christopher Wagner, an individual

12 | Plaintiff,
13 | v.
14 | Spire Vision LLC, a Delaware limited
liability company, et al.,
15
16 | Defendants

No. 13-0054-LB

**CERTIFICATE OF SERVICE**

17 |     I hereby certify that on January 9, 2013, I served the attached:

18

19 |     1. Notice to Adverse Party of Removal to Federal Court
20

21 | **Via U.S. Mail and email to:**
Daniel Balsam
22 | Law Offices Daniel Balsam
2912 Diamond Street #218
23 | San Francisco, CA 94131
24 | Email: legal@danbalsam.com

25

26 |     I certify under penalty of perjury under the laws of the United States and the State
27 | of California that the foregoing is true and correct and that this certificate was executed
28 | on January 9, 2013, at Seattle, Washington.

1
**CERTIFICATE OF SERVICE – 13-0054**

Exhibit B

1  John Du Wors, State Bar No. 233913
   john@newmanlaw.com
2  Leeor Neta, State Bar No. 233454
   leeor@newmanlaw.com
3  NEWMAN DU WORS LLP
4  1201 Third Avenue, Suite 1600
   Seattle, WA 98101
5  Telephone:    (206) 274-2800
6  Facsimile:    (206) 274-2801

7  Attorneys for Defendants

8

9              UNITED STATES DISTRICT COURT
10            NORTHERN DISTRICT OF CALIFORNIA

11

12  Christopher Wagner, an individual,       No. 13-cv-00054-YGR

13              Plaintiff,                    **ANSWER AND AFFIRMATIVE**
                                             **DEFENSES OF ACHIEVE**
14        v.                                 **OPPORTUNITIES, AGREEWIZARD,**
                                             **DIGITAL PUBLISHING**
15  Spire Vision LLC, a Delaware limited     **CORPORATION, MEDIACTIVATE LLC,**
    liability company, et al.,               **ON DEMAND RESEARCH,**
16                                           **OPPORTUNITY CENTRAL, PATHS**
17              Defendants                   **DIRECT, PRIME ADVERTISERS LLC,**
                                             **PULLSMART, SERVE CLICKS LLC,**
18                                           **SPIRE VISION LLC, SPIRE VISION**
                                             **HOLDINGS INC., WARD MEDIA INC.,**
19                                           **AND XL MARKETING CORPORATION**
20

21

22        Defendants Achieve Opportunities, AgreeWizard, Digital Publishing Corporation,

23  MediActivate LLC, On Demand Research LLC, Opportunity Central, Paths Direct, Prime

24  Advertisers LLC, PullSmart, Serve Clicks LLC, Spire Vision LLC, Spire Vision

25  Holdings Inc., Ward Media Inc., and XL Marketing Corporation, (Collectively,

26  "Answering Defendants") answer Plaintiff's complaint as follows. Each numbered

27  paragraph corresponds to the numbered paragraph in the complaint.

28        1.    Answering Defendants DENY the allegations in Paragraph 1.

1  John Du Wors, State Bar No. 233913
   john@newmanlaw.com
2  Leeor Neta, State Bar No. 233454
3  leeor@newmanlaw.com
   NEWMAN DU WORS LLP
4  1201 Third Avenue, Suite 1600
   Seattle, WA 98101
5  Telephone:   (206) 274-2800
6  Facsimile:   (206) 274-2801

7  Attorneys for Defendants

8

9                  UNITED STATES DISTRICT COURT
10                NORTHERN DISTRICT OF CALIFORNIA

11

12  Christopher Wagner, an individual,        No. 13-cv-00054-YGR

13                  Plaintiff,                **ANSWER AND AFFIRMATIVE**
                                              **DEFENSES OF ACCELERIZE NEW**
14          v.                                **MEDIA, INC.**

15  Spire Vision LLC, a Delaware limited      **JURY TRIAL DEMANDED**
16  liability company, et al.,

17                  Defendants

18

19        Defendant Accelerize New Media, Inc. ("Accelerize") answers Plaintiff's

20  complaint as follows. Each numbered paragraph corresponds to the numbered paragraph

21  in the complaint.

22        1.      Accelerize DENIES the allegations in Paragraph 1.

23        2.      Accelerize DENIES the allegations in Paragraph 2.

24        3.      Accelerize DENIES the allegations in Paragraph 3.

25        4.      Accelerize DENIES the allegations in Paragraph 4.

26        5.      Accelerize DENIES the allegations in Paragraph 5.

27        6.      Accelerize has insufficient information to form a belief as to and therefore

28  DENIES the allegations in Paragraph 6.

                                    1

Exhibit C

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| **CHRISTOPHER WAGNER,** | Case No.: **13-00054 YGR** |
| **Plaintiff,** | **ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REMAND; DENYING REQUEST FOR ATTORNEYS' FEES** |
| vs. | |
| **SPIRE VISION LLC** *et al.,* | |
| **Defendants.** | |

Plaintiff Christopher Wagner filed this action in the Sonoma County Superior Court alleging misrepresentations in e-mail spammed by the Defendants in violation of Cal. Bus. & Prof. Code § 17529.5 and § 17538.5. Defendant Spire Vision removed this action invoking this Court's diversity jurisdiction.

Plaintiff has filed a Motion to Remand and Request for Attorneys' Fees on the grounds that Defendant Spire Vision failed to join all properly joined and served defendants in its Notice of Removal, failed to demonstrate complete diversity, and failed to demonstrate that the amount in controversy is likely to exceed $75,000.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS IN PART** the Motion to Remand to the extent the motion seeks remand but **DENIES** the request for attorneys' fees.

Defendants have failed to allege adequately the citizenship of all the parties to this action. Limited liability companies, or LLCs, are like partnerships in that they are a citizen of every state where its owners and members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437

United States District Court
Northern District of California

1  Timothy J. Walton (State Bar No. 184292)
2  Jim C. Twu (State Bar No. 175032)
   WALTON TWU LLP
3  9515 Soquel Drive, Suite 207
4  Aptos, CA 95003-4137
   Phone (831) 685-9800
5  Fax: (650) 618-8687

6
   Daniel L. Balsam (State Bar No. 260423)
7  THE LAW OFFICES OF DANIEL BALSAM
   2912 Diamond Street #218
8  San Francisco, CA 94131
9  Phone: (415) 869-2873
   Fax: (415) 869-2873
10

11  Attorneys for Plaintiff Christopher Wagner

12

13

14              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15             **COUNTY OF SONOMA (UNLIMITED JURISDICTION)**

16  CHRISTOPHER WAGNER,                    ) Case No.:      SCV-252580
17                                         )
                      Plaintiff,           ) **[PROPOSED] ORDER GRANTING**
18                                         ) **PLAINTIFF'S MOTION FOR**
19          v.                             ) **SANCTIONS**
                                           )
20  SPIRE VISION LLC *et al*,              ) **Code Civ. Proc. §§ 128.7, 430.90**
21                                         )
                      Defendants.          ) Date:        _____
22                                         ) Time:        3:30 p.m.
23                                         ) Judge:       Hon. Nancy Case Shaffer
    _____) Dept:        18
24

25          Plaintiff Christopher Wagner's Motion for Sanctions came on regularly for hearing on

26  _____, 2013.  The Parties appeared by and through their attorneys of

27  record.

28          The Court having read and considered the moving and opposing papers, and having heard

29  and considered argument of counsel and good cause appearing,

30

31

---

1

**[Proposed] Order Granting Plaintiff's Motion for Sanctions**

THE COURT FINDS:

1.  That Defendants' Demurrer, filed by John Du Wors (State Bar 233913) and Leeor Neta (State Bar No. 233454), violated Code of Civil Procedure § 430.90 because Defendants had already filed Answers while the Action was in federal court.

2.  That any reasonable attorney would not have filed the Demurrer, or would have withdrawn the Demurrer after being served with a Motion for Sanctions.

IT IS HEREBY ORDERED:

1.  That Wagner's Motion for Sanctions is hereby granted.

2.  Wagner is awarded monetary sanctions in the amount of $_____, owed jointly and severally by Defendants Accelerize New Media Inc., Achieve Opportunities, Agree Wizard, Digital Publishing Corporation, FurturesDrive a/k/a Furturesdrive, Junctionlights, Juniper Marketing, MediActivate LLC, On Demand Research LLC, Opportunity Central, Paths Direct, Prime Advertisers LLC, PullSmart, Serve Clicks LLC, Spire Vision LLC, Spire Vision Holdings Inc., Ward Media Inc., XL Marketing Corporation and Youradshere, and their attorneys John Du Wors (SBN 233913) and Leeor Neta (SBN 233454).

IT IS SO ORDERED.

Date: _____     BY:_____
                                      JUDGE OF THE SUPERIOR COURT

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS**

| *Case Name* | *Case Number:* |
|---|---|
| : Wagner v. Spire Vision LLC | SCV-252580 |

| | |
|---|---|
| *Attorney or Party Without Attorney*<br>Daniel L. Balsam (State Bar No. 260423)<br>THE LAW OFFICES OF DANIEL BALSAM<br>2912 Diamond Street #218<br>San Francisco, CA 94131<br>　　*Telephone No.:*　415-869-2873<br>　　　　*Fax No.:*　415-869-2873<br>　　*Attorney for:*　Plaintiff Christopher Wagner | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>Superior Court of California, County of Sonoma<br>Civil and Family Law Courthouse<br>3055 Cleveland Avenue<br>Santa Rosa, CA 95403 | |
| *Plaintiff/Petitioner:*　Christopher Wagner<br>*Defendant/Respondent:*　Spire Vision LLC et al | *Case Number:*<br>　　SCV-252580 |

| | |
|---|---|
| **PROOF OF SERVICE – CIVIL**<br>**Check method of service** *(only one):*<br>[  ] By Personal Service　　[  ] By Mail　　[ X ] By Two-Day Delivery<br>[  ]　By Messenger Service　[  ]　By Fax　　[  ]　By Electronic Service | *Judge:*　　Shaffer<br><br>*Courtroom:*　　18 |

*(Do not use this proof of service to show service of a Summons and complaint.)*

1.　At the time of service I was at least 18 years of age and not a party to this action.

2.　My residence or business address is:
　　The Law Offices of Daniel Balsam, 2912 Diamond Street #218, San Francisco, CA 94131

4.　On *(date):*　May 20, 2013　　　　　　　I served the following **documents** *(specify):*

　　Notice of Motion and Motion for Sanctions, Declaration of Daniel Balsam, Proposed Order

5.　I served the documents on the person or persons below, as follows:
　　a.　Name of person served:
　　　　John Du Wors – attorney for Spire Vision entities, Accelerize New Media Inc.

　　b.　[ X ]　*(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
　　　　Business or residential address where person was served:
　　　　Newman Du Wors LLP, 1201 Third Avenue, Suite 1600, Seattle, WA 98101

6.　The documents were served by the following means *(specify):*

　　c.　[ X ]　**By two-day delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery
　　　　carrier and addressed to the persons in item 5. I placed the envelope or package for
　　　　collection and two-day delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the
foregoing is true and correct.

Date:　　May 20, 2013

Daniel L. Balsam　　　　　　　　　　　　　　　　　　　　　　　　
Type or Print Name of Declarant　　　　　　　　　　　Signature of Declarant

---

**PROOF OF SERVICE – CIVIL**

1  Timothy J. Walton (State Bar No. 184292)
2  Jim C. Twu (State Bar No. 175032)
   WALTON TWU LLP
3  9515 Soquel Drive, Suite 207
   Aptos, CA 95003-4137
4  Phone (831) 685-9800
5  Fax: (650) 618-8687

6  Daniel L. Balsam (State Bar No. 260423)
7  THE LAW OFFICES OF DANIEL BALSAM
   2912 Diamond Street #218
8  San Francisco, CA 94131
9  Phone: (415) 869-2873
   Fax: (415) 869-2873
10

11 Attorneys for Plaintiff Christopher Wagner

12

13

14             SUPERIOR COURT OF THE STATE OF CALIFORNIA

15            COUNTY OF SONOMA (UNLIMITED JURISDICTION)

16 CHRISTOPHER WAGNER,                    )  Case No.:      SCV-252580
                                          )
17                                        )
            Plaintiff,                    )  DECLARATION OF DANIEL BALSAM
18                                        )  IN SUPPORT OF PLAINTIFF'S
19      v.                                )  DEMURRER TO DEFENDANTS'
                                          )  ANSWERS
20 SPIRE VISION LLC et al,                )
                                          )  Code Civ. Proc. § 430.30
21                                        )
            Defendants.                   )
22                                        )  Date:         August 7, 2013
23                                        )  Time:         3:30 p.m.
                                          )  Judge:        Hon. Nancy Case Shaffer
24                                        )  Dept:         18
25

26 I, Daniel L. Balsam declare:

27 1.  I am an attorney duly licensed to practice law in all courts of the State of California.  I

28     represent Plaintiff Christopher Wagner ("Wagner") in this Action.  The following facts are

29     based on my own personal knowledge.  If called as a witness, I could and would testify

30     competently to the declared facts under oath.

31

                                          1
              DECLARATION OF DANIEL BALSAM IN SUPPORT OF
            PLAINTIFF'S DEMURRER TO DEFENDANTS' ANSWERS

Received
JUN 13 2013
Newman | DuWors

2. Wagner filed this Action against Defendants on October 25, 2012, alleging violations of Business & Professions Code §§ 17529.5 and 17538.5. Defendant Spire Vision LLC alone improperly removed the Action to the U.S. District Court for the Northern District of California on January 4, 2013, incorrectly alleging complete diversity. Wagner filed a Motion to Remand, which the federal court granted on March 8, and sent a letter to this Court on March 11 so stating. However, before the remand, the various Spire Vision entities collectively filed a Corrected First Amended Answer (federal docket #32) on February 27, and Accelerize New Media Inc. – represented by the same attorneys – filed an Answer (federal docket #26) on February 6. Neither Answer was verified; both Answers contained the same boilerplate affirmative defenses unsupported by any facts; and both Answers failed to state any facts supporting the prayer for attorneys' fees. Wagner filed motions to strike both Answers while in federal court, but the federal court remanded the Action before ruling on the motions to strike.

3. After the Action had been remanded, Wagner advised Defendants that their Answers were improper – if for no other reason than the fact that they were obviously not verified – and offered to stipulate to Defendants filing proper Answers. However, Defendants refused Wagner's offer. Accordingly, on March 25, Wagner filed a Demurrer to both Answers.

4. On May 28, this Court issued a tentative order, deferring ruling on the merits of Wagner's Demurrer, and stating that: "As the court is unable to review the answer, Plaintiff's motion is continued to August 7, 2013. Plaintiff is ordered to file a copy of the pleading subject to its demurrer with the court." Exhibit A is a true and correct copy of this Court's tentative ruling.

5. Wagner attempted to withdraw the Demurrer, but this Court issued the tentative order before receiving Wagner's Notice of Withdrawal, and this Court then rejected Wagner's attempt. Wagner submits a [Proposed] Order concurrently with this Declaration.

6. Exhibit B is a true and correct copy of the Corrected First Amended Answer (docket #32) that the Spire Vision entities collectively filed while this Action was in federal court.

7. Exhibit C is a true and correct copy of the Answer (docket #26) that Accelerize New Media Inc. filed while this Action was in federal court.

**2**

**DECLARATION OF DANIEL BALSAM IN SUPPORT OF
PLAINTIFF'S DEMURRER TO DEFENDANTS' ANSWERS**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed in San Francisco, California, on June 10, 2013.

*Daniel L. Balsam*

DANIEL L. BALSAM

DECLARATION OF DANIEL BALSAM IN SUPPORT OF
PLAINTIFF'S DEMURRER TO DEFENDANTS' ANSWERS

Exhibit A

Respondent California State Personnel Board is to draft an order consistent with this ruling.

## 9. 252580 – Wagner v. Spire Vision

Plaintiff Christopher Wagner demurs to the Corrected First Amended Answer filed by defendants Spire Vision, LLC, et al., and to the Answer filed by Defendant Accelerize New Media, Inc., on the grounds that the answers are not verified, Defendants do not indicate the causes of action to which they intend their affirmative defenses to apply, Defendants do not allege sufficient facts to plead their affirmative defenses, Defendants improperly attempt to reserve defenses without stating them, the allegations are uncertain, and Defendants did not allege sufficient facts to support their prayer for attorney fees.

Defendants oppose the motion arguing that the only answer they filed in this action was in federal court. This court has no record of an answer having been filed by any Defendant other than Lifescript, Inc. and no copy of the answer Accelerize New Media filed in federal court was provided to the court with this motion or the opposition. The court notes that Defendants Spire Vision, LLC, et al., filed a demurrer to the Complaint on May 2, 2013, which is currently set to be heard on August 7, 2013.

As the court is unable to review the answer, Plaintiff's motion is continued to August 7, 2013. Plaintiff is ordered to file a copy of the pleading subject to its demurrer with the court.

Plaintiff's counsel is to submit an order consistent with this ruling for the court's signature.

By way of guidance, if a verified Answer to the Complaint is required and the Answer filed was not verified, Defendant will be required to file a verified Answer.

## 10. SCV-253485; Shear v. Wells

This motion came on for hearing on May 8, 2013. At that time oral argument was continued to May 29, 2013. The tentative ruling remains as follows:

This is a misappropriation of trade secrets case, where the Plaintiff alleges that Defendants Mick Wells, Chad Matteri, and Gerald Witherell (ex-employees of the Plaintiff) misappropriated confidential information. The Plaintiff, a landscape materials supplier, contends that the Defendants quit, went to work for a competitor, and have been systematically using confidential information to unfairly compete.

On April 8, 2013, the Plaintiff filed suit against the Defendants, alleging: (1) Trade Secret Misappropriation; (2) Breach of Contract; (3) Breach of Fiduciary Duty/Loyalty; (4) Conversion; (5)

Exhibit B

1    John Du Wors, State Bar No. 233913
     john@newmanlaw.com
2    Leeor Neta, State Bar No. 233454
3    leeor@newmanlaw.com
     NEWMAN DU WORS LLP
4    1201 Third Avenue, Suite 1600
     Seattle, WA 98101
5    Telephone:  (206) 274-2800
6    Facsimile:  (206) 274-2801

7    Attorneys for Defendants

8

9                  **UNITED STATES DISTRICT COURT**
10             **NORTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12   Christopher Wagner, an individual, | No. 13-cv-00054-YGR |
| 13           Plaintiff, | **CORRECTED FIRST AMENDED** |
| 14        v. | **ANSWER AND AFFIRMATIVE** |
| | **DEFENSES OF ACHIEVE** |
| 15   Spire Vision LLC, a Delaware limited | **OPPORTUNITIES, AGREEWIZARD,** |
| 16   liability company, et al., | **DIGITAL PUBLISHING** |
| | **CORPORATION, JUNIPER** |
| 17          Defendants | **MARKETING LLC, MEDIACTIVATE** |
| 18 | **LLC, ON DEMAND RESEARCH,** |
| | **OPPORTUNITY CENTRAL, PATHS** |
| 19 | **DIRECT, PRIME ADVERTISERS LLC,** |
| | **PULLSMART, SERVE CLICKS LLC,** |
| 20 | **SPIRE VISION LLC, SPIRE VISION** |
| 21 | **HOLDINGS INC., WARD MEDIA INC.,** |
| | **AND XL MARKETING CORPORATION,** |
| 22 | **INCLUDING XL MARKETING** |
| 23 | **CORPORATION D/B/A FUTURESDRIVE** |
| | **OR FURTURESDRIVE,** |
| 24 | **JUNCTIONLIGHTS, AND** |
| 25 | **YOURADSHERE** |

26       Defendants Achieve Opportunities, AgreeWizard, Digital Publishing Corporation,

27   Juniper Marketing LLC, MediActivate LLC, On Demand Research LLC, Opportunity

28   Central, Paths Direct, Prime Advertisers LLC, PullSmart, Serve Clicks LLC, Spire Vision

1  LLC, Spire Vision Holdings Inc., Ward Media Inc., and XL Marketing Corporation,

2  including XL Marketing Corporation d/b/a Futuresdrive or Furturesdrive, JunctionLights,

3  and YourAdsHere(Collectively, "Answering Defendants") answer Plaintiff's complaint

4  as follows. Each numbered paragraph corresponds to the numbered paragraph in the

5  complaint.

6      1.    Answering Defendants DENY the allegations in Paragraph 1.

7      2.    Answering Defendants DENY the allegations in Paragraph 2.

8      3.    Answering Defendants DENY the allegations in Paragraph 3.

9      4.    Answering Defendants DENY the allegations in Paragraph 4.

10      5.    Answering Defendants DENY the allegations in Paragraph 5.

11      6.    Answering Defendants have insufficient information to form a belief as to

12  and therefore DENY the allegations in Paragraph 6.

13      7.    Answering Defendants DENY the allegations in Paragraph 7.

14      8.    Paragraph 8 is a request for relief and no response is required.

15      9.    Answering Defendants DENY the allegations in Paragraph 9.

16      10.    Answering Defendants have insufficient information to form a belief as to

17  and therefore DENY the allegations in Paragraph 10.

18      11.    Answering Defendants have insufficient information to form a belief as to

19  and therefore DENY the allegations in Paragraph 11.

20      12.    Answering Defendants have insufficient information to form a belief as to

21  and therefore DENY the allegations in Paragraph 12.

22      13.    Answering Defendants have insufficient information to form a belief as to

23  and therefore DENY the allegations in Paragraph 13.

24      14.    Answering Defendants ADMIT that SpireVision LLC is a Delaware LLC

25  headquartered in New York, New York, DENY that SpireVision LLC sends or advertises

26  in unlawful spams, and have insufficient information as to form a belief as to the meaning

27  of and therefore DENY that SpireVision LLC is "somehow affiliated" with other

28  defendants.

1        15.    Answering Defendants ADMIT that Digital Publishing Corp. is a Delaware

2    Corporation with a primary place of business in Washington D.C. and a subsidiary of XL

3    Marketing, have insufficient information to form a belief as to the meaning of "owns

4    and/or operates" websites and therefore DENY that allegation, and DENY the remainder

5    of the allegations in Paragraph 15.

6        16.    Answering Defendants admit that Juniper Marketing LLC is a Nevada LLC

7    controlled by XL Marketing, have insufficient information to form a belief as to the

8    meaning of "operates" websites and therefore DENY those allegations, and DENY the

9    remainder of the allegations in Paragraph 16.

10       17.    Answering Defendants ADMIT that MediaActivate LLC is a Nevada LLC

11   and DENY the remainder of the allegations in Paragraph 17.

12       18.    Answering Defendants admit that On Demand Research LLC is a Delaware

13   LLC with a principal place of business in New York, have insufficient information to

14   form a belief as to the meaning of "owns and/or operates" websites and therefore DENY

15   those allegations, and DENY the remainder of the allegations in Paragraph 18.

16       19.    Answering Defendants ADMIT that Prime Advertisers is a Nevada LLC

17   and a subsidiary of Spire Vision Holdings, have insufficient information to form a belief

18   as to documents called "privacy policies" and therefore DENY all allegations related to

19   "privacy policies", and DENY the remainder of the allegations in Paragraph 19.

20       20.    Answering Defendants ADMIT that Serve Clicks is a Nevada LLC, have

21   insufficient information to form a belief as to the meaning of and therefore DENY that

22   Serve Clicks is "somehow affiliated" with other defendants, and DENY the remainder of

23   the allegations in Paragraph 20.

24       21.    Answering Defendants ADMIT the allegations of Paragraph 21, except that

25   Answering Defendants DENY that SpireVision Holdings Inc. sends or advertises in

26   unlawful spams.

27       22.    Answering Defendants ADMIT the allegations of Paragraph 22, except

28   Defendants DENY that Ward Media is a subsidiary of SpireVision Holdings, Inc. and

1 | that Ward Media sends or advertises in unlawful spams, and have insufficient
2 | information as to form a belief as to the meaning of and therefore DENY that Ward
3 | Media "owns and/or operates" the websites described in Paragraph 22.

4 |     23.    Answering Defendants ADMIT the allegations of Paragraph 23, except
5 | Defendants DENY that XL Marketing Corporation sends or advertises in unlawful
6 | spams.

7 |     24.    Answering Defendants ADMIT that Achieve Opportunities is a subsidiary
8 | of XL Marketing, have insufficient information to form a belief as to and therefore
9 | DENY allegations relating to the existence of records with secretaries of state or the
10 | address of UPS stores, and DENY the remainder of the allegations in Paragraph 24.

11 |     25.    Answering Defendants ADMIT that Agree Wizard is a subsidiary of XL
12 | Marketing, have insufficient information to form a belief as to and therefore DENY
13 | allegations relating to the existence of records with secretaries of state, and DENY the
14 | remainder of the allegations in Paragraph 25.

15 |     26.    Answering Defendants ADMIT that Futuresdrive is controlled by XL
16 | Marketing, have insufficient information to form a belief as to and therefore DENY
17 | allegations relating to the existence of records with secretaries of state, and DENY the
18 | remainder of the allegations in Paragraph 26.

19 |     27.    Answering Defendants ADMIT that Junctionlights is controlled by XL
20 | Marketing, have insufficient information to form a belief as to and therefore DENY
21 | allegations relating to the existence of records with secretaries of state, and DENY the
22 | remainder of the allegations in Paragraph 27.

23 |     28.    Answering Defendants ADMIT that Opportunity Central is a subsidiary of
24 | XL Marketing, have insufficient information to form a belief as to and therefore DENY
25 | allegations relating to the existence of records with secretaries of state, and DENY the
26 | remainder of the allegations in Paragraph 28.

27 |     29.    Answering Defendants ADMIT that Paths Direct is a subsidiary of XL
28 | Marketing, have insufficient information to form a belief as to and therefore DENY the

1  existence of records with secretaries of state, and DENY the remainder of the allegations
2  in Paragraph 29.

3      30.     Answering Defendants ADMIT that PullSmart is a subsidiary of XL
4  Marketing, have insufficient information to form a belief as to and therefore DENY
5  allegations relating to the existence of records with secretaries of state, and DENY the
6  remainder of the allegations in Paragraph 30.

7      31.     Answering Defendants ADMIT that Youradshere is controlled by XL
8  Marketing, have insufficient information to form a belief as to and therefore DENY
9  allegations relating to the existence of records with secretaries of state, and DENY the
10  remainder of the allegations in Paragraph 26.

11      32.     Answering Defendants have insufficient information to form a belief as to
12  and therefore DENY the contents of emails Plaintiff claims to have received, and DENY
13  the remainder of the allegations in Paragraph 32.

14      33.     Paragraph 33 requires no response.

15      34.     Answering Defendants have insufficient information to form a belief as to
16  the nature or activities of Accelerize New Media, Inc. and therefore DENY that
17  allegation. Answering Defendants DENY the remainder of the allegations in Paragraph
18  34.

19      35.     Answering Defendants have insufficient information to form a belief as to
20  the nature or activities of Adconion Media Inc. and therefore DENY that allegation.
21  Answering Defendants DENY the remainder of the allegations in Paragraph 35.

22      36.     Answering Defendants DENY the allegations in Paragraph 36.

23      37.     Answering Defendants have insufficient information to form a belief as to
24  and therefore DENY the allegations in Paragraph 37.

25      38.     Answering Defendants have insufficient information to form a belief as to
26  and therefore DENY the allegations in Paragraph 38.

27      39.     Answering Defendants have insufficient information to form a belief as to
28  and therefore DENY the allegations in Paragraph 39.

1    40.    Answering Defendants have insufficient information to form a belief as to
2   and therefore DENY the allegations in Paragraph 40.

3    41.    Answering Defendants have insufficient information to form a belief as to
4   and therefore DENY the allegations in Paragraph 41.

5    42.    Answering Defendants have insufficient information to form a belief as to
6   and therefore DENY the allegations in Paragraph 42.

7    43.    Paragraph 43 requires no response.

8    44.    Answering Defendants DENY that a California court has jurisdiction.

9    45.    Answering Defendants DENY that a California court has jurisdiction.

10    46.    Answering Defendants DENY that venue is proper in Sonoma County.

11    47.    Answering Defendants DENY that venue is proper in Sonoma County.

12    48.    Answering Defendants DENY that venue is proper in Sonoma County.

13    49.    Answering Defendants have insufficient information to form a belief as to
14   and therefore DENY the allegations in Paragraph 49.

15    50.    Answering Defendants have insufficient information to form a belief as to
16   and therefore DENY the allegations in Paragraph 50.

17    51.    Answering Defendants have insufficient information to form a belief as to
18   and therefore DENY the allegations in Paragraph 51.

19    52.    Answering Defendants DENY the allegations in Paragraph 52.

20    53.    Answering Defendants have insufficient information to form a belief as to
21   and therefore DENY the allegations in Paragraph 53.

22    54.    Answering Defendants have insufficient information to form a belief as to
23   and therefore DENY the allegations in Paragraph 54.

24    55.    Answering Defendants have insufficient information to form a belief as to
25   and therefore DENY the allegations in Paragraph 55.

26    56.    Answering Defendants DENY the allegations in Paragraph 56.

27    57.    Answering Defendants have insufficient information to form a belief as to
28   and therefore DENY the allegations in Paragraph 57.

1   58.   Answering Defendants have insufficient information to form a belief as to

2   and therefore DENY the allegations in Paragraph 58.

3   59.   Answering Defendants have insufficient information to form a belief as to

4   and therefore DENY the allegations in Paragraph 59.

5   60.   Answering Defendants have insufficient information to form a belief as to

6   and therefore DENY the allegations in Paragraph 60.

7   61.   Answering Defendants have insufficient information to form a belief as to

8   and therefore DENY the allegations in Paragraph 61.

9   62.   Answering Defendants DENY the allegations in Paragraph 62.

10   63.   Answering Defendants have insufficient information to form a belief as to

11   and therefore DENY the allegations in Paragraph 63.

12   64.   Answering Defendants have insufficient information to form a belief as to

13   and therefore DENY the allegations in Paragraph 64.

14   65.   Answering Defendants have insufficient information to form a belief as to

15   and therefore DENY the allegations in Paragraph 65.

16   66.   Answering Defendants have insufficient information to form a belief as to

17   and therefore DENY the allegations in Paragraph 66.

18   67.   Answering Defendants have insufficient information to form a belief as to

19   and therefore DENY the allegations in Paragraph 67.

20   68.   Answering Defendants DENY the allegations in Paragraph 68.

21   69.   Answering Defendants have insufficient information to form a belief as to

22   and therefore DENY the allegations in Paragraph 69.

23   70.   Answering Defendants have insufficient information to form a belief as to

24   and therefore DENY the allegations in Paragraph 70.

25   71.   Answering Defendants have insufficient information to form a belief as to

26   and therefore DENY the allegations in Paragraph 71.

27   72.   Answering Defendants have insufficient information to form a belief as to

28   and therefore DENY the allegations in Paragraph 72.

1   73.   Answering Defendants have insufficient information to form a belief as to
2   and therefore DENY the allegations in Paragraph 73.

3   74.   Answering Defendants DENY the allegations in Paragraph 74.

4   75.   Answering Defendants have insufficient information to form a belief as to
5   and therefore DENY the allegations in Paragraph 75.

6   76.   Answering Defendants have insufficient information to form a belief as to
7   and therefore DENY the allegations in Paragraph 76.

8   77.   Answering Defendants have insufficient information to form a belief as to
9   and therefore DENY the allegations in Paragraph 77.

10   78.   Answering Defendants have insufficient information to form a belief as to
11   and therefore DENY the allegations in Paragraph 78.

12   79.   Answering Defendants have insufficient information to form a belief as to
13   and therefore DENY the allegations in Paragraph 79.

14   80.   Answering Defendants DENY the allegations in Paragraph 80.

15   81.   Answering Defendants have insufficient information to form a belief as to
16   and therefore DENY the allegations in Paragraph 81.

17   82.   Answering Defendants have insufficient information to form a belief as to
18   and therefore DENY the allegations in Paragraph 82.

19   83.   Answering Defendants have insufficient information to form a belief as to
20   and therefore DENY the allegations in Paragraph 83.

21   84.   Answering Defendants have insufficient information to form a belief as to
22   and therefore DENY the allegations in Paragraph 84.

23   85.   Answering Defendants have insufficient information to form a belief as to
24   and therefore DENY the allegations in Paragraph 85.

25   86.   Answering Defendants have insufficient information to form a belief as to
26   and therefore DENY the allegations in Paragraph 86.

27   87.   Answering Defendants DENY the allegations in Paragraph 52.

28   88.   Paragraph 88 characterizes emails, and no response is required because the

1    emails speak for themselves.

2        89.    Paragraph 89 characterizes emails, and no response is required because the

3    emails speak for themselves.

4        90.    Answering Defendants have insufficient information to form a belief as to

5    and therefore DENY the allegations in Paragraph 90.

6        91.    Answering Defendants have insufficient information to form a belief as to

7    and therefore DENY the allegations in Paragraph 91.

8        92.    Answering Defendants have insufficient information to form a belief as to

9    and therefore DENY the allegations in Paragraph 92.

10       93.    Answering Defendants have insufficient information to form a belief as to

11   and therefore DENY the allegations in Paragraph 93.

12       94.    Answering Defendants have insufficient information to form a belief as to

13   and therefore DENY the allegations in Paragraph 94.

14       95.    Answering Defendants have insufficient information to form a belief as to

15   and therefore DENY the allegations in Paragraph 95.

16       96.    Answering Defendants DENY the allegations in Paragraph 96.

17       97.    Answering Defendants have insufficient information to form a belief as to

18   and therefore DENY the allegations in Paragraph 97.

19       98.    Answering Defendants have insufficient information to form a belief as to

20   and therefore DENY the allegations in Paragraph 98.

21       99.    Answering Defendants have insufficient information to form a belief as to

22   and therefore DENY the allegations in Paragraph 99.

23       100.   Answering Defendants have insufficient information to form a belief as to

24   and therefore DENY the allegations in Paragraph 100.

25       101.   Answering Defendants have insufficient information to form a belief as to

26   and therefore DENY the allegations in Paragraph 101.

27       102.   Answering Defendants have insufficient information to form a belief as to

28   and therefore DENY the allegations in Paragraph 102.

1    103.    Answering Defendants have insufficient information to form a belief as to
2  and therefore DENY the allegations in Paragraph 103.

3    104.    Answering Defendants have insufficient information to form a belief as to
4  and therefore DENY the allegations in Paragraph 104.

5    105.    Answering Defendants have insufficient information to form a belief as to
6  and therefore DENY the allegations in Paragraph 105.

7    106.    Answering Defendants DENY the allegations in Paragraph 106.

8    107.    Answering Defendants have insufficient information to form a belief as to
9  and therefore DENY the allegations in Paragraph 107.

10   108.    Answering Defendants have insufficient information to form a belief as to
11 and therefore DENY the allegations in Paragraph 108.

12   109.    Answering Defendants have insufficient information to form a belief as to
13 and therefore DENY the allegations in Paragraph 109.

14   110.    Answering Defendants have insufficient information to form a belief as to
15 and therefore DENY the allegations in Paragraph 110.

16   111.    Answering Defendants have insufficient information to form a belief as to
17 and therefore DENY the allegations in Paragraph 111.

18   112.    Answering Defendants have insufficient information to form a belief as to
19 and therefore DENY the allegations in Paragraph 112.

20   113.    Answering Defendants DENY the allegations in Paragraph 113.

21   114.    Answering Defendants have insufficient information to form a belief as to
22 and therefore DENY the allegations in Paragraph 114.

23   115.    Answering Defendants DENY the allegations in Paragraph 115.

24   116.    Answering Defendants have insufficient information to form a belief as to
25 and therefore DENY the allegations in Paragraph 116.

26   117.    Answering Defendants have insufficient information to form a belief as to
27 and therefore DENY the allegations in Paragraph 117.

28   118.    Answering Defendants have insufficient information to form a belief as to

1   and therefore DENY the allegations in Paragraph 118.

2      119.  Answering Defendants DENY the allegations in Paragraph 119.

3      120.  Answering Defendants have insufficient information to form a belief as to

4   and therefore DENY the allegations in Paragraph 120.

5      121.  Answering Defendants have insufficient information to form a belief as to

6   and therefore DENY the allegations in Paragraph 121.

7      122.  Answering Defendants have insufficient information to form a belief as to

8   and therefore DENY the allegations in Paragraph 122.

9      123.  Answering Defendants have insufficient information to form a belief as to

10   and therefore DENY the allegations in Paragraph 123.

11      124.  Answering Defendants have insufficient information to form a belief as to

12   and therefore DENY the allegations in Paragraph 124.

13      125.  Answering Defendants DENY the allegations in Paragraph 125.

14      126.  Paragraph 126 is a reincorporation and no response is required.

15      127.  Answering Defendants DENY the allegations in Paragraph 127.

16      128.  Answering Defendants have insufficient information to form a belief as to

17   and therefore DENY the allegations in Paragraph 128.

18      129.  Paragraph 129 paraphrases a statute and no response is required.

19      130.  Answering Defendants DENY the allegations in Paragraph 130.

20      131.  Paragraph 131 characterizes a case and no response is required.

21      132.  Answering Defendants DENY the allegations in Paragraph 132.

22      133.  Paragraph 133 characterizes a statute and no response is required.

23      134.  Answering Defendants DENY the allegations in Paragraph 134.

24      135.  Answering Defendants DENY the allegations in Paragraph 135.

25      136.  Answering Defendants DENY the allegations in Paragraph 136.

26      137.  Answering Defendants have insufficient information to form a belief as to

27   and therefore DENY the allegations in Paragraph 137.

28      138.  Answering Defendants DENY the allegations in Paragraph 138.

1    139.   Answering Defendants have insufficient information to form a belief as to

2    and therefore DENY the allegations in Paragraph 139.

3    140.   Answering Defendants have insufficient information to form a belief as to

4    and therefore DENY the allegations in Paragraph 140.

5    141.   Answering Defendants have insufficient information to form a belief as to

6    and therefore DENY the allegations in Paragraph 141.

7    142.   Answering Defendants have insufficient information to form a belief as to

8    and therefore DENY the allegations in Paragraph 142.

9    143.   Answering Defendants DENY the allegations in Paragraph 143.

10   144.   Paragraph 144 characterizes a statute and no response is required.

11   145.   Answering Defendants DENY the allegations in Paragraph 145.

12   146.   Answering Defendants DENY the allegations in Paragraph 146.

13   147.   Paragraph 147 characterizes a statute and no response is required.

14   148.   Answering Defendants have insufficient information to form a belief as to

15   and therefore DENY the allegations in Paragraph 148.

16   149.   Paragraph 149 characterizes an email and no response is required.

17   150.   Paragraph 150 characterizes an email and no response is required.

18   151.   Answering Defendants DENY the allegations in Paragraph 151.

19   152.   Paragraph 152 characterizes a statute and no response is required.

20   153.   Paragraph 153 characterizes a statute and no response is required.

21   154.   Answering Defendants DENY the allegations in Paragraph 154.

22   155.   Answering Defendants DENY the allegations in Paragraph 155.

23   156.   Answering Defendants DENY the allegations in Paragraph 156.

24   157.   Answering Defendants DENY the allegations in Paragraph 157.

25   158.   Paragraph 158 is argument and no response is required. To the extent a

26   response is required, Answering Defendants DENY the allegations in Paragraph 158.

27   159.   Answering Defendants DENY the allegations in Paragraph 159.

28   160.   Answering Defendants DENY the allegations in Paragraph 160.

1      161.   Paragraph 161 is a statement that Wagner is seeking attorney's fees, and no

2  response is required.

3      162.   Answering Defendants DENY the allegations in Paragraph 162.

4      163.   Paragraph 163 is a reincorporation, and no response is required.

5      164.   Paragraph 164 quotes a statute, and no response is required.

6      165.   Answering Defendants DENY the allegations in Paragraph 165.

7      166.   Answering Defendants DENY the allegations in Paragraph 166.

8      167.   Answering Defendants DENY the allegations in Paragraph 167.

9      168.   Answering Defendants DENY the allegations in Paragraph 168.

10      169.   Answering Defendants DENY the allegations in Paragraph 169.

11  The remainder of the complaint is a prayer for relief, and no response is required.

12
## I.    AFFIRMATIVE DEFENSES

13  Without admitting any allegations in the Complaint, Answering Defendants assert

14  the following affirmative defenses:

15      1.    The Complaint fails to state a claim upon which relief may be granted.

16      2.    Plaintiff failed to mitigate his alleged damages, if any.

17      3.    Plaintiff waived his claims.

18      4.    Plaintiff's claims are barred by the doctrine of laches.

19      5.    Plaintiff's claims are barred by the doctrine of estoppel.

20      6.    The damages alleged in the Complaint, if any, were not caused by

21  Answering Defendants, but were caused by one or more third parties whose activities

22  were not approved, ratified, or controlled by Answering Defendants.

23      7.    Plaintiff has failed to join one or more necessary and indispensable parties.

24      8.    Venue and jurisdiction are improper.

25      9.    Answering Defendants reserves the right to add more defenses as

26  discovery proceeds.

27
## PRAYER FOR RELIEF

28  Accordingly, Answering Defendants pray for the following relief:

A.   Dismissal of the Complaint with prejudice.

B.   Attorney's fees and costs, as allowed by law.

Respectfully submitted this 7th day of February, 2013.

NEWMAN DU WORS LLP

s/ John Du Wors
Leeor Neta, State Bar No. 233454
John Du Wors, State Bar No. 233913
Attorneys for Defendants Achieve
Opportunities, AgreeWizard, Digital Publishing
Corporation, Juniper Marketing LLC,
MediActivate LLC, On Demand Research LLC,
Opportunity Central, Paths Direct, Prime
Advertisers LLC, PullSmart, Serve Clicks LLC,
Spire Vision LLC, Spire Vision Holdings Inc.,
Ward Media Inc., and XL Marketing
Corporation

Exhibit C

1   John Du Wors, State Bar No. 233913
    john@newmanlaw.com
2   Leeor Neta, State Bar No. 233454
    leeor@newmanlaw.com
3   NEWMAN DU WORS LLP
4   1201 Third Avenue, Suite 1600
    Seattle, WA 98101
5   Telephone:   (206) 274-2800
6   Facsimile:   (206) 274-2801

7   Attorneys for Defendants

8

9                    UNITED STATES DISTRICT COURT
10                  NORTHERN DISTRICT OF CALIFORNIA

11

12   Christopher Wagner, an individual,        No. 13-cv-00054-YGR

13                    Plaintiff,              **ANSWER AND AFFIRMATIVE**
                                             **DEFENSES OF ACCELERIZE NEW**
14            v.                             **MEDIA, INC.**

15   Spire Vision LLC, a Delaware limited
     liability company, et al.,              **JURY TRIAL DEMANDED**
16

17                    Defendants

18

19        Defendant Accelerize New Media, Inc. ("Accelerize") answers Plaintiff's

20   complaint as follows. Each numbered paragraph corresponds to the numbered paragraph

21   in the complaint.

22        1.      Accelerize DENIES the allegations in Paragraph 1.

23        2.      Accelerize DENIES the allegations in Paragraph 2.

24        3.      Accelerize DENIES the allegations in Paragraph 3.

25        4.      Accelerize DENIES the allegations in Paragraph 4.

26        5.      Accelerize DENIES the allegations in Paragraph 5.

27        6.      Accelerize has insufficient information to form a belief as to and therefore

28   DENIES the allegations in Paragraph 6.

1      7.      Accelerize DENIES the allegations in Paragraph 7.

2      8.      Paragraph 8 is a request for relief and no response is required.

3      9.      Accelerize DENIES the allegations in Paragraph 9.

4      10.     Accelerize has insufficient information to form a belief as to and therefore

5    DENIES the allegations in Paragraph 10.

6      11.     Accelerize has insufficient information to form a belief as to and therefore

7    DENIES the allegations in Paragraph 11.

8      12.     Accelerize has insufficient information to form a belief as to and therefore

9    DENIES the allegations in Paragraph 12.

10      13.     Accelerize has insufficient information to form a belief as to and therefore

11    DENIES the allegations in Paragraph 13.

12      14.     Accelerize has insufficient information to form a belief as to and therefore

13    DENIES the allegations in Paragraph 14.

14      15.     Accelerize has insufficient information to form a belief as to and therefore

15    DENIES the allegations in Paragraph 15.

16      16.     Accelerize has insufficient information to form a belief as to and therefore

17    DENIES the allegations in Paragraph 16.

18      17.     Accelerize has insufficient information to form a belief as to and therefore

19    DENIES the allegations in Paragraph 17.

20      18.     Accelerize has insufficient information to form a belief as to and therefore

21    DENIES the allegations in Paragraph 18.

22      19.     Accelerize has insufficient information to form a belief as to and therefore

23    DENIES the allegations in Paragraph 19.

24      20.     Accelerize has insufficient information to form a belief as to and therefore

25    DENIES the allegations in Paragraph 20.

26      21.     Accelerize has insufficient information to form a belief as to and therefore

27    DENIES the allegations in Paragraph 21.

28      22.     Accelerize has insufficient information to form a belief as to and therefore

**ACCELERIZE NEW MEDIA, INC.'S ANSWER – 13-0054-YGR**

1   DENIES the allegations in Paragraph 22.

2        23.     Accelerize has insufficient information to form a belief as to and therefore

3   DENIES the allegations in Paragraph 23.

4        24.     Accelerize has insufficient information to form a belief as to and therefore

5   DENIES the allegations in Paragraph 24.

6        25.     Accelerize has insufficient information to form a belief as to and therefore

7   DENIES the allegations in Paragraph 25.

8        26.     Accelerize has insufficient information to form a belief as to and therefore

9   DENIES the allegations in Paragraph 26.

10       27.     Accelerize has insufficient information to form a belief as to and therefore

11  DENIES the allegations in Paragraph 27.

12       28.     Accelerize has insufficient information to form a belief as to and therefore

13  DENIES the allegations in Paragraph 28.

14       29.     Accelerize has insufficient information to form a belief as to and therefore

15  DENIES the allegations in Paragraph 29.

16       30.     Accelerize has insufficient information to form a belief as to and therefore

17  DENIES the allegations in Paragraph 30.

18       31.     Accelerize has insufficient information to form a belief as to and therefore

19  DENIES the allegations in Paragraph 31.

20       32.     Accelerize has insufficient information to form a belief as to and therefore

21  DENIES the allegations in Paragraph 32.

22       33.     Paragraph 33 requires no response.

23       34.     Accelerize ADMITS the allegations related to corporate status and principal

24  place of business, has insufficient information to form a belief as to the term "operates"

25  as it relates to a "platform" and therefore DENIES the allegations related to *Cktrk.net*,

26  and DENIES the remainder of the allegations in Paragraph 34.

27       35.     Accelerize has insufficient information to form a belief as to and therefore

28  DENIES the allegations in Paragraph 35.

1       36.    Accelerize has insufficient information to form a belief as to and therefore

2 DENIES the allegations in Paragraph 36.

3       37.    Accelerize has insufficient information to form a belief as to and therefore

4 DENIES the allegations in Paragraph 37.

5       38.    Accelerize has insufficient information to form a belief as to and therefore

6 DENIES the allegations in Paragraph 38.

7       39.    Accelerize has insufficient information to form a belief as to and therefore

8 DENIES the allegations in Paragraph 39.

9       40.    Accelerize has insufficient information to form a belief as to and therefore

10 DENIES the allegations in Paragraph 40.

11       41.    Accelerize has insufficient information to form a belief as to and therefore

12 DENIES the allegations in Paragraph 41.

13       42.    Accelerize has insufficient information to form a belief as to and therefore

14 DENIES the allegations in Paragraph 42.

15       43.    Paragraph 43 requires no response.

16       44.    Accelerize DENIES that a California court has jurisdiction.

17       45.    Accelerize DENIES that a California court has jurisdiction.

18       46.    Accelerize DENIES that venue is proper in Sonoma County.

19       47.    Accelerize DENIES that venue is proper in Sonoma County.

20       48.    Accelerize DENIES that venue is proper in Sonoma County.

21       49.    Accelerize has insufficient information to form a belief as to and therefore

22 DENIES the allegations in Paragraph 49.

23       50.    Accelerize has insufficient information to form a belief as to and therefore

24 DENIES the allegations in Paragraph 50.

25       51.    Accelerize has insufficient information to form a belief as to and therefore

26 DENIES the allegations in Paragraph 51.

27       52.    Accelerize has insufficient information to form a belief as to and therefore

28 DENIES the allegations in Paragraph 52.

1    53.   Accelerize has insufficient information to form a belief as to and therefore

2  DENIES the allegations in Paragraph 53.

3    54.   Accelerize has insufficient information to form a belief as to and therefore

4  DENIES the allegations in Paragraph 54.

5    55.   Accelerize has insufficient information to form a belief as to and therefore

6  DENIES the allegations in Paragraph 55.

7    56.   Accelerize DENIES the allegations in Paragraph 56.

8    57.   Accelerize has insufficient information to form a belief as to and therefore

9  DENIES the allegations in Paragraph 57.

10   58.   Accelerize has insufficient information to form a belief as to and therefore

11 DENIES the allegations in Paragraph 58.

12   59.   Accelerize has insufficient information to form a belief as to and therefore

13 DENIES the allegations in Paragraph 59.

14   60.   Accelerize has insufficient information to form a belief as to and therefore

15 DENIES the allegations in Paragraph 60.

16   61.   Accelerize has insufficient information to form a belief as to and therefore

17 DENIES the allegations in Paragraph 61.

18   62.   Accelerize DENIES the allegations in Paragraph 62.

19   63.   Accelerize has insufficient information to form a belief as to and therefore

20 DENIES the allegations in Paragraph 63.

21   64.   Accelerize has insufficient information to form a belief as to and therefore

22 DENIES the allegations in Paragraph 64.

23   65.   Accelerize has insufficient information to form a belief as to and therefore

24 DENIES the allegations in Paragraph 65.

25   66.   Accelerize has insufficient information to form a belief as to and therefore

26 DENIES the allegations in Paragraph 66.

27   67.   Accelerize has insufficient information to form a belief as to and therefore

28 DENIES the allegations in Paragraph 67.

68. Accelerize DENIES the allegations in Paragraph 68.

69. Accelerize has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 69.

70. Accelerize has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 70.

71. Accelerize has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 71.

72. Accelerize has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 72.

73. Accelerize has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 73.

74. Accelerize DENIES the allegations in Paragraph 74.

75. Accelerize has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 75.

76. Accelerize has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 76.

77. Accelerize has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 77.

78. Accelerize has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 78.

79. Accelerize has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 79.

80. Accelerize DENIES the allegations in Paragraph 80.

81. Accelerize has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 81.

82. Accelerize has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 82.

83. Accelerize has insufficient information to form a belief as to and therefore

1   DENIES the allegations in Paragraph 83.

2       84.     Accelerize has insufficient information to form a belief as to and therefore

3   DENIES the allegations in Paragraph 84.

4       85.     Accelerize has insufficient information to form a belief as to and therefore

5   DENIES the allegations in Paragraph 85.

6       86.     Accelerize has insufficient information to form a belief as to and therefore

7   DENIES the allegations in Paragraph 86.

8       87.     Accelerize DENIES the allegations in Paragraph 52.

9       88.     Paragraph 88 characterizes emails, and no response is required because the

10  emails speak for themselves.

11      89.     Paragraph 89 characterizes emails, and no response is required because the

12  emails speak for themselves.

13      90.     Accelerize has insufficient information to form a belief as to and therefore

14  DENIES the allegations in Paragraph 90.

15      91.     Accelerize has insufficient information to form a belief as to and therefore

16  DENIES the allegations in Paragraph 91.

17      92.     Accelerize has insufficient information to form a belief as to and therefore

18  DENIES the allegations in Paragraph 92.

19      93.     Accelerize has insufficient information to form a belief as to and therefore

20  DENIES the allegations in Paragraph 93.

21      94.     Accelerize DENIES the allegations in Paragraph 94.

22      95.     Accelerize has insufficient information to form a belief as to and therefore

23  DENIES the allegations in Paragraph 95.

24      96.     Accelerize DENIES the allegations in Paragraph 96.

25      97.     Accelerize has insufficient information to form a belief as to and therefore

26  DENIES the allegations in Paragraph 97.

27      98.     Accelerize has insufficient information to form a belief as to and therefore

28  DENIES the allegations in Paragraph 98.

1    99.    Accelerize has insufficient information to form a belief as to and therefore

2  DENIES the allegations in Paragraph 99.

3    100.    Accelerize has insufficient information to form a belief as to and therefore

4  DENIES the allegations in Paragraph 100.

5    101.    Accelerize has insufficient information to form a belief as to and therefore

6  DENIES the allegations in Paragraph 101.

7    102.    Accelerize has insufficient information to form a belief as to and therefore

8  DENIES the allegations in Paragraph 102.

9    103.    Accelerize has insufficient information to form a belief as to and therefore

10  DENIES the allegations in Paragraph 103.

11    104.    Accelerize has insufficient information to form a belief as to and therefore

12  DENIES the allegations in Paragraph 104.

13    105.    Accelerize has insufficient information to form a belief as to and therefore

14  DENIES the allegations in Paragraph 105.

15    106.    Accelerize DENIES the allegations in Paragraph 106.

16    107.    Accelerize has insufficient information to form a belief as to and therefore

17  DENIES the allegations in Paragraph 107.

18    108.    Accelerize has insufficient information to form a belief as to and therefore

19  DENIES the allegations in Paragraph 108.

20    109.    Accelerize has insufficient information to form a belief as to and therefore

21  DENIES the allegations in Paragraph 109.

22    110.    Accelerize has insufficient information to form a belief as to and therefore

23  DENIES the allegations in Paragraph 110.

24    111.    Accelerize has insufficient information to form a belief as to and therefore

25  DENIES the allegations in Paragraph 111.

26    112.    Accelerize has insufficient information to form a belief as to and therefore

27  DENIES the allegations in Paragraph 112.

28    113.    Accelerize DENIES the allegations in Paragraph 113.

1     114.   Accelerize has insufficient information to form a belief as to and therefore

2  DENIES the allegations in Paragraph 114.

3     115.   Accelerize has insufficient information to form a belief as to and therefore

4  DENIES the allegations in Paragraph 115.

5     116.   Accelerize has insufficient information to form a belief as to and therefore

6  DENIES the allegations in Paragraph 116.

7     117.   Accelerize has insufficient information to form a belief as to and therefore

8  DENIES the allegations in Paragraph 117.

9     118.   Accelerize has insufficient information to form a belief as to and therefore

10  DENIES the allegations in Paragraph 118.

11     119.   Accelerize has insufficient information to form a belief as to and therefore

12  DENIES the allegations in Paragraph 119.

13     120.   Accelerize has insufficient information to form a belief as to and therefore

14  DENIES the allegations in Paragraph 120.

15     121.   Accelerize has insufficient information to form a belief as to and therefore

16  DENIES the allegations in Paragraph 121.

17     122.   Accelerize DENIES the allegations in Paragraph 122.

18     123.   Accelerize has insufficient information to form a belief as to and therefore

19  DENIES the allegations in Paragraph 123.

20     124.   Accelerize has insufficient information to form a belief as to and therefore

21  DENIES the allegations in Paragraph 124.

22     125.   Accelerize has insufficient information to form a belief as to and therefore

23  DENIES the allegations in Paragraph 125.

24     126.   Paragraph 126 is a reincorporation and no response is required.

25     127.   Accelerize DENIES the allegations in Paragraph 127.

26     128.   Accelerize has insufficient information to form a belief as to and therefore

27  DENIES the allegations in Paragraph 128.

28     129.   Paragraph 129 paraphrases a statute and no response is required.

1    130.    Accelerize DENIES the allegations in Paragraph 130.

2    131.    Paragraph 131 characterizes a case and no response is required.

3    132.    Accelerize DENIES the allegations in Paragraph 132.

4    133.    Paragraph 133 characterizes a statute and no response is required.

5    134.    Accelerize DENIES the allegations in Paragraph 134.

6    135.    Accelerize DENIES the allegations in Paragraph 135.

7    136.    Accelerize DENIES the allegations in Paragraph 136.

8    137.    Accelerize has insufficient information to form a belief as to and therefore

9    DENIES the allegations in Paragraph 137.

10    138.    Accelerize DENIES the allegations in Paragraph 138.

11    139.    Accelerize has insufficient information to form a belief as to and therefore

12    DENIES the allegations in Paragraph 139.

13    140.    Accelerize has insufficient information to form a belief as to and therefore

14    DENIES the allegations in Paragraph 140.

15    141.    Accelerize has insufficient information to form a belief as to and therefore

16    DENIES the allegations in Paragraph 141.

17    142.    Accelerize has insufficient information to form a belief as to and therefore

18    DENIES the allegations in Paragraph 142.

19    143.    Accelerize DENIES the allegations in Paragraph 143.

20    144.    Paragraph 144 characterizes a statute and no response is required.

21    145.    Accelerize DENIES the allegations in Paragraph 145.

22    146.    Accelerize DENIES the allegations in Paragraph 146.

23    147.    Paragraph 147 characterizes a statute and no response is required.

24    148.    Accelerize has insufficient information to form a belief as to and therefore

25    DENIES the allegations in Paragraph 148.

26    149.    Paragraph 149 characterizes an email and no response is required.

27    150.    Paragraph 150 characterizes an email and no response is required.

28    151.    Accelerize DENIES the allegations in Paragraph 151.

1    152.   Paragraph 152 characterizes a statute and no response is required.

2    153.   Paragraph 153 characterizes a statute and no response is required.

3    154.   Accelerize DENIES the allegations in Paragraph 154.

4    155.   Accelerize DENIES the allegations in Paragraph 155.

5    156.   Accelerize DENIES the allegations in Paragraph 156.

6    157.   Accelerize DENIES the allegations in Paragraph 157.

7    158.   Paragraph 158 is argument and no response is required. To the extent a

8    response is required, Accelerize DENIES the allegations in Paragraph 158.

9    159.   Accelerize DENIES the allegations in Paragraph 159.

10    160.   Accelerize DENIES the allegations in Paragraph 160.

11    161.   Paragraph 161 is a statement that Wagner is seeking attorney's fees, and no

12    response is required.

13    162.   Accelerize DENIES the allegations in Paragraph 162.

14    163.   Paragraph 163 is a reincorporation, and no response is required.

15    164.   Paragraph 164 quotes a statute, and no response is required.

16    165.   Accelerize DENIES the allegations in Paragraph 165.

17    166.   Accelerize DENIES the allegations in Paragraph 166.

18    167.   Accelerize DENIES the allegations in Paragraph 167.

19    168.   Accelerize DENIES the allegations in Paragraph 168.

20    169.   Accelerize DENIES the allegations in Paragraph 169.

21    The remainder of the complaint is a prayer for relief, and no response is required.

22    **I.    AFFIRMATIVE DEFENSES**

23    Without admitting any allegations in the Complaint, Accelerize assert the

24    following affirmative defenses:

25    1.    The Complaint fails to state a claim upon which relief may be granted.

26    2.    Plaintiff failed to mitigate his alleged damages, if any.

27    3.    Plaintiff waived his claims.

28    4.    Plaintiff's claims are barred by the doctrine of laches.

1    5.      Plaintiff's claims are barred by the doctrine of estoppel.

2    6.      The damages alleged in the Complaint, if any, were not caused by

3   Accelerize, but were caused by one or more third parties whose activities were not

4   approved, ratified, or controlled by Accelerize.

5    7.      Plaintiff has failed to join one or more necessary and indispensable parties.

6    8.      Venue and jurisdiction are improper.

7    9.      Accelerize reserves the right to add more defenses as discovery proceeds.

8                              **PRAYER FOR RELIEF**

9   Accordingly, Accelerize pray for the following relief:

10   A.      Dismissal of the Complaint with prejudice.

11   B.      Attorney's fees and costs, as allowed by law.

12

13   Respectfully submitted this 6th day of February, 2013.

14
                          **NEWMAN DU WORS LLP**
15

16
                          s/ John Du Wors
17                        Leeor Neta, State Bar No. 233454
                          John Du Wors, State Bar No. 233913
18                        Attorneys for Defendants Accelerize New
                          Media, Inc., Achieve Opportunities,
19                        AgreeWizard, Digital Publishing Corporation,
                          Juniper Marketing LLC, MediActivate LLC, On
20                        Demand Research LLC, Opportunity Central,
21                        Paths Direct, Prime Advertisers LLC,
                          PullSmart, Serve Clicks LLC, Spire Vision
22                        LLC, Spire Vision Holdings Inc., Ward Media
                          Inc., and XL Marketing Corporation
23

24

25

26

27

28

                                   12
                 **ACCELERIZE NEW MEDIA, INC.'S ANSWER – 13-0054-YGR**

1

### JURY DEMAND

2       Pursuant to FED. R. CIV. P. 38(b), Plaintiff Accelerize New Media Inc. demands a

3 trial by jury of all issues presented in their Answer and Affirmative Defenses which are

4 triable by jury.

5

6

7

8       Dated this 6th day of February, 2013.

9

10

11                         Respectfully Submitted,

12                         **NEWMAN DU WORS LLP**

13

14                       s/ John Du Wors

Leeor Neta, State Bar No. 233454

15                       John Du Wors, State Bar No. 233913

16                       Attorneys for Defendants Accelerize New

Media, Inc., Achieve Opportunities,

17                       AgreeWizard, Digital Publishing Corporation,

Juniper Marketing LLC, MediActivate LLC, On

18                       Demand Research LLC, Opportunity Central,

19                       Paths Direct, Prime Advertisers LLC,

PullSmart, Serve Clicks LLC, Spire Vision

20                       LLC, Spire Vision Holdings Inc., Ward Media

21                       Inc., and XL Marketing Corporation

22

23

24

25

26

27

28

| | |
|---|---|
| *Attorney or Party Without Attorney*<br>Daniel L. Balsam (State Bar No. 260423)<br>THE LAW OFFICES OF DANIEL BALSAM<br>2912 Diamond Street #218<br>San Francisco, CA 94131<br>    *Telephone No.:*  415-869-2873<br>    *Fax No.:*  415-869-2873<br>    *Attorney for:*  Defendant/Counter-Claimant Cathy Riley | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>    Superior Court of California, County of Sonoma<br>    3055 Cleveland Avenue<br>    Santa Rosa, CA 95403<br>    Civil and Family Law Courthouse | |
| *Plaintiff/Petitioner:*  Christopher Wagner<br>*Defendant/Respondent:*  Spire Vision LLC *et al* | *Case Number:*<br>          SCV-252580 |
| **PROOF OF SERVICE – CIVIL**<br>**Check method of service *(only one):***<br>[ ] By Personal Service    [ X ] By Mail    [ ] By Overnight Delivery<br>[ ] By Messenger Service    [ ] By Fax    [ ] By Electronic Service | *Judge:*      Shaffer<br><br>*Courtroom:*    18 |

*(Do not use this proof of service to show service of a Summons and complaint.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  My residence or business address is: The Law Offices of Daniel Balsam, 2912 Diamond Street #218, San Francisco, CA 94131

4.  On *(date):*    June 10, 2013          I served the following **documents** *(specify):*

    Declaration of Daniel L. Balsam in Support of Plaintiff's Demurrer to Defendants' Answers

5.  I served the documents on the person or persons below, as follows:
    a.   Name of person served:    John Du Wors, attorney for Spire Vision entities, Zulu marketing LLC, and Accelerize New
          Media Inc.

    b.   [ X ]  *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
          Business or residential address where person was served: Newman Du Wors LLP, 1201 Third Avenue, Suite 1600,
          Seattle, WA 98101

6.  The documents were served by the following means *(specify):*
    b.   [ X ]  **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at
          the addresses in item 5 and *(specify one):*
          (1) [ X ]  deposited the sealed envelope with the United States Postal Service, with the postage fully
                prepaid..

          I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed
          in the mail at *(city and state):* San Francisco, CA

I declare under penalty of perjury under the laws of the State of California and the United States of America that the
foregoing is true and correct.

Date:      June 10, 2013

_____                    _____
Daniel L. Balsam
Type or Print Name of Declarant                        Signature of Declarant

1  Timothy J. Walton (State Bar No. 184292)
2  Jim C. Twu (State Bar No. 175032)
   WALTON TWU LLP
3  9515 Soquel Drive, Suite 207
   Aptos, CA 95003-4137
4  Phone (831) 685-9800
5  Fax: (650) 618-8687

6
   Daniel L. Balsam (State Bar No. 260423)
7  THE LAW OFFICES OF DANIEL BALSAM
   2912 Diamond Street #218
8  San Francisco, CA 94131
9  Phone: (415) 869-2873
   Fax: (415) 869-2873
10

11  Attorneys for Plaintiff Christopher Wagner

**ENDORSED
FILED**

**JUN 1 3 2013**

**SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA**

12

13            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14            **COUNTY OF SONOMA (UNLIMITED JURISDICTION)**

15

16  CHRISTOPHER WAGNER,              ) Case No.:    SCV-252580
                                     )
17            Plaintiff,             ) [~~PROPOSED~~] ORDER RE: PLAINTIFFS'
                                     ) **DEMURRER TO DEFENDANTS'**
18      v.                           ) **ANSWERS**
                                     )
19                                   )
20  SPIRE VISION LLC *et al*,        ) **Code Civ. Proc. § 430.30**
                                     )
21            Defendants.            ) Date:        May 29, 2013
                                     ) Time:        3:30 p.m.
22                                   ) Judge:       Hon. Nancy Case Shaffer
23                                   ) Dept:        18

24

25        Plaintiff Christopher Wagner's Demurrer to the Corrected Answer filed by Spire Vision

26  LLC *et al* and to the Answer filed by Accelerize New Media Inc. came on regularly for hearing

27  on May 29, 2013. Neither Wagner nor Defendants timely contested the Tentative Order posted

28  on May 28, 2013, and this Court denied Wagner's attempt to withdraw the Demurrer to the

29  Answers because the Court had already issued the Tentative Order. Neither Party appeared at

30  the hearing on the Motion. Therefore, this Court now adopts its Tentative Order:

31

                                        1

1    Plaintiff Christopher Wagner demurs to the Corrected First Amended Answer

2  filed by defendants Spire Vision, LLC, et al., and to the Answer filed by Defendant

3  Accelerize New Media, Inc., on the grounds that the answers are not verified,

4  Defendants do not indicate the causes of action to which they intend their affirmative

5  defenses to apply, Defendants do not allege sufficient facts to plead their affirmative

6  defenses, Defendants improperly attempt to reserve defenses without stating them, the

7  allegations are uncertain, and Defendants did not allege sufficient facts to support their

8  prayer for attorney fees.

9    Defendants oppose the motion arguing that the only answer they filed in this

10  action was in federal court. This court has no record of an answer having been filed by

11  any Defendant other than Lifescript, Inc. and no copy of the answer Accelerize New

12  Media filed in federal court was provided to the court with this motion or the opposition.

13  The court notes that Defendants Spire Vision, LLC, et al., filed a demurrer to the

14  Complaint on May 2, 2013, which is currently set to be heard on August 7, 2013.

15    As the court is unable to review the answer, Plaintiff's motion is continued to

16  August 7, 2013. Plaintiff is ordered to file a copy of the pleading subject to its demurrer

17  with the court.

18  ~~Plaintiff's counsel is to submit an order consistent with this ruling for the court's~~  *AW*

19  ~~signature.~~

20    By way of guidance, if a verified Answer to the Complaint is required and the

21  Answer filed was not verified, Defendant will be required to file a verified Answer.

22

23  IT IS SO ORDERED.

24

25  Date: **6 - 13 - 13.**          BY: _Arthur A. Wick_

26                     JUDGE OF THE SUPERIOR COURT

27                     _for Judge Shaffer_

28

29

30

31

---

**2**

[PROPOSED] ORDER RE: PLAINTIFF'S DEMURRER TO DEFENDANTS' ANSWERS

1   Timothy J. Walton (State Bar No. 184292)
2   Jim C. Twu (State Bar No. 175032)
    WALTON TWU LLP
3   9515 Soquel Drive, Suite 207
    Aptos, CA 95003-4137
4   Phone (831) 685-9800
5   Fax: (650) 618-8687

6   Daniel L. Balsam (State Bar No. 260423)
7   THE LAW OFFICES OF DANIEL BALSAM
    2912 Diamond Street #218
8   San Francisco, CA 94131
9   Phone: (415) 869-2873
    Fax: (415) 869-2873
10

11  Attorneys for Plaintiff Christopher Wagner

12

13              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14            **COUNTY OF SONOMA (UNLIMITED JURISDICTION)**

15
    CHRISTOPHER WAGNER,              ) Case No.:      SCV-252580
16                                   )
17              Plaintiff,           ) **NOTICE OF ENTRY OF ORDER RE:**
                                     ) **PLAINTIFF'S DEMURRER TO**
18       v.                          ) **DEFENDANTS' ANSWERS**
19                                   )
20  SPIRE VISION LLC *et al*,        )
                                     )
21              Defendants.          )
    _____ )
22

23  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

          PLEASE TAKE NOTICE that on June 13, 2013, the Court issued an Order granting
24
    Plaintiff Christopher Wagner's Demurrer to the Corrected Answer filed by Spire Vision LLC *et*
25
    *al* and to the Answer filed by Accelerize New Media Inc. A copy of the Court's Order is
26
    attached as Exhibit A.
27
                                     THE LAW OFFICES OF DANIEL BALSAM
28
    Date:      June 21, 2013         BY:   *Daniel L Balsam*
29
                                           DANIEL L. BALSAM
30                                         Attorneys for Plaintiff Christopher Wagner
31

---

                                     1

Received
JUN 24 2013
NEWMAN | DuWORS

Exhibit A

1   Timothy J. Walton (State Bar No. 184292)
2   Jim C. Twu (State Bar No. 175032)
    WALTON TWU LLP
3   9515 Soquel Drive, Suite 207
    Aptos, CA 95003-4137
4   Phone (831) 685-9800
5   Fax: (650) 618-8687

6
    Daniel L. Balsam (State Bar No. 260423)
7   THE LAW OFFICES OF DANIEL BALSAM
    2912 Diamond Street #218
8   San Francisco, CA 94131
9   Phone: (415) 869-2873
    Fax: (415) 869-2873
10

11  Attorneys for Plaintiff Christopher Wagner

12

13              SUPERIOR COURT OF THE STATE OF CALIFORNIA

14          COUNTY OF SONOMA (UNLIMITED JURISDICTION)

15

16  CHRISTOPHER WAGNER,                  ) Case No.:    SCV-252580
                                         )
17          Plaintiff,                   ) [PROPOSED] ORDER RE: PLAINTIFFS'
                                         ) DEMURRER TO DEFENDANTS'
18      v.                               ) ANSWERS
                                         )
19                                       )
20  SPIRE VISION LLC et al,              ) Code Civ. Proc. § 430.30
                                         )
21          Defendants.                  ) Date:      May 29, 2013
                                         ) Time:      3:30 p.m.
22                                       ) Judge:     Hon. Nancy Case Shaffer
23                                       ) Dept:      18

24

25          Plaintiff Christopher Wagner's Demurrer to the Corrected Answer filed by Spire Vision

26  LLC et al and to the Answer filed by Accelerize New Media Inc. came on regularly for hearing

27  on May 29, 2013. Neither Wagner nor Defendants timely contested the Tentative Order posted

28  on May 28, 2013, and this Court denied Wagner's attempt to withdraw the Demurrer to the

29  Answers because the Court had already issued the Tentative Order. Neither Party appeared at

30  the hearing on the Motion. Therefore, this Court now adopts its Tentative Order:

31

                                        1
        [PROPOSED] ORDER RE: PLAINTIFF'S DEMURRER TO DEFENDANTS' ANSWERS

---

ENDORSED
FILED

JUN 13 2013

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

1    Plaintiff Christopher Wagner demurs to the Corrected First Amended Answer

2  filed by defendants Spire Vision, LLC, et al., and to the Answer filed by Defendant

3  Accelerize New Media, Inc., on the grounds that the answers are not verified,

4  Defendants do not indicate the causes of action to which they intend their affirmative

5  defenses to apply, Defendants do not allege sufficient facts to plead their affirmative

6  defenses, Defendants improperly attempt to reserve defenses without stating them, the

7  allegations are uncertain, and Defendants did not allege sufficient facts to support their

8  prayer for attorney fees.

9    Defendants oppose the motion arguing that the only answer they filed in this

10  action was in federal court. This court has no record of an answer having been filed by

11  any Defendant other than Lifescript, Inc. and no copy of the answer Accelerize New

12  Media filed in federal court was provided to the court with this motion or the opposition.

13  The court notes that Defendants Spire Vision, LLC, et al., filed a demurrer to the

14  Complaint on May 2, 2013, which is currently set to be heard on August 7, 2013.

15    As the court is unable to review the answer, Plaintiff's motion is continued to

16  August 7, 2013. Plaintiff is ordered to file a copy of the pleading subject to its demurrer

17  with the court.

18  ~~Plaintiff's counsel is to submit an order consistent with this ruling for the court's~~   *AW*

19  ~~signature.~~

20    By way of guidance, if a verified Answer to the Complaint is required and the

21  Answer filed was not verified, Defendant will be required to file a verified Answer.

22

23  IT IS SO ORDERED.

24

25  Date: 6-13-13.            BY: _____

26                  JUDGE OF THE SUPERIOR COURT

27                  *for Judge Shaffer*

28

29

30

31

[PROPOSED] ORDER RE: PLAINTIFF'S DEMURRER TO DEFENDANTS' ANSWERS

| | |
|---|---|
| *Attorney or Party Without Attorney*<br>Daniel L. Balsam (State Bar No. 260423)<br>THE LAW OFFICES OF DANIEL BALSAM<br>2912 Diamond Street #218<br>San Francisco, CA 94131<br>    *Telephone No.:*   415-869-2873<br>    *Fax No.:*   415-869-2873<br>    *Attorney for:*   Defendant/Counter-Claimant Cathy Riley | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>    Superior Court of California, County of Sonoma<br>    3055 Cleveland Avenue<br>    Santa Rosa, CA 95403<br>    Civil and Family Law Courthouse | |
| *Plaintiff/Petitioner:*   Christopher Wagner<br>*Defendant/Respondent:*   Spire Vision LLC et al | *Case Number:*<br>        SCV-252580 |

| | |
|---|---|
| **PROOF OF SERVICE -- CIVIL**<br>**Check method of service** *(only one):*<br>[  ]  By Personal Service        [  ]  By Mail        [ X ]  By Overnight Delivery<br>[  ]  By Messenger Service     [  ]  By Fax        [  ]  By Electronic Service | *Judge:*        Shaffer<br><br>*Courtroom:*        18 |

*(Do not use this proof of service to show service of a Summons and complaint.)*

1.   At the time of service I was at least 18 years of age and not a party to this action.

2.   My residence or business address is: The Law Offices of Daniel Balsam, 2912 Diamond Street #218, San Francisco, CA 94131

4.   On *(date):*   June 21, 2013        I served the following **documents** *(specify):*

     Notice of Entry of Order re: Plaintiff's Demurrer to Defendants' Answers

5.   I served the documents on the person or persons below, as follows:
     a.   Name of person served:    John Du Wors, attorney for Spire Vision entities, Zulu marketing LLC, and Accelerize New Media Inc.

     b.   [ X ]   *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
          Business or residential address where person was served: Newman Du Wors LLP, 1201 Third Avenue, Suite 1600, Seattle, WA 98101

6.   The documents were served by the following means *(specify):*
     c.   [ X ]   **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Date:        June 21, 2013

_____<br>Daniel L. Balsam<br>Type or Print Name of Declarant

_____<br>Signature of Declarant

1 | Timothy J. Walton (State Bar No. 184292)
2 | Jim C. Twu (State Bar No. 175032)
  | WALTON TWU LLP
3 | 9515 Soquel Drive, Suite 207
  | Aptos, CA 95003-4137
4 | Phone (831) 685-9800
5 | Fax: (650) 618-8687

```
Received
JUL 02 2013
NEWMAN│DUWORS
```

6
7 | Daniel L. Balsam (State Bar No. 260423)
  | THE LAW OFFICES OF DANIEL BALSAM
8 | 2912 Diamond Street #218
  | San Francisco, CA 94131
9 | Phone: (415) 869-2873
  | Fax: (415) 869-2873
10

11 | Attorneys for Plaintiff Christopher Wagner

12

13 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14 | **COUNTY OF SONOMA (UNLIMITED JURISDICTION)**

15

16 | CHRISTOPHER WAGNER,                   ) Case No.:    SCV-252580
                                          )
17 |              Plaintiff,              ) **NOTICE OF HEARING DATE FOR**
                                          ) **PLAINTIFF'S MOTION FOR**
18 |     v.                               ) **SANCTIONS**
                                          )
19 |                                      )
   | SPIRE VISION LLC *et al*,            )
20 |                                      )
                                          )
21 |              Defendants.             )
   | _____     )

22

23 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

24 |          PLEASE TAKE NOTICE that the Court set a hearing date of August 7, 2013 at 3:30 p.m.

25 | for Plaintiff Christopher Wagner's Motion for Sanctions as to the Demurrer filed by Defendants.

26 | A copy of the Notice of Motion is attached as Exhibit A.

27 |                                      THE LAW OFFICES OF DANIEL BALSAM

28 | Date: _____June 29, 2013_____      BY: _Daniel L Balsam_____

29 |                                          DANIEL L. BALSAM
                                              Attorneys for Plaintiff Christopher Wagner
30

31

---

1

**NOTICE OF HEARING DATE**

Exhibit A

Timothy J. Walton (State Bar No. 184292)
Jim C. Twu (State Bar No. 175032)
WALTON TWU LLP
9515 Soquel Drive, Suite 207
Aptos, CA 95003-4137
Phone (831) 685-9800
Fax: (650) 618-8687

Daniel L. Balsam (State Bar No. 260423)
THE LAW OFFICES OF DANIEL BALSAM
2912 Diamond Street #218
San Francisco, CA 94131
Phone: (415) 869-2873
Fax: (415) 869-2873

Attorneys for Plaintiff Christopher Wagner

*ENDORSED*
*FILED*

JUN 2 4 2013

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

L&M TENTATIVE RULINGS are
available after 2:00 p.m. on the court
day prior to the scheduled hearing:
http://www.SonomaSuperiorCourt.com
OR (707) 521-6881

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SONOMA (UNLIMITED JURISDICTION)

| | |
|---|---|
| CHRISTOPHER WAGNER, | ) Case No.:   SCV-252580 |
| Plaintiff, | ) **PLAINTIFF'S NOTICE OF MOTION** ) **AND MOTION FOR SANCTIONS** |
| v. | ) **Code Civ. Proc. §§ 128.7, 430.90** |
| SPIRE VISION LLC *et al*, | ) Date:     *AUG 7, 2013* |
| Defendants. | ) Time:     3:30 p.m. ) Judge:    Hon. Nancy Case Shaffer ) Dept:     18 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on _____*AUG 7, 2013*_____, 2013, at 3:30 p.m., in Department 18 of the above-entitled court, located at 3055 Cleveland Avenue, Santa Rosa, California 95403, Plaintiff Christopher Wagner will and hereby does move the Court pursuant to Code of Civil Procedure § 128.7 for sanctions against Defendants Accelerize New Media Inc., Achieve Opportunities, Agree Wizard, Digital Publishing Corporation, FurturesDrive a/k/a Furturesdrive, Junctionlights, Juniper Marketing, MediActivate LLC, On Demand Research

1

| | |
|---|---|
| *Attorney or Party Without Attorney*<br>Daniel L. Balsam (State Bar No. 260423)<br>THE LAW OFFICES OF DANIEL BALSAM<br>2912 Diamond Street #218<br>San Francisco, CA 94131<br>   *Telephone No.:*  415-869-2873<br>      *Fax No.:*  415-869-2873<br>   *Attorney for:*  Plaintiff Christopher Wagner | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>Superior Court of California, County of Sonoma<br>Civil and Family Law Courthouse<br>3055 Cleveland Avenue<br>Santa Rosa, CA 95403 | |

| | | |
|---|---|---|
| *Plaintiff/Petitioner:*  Christopher Wagner<br>*Defendant/Respondent:*  Spire Vision LLC et al | *Case Number:*<br>    SCV-252580 | |

| | | |
|---|---|---|
| **PROOF OF SERVICE – CIVIL**<br>**Check method of service** *(only one):*<br>[ ] By Personal Service   [ X ] By Mail   [ ] By Overnight Delivery<br>[ ] By Messenger Service   [ ] By Fax   [ ] By Electronic Service | *Judge:*    Shaffer<br><br>*Courtroom:*   18 | |

*(Do not use this proof of service to show service of a Summons and complaint.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  My residence or business address is:
    The Law Offices of Daniel Balsam, 2912 Diamond Street #218, San Francisco, CA 94131

4.  On *(date):*  June 29, 2013          I served the following **documents** *(specify):*

    Notice of Hearing Date for Motion for Sanctions

5.  I served the documents on the person or persons below, as follows:
    a.  Name of person served:
        John Du Wors – attorney for Spire Vision entities, Accelerize New Media Inc.

    b.  [ X ]  *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
          Business or residential address where person was served:
          Newman Du Wors LLP, 1201 Third Avenue, Suite 1600, Seattle, WA 98101

6.  The documents were served by the following means *(specify):*
    b.  [ X ]  **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*
        (1) [ X ]  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.
        I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at *(city and state):* San Francisco, CA

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Date:    June 29, 2013

Daniel L. Balsam                                            
Type or Print Name of Declarant                           Signature of Declarant

**PROOF OF SERVICE – CIVIL**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Daniel L. Balsam (State Bar No. 260423)
THE LAW OFFICES OF DANIEL BALSAM
2912 Diamond Street #218
San Francisco, CA 94131
TELEPHONE NO.: 415-869-2873   FAX NO. *(Optional):* 415-869-2873
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff Christopher Wagner

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sonoma
STREET ADDRESS: 600 Administration Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa, CA 95403
BRANCH NAME:

PLAINTIFF/PETITIONER: Christopher Wagner

DEFENDANT/RESPONDENT: Spire Vision LLC et al

| REQUEST FOR DISMISSAL | CASE NUMBER: |
|---|---|

**REQUEST FOR DISMISSAL**
☐ Personal Injury, Property Damage, or Wrongful Death
  ☐ Motor Vehicle   ☐ Other
☐ Family Law   ☐ Eminent Domain
☑ Other *(specify):* Bus. & Prof. Code 17529.5, 17538.5

CASE NUMBER:
SCV-252580

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please **dismiss** this action as follows:
  a. (1) ☑ With prejudice   (2) ☐ Without prejudice
  b. (1) ☑ Complaint   (2) ☐ Petition
    (3) ☐ Cross-complaint filed by *(name):*              on *(date):*
    (4) ☐ Cross-complaint filed by *(name):*              on *(date):*
    (5) ☐ Entire action of all parties and all causes of action
    (6) ☑ Other *(specify):** Only as to Defendant ZULU MARKETING LLC, a Utah limited liability company

2. *(Complete in all cases except family law cases.)*
  ☐ Court fees and costs were waived for a party in this case. *(This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed).*

Date: July 9, 2013

Daniel L. Balsam
(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)
▶ *(signature)* Daniel L Balsam
(SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☑ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross-Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
  Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)
▶
(SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross-Complainant

*(To be completed by clerk)*
4. ☑ Dismissal entered as requested on *(date):* **JUL 1 1 2013**
5. ☐ Dismissal entered on *(date):*              as to only *(name):*
6. ☐ Dismissal **not entered** as requested for the following reasons *(specify):* **JUL 1 1 2013**

7. a. ☑ Attorney or party without attorney notified on *(date):*
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
        ☐ a copy to be conformed   ☐ means to return conformed copy

Date: **JUL 1 1 2013**   Clerk, by _____ **Kaela Felkins** , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. July 1, 2009]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.
Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courtinfo.ca.gov

American LegalNet, Inc.

CIV-110

| PLAINTIFF/PETITIONER: Christopher Wagner | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Spire Vision LLC et al | SCV-252580 |

## Declaration Concerning Waived Court Fees

The court has a statutory lien for waived fees and costs on any recovery of $10,000 or more in value by settlement, compromise, arbitration award, mediation settlement, or other recovery. The court's lien must be paid before the court will dismiss the case.

1. The court waived fees and costs in this action for *(name):* ** no fees or costs were waived **

2. The person in item 1 *(check one):*
   a. ☐ is not recovering anything of value by this action.
   b. ☐ is recovering less than $10,000 in value by this action.
   c. ☐ is recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and costs that were waived in this action have been paid to the court *(check one):* ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: July 9, 2013

Daniel L. Balsam

(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY MAKING DECLARATION)

▶ *Daniel L. Balsam*
(SIGNATURE)

1   Timothy J. Walton (State Bar No. 184292)
    Jim C. Twu (State Bar No. 175032)
2   WALTON TWU LLP
    9515 Soquel Drive, Suite 207
3   Aptos, CA 95003-4137
    Phone (831) 685-9800
4   Fax: (650) 618-8687

5   Daniel L. Balsam (State Bar No. 260423)
    THE LAW OFFICES OF DANIEL BALSAM
6   2912 Diamond Street #218
    San Francisco, CA 94131
7   Phone: (415) 869-2873
    Fax: (415) 869-2873

8
    Attorneys for Plaintiff Christopher Wagner
9

10

                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
11
                  **COUNTY OF SONOMA (UNLIMITED JURISDICTION)**
12

    CHRISTOPHER WAGNER,                    )  Case No.:      SCV-252580
13                                         )
               Plaintiff,                  )  **PLAINTIFF'S OPPOSITION TO**
14                                         )  **DEFENDANTS' DEMURRER TO VERIFIED**
         v.                                )  **COMPLAINT (BY FAX)**
15                                         )
    SPIRE VISION LLC *et al*,              )  Code Civ. Proc. § 430.10
16                                         )
               Defendants.                 )  Date:          August 7, 2013
17                                         )  Time:          3:30 p.m.
                                           )  Judge:         Hon. Nancy Case Shaffer
18                                         )  Dept:          18

19
                              [caption only]
20

21

22

23

24

                                    i
    ━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
                **PLAINTIFF'S OPPOSITION TO DEFENDANTS' DEMURRER**

Received
JUL 25 2013
NEWMAN | DUWORS

# TABLE OF CONTENTS

Page

Table of Contents ............................................................................................................. ii

Table of Authorities ........................................................................................................ iii

I.      INTRODUCTION ................................................................................................ 1

II.     PROCEDURAL HISTORY ................................................................................. 1

III.    DEFENDANTS' DEMURRER FAILS ON PROCEDURAL GROUNDS ............ 2

    A.  Legal Standard ............................................................................................ 2

    B.  The Legislature's Decision to Not Write Separate Subsections (B) and (C)
        Demonstrates the Fallacy of Defendants' Position .......................................... 2

    C.  The Legislature's Decision to Not Write "To the Complaint" After "Demur"
        Further Demonstrates the Fallacy of Defendants' Position ............................... 3

    D.  Defendants' Decision to File Answers Means That They Cannot Now Demur ........ 3

IV.     DEFENDANTS' DEMURRER FAILS ON SUBSTANTIVE GROUNDS ............ 3

    A.  Wagner Uses the Term "Spam" in its Common and Legal Definition ................. 3

    B.  At Least Some of the Spire Vision Companies are Spammers ........................... 4

    C.  Wagner Stated Claims for Violations of B&P Code § 17529.5 ......................... 4

    D.  Wagner's Cause of Action For B&P Code § 17529.5 is Not Preempted by the
        CAN-SPAM Act ........................................................................................... 7

    E.  Wagner Does Not Need to Prove Common Law Fraud or Deceit ..................... 13

    F.  Wagner Was Harmed by Defendants' Unlawful Spams .................................. 14

    G.  California Courts Will Award Liquidated Damages of $1,000 Per Unlawful Spam ...... 14

V.      WAGNER'S CLAIMS UNDER B&P CODE 17538.5 ARE MERITORIOUS ....... 15

VI.     CONCLUSION ................................................................................................. 15

PLAINTIFF'S OPPOSITION TO DEFENDANTS' DEMURRER

1

## TABLE OF AUTHORITIES

Page

2

3

**California Cases**

*Balsam v. Trancos Inc. et al,*
    203 Cal. App. 4th 1083 (1st Dist. 2012), *petition for review denied,*

4
    2012 Cal. LEXIS 4979 (Cal. May 23, 2012), *petition for certiori denied,* 2012 U.S.
    LEXIS 8423 (U.S. Oct. 29, 2012), *petition for rehearing denied,* 2013 U.S. LEXIS

5
    243 (U.S. Jan. 7, 2013) ........................................................................................... *passim*

*Day v. AT&T Corporation,*

6
    63 Cal. App. 4th 325 (1st Dist. 1998) ..................................................................... 9

*Elliot v. Albright,*

7
    209 Cal. App. 3d 1028 (6th Dist. 1989)................................................................... 3

*Farm Raised Salmon Cases,*

8
    42 Cal. 4th 1077 (2008) ......................................................................................... 10

*Ferguson v. FriendFinders Inc.,*

9
    94 Cal. App. 4th 1255 (1st Dist. 2002)................................................................... 14

*Ford Dealers Assoc. v. Dept. of Motor Vehicles,*

10
    32 Cal. 3d 347 (1982) ............................................................................................. 9

*Hypertouch Inc. v. ValueClick Inc. et al,*

11
    192 Cal. App. 4th 805 (2d Dist. 2011)..................................................................... *passim*

*Jevne v. Superior Court,*

12
    35 Cal. 4th 935 (2005)......................................................................................... 9, 10

*Kleffman v. Vonage Holdings Corp.,*

13
    49 Cal. 4th 334 (2010)......................................................................................... 5, 6

14

**Federal Cases**

*Altria Group Inc. v. Good,*

15
    555 U.S. 70 (2008).................................................................................................. 9

*Asis Internet Services v. ConsumerBargainGiveaways LLC et al,*

16
    622 F. Supp. 2d 935 (N.D. Cal. 2009) (order re Rule 12 motion)............................ 8, 12

*Asis Internet Services v. Member Source Media LLC,*

17
    No. C-08-1321 EMC, 2010 U.S. Dist. LEXIS 47865 (N.D. Cal. Apr. 20, 2010) ........ 12

*Asis Internet Services v. SubscriberBase Inc.,*

18
    No. 09-3503 SC, 2009 U.S. Dist. LEXIS 112852 (N. D. Cal. Dec. 4, 2009) (order
    granting defendants' motion to dismiss).................................................................. 12

19
*Asis Internet Services v. SubscriberBase Inc.,*
    No. 09-3503 SC, 2010 U.S. Dist. LEXIS 33645 (N.D. Cal. Apr. 1, 2010) ................. 12

20
*Asis Internet Services v. VistaPrint USA Inc.,*
    617 F. Supp. 2d 982 (N.D. Cal. 2009) (order re: motion to dismiss) ....................... 8, 12

21
*Beyond Systems v. Keynetics Inc.,*
    No. PJM 04-686 (D. Md. Mar. 26, 2007) (order denying defendant's motion for other

22
    relief under FRCP 7 and second renewed motion to dismiss for lack of personal
    jurisdiction)........................................................................................................... 10

23
*Davison Design & Development Inc. et al v. Riley,*
    No. 4:11-cv-02970 (PJH) (N.D. Cal. Sep. 13, 2012) (order denying motion to strike

24
    and granting motion to dismiss)..................................................................... 12, 13, 14

iii

# TABLE OF AUTHORITIES (cont.)

Page

**Federal Cases (cont.)**

*Free Speech Coalition Inc. v. Shurtleff*, No. 2:05CV949DAK, 2007 U.S. Dist. LEXIS 21556
    (D. Utah Mar. 23, 2007) (order on motions to dismiss, to strike, and for preliminary
    injunction)......................................................................................................................7, 8

*Gordon v. Virtumundo Inc.*,
    575 F.3d 1040 (9th Cir. 2009) ........................................................................... *passim*

*Hoang v. Reunion.com Inc.*,
    No. C-08-3518 MMC, 2008 U.S. Dist. LEXIS 103659 (N.D. Cal. Dec. 23, 2008)
    (order granting defendant's motion to dismiss)........................................................12, 15

*Hoang v. Reunion.com Inc.*,
    No. C-08-3518 MMC, 2010 U.S. Dist. LEXIS 34466 (N.D. Cal. Mar. 31, 2010)
    (order . . . denying defendants' motion to dismiss first amended complaint)..........9, 12

*Omega World Travel Inc. v. Mummagraphics*,
    469 F.3d 348 (4th Cir. 2006) ..........................................................................10, 13

*Sprietsma v. Mercury Marine*,
    537 U.S. 51 (2002)..............................................................................................8

**California Statutes and Rules**

Bus. & Prof. Code § 17500..............................................................................................9
Bus. & Prof. Code §§ 17529, 17529.5 ..................................................................... *passim*
Bus. & Prof. Code § 17538.5 ......................................................................................1, 15
Civ. Code §§ 1709, 1710 ..............................................................................................9
Civ. Code §§ 3523, 3533 ..........................................................................................14, 15
Code Civ. Proc. § 430.90..............................................................................................2, 3

**Federal Statutes and Reports**

15 U.S.C. § 7701 *et seq.*, CAN-SPAM Act ................................................................. *passim*
Senate Report No. 108-102 (2003) ................................................................................5, 8

**Other Authorities**

Justin Rao and David Reiley, *The Economics of Spam*, JOURNAL OF ECONOMIC PERSPECTIVES
    17 (Summer 2012) ..............................................................................................1
Internet Engineering Task Force – RFC 5322 ................................................................4

iv

# I. **INTRODUCTION**

Every day, email users have to wade through dozens or even hundreds of unsolicited commercial emails (a/k/a "spams") that clutter their inboxes. Even spams that do not include viruses, pornography, fraudulent get-rich-quick schemes, and the like are still an annoyance, costing email users time and money.

Back in 2003, when spam accounted for "only" 40% of commercial email in the United States, the California Legislature found that spam cost irate California recipients over $1.2 *billion* dollars per year, threatening the continued usefulness of email as the most successful tool of the computer age. B&P Code § 17529(a), (c), (d), (e), (g), (h). Recognizing the problems caused by spam, many states, including California, passed anti-spam laws. Congress did too, although with the federal CAN-SPAM Act, Congress chose to permit "truthful" spam, and to preempt state anti-spam laws *except* to the extent that state anti-spam laws prohibit "falsity or deception." The federal law did not help the problem; the volume of spam has increased significantly since 2003. Amazingly, a recent study found that spam sent to end users in the United States costs about $20 *billion* annually. These spams generated revenues of approximately $200 million, meaning that the ratio of the cost of spam (to email users) to the benefits of spam (to the spammers) is about 100:1. Justin Rao and David Reiley, *The Economics of Spam*, JOURNAL OF ECONOMIC PERSPECTIVES 17 (Summer 2012). Put another way, spammers' relatively small profits come at a relatively enormous expense to society at large.

Defendants are *spammers*, meaning that they advertise in and send unsolicited commercial emails to recipients who never gave them "direct consent" to do so, as required by Business & Professions Code § 17529.1(d). Defendants are *unlawful* spammers, meaning that the spams violate B&P Code § 17529.5 due to misrepresented information in the From Name field, false and misleading information in Subject Lines, and registering sending domain names so as to be untraceable. Defendants' knowing and willful actions violate California law, of which they are well aware, and yet, Defendants try to paint *Plaintiff Christopher Wagner* as the bad guy for doing nothing more than exercising the rights granted to him by the California Legislature.

The Demurrer is without merit, procedurally and substantively, and full of false statements of fact and law. This Court should overrule the Demurrer in its entirety and order Defendants to file Verified Answers.

# II. **PROCEDURAL HISTORY**

Wagner sued Spire Vision LLC and 17 other parent/ sister/subsidiary companies and random word pairings that Defendants refer to as "brands" (collectively, "Spire Vision") and others for material violations of California's anti-spam law, B&P Code § 17529.5, as well as B&P Code § 17538.5.

After Wagner filed and served the Verified Complaint, Spire Vision LLC and some (but not all) of the other Defendants removed/joined in the removal of this Action to the U.S. District Court for the Northern District of California, before they demurred to or answered the Verified Complaint in this Court. Declaration of Daniel Balsam at ¶ 2. While this Action was pending in federal court, Spire Vision and Accelerize New

Media Inc. ("Accelerize") filed Answers. *Id.* at ¶ 3 and Ex. A. The District Court determined that removal was improper for a variety of reasons, and remanded to this Court. *Id.* at ¶ 4. Spire Vision and Accelerize then filed the instant Demurrer in this – the original – Court, and refused to withdraw it even after Wagner served (on May 20) and filed (on June 24) a Motion for Sanctions. *Id.* at ¶ 5.

### III. DEFENDANTS' DEMURRER FAILS ON PROCEDURAL GROUNDS

#### A. Legal Standard

A defendant who removes a state court action to federal court, answers, and is remanded to state court, cannot then demur to the complaint. Code of Civil Procedure § 430.90 states (emphasis added):

> (a) Where the defendant has removed a civil action to federal court without filing a response in the original court and the case is later remanded for improper removal, the time to respond shall be as follows: [ ]

> (2) If the defendant has not filed an answer in the original court, then 30 days from the day the original court receives the case on remand to do any of the following:

> (A) Answer the complaint.

> (B) Demur *or* move to strike all or a portion of the complaint *if*: (i) an answer was not filed in the federal court, and (ii) a demurrer or motion to strike raising the same or similar issues was not filed and ruled upon by the original court prior to the removal of the action to federal court or was not filed and ruled upon in federal court prior to the remand. [ ]

#### B. The Legislature's Decision to Not Write Separate Subsections (B) and (C) Demonstrates the Fallacy of Defendants' Position

Spire Vision and Accelerize New Media Inc. did not file Answers in this Court prior to removal. Therefore, Code of Civil Procedure § 430.90(a)(2) applies. Defendants would have this Court believe that the conditionals in Subsection (B) – "if: (i) an answer was not filed in the federal court, and (ii) a demurrer or motion to strike raising the same or similar issues was not filed and ruled upon by the original court prior to the removal of the action to federal court or was not filed and ruled upon in federal court prior to the remand" – *only* apply to motions to strike. Thus, Defendants argue that they are somehow permitted to file the instant Demurrer *despite* having filed Answers in federal court.

Defendants are wrong.

The language and structure of Code of Civil Procedure § 430.90(a)(2) demonstrate that the conditionals in Subsection (B) apply to motions to strike *and* demurrers. *If* Defendants were correct, such that there were *no* conditionals as to filing a demurrer, presumably the legislature *would have* written that statute as follows:

> (2) If the defendant has not filed an answer in the original court, then 30 days from the day the original court receives the case on remand to do any of the following:

> (A) Answer the complaint.

> (B) Demur to the complaint.

> (C) Move to strike all or a portion of the complaint if: (i) an answer was not filed . . .

This *hypothetical* language and structure would have made it clear that the conditionals do *not* apply to answers or demurrers, but *do* apply to motions to strike.  But the Legislature did not write the statute that way.  Instead, the Legislature included *both* "demur" *and* "move to strike" in Subsection (B), as shown on page 2, indicating that that the conditionals apply to *both* demurring to the complaint *and* striking the complaint.

### C.  The Legislature's Decision to Not Write "To the Complaint" After "Demur" Further Demonstrates the Fallacy of Defendants' Position

Looking at the actual statute as shown on page 2, one immediately sees that the verb "Answer" in Subsection (A) has an object: "the complaint."  And the verb clause "move to strike" in Subsection (B) also has an object: "all or a portion of the complaint." If Defendants were correct and the conditionals *only* apply to "move to strike all or a portion of the complaint," then the verb "demur" that begins Subsection (B) would have no object and the grammar would be inconsistent.  On the other hand, *if* Subsection B read:

> (B) Demur *to the complaint* or move to strike all or a portion of the complaint if: (i) an answer was not filed in the federal court, and (ii) . . .

then – setting aside the structural argument above for a moment – Defendants would have *somewhat* stronger grammatical support, because then there would at least be a standalone phrase "demur to the complaint."  But here, "Demur" does *not* have its own object, so the verbs "Demur" and "move to strike" must *share* the same object: "all or a portion of the complaint."  Therefore, since "Demur" and "move to strike" are inexorably linked, the conditionals must apply to *both* demurring to *and* moving to strike the complaint.

### D.  Defendants' Decision to File Answers Means That They Cannot Now Demur

As shown, Defendants have no basis in statutory construction or grammar to support their position.  Nor do they have a basis in logic.  A demurrer tests whether the Plaintiff has stated a valid claim; a defendant files an answer when a plaintiff has stated a valid claim.  Therefore, it makes no sense, procedurally, to allow a defendant to demur and argue that the plaintiff has *not* stated a claim after the defendant has *already* answered.

Code of Civil Procedure § 430.90(a)(2)(B) allows a defendant to demur to or move to strike a complaint after remand *only if* the defendant did *not* file an answer while in federal court.  Defendants did file Answers while the case was in federal court.  Therefore, Defendants cannot now file a Demurrer to Wagner's Verified Complaint, after filing Answers in federal court, after remand to this California Court.

## IV.  DEFENDANTS' DEMURRER FAILS ON SUBSTANTIVE GROUNDS

In an abundance of caution, Wagner also opposes the Demurrer on substantive grounds.  Much of this Opposition addresses the fact that Defendants ignore or downplay California cases while relying on federal cases that are not binding on this Court. *See e.g. Elliot v. Albright*, 209 Cal. App. 3d 1028 (6th Dist. 1989).

### A.  Wagner Uses the Term "Spam" in its Common and Legal Definition

Defendants argue that "Wagner's complaint depends on an outdated, if not extinct understanding of 'spam.'"  Demurrer at 1:8.  Wagner has no idea what this is supposed to mean, as Defendants fail to explain

**3**

1  what they think Wagner's definition is, what their supposedly more current definition might be, and how the

2  definitions are different. Regardless, Wagner uses "spam" in its common meaning – "unsolicited commercial

3  email" – which happens to also match the statutory definition set forth in B&P Code § 17529.1(o). *See also*

4  Verified Compliant at ¶¶ 51-52. Defendants have not explained why their definition, whatever it may be, is

5  more appropriate in this Action than the statutory definition.

6  **B. At Least Some of the Spire Vision Companies are Spammers**

7  Spire Vision argues that its "targeted email advertising messages are 100% permission based."

8  Demurrer at 2:14-21. This claim is false; Wagner never gave any Defendant "direct consent" to send him

9  commercial emails, nor did Wagner have a "preexisting or current business relationship" with any Defendant.

10  Verified Complaint at ¶¶ 4, 51. Moreover, for purposes of a Demurrer, Spire Vision must accept the

11  allegations in the Complaint as true, so its argument is irrelevant at this stage in the proceedings.

12  **C. Wagner Stated Claims for Violations of B&P Code § 17529.5**

13  *1. Generic From Names Violate the Statute*

14  The From Name field in an e-mail's headers is, not surprisingly, supposed to identify who the email is

15  *from*. Because computers must use standard protocols in order to communicate, the Internet Engineering Task

16  Force created a collection of "Requests for Comment" ("RFCs") that define the rules that enable email to work.

17  According to RFC 5322 at ¶ 3.6.2 (emphasis in original):

18  The "From:" field specifies the author(s) of the message, that is, the mailbox(es) of the
    person(s) or system(s) responsible for the writing of the message. . . . In all cases, the "From:"

19  field SHOULD NOT contain any mailbox that does not belong to the author(s) of the message.

20  In *Balsam v. Trancos Inc.*, a case with a remarkably similar fact pattern, the unlawful spams were also

21  sent from generic From Names that did not *identify* anyone. The trial court ruled, and the court of appeal

22  affirmed, that generic From Names violate the statute because they misrepresent *who* the emails are from:

23  . . . The seven [ ] emails do not truly reveal who sent the email . . . . The [ ] "senders" identified
    in the headers of the [ ] seven emails do not exist or are otherwise misrepresented, namely Paid

24  Survey, Your Business, Christian Dating, Your Promotion, Bank Wire Transfer Available,

25  Dating Generic, and Join Elite. . . . . Thus the sender information ("from") is misrepresented.

26  203 Cal. App. 4th 1083, 1090-91, 1093 (1st Dist. 2012), *petition for review denied*, 2012 Cal. LEXIS 4979

27  (Cal. May 23, 2012), *petition for certiorari denied*, 2012 U.S. LEXIS 8423 (U.S. Oct. 29, 2012), *petition for*

28  *rehearing denied*, 2013 U.S. LEXIS 243 (U.S. Jan. 7, 2013). More specifically, *Balsam* confirmed that generic

29  From Names that "do not exist or are otherwise misrepresented when they do not represent any real company

30  and cannot be readily traced back to the true owner/sender" violate the statute. *Id.* at 1093.

31  The instant From Names similarly misrepresent *who* is advertising in the spams. Many websites –

32  including Defendants' competitors – could just as easily *describe* themselves using the From Names at issue in

33

**4**

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' DEMURRER**

this Action (e.g., "Auto Insurance," "Dream Car," "FreeDiapers"). Some of these generic From Names might sufficiently *describe* the spam in a Subject Line but they all misrepresent *who* the emails are *from*.

In *Gordon v. Virtumundo Inc.*, a federal case upon which Defendants over-rely because they have no California authority supporting their position, the plaintiff claimed that the From Name in the spams had to state "Virtumundo" or the full name of the advertiser. 575 F.3d 1040, 1064 (9th Cir. 2009). That *specific labeling requirement* is what the Ninth Circuit rejected.[1] In contrast, Wagner does not attempt to mandate any specific content, format, or labels; he only claims that a From Name cannot misrepresent who an email is from. These are quite different claims. Following Defendants' argument to its logical conclusion, *any* state law prohibiting any kind of falsity or deception would be preempted because "truth," to Defendants, is a mere "label." This position is unsupportable, particularly in light of 15 U.S.C. § 7707(b)(1) which says that states *can* regulate false or deceptive spam. Defendants' interpretation would make the entire exception-to-preemption provision frivolous, so their theory cannot be correct.

### 2. *Untraceable Domain Name Registrations Violate the Statute*

Defendants downplay their unlawful actions by claiming that "In *Balsam*, the California court of appeals held only that emails from domain names that were not traceable to the senders through publicly available online searches posed a technical violation of Section 17529.5 and survived preemption." Demurrer at 11:3-5. *Balsam* actually held that untraceable domain names are not just "technical violations" but rather

> [A]n e-mail with a made-up *and untraceable* domain name affirmatively *and falsely* represents the sender has no connection to Trancos. . . . There is good reason to treat a commercial e-mailer's deliberate use of untraceable, privately registered domain names to conceal its identity as a falsification or misrepresentation for purposes of the statute.

> Allowing commercial e-mailers like Trancos to conceal themselves behind untraceable domain names amplifies the likelihood of Internet fraud and abuse – the very evils for which the Legislature found it necessary to regulate such e-mails when it passed the Anti-spam Law.

> Trancos's deliberate use of randomly chosen, untraceable domain names on the "From" line of the subject e-mails for the stated purpose of concealing its role in sending them does involve deception as to a material matter – the sender's identity – as well as an element of wrongful conduct.

203 Cal. App. 4th at 1098, 1100, 1103 (emphasis in original).

Defendants also attempt to mislead this Court by referring to "fanciful domain names," Demurrer at 12:15, but the issue here is not whether the domain names used to send the spams were *fanciful*, but rather, how the domain names were *registered*. Defendants further attempt to mislead this Court by referring to *Kleffman*

---

[1] Wagner believes that the Ninth Circuit misconstrued Senate Report 108-102's "labeling" requirement. When Congress preempted state "labeling requirements" via the CAN-SPAM Act, it was referring to, for example, conflicting Subject Line labeling requirements such as "ADV:ADLT" (Alaska), "ADV:ADULT" (Arkansas), and "ADV-ADULT" (Pennsylvania) for sexually explicit spams. Congress never intended to prohibit any state requirement that a spam's From Line actually says who it is from.

1   *v. Vonage Holdings Corp.*, but in *Kleffman*, the parties agreed that the domain names were traceable to

2   Vonage's agents. 49 Cal. 4th 334, 338-40 (2010). There is no such agreement here.

3       Defendants' claim that Wagner "admits he could identify the senders through WHOIS queries, UPS

4   Store records and comparison of the URLs," Demurrer at 12:25-26, is false. Wagner alleged that Spire Vision

5   and its agents registered the domain names used to send the spams to "brands" (actually nothing more than two

6   random words strung together) or by proxy-registering the domain names, so that Wagner could *not* trace the

7   domain names to the owners. Verified Complaint at ¶¶ 5, 57, 63, 69, 75, 81, 91, 98, 109, 115, 133-143. Thus,

8   the domain registrations violate B&P Code § 17529.5(a)(2). It was only with the assistance of his attorneys,

9   who have certain knowledge of Spire Vision's business practices, that Wagner learned that Spire Vision was

10  spamming him. Wagner could not identify Spire Vision on his own. Balsam Decl. at ¶ 6, Wagner Decl. at ¶ 2.

11      ***3.  False and Misleading Subject Lines Violate the Statute***

12      Wagner received nine spams with Subject Lines on the order of "Claim a $25 Giftcard for completing

13  our Snacks Survey." Verified Complaint at ¶ 86. As usual, Defendants misrepresent Wagner's position.

14  Wagner never said that Defendants had to "stat[e] all of the conditions for receipt [of the giftcard] in the subject

15  line." Demurrer at 11:28. That *would* be impossible. Rather, Wagner alleged that

16          The Subject Line of each spam expressly states or suggests that *all* a person has to do is
    complete a survey to receive the gift card. None of the Subject Lines even hint of any
17          requirements to buy, lease, or sign up for anything in order to receive the gift card.

18  Verified Complaint at ¶ 88. By "hint," Wagner meant that the Subject Lines *could* have said "conditions

19  apply" or "purchase required" or words to that effect. Spire Vision's failure to disclose the *existence* of any

20  conditions – as opposed to actually *spelling out* all conditions – in the Subject Line is likely to mislead a

21  reasonable recipient into believing that *all* the person has to do is take a survey to get the giftcard, rendering

22  these Subject Lines false and misleading, in violation of B&P Code § 17529.5(a)(2) and (a)(3).

23      Additionally, *Hypertouch Inc. v. ValueClick Inc.* ruled that spam Subject Lines "suggest[ing] that the

24  recipient can obtain something free for doing a particular task ([ ] 'Do you think Hillary will win? Participate

25  now for a Visa gift card')," with no qualifying language, are likely to mislead consumers about the terms and

26  conditions of an offer and violate the statute. 192 Cal. App. 4th 805, 840 (2d Dist. 2011).

27          If a subject line creates the impression that the content of the e-mail will allow the recipient to
    obtain a free gift by doing one act (such as opening the e-mail or participating in a single
28          survey), and the content of the e-mail reveals that the "gift" can only be obtained by
29          undertaking more onerous tasks (such as paying money for the gift or agreeing to partake in
    other offers), the subject line is misleading about the contents of the e-mail.
30

31  *Id.* at 838. Here, not only are the Subject Lines misleading in and of themselves, but the bodies of the spams do

32  *not* reference purchase requirements to attempt to "cure" the misleading Subject Lines. Thus, these spams are

33  even "more unlawful" than those at issue in *Hypertouch*.

6

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' DEMURRER**