John Du Wors, State Bar No. 233913
john@newmanlaw.com
NEWMAN DU WORS LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101
Telephone:   (206) 274-2800
Facsimile:   (206) 274-2801

Leeor Neta, State Bar No. 233454
leeor@newmanlaw.com
NEWMAN DU WORS LLP
150 California Street, Suite 2100
San Francisco, CA 94111
Telephone:   (415) 944-5424
Facsimile:   (415) 944-5423

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER WAGNER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL PUBLISHING CORPORATION, a Delaware corporation, et al.<br><br>Defendants. | No. 13-cv-04952-WHA<br><br>**SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SPIRE VISION LLC, DIGITAL PUBLISHING CORPORATION, JUNIPER MARKETING LLC, MEDIACTIVATE LLC, ON DEMAND RESEARCH LLC, PRIME ADVERTISERS LLC, SERVE CLICKS LLC, SPIRE VISION HOLDINGS INC., WARD MEDIA INC., XL MARKETING CORP., ACHIEVE OPPORTUNITIES LLC , AGREEWIZARD LLC, FURTURESDRIVE LLC, JUNCTIONLIGHTS LLC, OPPORTUNITY CENTRAL LLC, PATHS DIRECT LLC, PULLSMART LLC, YOURADSHERE LLC, AND ACCELERIZE NEW MEDIA, INC.** |

Defendants Spire Vision LLC, Digital Publishing Corporation, Juniper Marketing LLC, Mediactivate LLC, On Demand Research LLC, Prime Advertisers LLC, Serve Clicks LLC, Spire Vision Holdings Inc., Ward Media Inc., XL Marketing Corp., Achieve Opportunities, Agreewizard, Furturesdrive, Junctionlights, Opportunity Central, Paths Direct, Pullsmart, Youradshere, and Accelerize New Media Inc. (collectively, "Answering Defendants") answer Plaintiff's complaint as follows. Each numbered paragraph corresponds to the numbered paragraph in the complaint.

1. Answering Defendants DENY the allegations in Paragraph 1.
2. Answering Defendants DENY the allegations in Paragraph 2.
3. Answering Defendants DENY the allegations in Paragraph 3.
4. Answering Defendants DENY the allegations in Paragraph 4.
5. Answering Defendants DENY the allegations in Paragraph 5.
6. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 6.
7. Answering Defendants DENY the allegations in Paragraph 7.
8. Paragraph 8 is a request for relief and no response is required.
9. Answering Defendants DENY the allegations in Paragraph 9.
10. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 10.
11. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 11.
12. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 12.
13. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 13.
14. Answering Defendants ADMIT that Spire Vision LLC is a Delaware LLC headquartered in New York, New York, DENY that Spire Vision LLC sends or advertises in unlawful spams, and have insufficient information as to form a belief as to the meaning

of and therefore DENY that Spire Vision LLC is "somehow affiliated" with other defendants.

15. Answering Defendants ADMIT that Digital Publishing Corporation is a Delaware Corporation with its principal place of business in the District of Columbia, have insufficient information to form a belief as to the meaning of "owns and/or operates" websites and therefore DENY that allegation, and DENY the remainder of the allegations in Paragraph 15.

16. Answering Defendants admit that Juniper Marketing LLC is a Nevada LLC, have insufficient information to form a belief as to the meaning of "operates" websites and therefore DENY those allegations, and DENY the remainder of the allegations in Paragraph 16.

17. Answering Defendants ADMIT that MediActivate LLC is a Nevada LLC and DENY the remainder of the allegations in Paragraph 17.

18. Answering Defendants admit that On Demand Research LLC is a Delaware LLC with a principal place of business in New York, have insufficient information to form a belief as to the meaning of "owns and/or operates" websites and therefore DENY those allegations, and DENY the remainder of the allegations in Paragraph 18.

19. Answering Defendants ADMIT that Prime Advertisers is a Nevada LLC, have insufficient information to form a belief as to documents called "privacy policies" and therefore DENY all allegations related to "privacy policies", and DENY the remainder of the allegations in Paragraph 19.

20. Answering Defendants ADMIT that Serve Clicks is a Nevada LLC, have insufficient information to form a belief as to the meaning of and therefore DENY that Serve Clicks is "somehow affiliated" with other defendants, and DENY the remainder of the allegations in Paragraph 20.

21. Answering Defendants ADMIT the allegations of Paragraph 21, except that Answering Defendants DENY that Spire Vision Holdings Inc. sends or advertises in unlawful spams.

22. Answering Defendants ADMIT the allegations of Paragraph 22, except Defendants DENY that Ward Media is a subsidiary of Spire Vision Holdings, Inc. and that Ward Media sends or advertises in unlawful spams, and have insufficient information as to form a belief as to the meaning of and therefore DENY that Ward Media "owns and/or operates" the websites described in Paragraph 22.

23. Answering Defendants ADMIT the allegations of Paragraph 23, except Defendants DENY that XL Marketing Corp. sends or advertises in unlawful spams.

24. Answering Defendants have insufficient information to form a belief as to and therefore DENY allegations relating to the lack of existence of records with secretaries of state or the address of UPS stores, and DENY the remainder of the allegations in Paragraph 24.

25. Answering Defendants have insufficient information to form a belief as to and therefore DENY allegations relating to the lack of existence of records with secretaries of state or the address of UPS stores, and DENY the remainder of the allegations in Paragraph 25.

26. Answering Defendants have insufficient information to form a belief as to and therefore DENY allegations relating to the lack of existence of records with secretaries of state or the address of UPS stores, and DENY the remainder of the allegations in Paragraph 26.

27. Answering Defendants have insufficient information to form a belief as to and therefore DENY allegations relating to the lack of existence of records with secretaries of state or the address of UPS stores, and DENY the remainder of the allegations in Paragraph 27.

28. Answering Defendants have insufficient information to form a belief as to and therefore DENY allegations relating to the lack of existence of records with secretaries of state or the address of UPS stores, and DENY the remainder of the allegations in Paragraph 28.

29. Answering Defendants have insufficient information to form a belief as to

and therefore DENY allegations relating to the lack of existence of records with secretaries of state or the address of UPS stores, and DENY the remainder of the allegations in Paragraph 29.

30.     Answering Defendants have insufficient information to form a belief as to and therefore DENY allegations relating to the lack of existence of records with secretaries of state or the address of UPS stores, and DENY the remainder of the allegations in Paragraph 30.

31.     Answering Defendants have insufficient information to form a belief as to and therefore DENY allegations relating to the lack of existence of records with secretaries of state or the address of UPS stores, and DENY the remainder of the allegations in Paragraph 31.

32.     Answering Defendants have insufficient information to form a belief as to and therefore DENY the contents of emails Plaintiff claims to have received, and DENY the remainder of the allegations in Paragraph 32.

33.     Paragraph 33 requires no response.

34.     Defendant Accelerize New Media ADMITS the allegations related to corporate status and principal place of business. Answering Defendants have insufficient information to form a belief as to the term "operates" as it relates to a "platform" and therefore DENY the allegations related to Cktrk.net, and DENY the remainder of the allegations in Paragraph 34.

35.     Answering Defendants have insufficient information to form a belief as to the nature or activities of Adconion Media Inc. and therefore DENY that allegation. Answering Defendants DENY the remainder of the allegations in Paragraph 35.

36.     Answering Defendants DENY the allegations in Paragraph 36.

37.     Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 37.

38.     Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 38.

39. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 39.

40. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 40.

41. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 41.

42. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 42.

43. Answering Defendants DENY that Plaintiff has incurred any injuries or damages as a result of the conduct alleged in the Complaint. Regarding the remainder of the allegations in Paragraph 43, no response is required.

44. Answering Defendants DENY that a California court has jurisdiction.

45. Answering Defendants DENY that a California court has jurisdiction.

46. Answering Defendants DENY that venue is proper in Sonoma County.

47. Answering Defendants DENY that venue is proper in Sonoma County.

48. Answering Defendants DENY that venue is proper in Sonoma County.

49. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 49.

50. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 50.

51. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 51.

52. Answering Defendants DENY the allegations in Paragraph 52.

53. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 53.

54. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 54.

55. Answering Defendants have insufficient information to form a belief as to

1 and therefore DENY the allegations in Paragraph 55.

2     56.    Answering Defendants DENY the allegations in Paragraph 56.

3     57.    Answering Defendants have insufficient information to form a belief as to
4 and therefore DENY the allegations in Paragraph 57.

5     58.    Answering Defendants have insufficient information to form a belief as to
6 and therefore DENY the allegations in Paragraph 58.

7     59.    Answering Defendants have insufficient information to form a belief as to
8 and therefore DENY the allegations in Paragraph 59.

9     60.    Answering Defendants have insufficient information to form a belief as to
10 and therefore DENY the allegations in Paragraph 60.

11     61.    Answering Defendants have insufficient information to form a belief as to
12 and therefore DENY the allegations in Paragraph 61.

13     62.    Answering Defendants DENY the allegations in Paragraph 62.

14     63.    Answering Defendants have insufficient information to form a belief as to
15 and therefore DENY the allegations in Paragraph 63.

16     64.    Answering Defendants have insufficient information to form a belief as to
17 and therefore DENY the allegations in Paragraph 64.

18     65.    Answering Defendants have insufficient information to form a belief as to
19 and therefore DENY the allegations in Paragraph 65.

20     66.    Answering Defendants have insufficient information to form a belief as to
21 and therefore DENY the allegations in Paragraph 66.

22     67.    Answering Defendants have insufficient information to form a belief as to
23 and therefore DENY the allegations in Paragraph 67.

24     68.    Answering Defendants DENY the allegations in Paragraph 68.

25     69.    Answering Defendants have insufficient information to form a belief as to
26 and therefore DENY the allegations in Paragraph 69.

27     70.    Answering Defendants have insufficient information to form a belief as to
28 and therefore DENY the allegations in Paragraph 70.

7
SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES—13-CV-04952-WHA

71. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 71.

72. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 72.

73. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 73.

74. Answering Defendants DENY the allegations in Paragraph 74.

75. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 75.

76. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 76.

77. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 77.

78. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 78.

79. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 79.

80. Answering Defendants DENY the allegations in Paragraph 80.

81. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 81.

82. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 82.

83. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 83.

84. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 84.

85. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 85.

8
SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES—13-CV-04952-WHA

86. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 86.

87. Answering Defendants DENY the allegations in Paragraph 87.

88. Paragraph 88 characterizes emails. Answering Defendants dispute Plaintiff's characterization. No response is required because the emails speak for themselves.

89. Paragraph 89 characterizes emails. Answering Defendants dispute Plaintiff's characterization. No response is required because the emails speak for themselves.

90. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 90.

91. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 91.

92. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 92.

93. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 93.

94. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 94.

95. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 95.

96. Answering Defendants DENY the allegations in Paragraph 96.

97. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 97.

98. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 98.

99. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 99.

100. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 100.

101. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 101.

102. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 102.

103. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 103.

104. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 104.

105. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 105.

106. Answering Defendants DENY the allegations in Paragraph 106.

107. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 107.

108. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 108.

109. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 109.

110. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 110.

111. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 111.

112. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 112.

113. Answering Defendants DENY the allegations in Paragraph 113.

114. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 114.

**SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES—13-CV-04952-WHA**

115. Answering Defendants DENY the allegations in Paragraph 115.

116. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 116.

117. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 117.

118. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 118.

119. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 119.

120. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 120.

121. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 121.

122. Answering Defendants DENY the allegations in Paragraph 122.

123. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 123.

124. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 124.

125. Answering Defendants DENY the allegations in Paragraph 125.

126. Paragraph 126 is a reincorporation and no response is required.

127. Answering Defendants DENY the allegations in Paragraph 127.

128. Answering Defendants have insufficient information to form a belief as to and therefore DENY the allegations in Paragraph 128.

129. Paragraph 129 paraphrases a statute and no response is required.

130. Answering Defendants DENY the allegations in Paragraph 130.

131. Paragraph 131 characterizes a court decision. Answering Defendants dispute Plaintiff's characterization. No response is required because the decision speaks for itself.

11
**SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES—13-CV-04952-WHA**

1    132.  Answering Defendants DENY the allegations in Paragraph 132.

2    133.  Paragraph 133 characterizes a statute. Answering Defendants dispute
3  Plaintiff's characterization. No response is required because the statute speaks for itself.

4    134.  Answering Defendants DENY the allegations in Paragraph 134.

5    135.  Answering Defendants DENY the allegations in Paragraph 135.

6    136.  Answering Defendants DENY the allegations in Paragraph 136.

7    137.  Answering Defendants have insufficient information to form a belief as to
8  and therefore DENY the allegations in Paragraph 137.

9    138.  Answering Defendants DENY the allegations in Paragraph 138.

10   139.  Answering Defendants have insufficient information to form a belief as to
11 and therefore DENY the allegations in Paragraph 139.

12   140.  Answering Defendants have insufficient information to form a belief as to
13 and therefore DENY the allegations in Paragraph 140.

14   141.  Answering Defendants have insufficient information to form a belief as to
15 and therefore DENY the allegations in Paragraph 141.

16   142.  Answering Defendants have insufficient information to form a belief as to
17 and therefore DENY the allegations in Paragraph 142.

18   143.  Answering Defendants have insufficient information to form a belief as to
19 and therefore DENY the allegations in Paragraph 143.

20   144.  Paragraph 144 characterizes a statute. Answering Defendants dispute
21 Plaintiff's characterization. No response is required because the statute speaks for itself.

22   145.  Answering Defendants DENY the allegations in Paragraph 145.

23   146.  Answering Defendants DENY the allegations in Paragraph 146.

24   147.  Paragraph 147 characterizes a statute. Answering Defendants dispute
25 Plaintiff's characterization. No response is required because the statute speaks for itself.

26   148.  Answering Defendants DENY the allegations in Paragraph 148.

27   149.  Answering Defendants DENY the allegations in Paragraph 149.

28   150.  Paragraph 150 characterizes an email. Answering Defendants dispute

SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES—13-CV-04952-WHA

1 | Plaintiff's characterization. No response is required because the email speaks for itself.

2 |     151.    Answering Defendants DENY the allegations in Paragraph 151.

3 |     152.    Paragraph 152 characterizes a statute. Answering Defendants dispute
4 | Plaintiff's characterization. No response is required because the statute speaks for itself.

5 |     153.    Paragraph 153 characterizes a statute. Answering Defendants dispute
6 | Plaintiff's characterization. No response is required because the statute speaks for itself.

7 |     154.    Answering Defendants DENY the allegations in Paragraph 154.

8 |     155.    Answering Defendants DENY the allegations in Paragraph 155.

9 |     156.    Answering Defendants DENY the allegations in Paragraph 156.

10 |     157.    To the extent Paragraph 157 characterizes a statute, Answering Defendants
11 | dispute Plaintiff's characterization. No response is required because the statute speaks for
12 | itself. Answering Defendants DENY the remainder of the allegations in Paragraph 157.

13 |     158.    Paragraph 158 is argument and no response is required. To the extent a
14 | response is required, Answering Defendants DENY the allegations in Paragraph 158.

15 |     159.    Answering Defendants DENY the allegations in Paragraph 159.

16 |     160.    Answering Defendants DENY the allegations in Paragraph 160.

17 |     161.    Paragraph 161 is a statement that Wagner is seeking attorney's fees, and no
18 | response is required.

19 |     162.    Answering Defendants DENY the allegations in Paragraph 162.

20 |     163.    Paragraph 163 is a reincorporation, and no response is required.

21 |     164.    Paragraph 164 quotes a statute, and no response is required.

22 |     165.    Answering Defendants DENY the allegations in Paragraph 165.

23 |     166.    Answering Defendants DENY the allegations in Paragraph 166.

24 |     167.    Answering Defendants DENY the allegations in Paragraph 167.

25 |     168.    Answering Defendants DENY the allegations in Paragraph 168.

26 |     169.    Answering Defendants DENY the allegations in Paragraph 169.

27 |     The remainder of the complaint is a prayer for relief, and no response is required.

28 |

## AFFIRMATIVE DEFENSES

Without admitting any allegations in the Complaint, Answering Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### To Plaintiff's First and Second Causes of Action

1. Plaintiff's claims are preempted by the Federal CAN-SPAM Act of 2003. 15 U.S.C. § 7701. The Federal CAN-SPAM Act preempts Plaintiff's state law claims because they do not sound in tort. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040 (9th Cir. 2009).

### SECOND AFFIRMATIVE DEFENSE

### To Plaintiff's First and Second Causes of Action

2. The Complaint fails to state a claim upon which relief may be granted. Plaintiff's first cause of action fails because each "from" line in each of the 49 emails at issue can be traced to the sender of the email. *See*, *e.g.*, *Kleffman v. Vonage Holdings Corp.* 49 Cal. 4th 334, 345, 232 P.3d 625 (2010). Plaintiff's first cause of action fails because each "subject" line in each of the 49 emails at issue reasonably describes the contents of the email. *See*, *e.g.*, *Asis Internet Servs. v. Member Source Media, LLC*, 2010 U.S. Dist. LEXIS 47865 (N.D. Cal. Apr. 20, 2010). Plaintiff's second cause of action fails because he is a private citizen and private citizens cannot sue for damages for alleged violation of Section 17538.5 of California's Business and Professions Code.

### THIRD AFFIRMATIVE DEFENSE

### To Plaintiff's First and Second Causes of Action

3. Plaintiff failed to mitigate his alleged damages, if any. Plaintiff has not incurred any economic damages. Even if he had, he failed to mitigate by requesting that Answering Defendants remove his name from their email subscription lists. Plaintiff could have easily unsubscribed from these email lists by either clicking the opt-out link in any of the emails or by contacting Answering Defendants at their places of business.

## FOURTH AFFIRMATIVE DEFENSE

### To Plaintiff's First and Second Causes of Action

4. Plaintiff waived his claims. On information and belief, Plaintiff either opted in or took certain actions to induce Answering Defendants and/or their affiliates to place his email address on their email subscription lists.

## FIFTH AFFIRMATIVE DEFENSE

### To Plaintiff's First and Second Causes of Action

5. Plaintiff's claims are barred by the doctrine of estoppel. On information and belief, Plaintiff either opted in or took certain actions to induce Answering Defendants and/or their affiliates to place his email address on their email subscription lists.

## SIXTH AFFIRMATIVE DEFENSE

### To Plaintiff's First and Second Causes of Action

6. The damages alleged in the Complaint, if any, were not caused by Answering Defendants, but were caused by one or more third parties whose activities were not approved, ratified, or controlled by Answering Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### To Plaintiff's First and Second Causes of Action

7. Plaintiff has failed to join one or more necessary and indispensable parties. Most, if not all of the emails at issue were sent from domain names publicly registered to entities that are not named as defendants in this action.

## EIGHTH AFFIRMATIVE DEFENSE

### To Plaintiff's First and Second Causes of Action

8. Venue and jurisdiction are improper. Plaintiff cannot state a cause of action against Accelerize New Media, which was added solely for the purpose of defeating federal court jurisdiction. More than $75,000 is in controversy as a result of the expected claim for attorney's fees. Grounds exist for removal to federal court.

9. Answering Defendants reserve the right to add more defenses as discovery proceeds.

## PRAYER FOR RELIEF

Accordingly, Answering Defendants pray for the following relief:

A.  Dismissal of the Complaint with prejudice.

B.  Attorney's fees and costs, as allowed by law.

Respectfully submitted this 20th day of November 2013.

**NEWMAN DU WORS LLP**

s/ Leeor Neta
Leeor Neta, State Bar No. 233454
John Du Wors, State Bar No. 233913
Attorneys for Defendants
Spire Vision LLC, Digital Publishing Corporation, Juniper Marketing LLC, Mediactivate LLC, On Demand Research LLC, Prime Advertisers LLC, Serve Clicks LLC, Spire Vision Holdings Inc., Ward Media Inc., XL Marketing Corp., Achieve Opportunities LLC , Agreewizard LLC, Furturesdrive LLC, Junctionlights LLC, Opportunity Central LLC, Paths Direct LLC, Pullsmart LLC, Youradshere LLC, and Accelerize New Media, Inc.