IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER WAGNER,

    Plaintiff,

  v.

SPIRE VISION, LLC., *et al.*

    Defendants.
                                    /

No. C 13-04952 WHA

**ORDER TO SHOW CAUSE RE JURISDICTION AND DEFERRING RULING ON PLAINTIFF'S PARTIAL SUMMARY JUDGMENT MOTION**

A hearing on plaintiff's partial summary judgment motion is currently scheduled for this Thursday, December 12, 2013, at 8:00 a.m. Before the merits of plaintiff's motion can be reached, federal jurisdiction over this action must be established.

Defendants removed on the basis of diversity jurisdiction (Notice of Removal ¶ 35). The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

In this action, plaintiff Christopher Wagner is a citizen of California (Notice of Removal ¶ 5). Defendant Accelerize New Media, Inc., is a corporation with its principal place of business in California (*id.* ¶ 24). Thus, Accelerize is also a citizen of California, thus destroying complete diversity. 28 U.S.C. 1332(c). Defendants argue that Accelerize was fraudulently joined and therefore should be ignored for purposes of determining diversity. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

Defendants bear the "heavy burden" to prove fraudulent joinder. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043–46 (9th Cir. 2009). To prove fraudulent joinder, defendants must show: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of plaintiff to

establish a claim for relief against the non-diverse party in state court. *Ibid*. As of yet, defendants have not claimed that plaintiff has attempted to defraud the Court. Thus, "if there is *any possibility* that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Id.* at 1044 (emphasis added). Accordingly, defendants are entitled to present evidence showing the joinder to be fraudulent. *Id.* at 1043–46.

Plaintiff alleges in his complaint that Accelerize was the "middleman" for 22 spam emails sent to him, "hired by an advertiser or another 'middleman' to advertise for it, and in turn hired others to actually send the spams." Thus, Accelerize is allegedly "jointly and severally liable on an agent-principal theory of liability" (Compl ¶¶ 2, 34). In response, defendants rely solely on a seven-line declaration by Damon Stein, general counsel for Accelerize, who denies plaintiff's claims against his company (Decl. of Damon Stein at 1). A self-serving declaration is woefully insufficient to satisfy defendant's burden.

Defendants are hereby **ORDERED TO SHOW CAUSE** why this action should not be remanded given that complete diversity does not exist in this action by filing a responsive brief, no longer than five pages, by **WEDNESDAY, DECEMBER 11, 2013, AT NOON**. The parties should be prepared to discuss the issue of jurisdiction, instead of plaintiff's partial summary judgment motion, at the upcoming hearing on **THURSDAY, DECEMBER 12, 2013, AT 8:00 A.M.** Defendants may bring evidence to support their claim of fraudulent joinder to the hearing.

If defendants are able to establish federal jurisdiction, arguments on plaintiff's partial summary judgment motion will be heard on **THURSDAY, JANUARY 2, 2014, AT 8:00 A.M.**

**IT IS SO ORDERED.**

Dated: December 9, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2