# Exhibit B

```
                  UNITED STATES DISTRICT COURT

                 NORTHERN DISTRICT OF CALIFORNIA           CERTIFIED COPY

       BEFORE THE HONORABLE PHYLLIS J. HAMILTON, JUDGE

XL MARKETING CORP., ET AL,    )
                              )            PAGES 1 - 9
          PLAINTIFF,          )
                              )
  VS.                         )            NO. C 11-05107 PJH
                              )
KRISTINA KIRBY,               )
                              )
          DEFENDANT.          )            OAKLAND, CALIFORNIA
_____)            WEDNESDAY, JANUARY 15, 2014
KRISTINA KIRBY,               )
                              )
       COUNTER-CLAIMANT,      )
                              )
  VS.                         )
                              )
XL MARKETING CORP., ET AL.,   )
                              )
       COUNTER-DEFENDANTS.    )
_____)
```

**TRANSCRIPT OF PROCEEDINGS**

APPEARANCES:

FOR PLAINTIFFS AND         NEWMAN DU WORS LLP
COUNTER-DEFENDANTS:        150 CALIFORNIA STREET, SUITE 2100
                           SAN FRANCISCO, CALIFORNIA  94111
                    BY:    LEEOR NETA, ATTORNEY AT LAW


FOR DEFENDANT AND          THE LAW OFFICES OF DANIEL BALSAM
COUNTER-CLAIMANT:          2601C BLANDING AVENUE #271
                           ALAMEDA, CALIFORNIA  94501
                    BY:    DANIEL L. BALSAM, ATTORNEY AT LAW

REPORTED BY:          RAYNEE H. MERCADO, CSR NO. 8258

   PROCEEDINGS REPORTED BY ELECTRONIC/MECHANICAL STENOGRAPHY;
TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR (510) 451-7530*

```
 1   WEDNESDAY, JANUARY 15, 2014                           9:56 A.M.
 2                       P R O C E E D I N G S
 3        THE CLERK:  CALLING CIVIL CASE NO. 11-5107, XL
 4   MARKETING VERSUS KIRBY.
 5        APPEARANCES.
 6        MR. BALSAM:  MORNING, YOUR HONOR.  DAN BALSAM
 7   REPRESENTING KRISTINA KIRBY.
 8        MR. NETA:  MORNING, YOUR HONOR.  LEEOR NETA
 9   REPRESENTING THE PLAINTIFFS XL MARKETING, ET AL.
10        THE COURT:  OKAY.
11   ALL RIGHT.  THIS MATTER'S ON FOR A HEARING ON PLAINTIFF'S
12   MOTION FOR PARTIAL SUMMARY JUDGMENT.
13   AND, MR. BALSAM, I'M TOTALLY PERPLEXED AS TO WHAT WE'RE
14   DOING HERE AND WHY YOU REALLY ARE SEEKING AN ADVISORY OPINION
15   FROM THE COURT.  I MEAN, I DON'T KNOW WHAT TRANSPIRED DURING
16   THE COURSE OF THE MULTIPLE MOTIONS WE HAD ON THE DAVISON CASE
17   THAT WOULD SUGGEST TO YOU THAT I WOULD BE WILLING TO DO WHAT
18   IT IS YOU'RE ASKING ME TO DO.
19        MR. BALSAM:  WELL, YOUR HONOR, WE'RE ASKING FOR
20   NOTHING MORE THAN WHAT YOU DID DO IN THE DAVISON CASE.  EARLY
21   ON, THE PARTIES ATTEMPTED TO CONSOLIDATE THE CASES.
22   MAGISTRATE LAPORTE DID CONSOLIDATE THEM.  YOU
23   DE-CONSOLIDATED -- SPLIT THEM APART, AND YOU SAID THAT KIRBY
24   IS ON HOLD UNTIL RILEY IS RESOLVED.
25        THE COURT:  WELL, THAT'S THE PRELIMINARY ISSUE.
```

```
 1   THERE IS A STAY IN THE CASE.  IT'S BEEN STAYED FOR LONG TIME.
 2   WHY DIDN'T YOU THINK IT WAS NECESSARY TO HAVE THE STAY LIFTED
 3   BEFORE YOU FILED THIS MOTIONS?
 4         MR. BALSAM:  BECAUSE THE PLAIN LANGUAGE OF YOUR
 5   RULING PREVIOUSLY SAID KIRBY IS STAYED UNTIL RILEY IS RESOLVED
 6   OR THE COURT ISSUES AN ORDER, AND RILEY WAS RESOLVED.
 7         THE COURT:  IS RILEY -- ISN'T -- AM I INCORRECT, BUT
 8   DIDN'T YOU BOTH FILE APPEALS IN THE RILEY CASE?
 9         MR. BALSAM:  YES.
10         MR. NETA:  YES.  MR. BALSAM FILED AN APPEAL.  WE
11   FILED A CROSS-APPEAL ON THE PRECISE ISSUE AT STAKE IN THIS
12   MOTION, YOUR HONOR.  I DON'T UNDERSTAND WHY MR. BALSAM IS
13   ASKING THIS COURT TO PUT ITSELF OUT THERE AGAIN ABOUT AN ISSUE
14   THAT'S CURRENTLY PENDING BEFORE THE -- THE NINTH CIRCUIT, WILL
15   GET RESOLVED, AND THEN THIS COURT WILL HAVE SOME DIRECTION.
16         MR. BALSAM:  OUR POSITION IS THAT AS FAR AS THIS --
17   YES, THE MATTER IS ON APPEAL.  AS FAR AS THIS COURT IS
18   CONCERNED, RILEY WAS RESOLVED BACK IN NOVEMBER, SO BY YOUR
19   LANGUAGE, KIRBY IS STAYED UNTIL RILEY IS RESOLVED.  RILEY IS
20   RESOLVED.  AND WE'RE NOW ASKING FOR NOT AN ADVISORY RULING,
21   BECAUSE THE PREEMPTION ISSUE IS RIPE.  THEY ALREADY FILED A
22   MOTION TO DISMISS KIRBY'S CLAIMS BASED ON PREEMPTION.  AND
23   KIRBY'S PARTIAL MSJ RIGHT NOW IS JUST THE CONVERSE OF THEIR
24   MOTION TO DISMISS.  THERE'S NOTHING ADVISORY AT ALL.  AND ALL
25   WE --
```

1  **THE COURT:** I HAVE A PRELIMINARY QUESTION. NOW THAT
2  YOU'VE DECIDED -- EVEN THOUGH YOU ALL SOUGHT TO HAVE THIS
3  TREATED IN AN CONSOLIDATED FASHION WITH THE DAVISON CASE, AND
4  I DE-CONSOLIDATED BUT ALLOWED IT TO REMAIN A RELATED CASE,
5  THIS CASE HAS TO NOW STAND ON ITS OWN.
6  AND ONE OF THE ISSUES -- ONE OF THE PRELIMINARY ISSUES
7  THAT I NEED TO RESOLVE BEFORE I SPEND ANY TIME ON THIS CASE IS
8  WHETHER OR NOT THERE'S SUBJECT MATTER JURISDICTION.
9  THERE WAS A MOTION TO DISMISS FILED FOR LACK OF SUBJECT
10 MATTER JURISDICTION IN THIS CASE BEFORE -- BEFORE IT WAS
11 CONSOLIDATED. I THINK IT'S -- WHEN THE CASE WAS STILL BEFORE
12 JUDGE LAPORTE. THAT MOTION WAS WITHDRAWN.
13 NOW THAT THIS CASE IS STANDING ALONE, IT HAS TO HAVE ITS
14 OWN SUBJECT MATTER JURISDICTION. WHAT IS THE SUBJECT MATTER
15 JURISDICTION HERE?
16 **MR. NETA:** WELL, IT WOULD BE IDENTICAL TO THE CASE IN
17 RILEY, YOUR HONOR, IN WHICH WE ASKED FOR A DECLARATION THAT
18 THESE EMAILS DO NOT VIOLATE THE STATE STATUTE AND FOR A
19 DECLARATION THAT THEIR CLAIMS TO THE CONTRARY ARE PREEMPTED BY
20 FEDERAL LAW.
21 NOW, WHEN YOU DECIDED IN THE DAVISON CASE THAT YOU WEREN'T
22 GOING TO EXERCISE DECLARATORY RELIEF JURISDICTION WITH RESPECT
23 TO 180 EMAILS AT ISSUE THERE, YOU SAID THAT BASED ON YOUR
24 DECISION, THAT THOSE CLAIMS WITH RESPECT TO THOSE 180 EMAILS
25 WERE PREEMPTED AND THAT AS A RESULT, YOU WEREN'T GOING TO

1  EXERCISE FURTHER JURISDICTION THERE.

2  　　WE HAVEN'T CONDUCTED ANY DISCOVERY IN THIS CASE. I MEAN,
3  THERE'S NO MATERIAL FACT BEFORE THIS COURT IN THIS CASE. I
4  DON'T UNDERSTAND HOW, AT LEAST FROM THE CONTEXT OF THIS MOTION
5  BEFORE YOU, ANYBODY COULD THINK THIS MADE -- THIS MADE SENSE.

6  　　IF I WERE YOU, YOUR HONOR -- AND I KNOW YOU'RE PROBABLY
7  NOT ASKING MY OPINION ON THIS, BUT IF I WERE YOU, I WOULD
8  LEAVE THE CASE STAYED UNTIL <u>RILEY</u> WAS RESOLVED BY THE NINTH
9  CIRCUIT. IT'S POSSIBLE THE NINTH CIRCUIT COULD RULE IN
10 MR. BALSAM'S FAVOR, IN WHICH CASE, YOU'LL HAVE A LOT OF
11 DIRECTION WITH RESPECT TO THIS CASE.

12 　　TWO OF THE ORDERS THAT THEY'VE APPEALED, ONE OF THEM HAS
13 TO DO PRECISELY WITH THIS ISSUE ABOUT WHETHER OR NOT IT WAS
14 APPROPRIATE FOR YOU TO DECLINE TO EXERCISE DECLARATORY RELIEF
15 ACTION JURISDICTION.

16 　　SO IF I WERE YOU, I WOULDN'T TAKE ANY MEASURES UNTIL THE
17 NINTH CIRCUIT HAS RULED. I THINK THAT MAKES THE MOST PRUDENT
18 SENSE. I'M NOT ASKING YOU TO RULE IN OUR FAVOR, I'M JUST
19 SAYING I THINK THIS CASE SHOULD REMAIN STAYED.

20 　　　　**THE COURT:** THAT'S A SEPARATE ISSUE, THOUGH --

21 　　　　**MR. NETA:** SURE.

22 　　　　**THE COURT:** -- WHETHER OR NOT THE -- THAT'S A
23 SEPARATE ISSUE. THE STAY QUESTION'S A SEPARATE ISSUE.

24 　　　　**MR. NETA:** RIGHT.

25 　　　　**THE COURT:** I -- FRANKLY WAS FLUMMOXED BY MY RECEIPT

1  OF THIS MOTION WHEN THE APPEAL ON THE EXACT ISSUE -- AND

2  COUNSEL'S RIGHT.  I HAVE ACTUALLY SPOKEN SPECIFICALLY ON THE

3  ISSUE THAT'S RAISED HERE, EXCEPT I DID SO IN THE CONTEXT OF

4  THE FACTS OF THAT CASE AS OPPOSED TO IN THE ABSTRACT, WHICH IS

5  WHAT APPEARS TO BE WHAT IS SOUGHT HERE.

6      BUT THERE'S STILL A JURISDICTIONAL QUESTION.

7          **MR. NETA:**  RIGHT.

8          **THE COURT:**  THE -- LOOKING AT YOUR COMPLAINT, YOU

9  ASSERT BOTH DIVERSITY AND SUBJECT MATTER JURISDICTION.

10 LOOKING AT THE COMPLAINT -- I'M SURE THIS IS THE COMPLAINT IN

11 THIS CASE.

12              (PAUSE IN THE PROCEEDINGS.)

13         **THE COURT:**  YEAH, IT'S WHEN THE CASES WERE STILL

14 CONSOLIDATED --

15         **MR. NETA:**  RIGHT.

16         **THE COURT:**  -- EVEN THOUGH THEY HADN'T BEEN DONE SO

17 --

18         **MR. NETA:**  AND IT --

19         **THE COURT:**  -- APPROPRIATELY, BUT THE HEADING OF BOTH

20 DAVISON AND THIS CASE APPEAR IN THE CAPTION.

21         **MR. NETA:**  AND IT'S THE OPERATIVE COMPLAINT, RIGHT,

22 YOUR HONOR?  IT'S -- WHICH I THINK WAS THE SECOND AMENDED

23 COMPLAINT IN THE RILEY -- THERE WAS -- THERE WAS A SECOND

24 AMENDED COMPLAINT -- IT WAS THE OPERATIVE COMPLAINT IN RILEY,

25 AND I THINK THAT THAT WAS FILED AFTER THE SO-CALLED

1  DE-CONSOLIDATION, SO I'M ACTUALLY NOT QUITE SURE, AS I STAND

2  HERE RIGHT NOW, WHETHER OR NOT THE COMPLAINT YOU'RE LOOKING AT

3  IS THE OPERATIVE COMPLAINT.

4     **THE COURT:**  MARCH 21ST, 2012?

5     **MR. NETA:**  I'M HAPPY TO CHECK.

6     **THE COURT:**  IT'S CALLED "AMENDED COMPLAINT FOR

7  DECLARATORY JUDGMENT."  I DON'T KNOW IF THAT'S THE SECOND

8  AMENDED COMPLAINT OR THE FIRST.

9           (PAUSE IN THE PROCEEDINGS.)

10    **MR. NETA:**  COUNTERCLAIM.

11    **THE COURT:**  IN ANY EVENT, IT SAYS UNDER JURISDICTION

12 AND VENUE THAT THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

13 BECAUSE THE DEFENDANT HAS IDENTIFIED CLAIMS THAT EXCEED

14 $75,000 IN DAMAGES FROM PLAINTIFFS.

15    **MR. NETA:**  UH-HUH.

16    **MR. BALSAM:**  THAT'S SIMPLY NOT TRUE.  THERE'S 18 --

17 IN THIS CASE.

18    **MR. NETA:**  HOW DO WE EVEN KNOW THAT?  THERE'S BEEN NO

19 DISCOVERY.

20    **THE COURT:**  WELL, THAT'S EXACTLY MY POINT.  IT IS NOT

21 TRUE.  AT THE TIME OF FILING, I BELIEVE THE MOTION TO DISMISS

22 CLAIMED THAT THERE HAD ONLY BEEN SOME $57,000 -- OR THERE HAD

23 NOT BEEN $57,000 IN ATTORNEYS' FEES INCURRED.

24   IN ADDITION, WHAT DAMAGES ARE THERE BESIDES ATTORNEYS'

25 FEES AND ANY STATUTORY DAMAGE?

1   **MR. NETA:** THEY'RE ASKING FOR DISGORGEMENT OF
2   PROFITS, COST OF SUIT, ET CETERA, YOUR HONOR, BUT THE FACT OF
3   THE MATTER IS IT'S NOT HOW MUCH ATTORNEYS' FEES HAVE BEEN
4   ACCRUED AT THE TIME THAT THE COMPLAINT WAS FILED, BUT AT THE
5   TIME THAT THEY MOVED --
6   **THE COURT:** WELL, YOU KNOW WHAT?  I DON'T REALLY -- I
7   HAVE A VERY LARGE CALENDAR TODAY.
8   **MR. NETA:** I'M SURE --
9   **THE COURT:** AND I DON'T REALLY WANT TO GO THROUGH
10  THIS, AND I'LL SIMPLY SAY, YOUR MOTION'S DENIED.  THERE'S NO
11  WAY I'M GOING TO GIVE YOU AN ADVISORY OPINION ON THE
12  PREEMPTION ISSUE.
13     TO THE EXTENT THAT YOU HAVE A QUESTION ABOUT -- READ THE
14  ORDER I ISSUED IN THE <u>DAVISON</u> CASE.
15     WITH REGARD TO THE QUESTION OF JURISDICTION, THE BURDEN IS
16  ON YOU TO ESTABLISH SUBJECT MATTER JURISDICTION.
17  **MR. NETA:** YES, YOUR HONOR.
18  **THE COURT:** I'M NOT SURE THAT YOU'VE DONE SO.  I'M
19  ENTERING AN ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE
20  DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.  I WANT
21  YOUR RESPONSE IN TWO WEEKS.
22     YOU MAY RESPOND --
23  **MR. NETA:** UNDERSTOOD.
24  **THE COURT:** -- TWO WEEKS THEREAFTER, AND I'LL MAKE A
25  DETERMINATION.

1   THE CASE REMAINS STAYED FOR ALL PURPOSES UNTIL I SAY
2   OTHERWISE.
3       ARE YOU CLEAR?
4       **MR. BALSAM:** OKAY.
5       **MR. NETA:** YES.
6       **THE COURT:** ALL RIGHT.
7       **MR. NETA:** THANK YOU, YOUR HONOR.
8       (PROCEEDINGS WERE CONCLUDED AT 10:05 A.M.)
9                   --oOo--

### CERTIFICATE OF REPORTER

I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER. I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN WHICH THIS HEARING WAS TAKEN, AND FURTHER THAT I AM NOT FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

_____
RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR

WEDNESDAY, JANUARY 29, 2014