IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER WAGNER,

    Plaintiff,

v.

DIGITAL PUBLISHING CORPORATION, *et al.*

    Defendants.

No. C 13-04952 WHA

**ORDER TO SHOW CAUSE RE DIVERSITY JURISDICTION**

    This action was removed on the basis of diversity jurisdiction on October 24, 2013. In the notice of removal, defendants declared that Accelerize New Media was the only defendant that might be a citizen of California for the purposes of diversity jurisdiction (Dkt. No. 1). After several rounds of briefings and hearings, both sides stipulated to the dismissal of Accelerize (Dkt. No. 43). Following the dismissal of Accelerize, plaintiff's motion for partial summary judgment on one of defendants' affirmative defenses was granted (Dkt. No. 53).

    Plaintiff now moves for partial summary judgment on only four emails. In the motion, plaintiff states that defendants "JunctionLights and YourAdsHere are in California; if they were real entities, then it would destroy diversity" (Dkt. No. 57, Br. 5). Both defendants, however,

*are* registered entities that are named in this action. In their notice of removal, defendants claim (Dkt. No. 1 at 6–7):

> At both the time the state court action was filed and at the time of removal, Defendant Junctionlights LLC was and is a Delaware sub series limited liability company. The members of Junctionlights are all domiciled in New York. Thus, Junctionlights is not a citizen of California for purposes of diversity jurisdiction. The undersigned attorney is counsel of record for Junctionlights. Junctionlights and all of its members consent to removal.
>
> \*               \*               \*
>
> At both the time the state court action was filed and at the time of removal, Defendant Youradshere LLC was and is a Delaware sub series limited liability company. The members of Youradshere are all domiciled in New York. Thus, Youradshere is not a citizen of California for purposes of diversity jurisdiction. The undersigned attorney is counsel of record for Youradshere. Youradshere and all of its members consent to removal.

A limited liability company is a citizen of every state "of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Plaintiff alleges that defendants have produced documents showing that both JunctionLights and YourAdsHere were registered as LLCs in 2011 and 2012, which is prior to removal. If the defendant LLCs were registered in 2011 and 2012 and their principal places of business were in California at the time of removal, as alleged by plaintiff, then both JunctionLights and YourAdsHere would be citizens of California at the time of removal and no diversity jurisdiction exists in this action.

28 U.S.C. 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See also Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."). Accordingly, both sides are **ORDERED TO SHOW CAUSE** in responsive briefs by **JULY 18, 2014**, no longer than ten pages each, why this action should not be remanded for lack of subject-matter jurisdiction. In their responses, both sides must explain why this issue was not raised sooner and whether *any* other jurisdictional defects

2

exist in this action. Replies, no longer than five pages, will be due by **July 21, 2014**. The motion hearing currently set for July 23 will be continued to **AUGUST 21, 2014.**

**IT IS SO ORDERED.**

Dated: July 12, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE